**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | Electronically Filed January 12, 2006 |
| | ) | Nos. 00-169 L & 99-550 |
| v. | ) | Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO PRESENT SUBSTANTIVE EVIDENCE BY DEPOSITION**

Plaintiff Osage Nation, pursuant to RCFC Appendix A ¶ VI(15)(b) and RCFC 32(a), respectfully moves for leave to present substantive evidence and testimony through the deposition testimony identified in Exhibit A.[1] In support of its Motion, the Osage Nation states:

RCFC 32(a)(3)(E) requires the Court to allow the deposition of a witness to be used "as though the witness were then present and testifying" if the "witness is at a greater distance than 100 miles for the place of trial or hearing," unless the witness's absence was procured by the party offering the deposition or if the court determines that it is not in the interest of justice to allow the use of the deposition. RCFC 32(a)(2) independently permits the use of the deposition of a witness designated under RCFC 30(b)(6) to be used "as though the witness were then present and testifying" without leave of court.

[1] The Osage Nation notes that the United States identified several witnesses for the first time on December 20, 2005. One deposition was taken earlier this week, and the depositions of the other witnesses will take place over the next few weeks. The Osage Nation reserves the right to seek leave of Court to present excerpts from those depositions after the Osage Nation has been able to complete those depositions and review the transcripts.

The deposition excerpts the Osage Nation seeks to use meet these standards. The deponents are current or former employees or agents of the United States. A number of the deponents were designated by the United States to testify regarding certain topics pursuant to RCFC 30(b)(6). The other excerpts meet the requirements of RCFC 30(a)(3)(E) as the deponents live well beyond 100 miles from Washington, D.C., where the trial will be held, and neither of the reasons set forth in the Rule to bar the use of the depositions apply in this case.

First, the Osage Nation has not, and will not, procure the absence of any of these witnesses from the Washington, D.C. area. Second, justice does not require the use of live testimony on the issues for which these deposition excerpts are offered. Most of the testimony of these witnesses establishes certain basic facts regarding the practices and procedures of the United States' management of the Osage Minerals Estate. Although important evidence, this is not the type of evidence that requires live testimony to assess its true meaning. All of the depositions were videotaped, and would be presented on monitors in the courtroom or submitted on DVD for the Court's review. Accordingly, the Court would be able to observe the demeanor and appearance of each witness.

Moreover, it would be far more efficient to present this testimony by videotaped deposition rather than live testimony. The Osage Nation intends to play only selected excerpts in the courtroom and to submit other excerpts to the Court directly, as the Court has suggested it would prefer in some cases. This would allow the courtroom proceedings to move quickly and efficiently, while still allowing for the full presentation of the evidence. Much of the deposition testimony will be presented only if necessary based on the presentation of other evidence. Allowing the use of deposition testimony would minimize the need to take up the Court's time with potentially duplicative testimony and avoid unnecessary inconvenience to the witnesses.

The United States would not be prejudiced by this use of depositions because it exercised its right of cross-examination in almost all of the depositions, which it may choose to designate as well. In any event, the United States remains free to present these witnesses live, to the extent they have been properly identified as witnesses.

For the foregoing reasons, the Osage Nation respectfully requests that it be permitted to present substantive evidence through the use of the deposition excerpts identified on Exhibit A.

Dated this January 12, 2006

Respectfully submitted,

*s/Wilson K. Pipestem*
WILSON K. PIPESTEM
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 419-3526
Fax: (202) 659-4931
wkpipestem@pipestemlaw.com

