**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | Electronically Filed: January 26, 2006 |
| v. | ) | Nos. 99-550L (into which has been consolidated No. 00-169L) |
| THE UNITED STATES OF AMERICA, | ) | Judge Emily C. Hewitt |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO PRESENT SUBSTANTIVE EVIDENCE BY DEPOSITION**

Pursuant to Rule 32(a) of the Rules of the Court of Federal Claims ("RCFC") and RCFC Appendix A ¶ 15(b), Defendant hereby moves for leave to file and present substantive evidence through the deposition testimony designated in Exhibit A for the following witnesses: James Parris, Newell Barker, Robert Fox, and Chief Jim Gray (collectively, the "Deponents").[1/] Further, Defendant reserves the right to move to designate any future depositions which may be taken in response to Plaintiff's January 12, 2006, witness list.

## I. DISCUSSION

### A. The Court Should Grant Defendant's Motion Because the Witnesses Reside at a Distance Greater than 100 Miles from the Place of Trial.

According to RCFC 32(a)(3)(E), the deposition of a witness may be used for any purpose if the court finds "upon application and notice, that the witness is at a greater distance than 100 miles from the place of trial," unless the witness's absence "was procured by the party offering the

[1/] Defendant also intends to file a motion for leave to present the January 19, 2006, deposition testimony of Mr. Milton Dial as substantive evidence. Mr. Dial is a resident of Colorado. However, Defendant has yet to receive a copy of Mr. Dial's deposition transcript testimony from the court reporter.

deposition" or if the court determines "that it is not in the interest of justice" to allow use of the deposition.

In this case, the deposition designations Defendant seeks to file and present as substantive evidence meet these standards. The trial is currently scheduled to take place in Washington, D.C. The deponents reside in New Mexico (James Parris), Oklahoma (Newell Barker and Chief Jim Gray), and Texas (Robert Fox), and consequently they are all located at distances greater than 100 miles from the trial. Defendant has not, and would not, procure the absence of any of these witnesses. Further, justice does not require the use of live testimony on the issues for which these deposition excerpts are offered. All of these depositions were videotaped and both parties had an opportunity to examine the witnesses.

As the Court is aware, this upcoming trial will consist of numerous witnesses and trial exhibits. Allowing Defendant to present some substantive evidence by way of depositions will allow courtroom proceedings to proceed more efficiently and will avoid inconvenient travel to the witnesses, two of whom are well over 60 years old.

**B. The Court Should Also Grant Defendant's Motion to Designate the Deposition of Chief Gray Because He was Designated Under RCFC 30(b)(6) to Testify on Behalf of Plaintiff.**

Pursuant to RCFC 32(a)(2), the deposition of a person who was designated under RCFC 30(b)(6) to testify on behalf of a corporation, association or government agency, which is a party, may be used by an adverse party for any purpose. RCFC 32(a)(2); *see also Weaver-Bailey Contractors, Inc. v. United States*, 19 Cl. Ct. 474, 483 (1990) (citing *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 308 (5th Cir.1978). This rule permits a party to introduce the deposition of an adversary as part of its substantive proof, regardless of the deponent's availability to testify at trial.

*Weaver-Bailey*, 19 Cl. Ct. at 483.

In response to Defendant's subpoena and deposition notice, which requested that Plaintiff designate an officer or other person to testify on its behalf on several matters related to the Tranche One leases and months, Plaintiff designated Chief Jim Gray. Chief Gray was deposed in his capacity as a 30(b)(6) witness on September 9, 2005. Consequently, under RCFC 32(a)(2), Chief Gray's deposition testimony from September 9, 2005 may be used by Defendant for any purpose and should be admitted into evidence.

**II. <u>CONCLUSION</u>**

For the foregoing reasons, Defendant respectfully moves for leave to file and present substantive evidence through the deposition testimony designated in Exhibit A.

Respectfully submitted this 26th day of January 26, 2006,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

*s/ Brett D. Burton*
BRETT D. BURTON
United Sates Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0212

Counsel of Record for Defendant

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
KEVIN WEBB
United States Department of Justice

Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0247
Fax: (202) 353-2021

Attorneys for Defendant

OF COUNSEL:

Elisabeth Brandon
Brenda Riel
Attorneys
Office of the Solicitor
Division of Indian Affairs
U.S. Department of the Interior
MS 6456
Washington, D. C. 20240
Telephone: (202) 208-4218
Fax: (202) 208-3490

Teresa E. Dawson
Senior Counsel
Office of Chief Counsel
Financial Management Services
U.S. Department of the Treasury
401 14th Street, S.W.
Room 552A
Washington, D.C. 20227
Telephone: (202) 874-6877
Fax: (202) 874-6627