**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | Electronically Filed: January 26, 2006 |
| v. | ) | No. 99-550 L (into which has been consolidated No. 00-169L) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | Judge Emily C. Hewiit |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM CHALLENGING INTERIOR'S INTERPRETATION OF OSAGE REGULATIONS IN OKIE CRUDE CO. v. MUSKOGEE AREA DIRECTOR**

Defendant the United States moves *in limine,* pursuant to RCFC 16, for an order prohibiting plaintiff from introducing testimony, evidence, or argument regarding the proper interpretation of the regulatory term "offered price." This Court should not allow such evidence (including but not limited to expert reports and expert testimony) to be introduced, nor should it entertain the Tribe's claims arising from the allegedly incorrect interpretation of the regulations regarding such terms, because determinations regarding "offered price" were subject to administrative appeal and review under the Administrative Procedure Act, 5 U.S.C. § 702, *et seq.* (1976)("APA").

It is undisputed that the Interior Board of Indian Appeals ("IBIA") adjudicated the issue of the correct interpretation of "offered price" in *Okie Crude Co. v. Muskogee Area Director*, 23 IBIA 174 (1993). In that decision, the IBIA also determined the correct interpretations of "bona fide selling price" and "actual price", within the meaning of the Osage Regulations. As the

United States explains in the accompanying memorandum, this Court has no jurisdiction to review those adjudicatory determinations by the IBIA. Instead, the proper (and only) route to obtain review of the administrative agency's interpretations was to appeal the IBIA's decision in a federal district court, under the APA. This the Osage did not do; and they may not challenge those determinations now, in this court of limited jurisdiction. Because the Osage did not appeal the IBIA's adjudicatory decision about the interpretation of "offered price," they are bound by that interpretation. "[F]oregoing an APA challenge ha[s] the same effect as if the district court had upheld the agency determination in all respects." *Appolo Fuels, Inc. v. United States,* 54 Fed. Cl. 717, 739 (2002), citing *Florida Rock Indus., Inc. v. United States,* 791 F.2d 893 (Fed. Cir. 1986).

The grounds and authorities in support of this motion are set forth in greater detail in the accompanying Memorandum.

Respectfully submitted, on January 26, 2006,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

*s/ Brett D. Burton*
BRETT D. BURTON
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0212
Fax: (202) 353-2021

Counsel of Record for Defendant

MARTIN J. LALONDE

KEVIN WEBB
LAURA MAROLDY
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0247
Fax: (202) 353-2021

Attorney for Defendant

OF COUNSEL:

Brenda Riel
Elisabeth Brandon
Attorneys
Office of the Solicitor
Division of Indian Affairs
U.S. Department of the Interior
MS 6456
Washington, D. C. 20240
Telephone: (202) 208-4218/3714
Fax: (202) 208-3490

Teresa E. Dawson
Senior Counsel
Office of Chief Counsel
Financial Management Services
U.S. Department of the Treasury
401 14th Street, S.W.
Room 552A
Washington, D.C. 20227
Telephone: (202) 874-2567
Fax: (202) 874-6627