**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | Electronically Filed: January 30, 2006 |
| v. | ) | No. 99-550L (into which has been consolidated No. 00-169L) |
| THE UNITED STATES OF AMERICA, | ) | Judge Emily C. Hewitt |
| Defendant. | ) | |

**DEFENDANT'S SECOND MOTION FOR LEAVE TO PRESENT SUBSTANTIVE EVIDENCE BY DEPOSITION**

Pursuant to Rule 32(a) of the Rules of the Court of Federal Claims ("RCFC") and RCFC Appendix A ¶ 15(b), Defendant hereby moves for leave to file and present substantive evidence through the deposition testimony designated in Exhibit A for Mr. Milton Dial.[1/] Further, Defendant reserves the right to move to designate any future depositions which may be taken in response to Plaintiff's January 12, 2006, witness list.

According to RCFC 32(a)(3)(E), the deposition of a witness may be used for any purpose if the court finds "upon application and notice, that the witness is at a greater distance than 100 miles from the place of trial," unless the witness's absence "was procured by the party offering the deposition" or if the court determines "that it is not in the interest of justice" to allow use of the deposition.

In this case, the deposition designations Defendant seeks to file and present as substantive

[1/] As noted in Defendant's Motion for Leave to Present Substantive Evidence by Deposition, filed on January 26, 2006, Defendant was previously unable to designate Mr. Dial's deposition testimony because, as of January 26, 2006, Defendant had not received transcript testimony from the court reporter. Defendant received Mr. Dial's deposition transcript from the court reporter on January 30, 2006.

evidence meet these standards. The trial is currently scheduled to take place in Washington, D.C. The deponent, Mr. Dial, resides in Evergreen, Colorado, and, consequently, he is located at a distance greater than 100 miles from the trial. Defendant has not, and would not, procure the absence of this witness. Further, justice does not require the use of live testimony on the issues for which these deposition excerpts are offered. This deposition was videotaped and both parties had an opportunity to examine the witness.

As the Court is aware, this upcoming trial will consist of numerous witnesses and trial exhibits. Allowing Defendant to present some substantive evidence by way of depositions will allow courtroom proceedings to proceed more efficiently and will avoid inconvenient travel for Mr. Dial.

For the foregoing reasons, Defendant respectfully moves for leave to file and present substantive evidence through the deposition testimony designated in Exhibit A.

Respectfully submitted this 30th day of January, 2006,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

*s/ Brett D. Burton*
BRETT D. BURTON
United Sates Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0212

Counsel of Record for Defendant

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
KEVIN WEBB
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0247
Fax: (202) 353-2021

Attorneys for Defendant

OF COUNSEL:

Elisabeth Brandon
Brenda Riel
Attorneys
Office of the Solicitor
Division of Indian Affairs
U.S. Department of the Interior
MS 6456
Washington, D. C. 20240
Telephone: (202) 208-4218
Fax: (202) 208-3490

Teresa E. Dawson
Senior Counsel
Office of Chief Counsel
Financial Management Services
U.S. Department of the Treasury
401 14th Street, S.W.
Room 552A
Washington, D.C. 20227
Telephone: (202) 874-6877
Fax: (202) 874-6627