**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Electronically Filed<br>February 2, 2006<br><br>No. 99-550 L (into which has been consolidated No. 00-169 L)<br>Judge Emily C. Hewitt |

**PLAINTIFF OSAGE NATION'S REPLY IN SUPPORT OF ITS MOTION TO PRESENT SUBSTANTIVE EVIDENCE BY DEPOSITION**

Plaintiff Osage Nation has moved to present substantive evidence by deposition and has identified excerpts of deposition testimony for a number of witnesses. In its Motion to Present Substantive Evidence by Deposition, the Osage Nation specifically relied on the fact that many of the witnesses had been designated pursuant to RCFC 30(b)(6) and that those excerpts could be presented at trial pursuant to RCFC 32(a)(2) regardless of the witness's availability to testify. In its designations, the Osage Nation carefully identified the excerpts of Rule 30(b)(6) witnesses.

The United States objects to the use of the depositions of several of the witnesses because the United States intends to call those witnesses live at trial, arguing that deposition testimony may not be presented if a witness will appear live. Specifically, the United States objects to the Osage Nation's use of the depositions of Rita Bratcher, Greg Chavarria, Judi Hill, Charles Hurlburt, Carole Revard, Paul Tyler, Margaret Williams and Pat Wrenn. The United States' objection is ill-founded.

All of the witnesses identified above were designated by the United States to testify on certain topics pursuant to RCFC 30(b)(6). RCFC 32(a)(2) expressly permits the Osage Nation to use the deposition testimony of RCFC 30(b)(6) witnesses "for any purpose" without leave of court and without any showing of unavailability. The Court of Federal Claims, as well as the majority of courts considering the issue, have held that a party may offer deposition testimony of a witness designated pursuant to Rule30(b)(6) even if the witness is available and testifies at trial. *Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 95 (2004) (quoting 5 *Wigmore on Evidence* § 1415 at 240); *Weaver-Bailey Contractors, Inc. v. United States,* 19 Cl. Ct. 474, 483 (1990) (Smith, C.J.) (deposition testimony of a Rule 30(b)(6) witness is permitted "'regardless of the adversary's availability to testify at trial,'" quoting *Coughlin v. Capitol Cement, Co.* 571 F.2d 290, 308 (5th Cir. 1978)). *See generally* 8A Charles Alan Wright *et al.* *Federal Practice and Procedure* § 2145 at 170-71 (2d Ed. 1994) (court may not refuse the use of deposition of Rule 30(b)(6) witness even if witness is available and testifies in court). None of the cases cited by the United States in its opposition the Osage Nation's Motion discuss the use of deposition testimony of Rule 30(b)(6) witnesses.

The United States can hardly dispute that this is the correct statement of the law because the United States cited *Weaver-Bailey* in support of its argument that it should be permitted to use excerpts of the deposition testimony of Chief Jim Gray, whom the Osage Nation designated to testify regarding certain matters pursuant to RCFC 30(b)(6), regardless of Chief Gray's availability at trial. *Defendants' Motion for Leave to Present Substantive Evidence by Deposition* at 2-3 (filed Jan. 26, 2006). Accordingly, even under the United States' understanding of the law, the Osage Nation may introduce the deposition testimony of the RCFC 30(b)(6) witnesses identified above, even if those witnesses testify in person.

The Osage Nation notes that several of the witnesses identified above were produced as ordinary fact witnesses and were deposed regarding matters for which they were not designated under RCFC 30(b)(6). The Osage Nation's designations carefully distinguish the RCFC 30(b)(6) testimony of those witnesses from their non-30(b)(6) testimony. The Osage Nation will not offer deposition testimony for those non-30(b)(6) topics if those witnesses are available at trial. The Osage Nation further notes that all of the witnesses except Mr. Wrenn and Ms. Bratcher (both of whom testified solely pursuant to RCFC 30(b)(6)) live more than 100 miles from Washington, D.C. and that the Osage Nation did not know that the United States intended to call any, much less all, of those witnesses live until the United States filed its Opposition papers on January 26, 2006. Having now been informed of that, and being cognizant of the Court's intention that the trial proceed smoothly, the Osage Nation will work with the United States to make the witnesses' testimony, whether live or by deposition, proceed in an efficient manner.

Dated this February 2, 2006

Respectfully submitted,

*s/Wilson K. Pipestem*

WILSON K. PIPESTEM
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 419-3526
Fax: (202) 659-4931
wkpipestem@pipestemlaw.com

Attorney for Plaintiff
Osage Nation