# TABLE OF CONTENTS

TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... iii

INTRODUCTION .......... 1

PROCEDURAL BACKGROUND .......... 2

ARGUMENT .......... 4

I. THE UNITED STATES WAIVED ANY DEFENSE OF ESTOPPEL OR LACHES BY FAILING TO PLEAD EITHER DEFENSE IN A RESPONSIVE PLEADING AS REQUIRED BY RCFC RULE 8(C) .......... 4

A. The United States Failed to Plead the Defenses of Estoppel and Laches .......... 4

B. The United States Has No Valid Basis for Injecting Its Unpled Defenses into this Case on the Eve of Trial .......... 5

1. The United States Should Not Be Permitted to Amend Its Pleadings to Assert Laches or Estoppel .......... 5

2. The United States' Laches and Estoppel Defenses Implicate New Issues Not Previously Raised in this Case .......... 7

3. The United States' Assertion of a Laches Defense in the 550 Case Cannot Import Laches into this Case .......... 8

II. THE UNITED STATES' UNCLEAN HANDS PREVENT IT FROM TAKING ADVANTAGE OF THE EQUITABLE DEFENSES OF LACHES AND ESTOPPEL .......... 10

III. CONGRESS'S DETERMINATION IN THE APPROPRIATIONS ACTS THAT CLAIMS DO NOT ACCRUE UNTIL AN ACCOUNTING IS RENDERED BARS APPLICATION OF LACHES AND ESTOPPEL TO THIS CASE .......... 12

CONCLUSION .......... 17

EXHIBITS

Exhibit 1: Answer, *Osage Nation v. United States* (Fed. Cl. Nov. 1, 1999) (Case No. 99-550L) .......... 3

Exhibit 2: Answer to Third Amended Complaint, *Osage Nation v. United States* (Fed. Cl. Nov. 8, 2004) (Case No. 99-550L) .......... 13

Exhibit 3: Answer to Complaint in No. 00-169L, *Osage Nation v. United States* (Fed. Cl. July 7, 2000) (Case No. 00-169L) .......... 28

# EXHIBITS

**EXHIBIT 1**

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
NOV 1 1999
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| The Osage Nation and/or Tribe of Indians of Oklahoma, | ) | |
| Plaintiff, | ) | No. 99-550L |
| v. | ) | Judge John P. Wiese |
| The United States, | ) | |
| Defendant. | ) | |

## ANSWER

Defendant United States, by undersigned counsel answers the complaint of the Osage Nation And/or Tribe of Indians of Oklahoma, as follows:

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

This court has no subject matter jurisdiction over claims asserted by Plaintiff.

## THIRD DEFENSE

Plaintiff's claim is barred by the statute of limitations.

## FOURTH DEFENSE

Plaintiff lacks standing to assert claims it has made in the complaint.

## FIFTH DEFENSE

Defendant responds to the corresponding numbered paragraphs of the Complaint as follows. Except as specifically admitted, modified or alleged the factual allegations are denied. Defendant hereby submits its Answer to the Complaint filed by Plaintiff. Defendant

answers by using the same paragraph and numbering system as in the Complaint.

1. The allegations are conclusions of law and jurisdictional allegations, and as such require no response. To the extent an answer is deemed required, Defendant denies that, under applicable law, this court has jurisdiction of this action under 28 U.S.C. §§ 1491 or 1505 or under the Due Process clause of the Fifth Amendment or the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

2. Defendant admits this paragraph.

3. Defendant admits this paragraph.

4. This paragraph characterizes the Complaint to which no response is required.

5. This paragraph states a conclusion of law to which no response is required, and, furthermore, the treaties speak for themselves and are the best evidence of their own contents.

6. This paragraph states a conclusion of law to which no response is required, and, furthermore, the statutes speak for themselves and are the best evidence of their own contents.

7. This paragraph states a conclusion of law to which no response is required, and, furthermore, the statutes speak for themselves and are the best evidence of their own contents.

8. This paragraph states a conclusion of law to which no response is required, and, furthermore, the regulations speak for themselves and are the best evidence of their own contents.

9. This paragraph states a conclusion of law to which no response is required, and, furthermore, the regulations speak for themselves and are the best evidence of their own contents.

10. This paragraph states a conclusion of law to which no response is required, and,

furthermore, the regulations speak for themselves and are the best evidence of their own contents.

