# EXHIBIT 2

**U.S. Department of Justice**

Environment and Natural Resources Division

90-2-20-09922

*General Litigation Section*
*P.O. Box 663*
*Ben Franklin Station*
*Washington, DC 20044-0663*

*Telephone (202) 305-0212*
*Facsimile (202) 353-2021*

May 23, 2005

**VIA HAND DELIVERY:**

Wilson K. Pipestem, Esquire
Jerry Rothrock, Esquire
Pipestem Law Firm, PC
1333 New Hampshire Ave., NW
Washington, DC 20036

**Re: Osage Nation v. U.S. (CFC Case No. 00-169L)**
**30(b)(6) Subpoenas, Notices, and Written Objections**

Mr. Pipestem and Mr. Rothrock:

The purpose of this letter is to memorialize our conversation on May 17, 2005, and to set out the Government's initial concerns with the Tribe's 30(b)(6) deposition notices and subpoenas, issued by the Tribe's counsel on May 4, 2005. Pursuant to RCFC 45(c)(2)(B), I have also attached the Government's written objections to the subpoenas, which request that designated documents be produced at the taking of the 30(b)(6) depositions.[1/] Based on our past and on-going conversations, the Government is optimistic that the parties will be able to resolve potential issues regarding these 30(b)(6) depositions informally. However, in order to protect the Government's rights in the event the parties cannot resolve particular issues, and to prevent any potential misunderstandings, the Government serves the Tribe with this letter and the attached written objections.

During our conversation on May 17, 2005, I raised some of the following initial concerns with the Tribe's 30(b)(6) Deposition Notice for the Department of the Interior ("Interior") and corresponding subpoena. First, it is possible that few, if any, current Interior employees will have personal knowledge of the topics listed in the subpoena and the notice for the five leases during the relevant time period - 1976 to 1990.[2/] Second, although Interior may designate an individual as a 30(b)(6) witness who does not have personal knowledge of the topics listed in the subpoena, this individual need only "testify to matters known or reasonably available to the organization." RCFC 30(b)(6). As you are aware, many, if not all, of the "matters" or documents pertinent to the 1976 to 1990 time period are no longer stored at Interior Offices, such as the Osage Agency, but rather they are primarily stored at Federal Records Centers, such as the American Indian Records Repository ("AIRR"), in Lenexa, Kansas. As set out in the attached

[1/]Tribe's counsel consented to an extension until May 23, 2005, for service of these objections.

[2/]According to the notice and subpoena, "relevant months" consist of January 1976, May 1979, November 1980, February 1986, July 1989, and October 1990.

objections, literal compliance with the Interior deposition notice and subpoena would require the Government to inspect thousands of boxes, previously made available for Plaintiff's inspection, for documents that relate to particular topics, five leases, and the time period 1976 to 1990. To the extent the Government has not obtained copies of these documents due to Plaintiff's inspection, they are not "reasonably available" to the Government. Third, the 30(b)(6) Deposition Notice and subpoena set out overly broad topics, such as audits that do not appear to be relevant to tranche one; manuals and audits related to non-Osage Indian and federally-owned oil and gas leases; manuals related to the collection and management of payments owed to non-Osage Indian Tribes or the United States (produced under federally-owned leases) for royalties; and the Arthur Andersen Reconciliation Report.

In response to the Government's concerns about the scope of the 30(b)(6) notice and subpoena, Tribe's counsel indicated, on a preliminary basis, that he realizes it is not possible for a 30(b)(6) witness to get completely up to speed on all prior procedures by June 1 to June 10, 2005. In issuing their 30(b)(6) notice and subpoena, Tribe's counsel has stated that they seek to depose individuals who have personal knowledge as to how royalty was computed or valued for the five leases for oil produced during the relevant months or, in the event there are no individuals with personal knowledge, they seek to depose a witness designated by Interior who, to the best of his or her ability, can discuss the same issues. The types of information that Tribe's counsel seeks during the deposition include: the amount of royalties received by the Government for the five leases for oil produced during the relevant months; the post-collection management of royalties; the identify of individuals who have actual knowledge of the five leases during the relevant months (or other periods); the location of documents associated with those leases; and the most efficient way to locate such documents, such as lessee reports, associated with the five leases for a relevant production month. On this last item, Tribe's counsel indicated that it would be most efficient for both parties to jointly look for documents associated with the five leases and the relevant production months. Government counsel stated that many of these documents may have already been imaged and provided to the Tribe.

The parties ultimately agreed on the following procedure for Interior deponents in an attempt to narrow the scope of the Tribe's 30(b)(6) deposition notices and document requests and to resolve any potential issues informally. From June 1 to June 10, 2005, the Tribe will depose the fact witnesses noticed in several previous Notices of Deposition.[3/] Based on information provided by the Government, the Tribe will initially depose those employees that likely have the most relevant information for tranche one. Theses depositions should assist the Tribe in narrowing its 30(b)(6) deposition topics and document requests regarding Interior witnesses. The parties will subsequently schedule Interior 30(b)(6) depositions, perhaps during the week of June 20, 2005.

The parties will continue to discuss the Government's objections to the 30(b)(6)

---

[3/] The noticed deponents include: Charles Hurlbert, Carma Jensen, Richard Winlock, Angela Toineeta, Lorraine Wilcox, Melissa Currey, Carol Revard, Joy Oakes, Heather Little, Jeanette Hanna, Newell Barker, and Judy Hill. We understand that the Tribe may be able to eliminate some of the requested deponents after it receives basic job description information from the Government.

deposition notice and subpoena concerning Treasury and will work together to arrive at a mutually agreeable scope, time and place in Washington, DC, for the deposition of a Treasury witness or witnesses. As set out in the attached written objections, since the 1973 consolidation of individual tribal fund accounts, Treasury has not maintained any individual accounts for the Osage Nation (or other federally-recognized tribes). Since that time, as a general rule, Treasury records do not contain information that would link Interior deposits, investments, and payment transactions to oil and gas royalty revenue to the Osage Nation or other tribes. Moreover, after 1973, there would be no individual Osage accounts which track receipts and disbursements of Osage royalty income. Additionally, as a general rule, there are no Osage or tribe-specific Treasury manuals, guidelines, or instructions relating to the collection, depositing, disbursing, investing, or accounting of payments owed to the Osage Nation or non-Osage Tribes and received by the United States as royalty payments on crude oil and natural gas leasing. Treasury would have knowledge of any procedural sources, including guidelines and instructions, governing the depositing , disbursement, and investment as a general matter during the relevant time periods. Under the foregoing circumstances, any specific testimony by a Treasury 30 (b)(6) witness regarding Osage royalty payments, disbursements, and investments would require, at a minimum and as a prerequisite, individual transaction identification.

The Government intends to continue to make good-faith efforts to resolve any potential issues informally with the Tribe. Please contact me at (202) 305-0212 if you have any questions or concerns or if this is not your understanding of our conversation or agreement.

Sincerely,

Brett D. Burton
Attorney

Enclosure

cc (w/encl.): Stephen Simpson, Attorney, Office of the Solicitor
Alan Woodcock, Field Solicitor
Teresa E. Dawson

cc (w/o encl.): Tony Hoang
Martin LaLonde
John Martin