**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA, | ) | Electronically Filed: February 9, 2006 |
| Plaintiff, | ) | |
| v. | ) | No. 99-550 L (into which has been consolidated No. 00-169L) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | Judge Emily C. Hewit |

**DEFENDANT'S SURREPLY TO PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE DOCUMENTS AND TESTIMONY FOR VIOLATIONS OF THE COURT'S SCHEDULING AND DISCOVERY ORDERS**

## I. INTRODUCTION

On January 12, 2006, Plaintiff Osage Nation filed a Motion to Exclude Documents and Testimony for Violations of the Court's Scheduling and Discovery Orders, along with a Memorandum of Points and Authorities in support of said motion. On January 26, 2006, Defendant United States filed a Memorandum in Opposition to Plaintiff's Motion to Exclude. Plaintiff filed its Reply in Support of [Plaintiff's] Motion to Exclude Documents and Testimony for Violations of the Court's Scheduling and Discovery Orders. Therein, Plaintiff raised new issues involving depositions and subpoenas pursuant to RCFC 30(b)(6). Defendant hereby submits this Surreply to address these new issues.

## II. ARGUMENT

### A. PLAINTIFF WAS ON NOTICE FOR THE 30(B)(6) DEPOSITIONS THAT DEFENDANT HAD LIMITED TIME TO LOCATE ALL DOCUMENTS RELEVANT TO 30(b)(6) DEPOSITIONS AND THAT DEFENDANT TOOK THE POSITION THAT ITS OBLIGATION TO PRODUCE RELEVANT DOCUMENTS FOR THE DEPOSITIONS HAD BEEN SATISFIED THROUGH MAKING DOCUMENTS AVAILABLE FOR PLAINTIFF'S INSPECTION

In its Reply in Support of Its Motion to Exclude ("Reply"), Plaintiff states that Defendant's designated 30(b)(6) witnesses produced all relevant documents at the time of their depositions. This is an incorrect statement. Prior to commencement of the 30(b)(6) depositions, Defendant had notified Plaintiff's counsel on several occasions of the difficulty in locating all documents relevant to the 30(b)(6) testimony. In a letter to Plaintiff's counsel dated May 23, 2005, attorney for Defendant noted that "[a]s you are aware, many, if not all, of the . . . documents pertinent to the 1976 to 1990 time period are no longer stored at Interior Offices . . . but rather they are primarily stored at Federal Records Centers.... To the extent the Government has not obtained copies of these documents due to Plaintiff's inspections, they are not 'reasonably available' to the Government." Attached as Exhibit 1. In addition, in an email dated August 22, 2005, to Plaintiff's counsel, attorney for Defendant stated:

> there are still substantial gaps in documents relevant to the tranche one months and tranche one leases, despite the parties' best efforts to locate such documents in recent joint discover efforts. As a result, the testimony of the 30(b)(6) witnesses ... will be limited by the documents and information currently available.

Attached as Exhibit 2. Plaintiff was plainly put on notice that Defendant would not be able to identify, locate, and make copies of all relevant documents in advance of the 30(b)(6) depositions.

Moreover, Defendant submitted objections to Plaintiff's subpoenas issued pursuant to

RCFC 30(b)(6). Defendant's Objections and Responses to Subpoenas Issued by Plaintiff's Counsel on May 4, 2005 (May 23, 2005) (Attached as Exhibit 3). In part, Defendant objected to Plaintiff's document requests "as unreasonably cumulative and duplicative" to the productions of documents that Defendant had and was accommodating through extensive inspections by Plaintiff. *Id.* at 3. Defendant noted that "Defendant has arranged and permitted Plaintiff to inspect thousands of boxes and documents on numerous occasions at the American Indian Records Repository ("AIRR"), in Lenexa, Kansas, and at the Office of Trust Records ("OTR"), in Albuquerque, New Mexico" and at the Osage Agency in Pawhuska, Oklahoma. *Id.* Defendant stated that "without waiving the foregoing objections, Defendant will make available for inspection at the taking of depositions potentially responsive documents *not previously provided to Plaintiff or made available for Plaintiff's inspection*, known or reasonably available to the Department of the Interior." *Id.*

Defendant produced at the Interior depositions only those documents reasonably available and that had not previously been made available for Plaintiff's inspection.[1] The fact that the documents now objected to by Plaintiff were not made available at the 30(b)(6) depositions fails to bolster Plaintiff's attempt to exclude these documents because Defendant made them available to Plaintiff through extensive access to indices and inspections.

