**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA, Plaintiff, | ) | Electronically Filed: February 9, 2006 |
| v. | ) | No. 99-550 L (into which has been consolidated No. 00-169L) |
| THE UNITED STATES OF AMERICA, Defendant. | ) | Judge Emily C. Hewit |

**DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENT**
**<u>TO DEFENDANT'S REVISED EXHIBIT LIST</u>**

Defendant respectfully moves this Court for leave to file the attached supplement to Defendant's revised exhibit list. The supplement that Defendant seeks to make to its revised exhibit list consists of six documents that were not identified until after Defendant had submitted its revised exhibit list on February 7, 2006. As explained in detail below, allowing Defendant leave to supplement its revised exhibit list will not unduly prejudice Plaintiff in this case. At the same time, however, barring Defendant from augmenting its revised exhibit list with the six documents will unduly prejudice Defendants. It will shield from the Court evidence that is significant, relevant, and instructive to the Court's consideration of the issues on trial herein.

## I. BACKGROUND

During preparation of its revised exhibit list for filing on February 7, 2006, Defendant identified a document – a check detail statement – that showed the payment of royalties by lease for a purchaser of oil from the Osage Tribe for a non-Tranche One month. This type of document provided clear evidence of collection of royalty payments by the Osage Agency. Defendant had not located such a document for the Tranche One months in 1979, 1980, 1985, 1989, and 1990, although it had obtained documents that could be used to make the showing,

although not as clearly. Moreover, Plaintiff had not requested this type of document in its list of documents provided for the Parties' joint document review conducted in July and August of 2005. Accordingly, Defendant instructed one of its contractors—who had assisted in the parties' joint document search during the summer of 2005—to search for these types of documents relating to the Tranche One months. During a review at the American Indian Records Repository (AIRR) in Lenexa, KS, on February 7-10, 2006, the contractor did not find additional check detail statements but located five documents that would serve the same purpose as check detail statements.

The five documents are oil purchase reports / production reports for five of the six Tranche One months (no such document was located for January 1976). Each of these documents, which appear to have been generated by the Osage Agency computer system, lists the purchasers of oil from the Osage and the barrels of oil and royalty paid for each lease. One of the documents was located in a box identified at the AIRR as 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-0020-0268.[1] This box was listed on an index of boxes provided to Plaintiff on April 13, 2005. See Letter from Brett Burton to Wilson Pipestem and excerpt from attachment thereto (April 13, 2005) (Attached as Exhibit 1). It was inspected by Plaintiff during the week of April 18, 2005. See E-mail from Jerry Rothrock to Brett Burton, *et al.* and attachment thereto (April 17, 2005) (Attached as Exhibit 2); Letter from Ken Dalton to Brett Burton and attachments thereto (May 19, 2005)

[1] The first three digits of this number, called the Record Group, represents the Agency (here, the Bureau of Indian Affairs) that sent the documents to the Federal Record Center ("FRC"). The next two numbers represent the year the documents were received by the FRC, and the next four digits are a unique identifier for a set of boxes containing common documents. These numbers, together, are referred to as the accession number. The last two sets of digits identify the box within the accession.

(Attached as Exhibit 3).

The second document was located in a box identified as 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-0020-0268. This box was listed on the index of boxes provided to Plaintiff on April 13, 2005. Exhibit 1. Defendant made this box available to Plaintiff in May 2005 for inspection pursuant to Plaintiff's request. Letter from Tom Kearns, Attorney-Advisor, Office of the Solicitor to Linda Skotta, Deputy Director, Office of Trust Records (April 26, 2005) (Attached as Exhibit 4); Letter from Ethel Abeita, Office of Trust Records, to Rosemarie Weisz, National Archives and Records Administration (April 27, 2005) (Attached as Exhibit 5); Letter from Tom Kearns, Attorney-Advisor, Office of the Solicitor to Linda Skotta, Deputy Director, Office of Trust Records (April 26, 2005) (Attached as Exhibit 6); Letter from Ethel Abeita, Office of Trust Records, to Rosemarie Weisz, National Archives and Records Administration (May 2, 2005) (Attached as Exhibit 7).

