**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 99-550 L (into which has been consolidated No. 00-169 L) Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | Electronically Filed February 15, 2006 |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SURREPLY TO PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE DOCUMENTS AND TESTIMONY FOR VIOLATIONS OF THE COURT'S SCHEDULING AND DISCOVERY ORDERS**

Plaintiff Osage Nation submits this response to Defendant United States' Surreply to Plaintiff's Reply in support of its motion to exclude documents and testimony for violations of the Court's scheduling and discovery orders. As discussed below, Defendant's Surreply fails to establish any valid grounds for denying Plaintiff's motion.

## ARGUMENT

### I. DEFENDANT'S SURREPLY DOES NOT PROVIDE ANY VALID BASIS FOR DENYING PLAINTIFF'S MOTION

Defendant's Surreply does not provide any valid basis for denying Plaintiff's motion. Defendant claims first that Plaintiff's reply incorrectly states that Defendant's 30(b)(6) witnesses, Ms. Carol Revard and Ms. Judi Hill, produced all relevant documents at their deposition. Defendant's Surreply at 2. Defendant asserts that, prior to those depositions, Defendant's counsel had informed Plaintiff's counsel that 'there are still substantial gaps" in the documents relevant to tranche one months and, as a result, the testimony of its 30(b)(6) witnesses would "be limited by the documents currently available." *Id.* Defendant's Surreply never explains,

however, why Defendant should be permitted to produce documents and testimony in violation of this Court's scheduling and discovery orders simply because it put Plaintiff on notice that it intends to violate those orders.

In addition, Defendant is incorrect in claiming that Plaintiff's Reply mischaracterized the deposition testimony of Ms. Revard and Ms. Hill. As set forth in Plaintiff's Reply, both witnesses stated that they had produced all relevant documents they had located. Plaintiff's Reply at 8. Indeed, on this point, Defendant does not cite any portion of Ms. Hill's testimony that supports its claim. Moreover, the portion of Ms. Revard's testimony on which Defendant relies clearly states that, in response to her 30(b)(6) subpoena, Ms. Revard produced all relevant documents she could locate. *Id.* at 7. While she speculated that additional relevant documents might exist, Ms. Revard could not identify any such documents. *Id.* This is hardly surprising because Ms. Revard's statement was made shortly after Plaintiff and Defendant had conducted an exhaustive joint search of Defendant's records for the missing tranche one documents that found some, but not all, of the missing documents.[1]

Finally, Defendant's Surreply asserts that Defendant should be permitted to violate this Court's discovery and scheduling orders because, in Defendant's view, it could properly respond to Plaintiff's 30(b)(6) subpoenas by "making indices and documents available for inspection" in accordance with RCFC 34. As shown by the Parris Affidavit, however, Defendant failed to provide Plaintiff with an adequate index for searching for responsive documents at AIRR and other federal record centers. As noted above, using its own BISS Index, the Defendant itself was unable to locate many of the missing tranche one documents prior to the September 1, 2005

[1] That joint discovery project is described in detail in the unsigned copy of the Affidavit of Jim R. Parris, attached as Exhibit A. An executed copy of that affidavit will be substituted to the Court on February 16, 2006.

deadline set by this Court for fact discovery. Rather, as discussed in the Parris Affidavit, Defendant continued its search of its records after that cut-off date and apparently located some, but not all, of the then still missing records.[2]

**CONCLUSION**

For the reasons set forth in Plaintiff's motion and other pleadings, the Court should enter an Order precluding Defendant from introducing such documents (and expert testimony) produced after the deadline imposed by the Court.

Dated this February 15, 2006

Respectfully submitted,

*s/Wilson K. Pipestem*
WILSON K. PIPESTEM
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 419-3526
Fax: (202) 659-4931
wkpipestem@pipestemlaw.com

Attorney for The Osage Nation

[2] As late as February 14, 2006, the Defendant continues to "discover" other missing documents at AIRR. *See* Defendant's Motion for Leave to File Supplement to Defendant's Revised Exhibit List, filed February 14, 2006.