**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | Electronically Filed: February 15, 2006 |
| v. | ) | No. 99-550L (into which has been consolidated No. 00-169L) |
| THE UNITED STATES OF AMERICA, | ) | Judge Emily C. Hewitt |
| Defendant. | ) | |

**DEFENDANT'S MOTION *IN LIMINE***
**REGARDING THE PROPOSED TESTIMONY OF LUCIAN L. MORRISON**

Plaintiff's witness list (filed January 12, 2006) indicates that Mr. Lucian L. Morrison is "expected to testify about his experience and knowledge regarding the administration of mineral trusts." Osage Nation's Witness List at 4. Based on the deposition of Mr. Morrison and representations from Plaintiff's counsel, it is Defendant's understanding that Mr. Morrison's testimony will primarily consist of his experience managing several private mineral trusts, including the procedures he would follow to verify oil volumes and prices related to oil royalty payments. For the reasons set forth herein, Defendant moves to preclude Mr. Morrison from testifying about his experience and knowledge regarding the administration of trusts. Mr. Morrison does not have personal knowledge of any factual matters relevant to this case. Further, Mr. Morrison has an extensive history of testifying as an expert witness. Plaintiff is attempting to introduce expert testimony through Mr. Morrison, in violation of the Court's September 1, 2005, Order and RCFC 26(a)(2)(B).

**I. ARGUMENT**

**A. Mr. Morrison Does Not Have Personal Knowledge of Any Factual Matters Relevant to this Case.**

Mr. Morrison simply does not have personal knowledge of factual matters relevant to this case. During his deposition on February 13, 2006, Mr. Morrison testified that he does not know the meaning of the terms "Tranche One leases" or "Tranche One months;" he does not have personal knowledge of the Tranche One leases and months; he knows "nothing about" the Osage mineral estate and trust; he does not have any knowledge about the Osage Agency's administration of the Osage estate mineral trust; and he did not have any pre-existing knowledge of the issues in this litigation prior to meeting with the Osage Nation's attorneys. *See* February 13, 2006, Deposition of Mr. Morrison ("Morrison Dep.") at 5:19-5:24, 49:13-49:20, 50:16-50:25 (Attached as Exhibit 1).

Further, Mr. Morrison testified that he does not have expertise in "the United States government acting as a trustee" and his experience with mineral trusts relates to private entities. *Id.* at 43:23-44:13. He also has not managed a mineral trust that includes Indian leases. *Id.* at 98:4-98:5, 104:24-104:25. Mr. Morrison's experience with private trusts is not relevant to this litigation involving the Federal Government and an Indian Tribe.

The trust relationship between the Federal government and the Indians is unique and distinctive. *Navajo Tribe of Indians v. United States*, 9 Cl. Ct. 227, 251 (1985) (citing *Seminole Nation v. United States*, 316 U.S. 286, 296 (1942).) In discussing the application of law governing private trustees and the rules governing a breach of fiduciary duty by the fiduciary to the beneficiary in the context of the relationship between the Federal government and the Indians, the Supreme Court stated: "While these undoubtedly provide useful analogies...they cannot be regarded as finally dispositive of the issues." *Navajo Tribe*, 9 Cl. Ct. at 251 (quoting *Nevada v. United States*, 463 U.S. 110, 127 (1983)). In fact, in the absence of a specific assumption of fiduciary duties, the

Government should not be presumed to act in the same capacity as a private trustee. *Wright v. United States*, 32 Fed. Cl. 54, 57 (1994). Consequently, Mr. Morrison's knowledge of private trusts does not have any relevance in this case.

**B. Plaintiff is Attempting to Introduce Expert Testimony Through Mr. Morrison in Violation of the Court's September 1, 2005, Order and RCFC 26(a)(2)(B).**

Plaintiff is disingenuously attempting to characterize Mr. Morrison as a fact witness when he is clearly an expert witness who must have disclosed an expert report months ago under RCFC 26(a)(2)(B) and this Court's September 1, 2005, Order. RCFC 26(a)(2)(B) states that when a witness is "retained or specially employed to provide expert testimony in the case" he must disclose an expert report that includes the complete statement of all his opinions and the basis for his opinion, data considered by the witness, as well as other matters. Significantly, pursuant to the Court's September 1, 2005, Order, Defendant must have disclosed its expert reports by September 30, 2005, and its rebuttal reports by November 23, 2005. Mr. Morrison, however, has never disclosed an expert report to Defendant and Mr. Morrison was not identified as a potential witness until January 12, 2006.

Mr. Morrison is an expert witness in the guise of a fact witness. As set out above, he does not have any personal knowledge of facts relevant to this case. Further, during his deposition on February 13, 2006, Mr. Morrison testified to the following: he is receiving his standard hourly fee of $460 an hour in this case, including for his time at the deposition; he attended law school and took trust classes; he has lectured on the topic of trusts; he as testified as an expert witness approximately 40 times and nearly all of these cases relates to alleged breaches of fiduciary duty. Morrison Dep. at 9:16-9:19, 15:25-16:23, 21:10-21:18, 22:12-22:16, 25:6-25:15. Further, although Mr. Morrison attempted to characterize his understanding of his expected testimony at trial as what he has done

in the mineral trust context regarding pricing and volume of oil, *id.* at 51:16-51:24, he also previously testified that he was asked to provide an "opinion" on the same topics, *id*. at 46:17-48:21. No matter how Plaintiff or Mr. Morrison choose to characterize his expected testimony at trial, Mr. Morrison's deposition testimony clearly indicates that he is an expert witness with no prior personal knowledge of any facts relevant to this litigation.

## II. CONCLUSION

For all the foregoing reasons, the Court should preclude Mr. Morrison from testifying about his experience and knowledge regarding the administration of mineral trusts.

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

*s/ Brett D. Burton*
BRETT D. BURTON
United Sates Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0212

Counsel of Record for Defendant

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
KEVIN WEBB
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0247
Fax: (202) 353-2021

Attorneys for Defendant

OF COUNSEL:

Elisabeth Brandon
Brenda Riel
Attorneys
Office of the Solicitor
Division of Indian Affairs
U.S. Department of the Interior
MS 6456
Washington, D. C. 20240
Telephone: (202) 208-4218
Fax: (202) 208-3490

Teresa E. Dawson
Senior Counsel
Office of Chief Counsel
Financial Management Services
U.S. Department of the Treasury
401 14th Street, S.W.
Room 552A
Washington, D.C. 20227
Telephone: (202) 874-6877
Fax: (202) 874-6627