**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | Electronically Filed February 15, 2006 |
| v. | ) | No. 99-550 (into which has been consolidated No.00-169L) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | Judge Emily C. Hewitt |

**AFFIDAVIT OF JIM R. PARRIS**

THE STATE OF NEW MEXICO §
§
COUNTY OF SANDOVAL §

BEFORE ME, the undersigned authority, on this day personally appeared Jim R. Parris, personally known by me to be the person whose name is subscribed below, and upon his oath he did depose and state as follows:

1. My name is Jim R. Parris and I am over the age of eighteen years and fully competent to make this affidavit. I have personal knowledge of the facts stated herein and they are true and correct.

2. I have been retained as a consulting expert by the Osage Nation, the Plaintiff in the above-styled and numbered cause of action. Among other things, I have assisted the Osage Nation in its review of documents that have been produced by Defendant United States in this action. In addition, I have been retained by several other Indian Tribes to assist them in their review of records produced by Defendant in actions by those Tribes that are currently pending in this Court.

3. In connection with the above engagements, I have spent over 200 hours reviewing documents that Defendant has produced at various locations, including the American Indian Records Depository ("AIRR") located in Lenexa, Kansas. As a result, I am familiar with the Box Index Inventory System ("BISS Index") that Defendant maintains for the records that it stores at AIRR and other locations.

4. The BISS Index is the only index that Defendant makes available to a member of the public who wishes to search the records that Defendant has produced in this case in response to discovery requests by the Osage Nation. That index, however, suffers from a number of defects that make it virtually impossible to locate specific documents among the over 20,000 boxes of records that Defendant has identified to date as possibly containing records that might be relevant to the claims asserted by Osage Nation in this case. For example, the BISS Index generally lists only the titles of the files in a particular box. In some cases, these titles are not detailed enough to locate specific records or forms that are relevant to issues in this case, such as the workpapers that the Osage Agency used to determine who was a "major purchaser" in the Kansas-Oklahoma area. That problem is compounded by the fact that, in some cases, Defendant has used inconsistent file labels for the same kinds of documents. For instance, during discovery in this case, one of the key documents I attempted to locate was the "mail log." In the BISS Index, I found instances where the "mail log" was also referred to as "daily logs," "check logs," or "schedule of collections", which made searching for mail logs more difficult and time consuming. That problem was further compounded by the fact that the BISS Index also uses the term "schedule of collection" for a completely unrelated form, the Schedule of Collections (SF-1041) that was used prior to 1992.

5. The defects in the BISS Index are further illustrated by the joint discovery project that Plaintiff and Defendant conducted during July and August, 2005, to locate missing records that were relevant to the issues in Tranche One of this case. For purposes of that joint project, Plaintiff prepared a list of specific document that were relevant to its royalty underpayment claims and investments claims for Tranche One Months. I then met for about two hours with Mr. Karen Dunne, who is a principal in the firm of Chavarria, Dunne, and Lamey, LLC was identified by Defendant as a person that was very knowledgeable concerning the BISS Index. During our meeting, Ms. Dunne conducted a number of searches of the BISS Index in an effort to locate the boxes at AIRR that might contain the specific documents that Plaintiff had identified as relevant to its claims for Tranche One Months. Ms. Dunne's search resulted in a list of approximately 300 boxes that possibly contained those documents. As a result of my own searches of the BISS Index, I separately identified approximately 50 additional boxes that might those documents.

6. During August 2005, a joint team of approximately six staff accountants employed by Chavarria, Dunne & Lamey, LLC, one local staff person from Lenexa, Kansas, two paralegals from Akin Gump Strauss Hauer & Feld, LLP, and I worked at the AIRR facility to review all of the boxes that had been identified by either Ms. Dunn or by me as possibly containing the documents relevant to Plaintiff's Tranche One claims. That joint review lasted about two weeks and involved over 300 staff hours for the Osage team along, in addition to the Chavarria, Dunne & Lamey staff time for the reviews we performed during the first two weeks August 2005. However, those joint search efforts resulted in locating only a small fraction of the records that had been identified by Plaintiff.

7. During the period from September 12 through 16, 2005, I returned to the AIRR to review documents on behalf of the Shoshone-Bannock Tribe. That document review was conducted in the same room where the joint discovery project in this case had taken place in August 2005. During that document review, I noticed that the persons that Defendant had contributed to the joint discovery project in this case were still at the AIRR conducting document reviews. During the first part of my visit during the week of September 12, 2005, I spoke with several of those persons and each of them indicated that they were still searching for the documents that the joint discovery project had been unable to locate in August 2005. Later in that week I attempted to determine whether or not Defendant had in fact located any additional documents beyond those located during the joint discovery project that had concluded in August 2005. In response to my inquiries, however, the persons who had represented Defendant in the joint discovery project told

me that Defendant had instructed them not to discuss any aspect of their activities with me.

8. Further Affiant sayeth not.

Jim R. Parris

SWORN AND SUBSCRIBED TO before me on this the 15th day of February, 2006, to certify which witness my hand and official seal.

Notary Public in and for
THE STATE OF NEW MEXICO
My Comm. Exp. 01-21-08