**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | Electronically Filed: February 22, 2006 |
| v. | ) | No. 99-550L (into which has been consolidated No. 00-169L) |
| THE UNITED STATES OF AMERICA, | ) | Judge Emily C. Hewitt |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBIT 679**

Pursuant to the Court's February 17, 2006, Order, Defendant submits this brief setting out its objections to Plaintiff's Exhibit 679 ("Pl.'s Ex. 679") (Attached as Exhibit 1). As set out below, Pl.'s Ex. 679 does not have any relevance to the claims or defenses in this litigation.

On January 26, 2006, Defendant objected to Pl.'s Ex. 679 because Plaintiff had not produced the exhibit to Defendant. Pursuant to the Court's February 17, 2006, Order, Plaintiff produced Pl.'s Ex. 679 to Defendant on February 17, 2006. Plaintiff's Exhibit 679 is an Ethics and Conduct Information Bulletin, Bulletin 87-1, from the Secretary of the Interior, dated October 19, 1987. Based on the representations of Plaintiff's counsel, it is Defendant's understanding that this exhibit is part of the collection of documents (Pl.'s Exs. 655-678), allegedly collected by Mr. Eugene Sean Standingbear in the old Osage Agency file room (also referred to as the dead file room).

Plaintiff's Exhibit 679 does not have any relevance to the claims in this litigation. Pursuant to FRE 401, relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Plaintiff's Exhibit 679 does not have "any tendency" to make a

consequential fact "more or less probable." Defendant objects to Plaintiff's Exhibit 679 on the same grounds that it objected to Plaintiff's Exhibits 655-678 at the pretrial conference, namely that the substance of Plaintiff's Exhibit 679 is not relevant to this litigation and Plaintiff has failed to establish that it is relevant to the alleged destruction of documents. *See* February 16, 2006, Pretrial Conference Transcript ("February 16 Tr.") at 42:14-44:19, 51:22-52:17.[1/]

First, Plaintiff's Exhibit 679 is not relevant to Plaintiff's claims in this litigation, which consist of royalty payment and trust fund claims related to Tranche One leases and Tranche One months. The exhibit is an ethics and conduct information bulletin, along with several attachments, from 1987 that discusses the interpretation of a conflict of interest statute, 18 U.S.C. § 208, which prohibits a federal employee acting on a "proceeding, application...or other particular matter" in which he or she might have a financial interest. Pl.'s Ex. 679 at 1. Specifically, the bulletin and attached documents clarify the definition of the term "particular matter." *Id*. at 1. The substance of the exhibit, interpretation of a conflict of interest statute, does not in any way relate to the royalty payment or trust funds management claims or the Tranche One leases or months in this case. Second, Plaintiff has failed to establish that Plaintiff's Exhibit 679 is relevant to Defendant's alleged destruction of documents. Plaintiff has failed to establish that it was in the vicinity of the shredder. As pointed out at the pretrial conference, the majority of the documents retrieved in the file room by Mr. Standingbear were not in the vicinity of the shredder, but rather were "stored as they normally would be in a file room." February 16 Tr. at 51:22-52:17; *see also* Standingbear Tr. at

---

[1/] The Court overruled Defendant's objections that Pl.'s Exs. 655-678 were not produced and were not relevant to this litigation. February 16 Tr. at 54:8-56:9. However, the Court also overruled the relevance objection "with the strongest possible caution to the Plaintiffs about their usefulness." *Id.* at 56:6-56:9..

73:8-75:16 (Attached as Exhibit 2) (stating that only three and a half inches of documents were within six inches of the shredder).

**CONCLUSION**

For all the foregoing reasons, the Court should sustain Defendant's objections to Plaintiff's Exhibit 679.

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

*s/ Brett D. Burton*
BRETT D. BURTON
United Sates Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0212

Counsel of Record for Defendant

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
KEVIN WEBB
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0247
Fax: (202) 353-2021

Attorneys for Defendant

OF COUNSEL:

Elisabeth Brandon
Brenda Riel
Attorneys
Office of the Solicitor
Division of Indian Affairs
U.S. Department of the Interior
MS 6456
Washington, D. C. 20240
Telephone: (202) 208-4218
Fax: (202) 208-3490

Teresa E. Dawson
Senior Counsel
Office of Chief Counsel
Financial Management Services
U.S. Department of the Treasury
401 14th Street, S.W.
Room 552A
Washington, D.C. 20227
Telephone: (202) 874-6877
Fax: (202) 874-6627