# EXHIBIT 1
# Part 1

THE SECRETARY OF THE INTERIOR
WASHINGTON

**NOTE TO ALL EMPLOYEES**

Please take the time to **carefully** read the attached **Ethics and Conduct Information Bulletin.**

It may impact you!

The bulletin deals with a **new interpretation** of Title 18 U.S.C. Section 208, which is much broader than the previous interpretation.

Section 208 is a **criminal statute** and the penalties for violation can be severe. I **cannot stress enough, the importance of studying the attached material and reviewing your personal financial interests against it.** This statute applies to **all employees** regardless of grade level or position.

UNITED STATES DEPARTMENT OF THE INTERIOR
OFFICE OF THE SECRETARY

# ETHICS AND CONDUCT INFORMATION BULLETIN

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

BULLETIN NO. 87-1 DEPARTMENT OF JUSTICE MEMORANDUM
DATE: October 19, 1987 ON 18 U.S.C. §208

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*** FOR DISTRIBUTION TO ALL EMPLOYEES ***

The Department of Justice has issued a memorandum that deals with the interpretation of the term "particular matter" as those words are used in 18 U.S.C. §208. This conflict of interest statute applies to all employees including those who are not required to file a financial interest statement. Because of the criminal penalties associated with this statute your personal attention to this most recent interpretation is very important.

Title 18 U.S.C. Section 208(a) prohibits each federal employee from acting on a "... proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest or other particular matter" in which he or she has a known financial interest. In the past, Department policy advice about the term "particular matter" was that it encompassed "specific" matters (i.e., discrete and identifiable matters) in which private persons or entities have a clear and direct stake. It was our view that an employee need not because of section 208 be disqualified from participating in more general matters, such as the promulgation of regulations or resolution of general policy issues.

The Department of Justice memorandum requires that we change our past advice. The memorandum concludes that the term "particular matter" in section 208(a) extends to rulemaking and general policy matters, as well as "specific" matters. The memorandum states: "The language and legislative history of section 208, as well as other provisions of the conflict of interest laws, support an interpretation under which the statutory disqualification requirement extends to all discrete matters that are the subject of agency action, no matter how general their effect. Whatever flexibility there is in applying section 208(a) in the context of such a discrete matter must be introduced in connection with determining whether, in light of all the facts, the matter is likely to have a direct and predictable effect on an official's private financial interest."

This means that an employee may not work on general matters (regulations, general policy issues, general legislation matters, etc.) when he or she has a known financial interest covered by §208(a) and the general matter is "likely to have a direct and predictable effect" on that financial interest. In applying this broader interpretation, any

direct and predictable effect is important to the decision of whether §208(a) applies. Even when an employee's work on regulations will have a detrimental effect on personal financial interests, disqualifications are still necessary and §208(a) will still apply.

It should be remembered that §208(a) applies to the employee's known financial interests and to financial interests the employee knows to be held by:

- His or her spouse or minor children,
- His or her partner,
- An organization in which the employee is serving as an officer, director, trustee, partner or employee, or
- Any person or organization with whom the employee is negotiating or has any arrangement concerning prospective employment.

Disqualification is necessary if official action on a matter will affect any of these known financial interests. For example, you may be a partner with an individual in a business venture that has nothing to do with the Department of the Interior. If your partner deals with the Department of the Interior through other business arrangements in which you have no financial interest and you have knowledge of that fact, you may not work on any matters, including general regulations or policy matters, when those matters are likely to have a direct and predictable effect on your partner's financial interests.

Also, for example, you may be an officer, trustee, partner or employee, serving without pay, in a non-profit, tax-exempt organization. If you know that organization has a financial interest in any Department of the Interior issues, you may not work on those issues, including any general regulations or policy matters, when your work is likely to have a direct and predictable effect on the organization's financial interests. The fact that an organization is willing to expend funds to legally challenge or to garner support for the Department of the Interior may be viewed as a financial interest in Department issues.

The provisions of 18 U.S.C.§208(b) provide very limited criteria for granting waivers to the §208(a) prohibitions. Waivers must be requested, in advance of participation in a particular matter. Requests must be in writing and sent to the Designated Agency Ethics Official.

