# EXHIBIT 1
# Part 3

# PROCEDURES FOR REQUESTING A WAIVER FOR 18 U.S.C. §208

RESPONSIBILITIES OF BUREAU OR OFFICE ETHICS OFFICIALS:

- Initial screening of employee situation to determine if a waiver is needed and possible.
- Ensure that all information pertinent to the employee's situation is sent to the DAEO.
- Requests for a waiver under 18 U.S.C. §208(b)(1) can be submitted by the Deputy Ethics Counselor.
- Requests for a general waiver under 18 U.S.C.§208(b)(2) must be submitted by the Bureau Ethics Counselor.

INFORMATION REQUIRED:

- Requests must be in writing and must be submitted prior to participation in the particular matter.
- A current position description.
- A description of the size and nature of the financial interest.
- A description of the nature and the significance of the services the employee is expected to render in the particular matter.
- A statement from the bureau deputy ethics counselor for a (b)(1) waiver setting forth the bases for a determination that the interest is not so substantial as to be deemed likely to affect the integrity of the services which the Government expects from the employee if the employee participates in the particular matter.

# General Standards

**An employee shall avoid any action which might result in, or create the appearance of:**

A. Using public office for private gain;

B. Giving preferential treatment to any person;

C. Impeding government efficiency or economy;

D. Losing complete independence or impartiality;

E. Making a government decision outside official channels; or

F. Affecting adversely the confidence of the public in the integrity of the government.

## DIRECT AND PREDICTABLE EFFECT

Is participation in a particular matter "likely to have a direct and predictable effect" on the financial interest?

Likely - "of such a nature or circumstance as to make something probable."

Direct - "characterized by close logical, causal, or consequential relationship."

Predict - "to declare in advance; foretell on the basis of observation, experience, or scientific reason."

Webster's New
Collegiate Dictionary - 1981

**"PARTICIPATE PERSONALLY AND SUBSTANTIALLY"**
**18 U.S.C. §208**

**Participate PERSONALLY includes:**

- direct participation in the matter through decision, approval, disapproval, recommendation, the rendering of advice, investigation or otherwise.
- the participation of a subordinate when actually directed by the employee in the matter.

**Participate SUBSTANTIALLY includes:**

- involvement must be of significance to the matter.
- a finding of substantiality should be based not only on the effort devoted to a matter, but on the importance of the effort.
- signatory responsibility or involvement on a peripheral issue may not be enough to support a finding of substantiality.

## CRITERIA FOR WAIVERS TO 18 U.S.C. §208

Relevant:

Any information that will support a determination that the interest is "not so substantial as to be deemed likely to affect the integrity of the services which the Government may expect from such officer or employee." For example:

- Nature of the interest.
- Size of the interest.
- Nature and significance of the services the employee would render to the agency in the particular matter.
- Whether in the past, waivers have been granted for similar actions and financial interests.
- Whether other provisions of law or regulation would be violated, or appear to be violated, by the employee's participation in the particular matter.
- The resulting appearance of conflict of interest.

Not Relevant:

- Character of the employee or special Government employee.
- Whether any organization that may be involved is a nonprofit or tax exempt organization.
- Whether the service provided to an organization is paid or unpaid.
- Whether the action will have a detrimental effect on the financial interest.

## § 208. Acts affecting a personal financial interest

(a) Except as permitted by subsection (b) hereof, whoever, being an officer or employee of the executive branch of the United States Government, of any independent agency of the United States, a Federal Reserve bank director, officer, or employee, or of the District of Columbia, including a special Government employee, participates personally and substantially as a Government officer or employee, through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise, in a judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest, or other particular matter in which, to his knowledge, he, his spouse, minor child, partner, organization in which he is serving as officer, director, trustee, partner or employee, or any person or organization with whom he is negotiating or has any arrangement concerning prospective employment, has a financial interest —

Shall be fined not more than $10,000, or imprisoned not more than two years, or both.

(b) Subsection (a) hereof shall not apply (1) if the officer or employee first advises the Government official responsible for appointment to his position of the nature and circumstances of the judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest, or other particular matter and makes full disclosure of the financial interest and receives in advance a written determination made by such official that the interest is not so substantial as to be deemed likely to affect the integrity of the services which the Government may expect from such officer or employee, or (2) if, by general rule or regulation published in the Federal Register, the financial interest has been exempted from the requirements of clause (1) hereof as being too remote or too inconsequential to affect the integrity of Government officers' or employees' services. In the case of class A and B directors of Federal Reserve banks, the Board of Governors of the Federal Reserve System shall be the Government official responsible for appointment.

(As amended Pub.L. 95-188, Title II, § 205, Nov. 16, 1977, 91 Stat. 1388.)

**18 U.S.C. §208**
**Acts Affecting A Personal Financial Interest**

Officers or employees of the Executive Branch, including special Government employees, are prohibited from --

Participating personally and substantially in a particular matter (including rulemaking and general policy matters) in which, to their knowledge,

- They, their spouse, minor child;
- Partner;
- Organization in which the employee is serving as officer, director, trustee, partner, or employee, or
- Person or organization with which the employee is negotiating for prospective employment

has a financial interest.

# "PARTICULAR MATTERS"

## 18 U.S.C. §208

PAST ADVICE:

18 U.S.C. §208 covered specific matters (i.e. discrete and identifiable matters) in which private persons or organizations have a clear and direct stake.

For example: A judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest.

NEW ADVICE:

18 U.S.C. §208 covers rulemaking and general policy matters in addition to everything that was covered before.

THE EFFECT:

The prohibitions of 18 U.S.C. §208 will now apply to a greater number of matters and to situations that may not directly involve the persons or organizations in which the employee has the financial interest.

Employees at the policy making level will be more restricted than before.

# EMPLOYEE ACTIONS COVERED BY 18 U.S.C. §208

- DECISION
- APPROVAL
- DISAPPROVAL
- RECOMMENDATION
- RENDERING OF ADVICE
- INVESTIGATION
- "OR OTHERWISE"

# CORRECTIVE ACTIONS

## 18 U.S.C. §208

I. Recusal (Disqualification)

- Must be in writing and signed by the employee and the employee's supervisor.
- The decision to allow recusal rests with the employee's supervisor(s).

II. Reassignment or Restriction of Duties

- Other conflict laws need to be considered.
- Required personnel paperwork must be completed.

III. Divestiture

- Voluntary
- Involuntary
  - must be ordered by bureau or office head
- Evidence is required
  - broker's certification
  - employee's signed statement.

# CORRECTIVE ACTIONS

## 18 U.S.C. §208

## CONTINUED

IV. Waivers

- By the Secretary or the Designated Agency Ethics Official if the financial interest is found to be not so substantial as to affect the integrity of the employee's services.
- By a general rule published in the Federal Register stating the financial interest is too remote or inconsequential to affect the integrity of the employee's services.

V. Removal from office.