# EXHIBIT 1
# Part 4

# SUMMARY OF THE POST-EMPLOYMENT RESTRICTIONS OF THE ETHICS IN GOVERNMENT ACT OF 1978 AS AMENDED

AND

# DEPARTMENT POLICY ON NEGOTIATING FOR OUTSIDE EMPLOYMENT

Post-Employment Restrictions
on Former Federal Government Employees
(18 U.S.C. §207)

## GENERAL INFORMATION

I. There are four post employment restrictions:

Two apply to all former employees.

- 18 U.S.C. 207(a) is a lifetime ban.
- 18 U.S.C. 207(b)(i) is a two-year ban.

and

Two more apply only to "Senior Employees".

- 18 U.S.C. 207(b)(ii) is a two-year ban.
- 18 U.S.C. 207(c) is a one-year ban.

II. NONE of the four restrictions requires any former employee to decline employment with any organization, regardless of dealings with that organization while a Government employee.

III. Except for the one-year ban on former "Senior Employees", what is prohibited is certain representational activity.

THE FIRST RESTRICTION:

I. 18 U.S.C. 207(a) — This lifetime ban applies to **all** former Federal Government employees.

After leaving Government employment, a former employee may not represent another person (except the United States) on a judicial or other proceeding, application, request for a ruling, determination, contract, claim, controversy, investigation, case or other particular matter involving a specific party when he or she participated personally and substantially in the particular matter while serving as a Government employee.

IMPORTANT FACTORS:

Represent - includes appearances before a Government agency or unit and includes communications made in an attempt to influence the Government concerning a particular matter in which the former employee was involved.

Particular Matter Involving Specific Parties - typically involves a specific proceeding affecting the rights of the parties or an isolatable transaction or related set of transactions between identifiable parties and, the United States must be a party or have a direct and substantial interest in the matter.

**Rulemaking; legislation; the formulation of general policy, standards or objectives or other action of general application is not such a matter.**

Personal and Substantial Participation - means direct participation as a Government employee through decision, approval, disapproval, recommendation, the rendering of advice, investigation or otherwise. It includes the participation of a subordinate when that subordinate was actually directed by the former employee in the matter. The participation must be of a significance to the matter or form a basis for a reasonable appearance of such significance. Signatory responsibility or involvement on a peripheral issue may not be enough. A finding of substantiality should be based not only on the effort devoted to a matter, but on the importance of the effort.

THE SECOND RESTRICTION:

II. 18 U.S.C. 207(b)(i) — This two-year ban applies to all former Federal employees.

After leaving Government employment, a former employee may not represent another person (except the United States) in connection with a particular matter involving a specific party when the particular matter was under the former employee's official responsibility during his or her last year of service.

IMPORTANT FACTORS:

Represent - is defined the same as for the lifetime ban.

Particular Matter Involving Specific Parties - is defined the same as for the lifetime ban.

Official Responsibility - is usually defined by statute, regulations, written delegation of authority or job description.

Last Year of Service - the prohibition only applies to matters under one's official responsibility during their last year of service. Therefore, the key to determining the length of the prohibition is based on when the particular matter left your "official responsibility".

---

The last two post employment provisions apply to former "Senior Employees"

WHAT IS A SENIOR EMPLOYEE?

There are four groups of Senior Employees. Two are named automatically by statute: civilians paid at the Executive Level and active duty uniformed service officers of 0-7 and above. Three other groups, involving civilians at or equivalent to GS-17 or above having significant decision making or supervisory responsibility, employees in the Senior Executive Service and others with similar responsibility, must be designated by the Director of the Office of Government Ethics before they are chargeable as Senior Employees. Copies of the current designations are available from the Designated Agency Ethics Official.

THE THIRD RESTRICTION:

III. 18 U.S.C. 207(b)(ii) — This two-year ban applies to former "Senior Employees".

For two years after leaving Government employment, a Senior Employee may not assist in the representation of another person (except the United States) by personal presence at an appearance before the Government on any particular matter involving specific parties in which he or she could not act as the person's actual representative under the restrictions in 18 U.S.C. 207(a).

IMPORTANT FACTORS:

This provision is one which was affected by two technical amendments to the original provision in the Ethics in Government Act of 1978. One limits its application to matters in which the former Senior Employee had actually participated personally and substantially rather than for which he had responsibility. The other limits the restriction to assistance given by personal presence at an appearance before the Government.

This restriction does not bar a Senior Employee from assisting on a matter in which he participated while in Government, but only from assisting "in representing in connection with an appearance." Thus such an employee could work on a contract with which he was involved while in the Government and could manage a company, institution or university where his decisions determine the manner in which his organization will perform under a Government contract or grant.

THE FOURTH RESTRICTION:

IV. 18 U.S.C. 207(c) — This one-year ban applies to former "Senior Employees".

For one year after leaving Government employment, a former Senior Employee may not represent another person or himself in attempting to influence his former agency on a matter pending before, or of substantial interest to his former agency.

