# In the United States Court of Federal Claims

No. 99-550 L
(into which has been consolidated No. 00-169 L)

(E-Filed February 22, 2006)

THE OSAGE TRIBE OF INDIANS OF OKLAHOMA,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

ORDER

The motions that are the subject of this Order were considered during the Pretrial Conference held February 16 and 17, 2006. The following actions were taken on these motions. References are to the Transcript (Tr.) filed with the court for each day's proceedings. The Transcript is paginated sequentially over the two-day period.

1. Plaintiff's Motion to Present Substantive Evidence by Deposition; Defendant's Motion for Leave to Present Substantive Evidence by Deposition; Defendant's Motion to Admit Additional Portions of Deposition Transcripts; Defendant's Second Motion for Leave to Present Substantive Evidence by Deposition; and Defendant's Third Motion for Leave to Present Substantive Evidence by Deposition are MOOT based on the parties' agreement to allow deposition testimony for RCFC 30(b)(6) witnesses that are also testifying in person before the court. Tr. at 7:12-8:15. Deposition testimony of non-30(b)(6) witnesses testifying in person before the court will only be allowed if the witness is unavailable within the meaning of RCFC 32(a)(3). The parties shall designate their respective sections of deposition transcripts expected to be introduced at trial as a Joint Exhibit and shall provide notice to the court of such designation, with transcript references by page and line, in a filing to be made on or before February 24, 2006. See Tr. at 7:7-11:21. Any video deposition segments to be offered by the parties are

to be provided to the court on DVD. Tr. at 9:18-10:21. All deposition testimony, including any testimony also provided in video format, shall be provided in transcript text format.

2. Plaintiff Osage Nation's Motion to Exclude Documents and Testimony for Violations of the Court's Scheduling and Discovery Orders (Motion to Exclude) is MOOT based on the discussions at the pretrial conference and this Order. The Motion to Exclude concerned the supplemental expert reports filed by defendant's experts Mr. Chavarria and Mr. Martin and supporting documents allegedly produced after the September 1, 2005 deadline for fact discovery set by the court's Order of June 20, 2005. The court notes that the resolution of the Tranche One claims requires that both parties and the court have access to data made available in the supplemental reports.
   a. Defendant is to produce all relevant documents discovered after September 1, 2005 and not otherwise produced on or before February 24, 2006. See Order of February 17, 2006 ¶ 5.
   b. The major purchaser data identified and assessed in the Martin supplemental expert report shall be provided to plaintiff on or before February 24, 2006. Because the challenged data affect only the month of October 1990, the October 1990 period shall be removed from Tranche One of the case and become part of Tranche Two of the case. See Order of April 15, 2005 at 1 (case no. 00-169L).
   c. The categorization of oil wells as "stripper" wells or "marginal" wells that figured in the Martin supplemental expert report shall be addressed by removing the Stanley Stringer lease from Tranche One of the case. The Stanley Stringer lease shall become part of Tranche Two of the case.
   d. Claims and defenses related to the cancelled check disbursement issue identified and assessed in the Chavarria supplemental expert report are removed from Tranche One of the case and shall become part of Tranche Two of the case. Tr. at 188:16-22. The parties are to report on the status of this issue at the pretrial conference scheduled for March 16, 2006.

3. Defendant's Motion in Limine to Preclude Plaintiff from Challenging Interior's Interpretation of Osage Regulations in Okie Crude v. Muscogee Area Director is MOOT on the ground that the court finds the IBIA ruling to be persuasive authority only and, while entitled to appropriate consideration, not binding on the court. Tr. at 215:5-217:18.

4. Plaintiff's Motion to Strike Defendant's Newly Asserted Defenses of Estoppel and Laches and to Exclude Evidence Supporting Such Defenses is GRANTED in regard to striking the defenses of estoppel and laches. Tr. at 196:13-15. The exclusion or admission of related documents was treated separately. See Tr. at 197:11-215:7.

5. Defendant's Motion in Limine Regarding the Proposed Testimony of Lucian L. Morrison is DENIED with a strong caution to plaintiff that opinion testimony will not be allowed from this fact witness and a caution regarding the uncertain relevance of Mr. Morrison's testimony. Tr. at 376:7-9.

The parties are urged to contact the court at any time when they believe the involvement of the court will help to secure the just, speedy and inexpensive determination of this action. See RCFC 1.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge