**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | Electronically Filed: February 22, 2006 |
| v. | ) | Nos. 99-550L (into which has been consolidated No. 00-169 L) |
| THE UNITED STATES OF AMERICA, | ) | Judge Emily C. Hewitt |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM REGARDING APPLICATION OF FEDERAL RULE OF EVIDENCE 615 TO MIXED FACT/EXPERT WITNESSES**

Defendant submits this memorandum pursuant to the Court's request for a research paper addressing whether mixed fact/expert witnesses should be sequestered from trial testimony under Federal Rule of Evidence 615. *See* February 16, 2006 Transcript at 13:14-24; 14:1-21.

Rule 615 provides that witnesses may be excluded from hearing the testimony of other witnesses. The Rule carves out an exception for persons "whose presence is shown by a party to be essential to the presentation of the party's cause." F.R.E. 615(3). Courts have commonly held that expert witnesses qualify as essential persons exempt from exclusion under section (3) of Rule 615. *See e.g., Malek v. Federal Ins. Co.*, 944 F.2d 49, 54 (2nd Cir. 1993).

Rule 615 does not address the situation where a witness has been designated as both a fact and expert witness. There is also very little case law on the matter.

In one of the few reported opinions on the issue, the Fourth Circuit held that a mixed fact/expert witness should be excluded from trial testimony under Rule 615. *Opus 3 Ltd. v. Heritage*

*Park, Inc.*, 91 F.3d 625 (4th Cir. 1996). In *Opus*, a property owner, Opus, sued a construction company, Heritage Park, for nonpayment of construction costs that had been approved by Heritage Park's general contractor. *Id.* at 627. Heritage Park claimed its general contractor exceeded his authority in approving the additional work. *Id.* In its pre-trial disclosures, Heritage Park designated its general contractor as an expert witness and as the "key" fact witness for the defense. *Id.* At the request of Opus, the lower court excluded the general contractor under Rule 615. *Id.* at 627-28. Heritage Park appealed arguing, among other things, that the general contractor was, as an expert witness, exempt from exclusion under Rule 615(3). *Id.* at 629. Noting that the general contractor had been identified as the "key fact witness" and that his fact testimony was "crucial to the disputed issues," the Fourth Circuit upheld the lower court's determination that the mixed fact/expert witness was not exempt under section (3) of Rule 615. *Id.*

While the Fourth Circuit determined that the mixed fact/expert witness in *Opus* should have been excluded, it is unclear whether it or other courts would support the exclusion of a mixed/fact witness whose fact testimony was not "key" or "crucial" to the case and who was not at the center of the controversy. As a result, it is uncertain whether mixed fact/expert witnesses who provide factual testimony tangential/collateral to the primary issues of the case should be excluded under Rule 615.

Respectfully submitted this 22nd day of February, 2006.

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

s/ Brett D. Burton
BRETT D. BURTON

United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0212
Fax: (202) 353-2021

Counsel of Record for Defendant

s/ Martin J. LaLonde
MARTIN J. LALONDE
KEVIN WEBB
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0247/0479
Fax: (202) 353-2021

Attorneys for Defendant

OF COUNSEL:
Elisabeth Brandon
Brenda Riel
Attorneys
Office of the Solicitor
Division of Indian Affairs
U.S. Department of the Interior
MS 6456
Washington, D. C. 20240
Telephone: (202) 208-7403
Fax: (202) 219-0559

Teresa E. Dawson
Senior Counsel
Office of Chief Counsel
Financial Management Service
U.S. Department of the Treasury
401 14th Street, S.W.
Washington, D.C. 20227
Telephone: (202) 874-2567
Fax: (202) 874-6627