Attorney for Plaintiff
Osage Nation

**EXHIBIT A**
**DEPOSITION DESIGNATIONS**

| DEPONENT | FROM (Page:Line) | TO (Page:Line) |
|---|---|---|
| Newell Barker | 4:1<br>9:2<br>75:23<br>105:1<br>130:4<br>159:7<br>204:9<br>205:6<br>208:9<br>222:5<br>223:23 | 4:17<br>10:12<br>79:12<br>106:10<br>130:19<br>161:17<br>204:22<br>206:2<br>208:19<br>223:16<br>224:7 |
| Rowena Beach (RCFC 30(b)(6)) | 4:1<br>38:3 | 36:21<br>50:22 |
| Rita Bratcher (RCFC 30(b)(6)) | 5:1<br>7:16<br>9:21<br>11:1<br>63:21<br>93:16<br>115:10 | 5:16<br>9:15<br>10:14<br>16:22<br>71:22<br>112:10<br>146:18 |
| Greg Chavarria (RCFC 30(b)(6)) | 6:1<br>118:1<br>5:1 | 106:5 (Aug. 15, 2005)<br>224:22 (Aug. 17, 2005)<br>105:21 (Sept. 1, 2005) |
| Melissa Currey (RCFC 30(b)(6)) | 4:1<br>5:20<br>120:4<br>125:3<br>125:11<br>131:19 | 4:10<br>5:24<br>121:1<br>125:10<br>130:4<br>138:21 |
| Mary Lou Drywater | 4:5<br>26:11<br>32:11<br>33:10<br>35:2<br>37:5 | 11:25<br>30:15<br>33:9<br>33:21<br>36:5<br>37:22 |

| | | |
|---|---|---|
| Judi Hill | 100:24<br>165:21<br>179:14<br>132:10<br>271:13<br>324:5<br>342:14<br>358:1 | 101:3<br>166:13<br>180:5<br>235:20<br>271:19<br>326:6<br>344:17<br>360:22 |
| Judi Hill (RCFC 30(b)(6)) | 4:1<br>154:9 | 152:11<br>155:13 |
| Charles Hurlburt | 4:1<br>4:5<br>43:17<br>65:23<br>75:5<br>97:1<br>140:9<br>144:9<br>159:12<br>187:20<br>222:21 | 4:14<br>40:19<br>44:2<br>68:3<br>77:10<br>98:24<br>140:18<br>144:15<br>176:6<br>203:1<br>223:16 |
| Charles Hurlburt (RCFC 30(b)(6)) | 4:1<br>8:13<br>12:8<br>39:23 | 6:21<br>10:12<br>12:12<br>49:25 |
| Carma Jensen | 69:25<br>79:2 | 70:7<br>79:11 |
| Heather Little | 5:17<br>6:7 | 5:20<br>6:13 |
| Douglas A. Lords (RCFC 30(b)(6)) | 4:1<br>8:13<br>9:8<br>172:16<br>174:18<br>142:9 | 4:7<br>8:25<br>11:17<br>174:17<br>176:24<br>144:18 |
| Zane Michael (RCFC 30(b)(6)) | 4:6<br>8:4<br>12:6<br>16:17 | 5:16<br>10:6<br>13:8<br>18:23 |

| | | |
|---|---|---|
| | 19:23<br>24:24<br>43:9<br>49:20<br>54:10 | 24:23<br>25:7<br>46:7<br>51:12<br>55:19 |
| James Parris | 4:1<br>9:19<br>29:20<br>31:16<br>81:21<br>87:23<br>102:7<br>133:8<br>137:19<br>147:23<br>159:25<br>261:17<br>269:8<br>272:20 | 5:12<br>9:24<br>29:25<br>32:14<br>86:19<br>90:14<br>102:18<br>134:18<br>139:20<br>153:5<br>167:24<br>263:16<br>269:14<br>273:14 |
| Carole Revard | 12:15<br>104:14<br>139:4 | 13:9<br>107:14<br>140:3 |
| Carole Revard (30(b)(6)) | All | |
| Angela Toineeta | 11:5<br>39:20 | 12:2<br>40:9 |
| Paul Tyler (RCFC 30(b)(6)) | 10:18<br>14:1<br>17:8<br>19:25<br>61:10 | 12:13<br>42:13<br>17:16<br>20:16<br>61:24 |
| Margaret Williams | 5:1<br>19:6<br>21:9<br>22:20 | 5:24<br>20:5<br>21:14<br>23:1 |
| Margaret Williams (RCFC 30(b)(6)) | 201:24<br>312:22<br>367:23 | 301:22<br>362:21<br>376:1 |

| | | |
|---|---|---|
| Richard Winlock | 39:20<br>40:22<br>41:21 | 40:6<br>41:9<br>42:12 |
| Pat Wren (RCFC 30(b)(6)) | 5:13<br>7:13<br>13:22<br>15:6<br>22:3<br>80:12<br>89:21<br>111:22 | 5:16<br>12:20<br>15:5<br>15:22<br>22:11<br>81:1<br>110:17<br>117:13 |