11. This paragraph states a conclusion of law to which no response is required.

12. Defendant denies this paragraph.

13. This paragraph states a conclusion of law to which no response is required, and, furthermore, the regulations speak for themselves and are the best evidence of their own contents. Defendant affirmatively states, however, that, under applicable law, the United States does not, and is not required to, sell oil produced from Osage land.

14. Defendant lacks sufficient information on which to form a belief as to the truth or falsity of this paragraph.

15. Defendant admits the first sentence of this paragraph and states that the statute speaks for itself and is the best evidence of its own contents. Defendant denies the second sentence of this paragraph.

16. With respect to the allegations in the first sentence of this paragraph, Defendant admits that at an interagency task force, composed of representatives of the U.S. Department of Energy, the U.S. Department of Commerce, and the Department of the Interior's Minerals Management Service ("MMS") and Office of the Solicitor, was formed in 1994 for the purpose of investigating longstanding allegations of underpricing based on artificially reduced posted prices on Federal mineral leases within the closed California market. Defendant affirmatively states that the interagency task force looked only at issues peculiar to California, and did not address any issues involving crude oil or gas production outside of California on either Federal or Indian leases. Further, Defendant admits that the investigation resulted in the issuance orders

to pay to several companies in both 1996 and 1997, which covered periods between January 1, 1980, and, for some companies, until early 1998, which sought a combined total of approximately $277 million in allegedly underpaid royalties on the California production in question. With regard to the allegations contained in the second sentence of this paragraph, Defendant affirmatively states that the 1994 interagency study looked only at issues peculiar to the closed California market and was not intended to address mineral leases belonging to the Osage Nation, or any other Indian leases or any other Federal leases outside of California and the offshore California Outer Continental Shelf. Defendant further affirmatively states that, under applicable law, it was not required "to do the same for the Osage."

17. Defendant denies this paragraph and states that the regulations speak for themselves and are the best evidence of their own contents. Defendant affirmatively states that the 1996 changes to the cited regulations were simply a recodification that removed the prerequisite, on Federal leases only, for filing forms with MMS before lessees could take a transportation allowance and, for this reason, separated the Indian oil valuation rules from the Federal oil valuation rules. Defendant affirmatively states that the Indian oil valuation rules did not change in this recodification in 1996. 61 Fed. Reg. 5455 (Feb. 12, 1996).

18. This paragraph states a conclusion of law to which no response is required.

19. Defendant denies this paragraph.

20. Defendant denies this paragraph.

21. Defendant denies this paragraph.

22. This paragraph states a conclusion of law to which no response is required.

23. This paragraph states a conclusion of law to which no response is required.

24. The allegations of this paragraph are too vague and ambiguous to allow a response. Defendant affirmatively states that it does not sell oil produced from Federal leases, and that parties do not purchase such oil from Defendant, except for certain oil taken as royalty in kind and sold under 30 U.S.C. 192. To the extent that Defendant may have disagreements with purchasers of royalty-in-kind oil regarding the price paid for that oil, amounts that may be due from purchasers are not royalty underpayments. To the extent that Plaintiff refers to royalty paid in value, the scope of the allegations of this paragraph is so ambiguous as to not allow a response.

25. Defendant denies this paragraph.

26. This paragraph states a conclusion of law to which no response is required.

27. Defendant lacks sufficient information on which to form a belief as to the truth or falsity of this paragraph, but affirmatively states that, under applicable law, the United States does not, and is not required to, "market and/or caused the oil produced from Osage lands to be marketed.".

28. Defendant denies this paragraph.

29. Defendant denies this paragraph.

30. This paragraph states a conclusion of law to which no response is required.

31. Defendant admits that it enacted the statutes and promulgated the regulations, but states that they speak for themselves and are the best evidence of their contents. The intent of the statutes and regulations is a conclusion of law to which no response is required.

32. This paragraph states a conclusion of law to which no response is required.

33. Defendant admits this paragraph.

34. This paragraph states a conclusion of law to which no response is required.

35. This paragraph states a conclusion of law to which no response is required.

36. This paragraph states a conclusion of law to which no response is required.

37. This paragraph states a conclusion of law to which no response is required.

38. The first sentence of this paragraph states a conclusion of law to which no response is required. Defendant denies the second sentence of this paragraph.

39. Defendant denies this paragraph.

40. Defendant denies this paragraph.

41. Defendant admits that it enacted the statutes and promulgated the regulations, but states that they speak for themselves and are the best evidence of their contents.

42. This paragraph states a conclusion of law to which no response is required.

43. This paragraph states a conclusion of law to which no response is required. Defendant affirmatively states, however, that, under applicable law, the United States is not required to take the alleged actions.