[1] The documents provided to Plaintiff at the depositions of the two Treasury 30(b)(6) witnesses, both of which occured before the discovery cutoff date of September 1, 2005, consisted predominantly of materials that had previously been inspected and selected by Plaintiff. As for the Chavarria "10-million record file," Plaintiff's statement that the file was given to DOJ by Treasury is wrong - DOJ obtained that file from Interior after Plaintiff first articulated its "cancelled check" claim in the Jay Report.

**B. PLAINTIFF ERRS IN ASSERTING THAT 30(b)(6) WITNESSES AFFIRMATIVELY REPRESENTED THAT ALL RELEVANT DOCUMENTS HAD BEEN PRODUCED**

In its Reply in Support of Its Motion to Exclude, Plaintiff states that "Defendant designated witnesses . . . who affirmatively represented at their deposition that they had produced all relevant documents." No such affirmative statement was made by any of Defendant's 30(b)(6) witnesses during their depositions. In fact, several of Defendant's 30(b)(6) witnesses stated that documents relevant to their testimony were not available or had not yet been located in the period between the issuance of the notice and the deposition. *See* August 24, 2005 Deposition of Carol Revard 43:13 - 45:5, 53:23 - 54:18, 62:18 - 62:23, 69:4 - 70:4, 82:24 - 83:25, 90:4 - 90:14 (Attached as Exhibit 4); August 25, 2005 Deposition of Rowena Beach 51:6 - 51:10 (Attached as Exhibit 5). Nowhere did any witness even imply that all relevant documents had been produced.

**C. DEFENDANT SATISFIED PLAINTIFF'S REQUEST BY MAKING DOCUMENTS AVAILABLE FOR INSPECTION BY PLAINTIFF.**

Documents requested in connection with a deposition are equivalent to production requests made under rule 34. Rule 30(b)(5) states "[t]he notice to a party deponent may be accompanied by a request made in compliance with RCFC 34 for the production of documents and tangible things at the taking of the deposition. The procedure of RCFC 34 shall apply to the request." Rule 30(b)(5) makes it plain that the dictates of rule 34 govern document productions pursuant to depositions. *See Phillips v. American Honda Motor Co., Inc.*, No. Civ.A. 04-00632-CG-B, 2005 WL 1527685 (S.D. Ala. June 27 2005), *Great Am. Ins. Co. v. McElwee Brothers, Inc.*, No. Civ.A. 03-2793 (E.D. La. Mar. 19, 2004). As explained in its response to Plaintiff's motion in limine, because Defendant produced the requested documents in

accordance with rule 34 through making indices and documents available for inspection by Plaintiff, the requirements of rule 30(b)(5) were met.

## III. CONCLUSION

For the foregoing reasons and for those reasons set forth in Defendant's Memorandum in Opposition to Plaintiff's Motion to Exclude, the Court should deny Plaintiff's Motion to Exclude Documents and Testimony for Violations of Court's Scheduling and Discovery Orders.

Respectfully Submitted, this Ninth day of January, 2006.

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

*s/ Brett D. Burton*
BRETT D. BURTON
United Sates Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0212

Counsel of Record for Defendant

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
KEVIN WEBB
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0247
Fax: (202) 353-2021

Attorneys for Defendant

OF COUNSEL:

Elisabeth Brandon
Brenda Riel
Attorneys
Office of the Solicitor
Division of Indian Affairs
U.S. Department of the Interior
MS 6456
Washington, D. C. 20240

Telephone: (202) 208-4218
Fax: (202) 208-3490

Teresa E. Dawson
Senior Counsel
Office of Chief Counsel
Financial Management Services
U.S. Department of the Treasury
401 14th Street, S.W.
Room 552A
Washington, D.C. 20227
Telephone: (202) 874-6877
Fax: (202) 874-6627