The remaining three documents were found in the following three boxes: 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-0016-0042, 0018-0042, and 0039-0042. Defendant inadvertently did not provide to Plaintiff the indices for these boxes with the April 13, 2005 correspondence referenced above. See Records Transmittal and Receipt and attached inventory thereto (March 31, 2005) (Attached as Exhibit 8). Nevertheless, information about these boxes appeared in the Box Information Search System ("BISS") on April 19, 2005, and thereafter. Plaintiff's consultant had access to and performed searches on the BISS at the Office of Trust Records on April 27 and 28, 2005. See Osage Tranche One Royalty Boxes Source and Load Data Report (report from BISS showing load dates reflecting date on which information from boxes was entered into the BISS) (Attached as Exhibit 9); Letter from Tom Kearns to Linda Skotta (April 26, 2005) (Exhibit 4). Therefore, Plaintiff's

consultant had access to the box information in the BISS when he conducted his box searches. By having access to the box information and by having Defendant make requested boxes available for inspection, Plaintiff and its consultant had access to the boxes themselves.

Plaintiff and Defendant combined expert resources and conducted a joint search for relevant documents in July and August 2005. Their search did not identify or include the aforementioned three boxes, however. This was because the version of the BISS inadvertently used by Defendant's contractor at its offices to conduct the search was obsolete, i.e., it pre-dated April 19, 2005, when the information for the three boxes was entered into the BISS.[2] Counsel for Defendant did not learn of this mistake until February 3, 2006. On that day, Defendant's counsel instructed Defendant's contractor to query an updated version of the BISS. On February 6, Defendant's contractor produced a list that included the above-referenced three boxes in NARA Accession Number 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. Upon searching the boxes at the AIRR on February 9 and 10, Defendant's contractor found and provided to Defendant's counsel the five documents with which Defendant seeks to supplement its revised exhibit list.

Defendant also seeks to supplement its exhibit list with a one-page document titled "Production Report for the Month of November, 1980," which was produced to Plaintiff prior to September 1, 2005, but was inadvertently left off Defendant's exhibit list.

---

[2] The contractor received periodic updates for its copy of the BISS, with the most recent update having been received for boxes entered into the BISS in March 2005 or earlier. In contrast, the version of the BISS that Plaintiff's contractor searched at the Office of Trust Records on April 27-28, 2005, included the information for the boxes entered on April 19, 2005.

## II. ARGUMENT

The power to exclude evidence, because of its potency, should be exercised with restraint and discretion. *Shepherd v. American Broadcasting Companies, Inc.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995). The use of this power should reflect our judicial system's strong presumption in favor of adjudications on the merits. *Foman v. Davis*, 371 U.S. 178, 181-82 (1962); *Shepard*, 62 F.3d at 1475. As such, an order excluding evidence must be based on clear, unequivocal and convincing evidence of contumacious conduct, or a willful deception or flagrant disregard of a Court order. *Shepard*, 62 F.3d at 1476; *see also Ford v. Fogarty Van Lines, Inc.*, 780 F.2d 1582, 1583 (11th Cir. 1986); *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983); *Titus v. Mercedes Benz*, 695 F.2d 746, 749 (3rd Cir. 1982); *Graves v. Kaiser Aluminum & Chem Co.*, 528 F.2d 1360, 1361 (5th Cir. 1976); *Globespanvirata, Inc. v. Texas Instruments, Inc.*, 2000 U.S. Dist. LEXIS 16348 at 7 (D. N.J. 2005).

In *Globespanvirata Inc. v. Texas Instruments, Inc.*, 2000 U.S. Dist. LEXIS 16348 (D. N.J. 2005), the Court declined to preclude plaintiff's use of documents referenced in its expert report as well as documents produced some five months after the discovery cut-off date. In examining the defendant's request for preclusion of evidence, the Court followed the approach utilized by the Third Circuit in *Quinn v. Consol Freightways Corp.*, 283 F.3d 572, 577 (3rd Cir. 2002), and balanced the following considerations:

> (1) the prejudice or surprise to a party against whom the evidence is offered; (2) ability of the injured party to cure the prejudice; (3) likelihood of disruption of trial; (4) bad faith or willfulness involved in not complying with the disclosure rules; and (5) importance of the evidence to the proffering party. *Globespanvirata*, 2000 U.S. Dist. LEXIS 16348 at 6.