It is also important to know that this broader interpretation of 18 U.S.C. §208 does not change or eliminate the application of the general conflict of interest requirements in Executive Order 11222, as amended. While 18 U.S.C. §208 provides criminal penalties for actions in connection with specific known financial interests, Executive Order 11222, as amended, provides administrative penalties for certain actions. Specifically, all Federal employees are prohibited from:

(i) Using public office for private gain;

(ii) Giving preferential treatment to any person, except as authorized or required by law;

(iii) Impeding Government efficiency or economy;

(iv) Losing independence or impartiality;

(v) Making a Government decision outside official channels; or

(vi) Affecting adversely the confidence of the public in the integrity of the Government.

Deputy, Associate and Assistant Ethics Counselors throughout the Department are being directed to implement the Justice Department memorandum immediatel Application of this broader prohibition will not be made retroactively.

Employees are personally responsible for analyzing their own situations and for determining if any problems exist under this law. I urge each of you to immediately review your financial interests with this new interpretation in mind. If you think you have a problem or if you need assistance to make a determination, please contact your bureau or office ethics counselor. We will see to it that sufficient resources are devoted to this effort so that your inquiry can be handled in a timely manner. I recognize that some time is necessary for employees and ethics counselors to review and analyze each situation in order to fully implement the Justice Department memorandu Employees will be expected to be in full compliance with this broader interpretation as soon as their individual circumstances permit, but, in all events, no later than December 31, 1987.

Donald Paul Hodel

DONALD PAUL HODEL
SECRETARY

# Political Activity
## 43 CFR 20.735-14

Hatch Act - 5 U.S.C. 7324

States generally that an employee may not use his or her official authority or influence for the purpose of interfering with or affecting the results of a partisan election; or take an active part in political management or in political campaigns

### You May

- Register and vote,
- Express your personal opinions on political subjects and candidates,
- Display a political picture, sticker, badge, or button,
- Attend a political convention, fund raising function or gathering,
- Sign a political petition,
- Make a financial contribution to a political party or organization.

### You May Not

- Serve as an officer of a political party,
- Directly or indirectly solicit, receive, collect, handle or account for funds for a partisan political purpose,
- Organize, sell tickets to or otherwise promote a fund raising activity of a candidate in a partisan election,
- Solicit votes in support of or in opposition to a candidate for public office in a partisan election or a candidate for political party office,
- Endorse or oppose a candidate for public office in a partisan election,
- Serve as delegate, alternate or proxy at a political convention,
- Drive voters to the polls.

Examples are not all-inclusive. Refer to 43 CFR 20.735-14.

*Membership in a Political Action Committee (PAC) may be a problem if the membership of the PAC is so small that it requires the members to take active participation in conducting the work of the Committee.

The OPM expert on political activity is Mr. John Erck on (202) 653-7143.

<u>Domestic Gifts</u>
43 CFR §20.735-7

Policy - An employee while on or off duty may not solicit or accept, directly or indirectly any gift, gratuity, favor, entertainment or loan, regardless of its value, from a person who:

(1) Has, or is seeking to obtain, contractual or other business or financial relations with the Department,

(2) Conducts operations or activities that are regulated by the Department; or

(3) Has interests that may be substantially affected by the performance or non-performance of the employee's official duties.

Exceptions:

An employee may accept from a person who has the kind of relationships described in the policy:

(1) Food, refreshments and other tangible gifts of nominal value ($35 or less) on infrequent occasions in the ordinary course of an official luncheon or dinner meeting or other official or professional function or on an inspection tour where the employee is properly in attendance.

(2) Advertising or promotial material like pens, pads, calendars etc.

(3) Suitable mementos or awards of nominal value for meritorious public contribution or achievement.

(4) Gifts which are offered for the advancement of the American Indian, the National Parks, or the U.S. Fish and Wildlife Service.*

(5) Gifts from inhabitants or officials of the islands, territories and possessions which fall within the responsibility of the U.S. when refusal to accept would cause embarrassment.*

A related statutory prohibition in 5 U.S.C. 7351 prohibits employees from:

(a) soliciting a contribution from another employee for a gift to an official superior,

(b) making a donation as a gift to an official superior, or

(c) accepting a gift from an employee who is receiving less pay than himself or herself.

This law does not prohibit a voluntary gift or donation made on a special occasion such as a marriage, illness, or retirement.