This revolving-door provision is different from the previous restriction in a number of ways:

- the restriction covers the employee's self-representation.
- it does not require that the former employee have any prior involvement in the matter.
- the matters covered are broader; they needn't involve specific parties, so the former employee could not, for example, attempt to influence rulemaking, general policy issues or legislation,
- it includes any matter pending before, or of substantial interest to, one's former agency, even if the matter comes up after he or she leaves,
- it is limited to contact with his or her former agency; (in our case the Department of the Interior), he or she may appear before, or act to influence, any other part of the Government as long as 207(a) and (b) do not apply.

IMPORTANT FACTORS:

The prohibitions of 18 U.S.C. 207(c) do not apply to appearances, communications or representations by a former employee:

- who is an elected official of a State or local Government or
- whose principal occupation or employment is with and appearance or representation is for:
  - an agency or instrumentality of a State or local Government,
  - an accredited, degree-granting institution of higher education, as defined in section 1201(a) of the Higher Education Act of 1965,
  - a hospital or medical research organization, exempted and defined under section 501(c)(3) of the Internal Revenue Code.

OTHER IMPORTANT FEATURES:

- None of the restrictions apply to communications made solely for the purpose of furnishing scientific or technological information pursuant to agency procedures. The OPM regulations treat this area realistically, providing for exchanges to determine the nature of technical problems facing the Government, to provide information to solve the problem, and to inform the Government of the practical significance of scientific and technological alternatives.

- Former Government employees who are employed by an Indian tribe are exempt from the provisions of 18 U.S.C. 207 as it relates to such employment by Section 105 of P.L. 93-638. Refer to 25 U.S.C. 450i(f). This provision only applies when the former employee:

  > "... advise(s) in writing the head of the department, agency, court, or commission with which he is dealing or appearing on behalf of the tribe of any personal and substantial involvement he may have had as an officer or employee of the United States in connection with the matter involved."

  For representations before the Department of the Interior, such notices should be forwarded to the Designated Agency Ethics Official for review and filing.

- Contacts with and appearances before Congress are exempted from the post-employment requirements.

PENALTIES:

- Upon conviction of violating any one or more of the post employment restrictions a former employee may be fined not more than $10,000 or imprisoned for not more than two years, or both.

- Under Department regulations (43 CFR 20.735-62(e)) the Department may in the case of any individual found in violation of 18 U.S.C. 207(a), (b) or (c) impose any or all of the following sanctions:

  - Prohibit the individual from making, on behalf of any other person (except the United States), any formal or informal appearance before, or, with the intent to influence, any oral or written communication to, the Department on any matter of business for a period not to exceed five years;

  - Cancel, or cause to be cancelled, any contract, permit, license, lease, or other business arrangement between the Department and the individual;

  - Take other appropriate disciplinary or administrative action.

  - In addition, the Department reserves the right to formally notify any professional society (e.g., state bar association, American Institute of Certified Public Accountants, American Institute of Architects) to which the individual belongs and any appropriate Federal, state, territorial, or tribal agency of any final decision in which the former individual is found to have violated 18 U.S.C. 207.

## Department Policy on Negotiating For Outside Employment
## (43 CFR 20.735-37)

It is Department policy that:

An employee shall not without permission negotiate for future non-Federal employment with persons or organizations having business with the Department if the employee is called upon to render advice or make judgments which may affect those persons or organizations.

In the event that an employee desires to negotiate for future employment with organizations he or she is called upon to render advice or make judgments about, he or she shall request permission from his or her supervisor. The supervisor will consult with the appropriate ethics counselor. If the supervisor and the ethics counselor determine that the proposed negotiations will not adversely affect the Government's interests, the supervisor may authorize, in writing, the employee to proceed to negotiate.

Where authorization is granted the employee shall be restricted from participating in his or her governmental capacity in any matter in which the employee, or the employee's spouse, minor child, outside business associate, or person with whom he or she is negotiating for employment has a financial interest (18 U.S.C. 208).

Negotiation for employment begins when:

1. The employee or anyone at the direction of and on behalf of the employee, initiates a communication in writing or orally, directly or indirectly to the prospective employer for the purpose of discussing rendering service to the prospective employer upon termination of the employee's service as an employee of the Department, or

2. An individual, partnership, association, corporation or organization initiates a communication to the employee or representative of the employee and the employee or the employee's representative responds directly or indirectly with the communicator and indicates that the employee is interested in serving the communicator upon termination of employment with the Department.

**FOR FURTHER INFORMATION CONTACT:**

Mr. Joseph W. Gorrell
Designated Agency Ethics Official
and Principal Deputy Assistant Secretary
Policy, Budget and Administration
Room 5100, Main Interior
(202) 343-4123

Mr. Gabriele J. Paone
Deputy Agency Ethics and Audit
Coordination Official
Policy, Budget and Administration
Room 5150, Main Interior
(202) 343-5916 or 343-3932

Mr. Timothy S. Elliott
Deputy Associate Solicitor
Division of General Law
Office of the Solicitor
Room 6514, Main Interior
(202) 343-4722

Mr. Robert Moll
Attorney - Advisor
Division of General Law
Office of the Solicitor
Room 6526, Main Interior
(202) 343-5216