44. This paragraph states a conclusion of law to which no response is required.

45. Defendant lacks sufficient information on which to form a belief as to the truth or falsity of this paragraph.

46. Defendant denies this paragraph.

47. Defendant admits this paragraph, but affirmatively states that any release of such documents would be subject to the Freedom of Information Act, 5 U.S.C. § 552.

48. The first sentence of this paragraph states a conclusion of law to which no response is required. Defendant denies the second sentence of this paragraph.

49. Defendant denies this paragraph.

50. This paragraph states conclusions of law to which no response is required, but Defendant lacks sufficient information to form a belief as to the truth or falsity of the harm that might result from the hypothetical events set forth herein.

51. This paragraph states a conclusion of law to which no response is required.

52. Defendant denies this paragraph and lacks sufficient information to form a belief as to the truth or falsity of the harm that might result from the hypothetical events set forth herein.

53. This paragraph states a conclusion of law to which no response is required.

54. This paragraph states a conclusion of law to which no response is required.

55. This paragraph states a conclusion of law to which no response is required.

56. This paragraph states a conclusion of law to which no response is required, but Defendant affirmatively states that the Complaint fails to state a claim for which relief can be granted by this court.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to the relief requested against it or to any relief against it. Defendant further prays that the Complaint be dismissed with prejudice.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully prays that the Complaint be dismissed and that the court enter a judgment in favor of the Defendant, together with costs.

Dated this 1st day of November, 1999.

Respectfully submitted,

Edward J. Passarelli
Senior Counsel
Department of Justice
Environment and Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0467
(202) 305-0506 (Fax)

Of Counsel:

Alan Woodcock, Attorney
Office of the Field Solicitor
United States Department of the Interior
7906 East 33rd Street, Suite 100
Tulsa, OK 74145
918-669-7730, Ext. 225

Stephen L. Simpson, Attorney
Office of the Solicitor
United States Department of the Interior
1849 C Street, NW, MS 6456-MIB
Washington, DC 20240
202-219-1659

## CERTIFICATE OF SERVICE

I certify that a copy of the **Answer** was served upon counsel by regular mail, postage pre-paid on this 1st day of November, 1999, addressed to:

Bradley D. Brickell
Richard J. Gore
R. Bruce Kerr
Two Leadership Square, Suite 1100
211 North Robinson
Oklahoma City, Oklahoma 73102

Nicole Christina Rossi

Nicole Christina Rossi

**EXHIBIT 2**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **The Osage Nation and/or Tribe of Indians of Oklahoma,** | ) | |
| **Plaintiff,** | ) | **No. 99-550L** |
| **v.** | ) | **Judge Mary Ellen Coster Williams** |
| **The United States,** | ) | |
| **Defendant.** | ) | |

**ANSWER TO THIRD AMENDED COMPLAINT**

Defendant United States, by undersigned counsel answers the Third Amended Complaint of the Osage Nation And/or Tribe of Indians of Oklahoma, as follows:

**FIRST DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

This court has no subject matter jurisdiction over claims asserted by Plaintiff that do not arise from statutes or regulations that fairly interpreted do not mandate compensation to the Tribe, even if such statutes or regulations could fairly be interpreted to mandate compensation to third parties.

**THIRD DEFENSE**

Plaintiff's claims are barred by the statute of limitations and laches.

**FOURTH DEFENSE**

Plaintiff lacks standing to assert all of the claims it has made in the complaint.

**FIFTH DEFENSE**

Plaintiff has not exhausted its available administrative remedies.

**SIXTH DEFENSE**

Certain claims of Plaintiff may be barred by principles of res judicata.

**SEVENTH DEFENSE**

Although the United States denies that it has any trust responsibility for tax revenues and gaming revenues generated from trust assets, to the extent that Plaintiff argues that the United States does have such a trust obligation, the United States alleges that the Plaintiff has prevented the United States from exercising any such supposed trust obligation.

**EIGHTH DEFENSE**

Defendant responds to the corresponding numbered paragraphs of the Third Amended Complaint as follows. Except as specifically admitted, modified or alleged the factual allegations are denied. Defendant hereby submits its Answer to the Third Amended Complaint filed by Plaintiff. Defendant answers by using the same paragraph and numbering system as in the Complaint.

**Nature of Action**

1. The United States avers that this paragraph contains plaintiffs' summary characterization of the case, to which no response is necessary.