In rejecting the defendant's motion to preclude, the Court noted that there was no evidence of

bad faith by the plaintiff, as it supplemented its production with the evidence as soon as it had it in its possession. *Id.* at 12.[3]

The Court should grant this motion and permit Defendant to supplement its revised exhibit list with the five documents. Defendant's omission of the documents from its previous exhibit list was because of inadvertence, not willful deception or flagrant disregard of an order of this Court. Despite best efforts at locating relevant documents in this case, including joint efforts with Plaintiff and its consultant, Defendant was unable to locate the five documents until after Defendant's counsel learned about the mistaken use of the obsolete version of the BISS and Defendant's contractor conducted another search using updated information on February 6, 2006. Moreover, the Defendant immediately produced the information contemporaneous to locating it.

Allowing Defendant to supplement its revised exhibit list will not unduly prejudice Plaintiff in this case. The documents in accession number 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 have been available to Plaintiff in an index that Defendant provided to Plaintiff. The documents in accession number 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 were included in the BISS at the time Plaintiff's expert searched it for relevant records.[4]

In contrast, disallowing Defendant to augment its revised exhibit list will prejudice

---

[3] Moreover, the defendant conceded that the evidence for which it sought preclusion was important to the plaintiff. *Id.* The Court determined that any prejudice to be visited upon the defendant as the result of admission of the evidence could be cured by permitting an additional deposition. *Id.*

[4] The Production Report for the Month of November, 1980, that Defendant inadvertently left off its exhibit list was produced to Plaintiff prior to September 1, 2005. Plaintiff can make no showing that it would be prejudiced by inclusion of this plainly relevant document.

Defendant's defense herein. The oil purchase reports provide monthly volume and value data related to royalty payments for each purchaser for all Osage leases. They also provide the details at a lease level, which are necessary to demonstrate that royalty payments were received for the Tranche One leases. Further, the reports appear to have been generated contemporaneously during the Tranche One period. The reports are critical for providing a clear connection between the Tranche One leases and the royalties owed thereon in the Tranche One months. They will facilitate the ability of Defendant to tie the royalty receipts from the Tranche One leases in the Tranche One months to payments from particular purchasers to show the amount the Defendant collected on these leases.

Inclusion of the reports as evidence will assure that the Court will have a more complete record upon which to evaluate the case and issue its decision on Plaintiff's Tranche One claims. *See Foman*, 371 U.S. at 181-182; *Shepard*, 62 F.3d at 1475. Having as complete a record as possible is particularly important given the Court's purpose for the Tranche One trial. It is Defendant's understanding that the Court intends the Tranche One trial as an exemplar of the claims of Plaintiff and the defenses of Defendant in this matter. By considering all claims and defenses related to a limited set of leases and time periods, the Court would establish parameters and precedents for resolving the claims as they relate to the remaining leases and time frames in the case. Accordingly, it is critical that the Court allow Defendant a full opportunity to present its defense in this case, including through inclusion of the five documents discussed herein in its exhibit list and at trial. Otherwise, the conclusions reached in Tranche One will have far less utility for addressing the remainder of Plaintiff's non-Tranche One claims.

Defendant's counsel contacted Plaintiff's counsel regarding this motion. Plaintiff's

counsel indicated that Plaintiff would oppose this motion.

## III. CONCLUSION

For the foregoing reason, the Court should grant Defendant's Motion to Supplement its Exhibit list.

Respectfully submitted this 14th day of February, 2006,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

*s/ Brett D. Burton*
BRETT D. BURTON
United Sates Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0212
Fax: (202) 353-2021

Counsel of Record for Defendant

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
KEVIN WEBB
KEVIN LARSEN
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0247
Telephone: (202) 305-0479
Telephone: (202) 305–0258
Fax: (202) 353-2021

Attorney for Defendant

OF COUNSEL:

ELISABETH BRANDON
BRENDA RIEL

Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227