* Gifts accepted under items (4) and (5) must be turned over to the Department unelss they consist of food or other perishable items.

Foreign Gifts
43 CFR §20.735-8
5 U.S.C. §7342

Policy - An employee may not accept a gift or decoration from a foreign government or request or encourage the tender of such a gift.

> Foreign Government means any unit of foreign Government authority, including foreign national, State, local and municipal government, and any international or multinational organization whose membership is composed of any unit of foreign government; and any agent or representative of such unit or organization while acting in that capacity.

This policy applies whether an employee is on duty or off duty and it applies to an employee's spouse and dependents the same way it applies to the employee.

Exceptions:

An employee may accept:

(1) a gift of minimal value ($180.00 or less) tendered and received as a souvenior or mark of courtesy.

(2) a gift of more than minimal value when the gift is

- a) an educational scholarship,
- b) medical treatment; or
- c) when it appears that to refuse the gift would likely cause offense or embarrassment or otherwise adversely affect the foreign relations of the U.S.

(3) a gift of transportation expenses when the travel takes place entirely outside the U.S. Under this provision, both the point of origination and the point of destination must be outside of the United States.

See Interior Property Management Regulations for procedures on disposition of foreign gifts accepted by Interior employees.



THE WASHINGTON POST
10/3/87

# Bureaucrats Cannot Accept Free Meals

By James R. Dickenson
Washington Post Staff Writer

It may be the end of western civilization as many in Washington have known it.

First the Redskins went out on strike.

Now the U.S. Office of Government Ethics [OGE] is interpreting a 1965 executive order to mean that it is illegal for any employe of the executive branch—from the president down to typists and custodians—to be taken out to breakfast, lunch, cocktails, dinner or any other one-on-one social event by reporters, editors, lobbyists and business executives on an expense account.

The ban already applies to the members and staffs of the Federal Communications Commission and the Federal Home Loan Bank, according to yesterday's issue of Communications Daily, a newsletter on the telecommunications industry. But it soon will apply to everyone in the executive branch, although not to members of the legislative and judicial branches.

"We're going to put out a government-wide advisory that under a long-time exec-

See ETHICS, A8, Col. 6

# Free Meals Banned for Bureaucrats

ETHICS, From A1

utive order if you're an employe of the executive department and someone wants to take you to lunch or dinner on his expense account solely because of your position in the government, you shouldn't do it," said Gary Davis, chief counsel of the OGE. "We're operating under Executive Order 11222 of 1965, which is aimed at preventing any government employe from benefiting from his or her position as well as the appearance of wrongdoing."

The OGE move began about a year ago when the FCC decided it should tighten its guidelines for commissioners and staff members socializing with media representatives and businesses that were licensed by the FCC or otherwise had an interest in its rulings. The FCC forbade one-on-one expense-account socializing with "prohibited sources," those who had an interest in the commission's workings, and approved attendance of legitimate group social events only if the per capita cost would be $35 or less, according to FCC general counsel Diane S. Killory.

Last Monday, the FCC sought another advisory opinion on the $35 lid because "we often had lawyers spending all day tracking down who would be at a particular event and what the cost was likely to be and found ourselves approving $34 per capita events and vetoing $36 ones," Killory said.

The OGE advised the commission that such a specific lid wasn't necessary and that it could approve attendance of group events "on a case-by-case basis and it should use 'non-lavish' as the guideline," Davis said.

The OGE also decided to advise FCC and the rest of the executive branch that Executive Order 11222 prohibits all executive department employes from letting any journalists, lobbyists or private business executives, not just "prohibited sources," pick up the tab for one-on-one meals or other social events on their expense accounts.

The reaction of expense account restaurateurs was predictable.

"Power lunches, power dinners, that's what we're in the restaurant business for," said restaurant owner Mel Krupin. "If we can't do business, why should we pay the property taxes and other taxes we have to? One dinner out won't hurt anybody in this administration."

Randy Zeibert of Duke Zeibert's agreed: "First they do the tax thing [allowing only 80 percent deduction of expense account meals] and what it does is stop money from circulating and slow the economy. Tips are less, we don't buy as much food and it cuts the sales tax receipts. With the Redskins on strike we had fewer waiters and busboys than normal working last Sunday, and now this."