**Parties**

2. The United States admits the allegations of this paragraph.

3. The United States admits the allegations of this paragraph.

**Jurisdiction and Venue**

4. The allegations are conclusions of law and jurisdictional allegations, and as such require no response. To the extent an answer is deemed required ,The United States admits that this court has jurisdiction of this action only to the extent that specific claims fit under the specific terms of the jurisdictional provisions.

**The United States is Trustee of Certain Property Belonging to the Osage Tribe**

5. The United States avers that this paragraph consists of a recitation of various treaties, which speak for themselves and are the best evidence of their content. To the extent that the United States is required to answer this paragraph, the United States admits that the cited treaties were executed.

6. The United States avers that this paragraph consists of a recitation of a treaty, which speaks for itself and is the best evidence of its content. To the extent that the United States is required to answer this paragraph, the United States admits that the cited treaty was executed.

7. The United States avers that this paragraph consists of a recitation of various acts, which speak for themselves and are the best evidence of their contents. To the extent that the United States is required to answer this paragraph, the United States admits that a tract of land was purchased for the Osage tribe.

8. The United States avers that this paragraph consists of a recitation of the 1906 Act, which speaks for itself and is the best evidence of its content. To the extent that the United States is required to answer this paragraph, the United States admits that certain other tracts of land have been acquired by the United States in trust for the Osage tribe.

9. The United States avers that this paragraph consists of a recitation of various acts,

which speak for themselves and are the best evidence of their contents. To the extent that the United States is required to answer this paragraph, the United States denies that the 1906 Act explicitly reserved sand and gravel to the Osage tribe.

10. The United States avers that this paragraph consists of a recitation of various acts, which speak for themselves and are the best evidence of their contents.

11. The United States avers that this paragraph consists of a recitation of various acts, which speak for themselves and are the best evidence of their contents. The United States admits that the acts required the promulgation of regulations and alleges that the United States has properly promulgated regulations in accordance with the acts.

12. The United States avers that this paragraph consists of a recitation of various acts, which speak for themselves and are the best evidence of their contents.

13. The United States avers that this paragraph consists of a recitation of various regulations, which speak for themselves and are the best evidence of their contents.

14. The United States avers that this paragraph consists of a recitation of various regulations, which speak for themselves and are the best evidence of their contents.

15. The United States avers that this paragraph consists of legal conclusions and a summary of Plaintiff's view of the language of various oil and gas leases, and as such require no response. To the extent a response is deemed required, the United States avers that the each of the leases speak for themselves and are the best evidence of their contents.

16. The United States specifically denies that it issues leases of any sort. The leases are executed by the Plaintiff and the United States' role is limited to approval of the leases executed by the Plaintiff. The United States specifically denies that it has ever approved a grazing lease

covering property owned by the Plaintiff and there are not, to the knowledge of the United States, any agricultural lands owned by the United States in trust for the Plaintiff. The United States specifically denies that a right of way is a lease, as alleged by the Plaintiff. The United States admits that certain rights of way have been issued covering lands located within the Indian Villages in Osage County. The United States denies that rights of way have been granted across other lands owned by the United States in trust for the Osage Tribe. The United States alleges that these rights of way have been granted for the provision of utilities to the Osage tribal lands and therefore benefit the Plaintiff. As a consequence, the rights of way do not provide for the payment of monthly or annual payments. The United States specifically denies that rights of way generally provide for monthly or annual payments. The United States admits that there are certain building leases, and admits that certain of those leases provide for the payment of rentals. The United States alleges that the building payments generally relate to buildings on what is commonly referred to as the Osage campus in Pawhuska, Oklahoma. On information and belief, the United States alleges that the Osage Tribe has executed certain leases which have not been presented by the United States for approval and further alleges that the rental income from such properties are kept by the Osage Tribe. The United States has no specific information about such payments.

17. The United States avers that this paragraph consists of a recitation of the 1906 Act and that Act speaks for itself and is the best evidence of its contents. The Unites States specifically denies that it holds in trust for the Osage Tribe all funds that may belong to or become owed to the Osage Tribe. The United States specifically denies that the Osage Tribe has furnished to the United States funds generated by certain leases executed by it but never

presented for approval to the Unite States. In addition, the United States alleges that the Osage Tribe has kept certain tax revenues and the income generated by gaming operations on trust land without forwarding said funds to the United States as Plaintiff argues is required by the 1906 Act.

18. The United States avers that this paragraph consists of a summary of certain acts of Congress, which Acts speak for themselves and are best evidence of their contents. The United States denies that it is required to collect all income derived from trust assets. The United States denies that it is obligated to pay interest all funds derived from all trust assets and denies that it is obligated to properly invest all funds derived from trust assets. Specifically, the Osage Tribe has not paid all income related to its gaming operations to the United States so that those funds can be deposited in the United States Treasury as the Osage Tribe alleges is required. The Osage Tribe has not paid all tax revenues generated by it to the United States so that those funds can be deposited in the United States Treasury as the Osage Tribe alleges is required by federal law. As a consequence, the United States denies that it has a statutory or regulatory obligation to invest said income or to pay interest on those funds.

19. The United States admits that certain oil and gas income is paid to Osage headright holders on a quarterly basis. The United States avers that the reference cited by Plaintiff speaks for itself and is the best evidence of its content. The United States admits the remainder of the paragraph.

**As Trustee, the United States Owes the Osage Tribe the Highest Fiduciary Responsibilities Concerning the Management of Tribal Assets Held in Trust for the Benefit of the Osage Tribe**

20. This paragraph states a conclusion of law to which no-response is required; to the extent a response is deemed required, denied. The United States avers that the contours of the

United states fiduciary responsibility are defined by the applicable statutes and regulations.

21. This paragraph states a conclusion of law to which no response is required; to the extent a response is deemed required, denied. The United States avers that this paragraph contains a recitation of the holdings of various cases, which speak for themselves and are the best evidence of their contents. The United States denies the allegations of this paragraph.

22. This paragraph states a conclusion of law to which no response is required; to the extent a response is deemed required, denied. The United States denies that it has any trust responsibilities which are not contained in applicable statutes and regulations. The United States avers that the Acts cited speak for themselves and are the best evidence of their contents. The United States further alleges that the Osage Tribe itself has a significant role in the issuance of leases and the United States denies that that role should be diminished or eliminated as requested by Plaintiff.

**Count One**

**Damages Resulting from the Defendant United States' Breach of Its Trust Duties to the Osage Tribe with Respect to Oil and Gas Mining Leases Covering Portions of the Osage Mineral Estate**

23. Paragraphs 1 through 21 have been answered herein and that answer in incorporated by reference in this paragraph.

24. The United States denies that it has issued oil and gas leases covering portions of the Osage mineral estate. The United States avers that it has approved oil and gas leases executed and issued by the Osage Tribe. The United States admits that, historically, it has approved oil and gas leases on certain forms prepared by the United States. The United States avers that the specific leases in question speak for themselves and are the best evidence of their contents. The

United States admits that leases generally provide for the payment of royalties based upon the selling price of the oil or gas for which royalties are paid. The United States admits that the leases also provide for the payment of royalties based upon the highest posted price within a certain area, but avers that the area is defined by the applicable regulations, which are incorporated into said leases. The United States admits that royalties are ultimately paid to headright holders.

25. The United States admits that it made oil and gas records available to the Osage Tribe. The United States denies that those records were made available solely as a result of directions from this court. The United States avers that all such records were made available to the Osage Tribe before the commencement of this litigation, but the Osage Tribe declined to review those records at that time. The United States denies the remainder of the allegations of this paragraph.

26. No response is required to the allegations of this paragraph.

27. The United States admits the allegation to the extent that it is required to maintain records regarding trust assets. The United States denies that it has never provided an accounting of the revenue produced by Osage Mineral estate. The United States further denies that it is obligated by law to provide an accounting of tax revenues generated by the Osage Tribe or the gaming revenues generated by the Osage Tribe. The United States alleges that the Plaintiff has never furnished any information regarding the collection or expenditure of tax revenues and gaming revenues and that, as a result, the United States cannot advise the Plaintiff of the collection or expenditures of such revenues. The United States specifically denies the allegation that it has not furnished access to documents maintained with regard to Osage trust assets. The

United States specifically avers that the Osage Tribe can identify every lease in which it believes that the United States has not transmitted the appropriate royalty, particularly as to the years for which the Osage Tribe has reviewed the records made available. The United States denies that it is obligated to pay royalty on any oil and gas lease; rather it is obligated to transmit the royalty paid by the lessees of the oil and gas. The United States avers that the lessees are the parties who are obligated to make payment of the royalties. The United States avers that no statute or regulation makes the United States liable for the underpayment of any royalty by the lessees. The United States avers that the Plaintiff has undertaken no efforts to collect any alleged underpayments from the lessees and has objected in this case to suggestions by the United States that collection of any alleged underpayments should be made from the lessees. The United States denies the remainder of the paragraph.

28. The United States denies the allegations of this paragraph. The United States specifically denies the allegations that the United States is obligated to make crude oil royalty payments. The United States avers that it is obligated only to transmit the royalty paid by the lessees of the oil and gas. The United States avers that the lessees are the parties who are obligated to make payment of the royalties. The United States avers that no statute or regulation makes the United States liable for the underpayment of any royalty by the lessees. The United States avers that the Plaintiff has undertaken no efforts to collect any alleged underpayments from the lessees and has objected in this case to suggestions by the United States that collection of any alleged underpayments should be made from the lessees. The United States denies the remainder of the paragraph.

29. The United States denies the allegations of this paragraph.

30. The United States denies the allegations of this paragraph.

## Count Two

**Damages Resulting from the Defendant United States' Breach of its Trust Duties to the Osage Tribe With Respect to Leases Covering the Osage Surface and/or Mineral Estates, Other Than Oil and Gas Leases**

31. Paragraphs 1 through 28 have been answered herein and that answer in incorporated by reference in this paragraph.

32. The United States specifically denies that it issues leases of any sort. The leases are executed by the Plaintiff and the United States' role is limited to approval of the leases executed by the Plaintiff. The United States specifically denies that it has ever approved a grazing lease covering property owned by the Plaintiff. The United States avers that there are no agricultural lands owned by the United States in trust for the Plaintiff. The United States specifically denies that a right of way is a lease, as alleged by the Plaintiff. The United States admits that certain rights of way have been issued covering lands located within the Indian Villages in Osage County. The United States denies that rights of way have been granted across other lands owned by the United States in trust for the Osage Tribe. The United States alleges that these rights of way have been granted for the provision of utilities to the Osage tribal lands and therefore benefit the Plaintiff. As a consequence, the rights of way do not provide for the payment of monthly or annual payments. The United States specifically denies that rights of way generally provide for monthly or annual payments. The United States admits that there are certain building leases, and admits that certain of those leases provide for the payment of rentals. The United States alleges that the building payments generally relate to buildings on what is commonly referred to as the Osage campus in Pawhuska, Oklahoma. On information and belief, the United States avers that

the Osage Tribe has executed certain leases which have not been presented by the United States for approval and further alleges that the rental income from such properties are kept by the Osage Tribe. The United States has no specific information about such payments and denies that it has a trust responsibility with regard to such payments. To the extent not otherwise answered here, the allegations of this paragraph are denied.

33. The United States denies that it has never provided an accounting of the revenue produced by Osage Mineral estate. The United States further denies that it is obligated by law to provide an accounting of tax revenues generated by the Osage Tribe or the gaming revenues generated by the Osage Tribe. The United States alleges that the Plaintiff has never furnished any information regarding the collection or expenditure of tax revenues and gaming revenues and that, as a result, the United States cannot advise the Plaintiff of the collection or expenditures of such revenues. The United States specifically denies the allegation that it has not furnished access to documents maintained with regard to Osage trust assets. The United States avers that the Osage Tribe can identify every lease in which it believes that the United States has not transmitted the appropriate royalty, at least with respect to the documents the Osage Tribe has examined. The United States alleges that each and every lease approved by the United States was originally executed and issued by the Plaintiff and that, therefore, the Plaintiff is aware of each lease executed by it. The United States denies that it is obligated to pay royalty on any oil and gas lease; rather it is obligated to transmit the royalty paid by the lessees of the oil and gas. The United States denies the remainder of the paragraph.

34. The United States denies the allegations of this paragraph.

35. The United States denies the allegations of this paragraph.

The remainder of the Amended Complaint amounts to Plaintiff's prayer for relief, and as such requires no response. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested against it or to any relief against it. Defendant further prays that the Complaint be dismissed with prejudice.

WHEREFORE, having fully answered Plaintiff's Third Amended Complaint, Defendant respectfully prays that the Complaint be dismissed and that the court enter a judgment in favor of the Defendant, together with costs.

Dated this 8th day of November, 2004.

Respectfully submitted,

THOMAS L. SANSONETTI
Assistant Attorney General

EDWARD J. PASSARELLI
Senior Counsel
Department of Justice
Environment and Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0468
(202) 305-0506 (Fax)

Of Counsel:

ALAN WOODCOCK
Field Solicitor
Office of the Field Solicitor
United States Department of the Interior
7906 East 33rd Street, Suite 100
Tulsa, OK 74145
918-669-7730, Ext. 225

STEPHEN L. SIMPSON, Attorney
Office of the Solicitor
United States Department of the Interior
1849 C Street, NW, MS 6456-MIB
Washington, DC 20240
202-219-1659

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2004, I caused the foregoing **Answer to Third Amended Complaint** to be served upon the attorney of record for the Plaintiff by placing a copy in the United States Mail, first-class postage prepaid, addressed to:

Wilson K. Pipestem, Esquire
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 419-3526
Fax: (202) 659-4931

Edward J. Passarelli

**EXHIBIT 3**

ORIGINAL

A

UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JUL 7 2000
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, by and through THE DEPARTMENT AND SECRETARY OF THE INTERIOR and BUREAU OF INDIAN AFFAIRS,<br><br>Defendants. | ) | No. 99-550 L<br>No. 00-169 L<br>Judge John P. Wiese |

**ANSWER TO COMPLAINT IN NO. 00-169 L**

Defendant, the United States of America, the only named defendant over which the Court has jurisdiction, on behalf of the United States and, to the extent any other named defendant may for whatever reasons not be dismissed from this case, on such other defendant's behalf, hereby submits this Answer to the Complaint first filed on March 31, 2000. By Order dated May 12, 2000, the Court extended the time for Defendant to answer until July 7, 2000.

**FIRST DEFENSE**

The Complaint alleges claims that are barred by the statute of limitations, 25 U.S.C. § 2501.

**SECOND DEFENSE**

All of Plaintiff's claims accruing prior to August 13, 1946, are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly at 25 U.S.C. §§ 70 *et seq*).

**THIRD DEFENSE**

Plaintiff fails to state claims upon which relief can be granted.

**FOURTH DEFENSE**

The Complaint states claims that are barred by the principle of *res judicata*.

**FIFTH DEFENSE**

The Court lacks subject matter jurisdiction over claims to provide an accounting of Plaintiff's tribal trust funds.

**SIXTH DEFENSE**

Plaintiff lacks standing to assert claims relating to the 99.95% of headrights which are not owned by the Osage Nation.

**SEVENTH DEFENSE**

The Court lacks jurisdiction over any named Defendant other than the United States of America, and, therefore, all other defendants should be dismissed forthwith.

**EIGHTH DEFENSE**

The United States answers each numbered paragraph of the Complaint herein under the section headings there denominated by Plaintiff as follows:

JURISDICTION

1. The allegations in Paragraph 1 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1.

PARTIES

2. Defendant admits the allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3.

NATURE OF THE ACTION

4. The allegations in Paragraph 4 characterize Plaintiff's Complaint and state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

CONTRACTUAL BASIS FOR DAMAGES

5. The allegations in Paragraph 5 characterize the United States Treaty with the Osage, dated November 10, 1808, which is the best evidence of its own contents, and, therefore, no response is required.

6. The allegations in Paragraph 6 characterize the various statutes cited therein, which are the best evidence of their own contents, and, therefore, no response is required.

7. The allegations contained in Paragraph 7 characterize the various statutes cited therein, which are the best evidence of their own contents, and, therefore, no response is required.

8. The allegations contained in Paragraph 8 characterize the various statutes cited therein, which are the best evidence of their own contents, and, therefore, no response is required.

9. The allegations contained in Paragraph 9 characterize the regulations found at 25 C.F.R. Part 226, which are the best evidence of their own contents, and, therefore, no response is required.

10. The allegations contained in Paragraph 10 characterize the regulations found at 25 C.F.R. Part 226, which are the best evidence of their own contents, and, therefore, no response is

required.

11. The allegations contained in Paragraph 11 characterize the regulations found at 25 C.F.R. § 1.2 and 25 C.F.R. Part 226, which are the best evidence of their own contents, and, therefore, no response is required.

STATEMENT OF FACTS

12. The allegations contained in the first sentence of Paragraph 12 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in the first sentence of Paragraph 12. Defendant denies the remaining allegations in Paragraph 12.

13. The allegations contained in Paragraph 13 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14. The allegation referring to the United States as trustee of all Osage assets states a conclusion of law to which no response is required. To the extent an answer is required, Defendant denies this allegation. Defendant denies the remaining allegations in Paragraph 14.

15. The allegations contained in Paragraph 15 state conclusions of law to which no response is required. Furthermore, the findings of the United States District Court for the District of Columbia speak for themselves and are the best evidence of their own contents. To the extent a response is required, Defendant denies the allegations in Paragraph 15. Defendant affirmatively states that the *Cobell v. Babbitt* litigation concerning Individual Indian Money Accounts is distinguishable on its facts from this case concerning Tribal Trust Fund Accounts.

16. Defendant admits that it provided Plaintiff a report from the Tribal Trust Funds

Reconciliation Project for the time period from July 1, 1972, through September 30, 1992, but denies the remaining allegations in Paragraph 16. Furthermore, Defendant states that the report speaks for itself and is the best evidence of its own contents.

17. Defendant admits the allegations contained in the first sentence of Paragraph 17 to the extent that in 1996 the United States provided the Osage with a report of the Tribal Trust Funds Reconciliation Project, commonly known as the Arthur Anderson Report, dated December 31, 1995. Defendant denies the remaining allegations in Paragraph 17 and states that the report speaks for itself and is the best evidence of its own contents.

18. Defendant admits the allegations contained in the first sentence of Paragraph 18 but states that the entire report is the best evidence of its own contents. Otherwise, Defendant denies the remaining allegations in Paragraph 18.

19. The allegations contained in the first, second, and third sentences of Paragraph 19 characterize Plaintiff's Complaint and state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in the first, second, and third sentences of Paragraph 19. Defendant denies the remaining allegations in Paragraph 19.

20. The allegations in Paragraph 20 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

21. The allegations in Paragraph 21 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21.

22. To the extent that Plaintiff is referring to Federal law, the allegations in paragraph 22 state conclusions of law to which no response is required; however, to the extent that any

factual allegations are interwoven with those conclusions of law, Defendant denies such allegations. If Plaintiff is referring to Oklahoma law, Defendant affirmatively states that it has no trust obligation arising from state law.

23. The allegations contained in the first sentence of Paragraph 23 characterize Plaintiff's Complaint and state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in the first sentence of Paragraph 23. Defendant denies the remaining allegations in Paragraph 23.

FIRST CAUSE OF ACTION

24. Defendant admits that it caused the referenced report to be prepared and delivered, but states that the report speaks for itself and is the best evidence of its own contents.

25. The allegations contained in the first and second sentences of Paragraph 25 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in the first and second sentences of Paragraph 25. Defendant denies the allegations in the third sentence of Paragraph 25. The allegations contained in the fourth and fifth sentences of Paragraph 25 characterize Plaintiff's Complaint to which no response is required. To the extent a response is required, Defendant denies the allegations in the fourth and fifth sentences of Paragraph 25. The allegations in the sixth sentence of Paragraph 25 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in the sixth sentence of Paragraph 25. Defendant denies the remaining allegations in Paragraph 25.

SECOND CAUSE OF ACTION

26. To the extent that Plaintiff is referring to Federal law, the allegations in paragraph 26 state conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 26. If Plaintiff is referring to Oklahoma law, Defendant affirmatively states that it has no trust obligation arising from state law.

PRAYER FOR RELIEF

The remaining allegations in Plaintiff's Complaint, dated March 31, 2000, constitute prayers for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief it has requested or to any relief whatsoever.

Defendant further denies any and all allegations in Plaintiff's Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

WHEREFORE, Defendant requests that this action be dismissed with prejudice, that judgment be entered for Defendant, and that Defendant's costs be allowed, in addition to any further relief this Court may allow.

Dated this 7th day of July, 2000.

Respectfully submitted,

EDWARD J. PASSARELLI
Attorney of Record for Defendant in Docket No. 99-550 L
Telephone: (202) 305-0468

R. ANTHONY ROGERS
Attorney of Record for Defendant in Docket No. 00-169 L
RENITA Y. FORD

General Litigation Section
Environment and Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D. C. 20044-0663
Telephone: (202) 305-0483
Fax: (202) 305-8273/0506

Of Counsel:

Stephen Simpson
Attorney
Office of the Solicitor
Division of Indian Affairs
U.S. Department of the Interior
Washington, D. C. 20240
Telephone: (202) 219-1659
Fax: (202) 208-3490

Alan Woodcock
Attorney
Office of the Field Solicitor
U.S. Department of the Interior
Tulsa, Oklahoma
Telephone: (918) 669-7730
Fax: (918) 669-7736

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2000, I caused the foregoing **Answer to Complaint in No. 00-169 L** to be served upon the attorney of record for the plaintiff by facsimile transmission and by placing a copy in the United States Mail, first-class postage prepaid, addressed to:

Bradley D. Brickell, Esquire
Richard J. Gore, Esquire
Mahaffey & Gore
Two Leadership Square, Suite 1100
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 236-0478
Fax: (405) 236-1520

R. Anthony Rogers
R. ANTHONY ROGERS