IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | Electronically Filed February 22, 2006 |
| v. | ) | No. 99-550 L (into which has been consolidated No. 00-169 L) Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO THE COURT'S ORDER OF FEBRUARY 17, 2006**

After the second session of the Pretrial Conference, the Court issued an Order on February 17, 2006, in which it offered the parties the opportunity to file a short brief "on any relevant issue." In response to the Court's Order, the Osage Nation respectfully files this brief to clarify the purpose of the evidence that it intends to elicit during its case-in-chief about incidents of intentional destruction of trust records by the Osage Agency. The Osage Nation believes that the document-destruction evidence will provide the Court with information relevant to its assessment of the United States' fulfillment of its trust obligations and the appropriateness of relying on proxies, extrapolations, and inferences adverse to the trustee in resolving the issues raised by this case.

The starting point for this and many other issues in this case is the government's failure to conduct a proper accounting of whether it has collected the correct amounts owed to the Osage Nation and whether it has properly managed the trust funds that it did collect. Providing such accountings is a fundamental obligation of a trustee. The Restatement makes clear that a "trustee is under a duty to keep accounts showing in detail the nature and amount of the trust property

and the administration thereof" and that a trustee may be compelled "to render . . . an account of the administration of the trust." Restatement (Second) of Trust, § 172 cmts. a, c (1957). "'The obligation of a trustee to provide an accounting is a fundamental principle governing the subject of trust administration.'" *Cobell v. Norton*, 240 F.3d 1081, 1103 (D.C. Cir. 2001) (quoting *White Mountain Apache Tribe v. United States*, 26 Cl. Ct. 446, 448 (1992)).

Of course, to perform proper accountings, a trustee must preserve appropriate trust information and records. "A trustee is required to preserve those documents necessary to fulfill the trustee's obligations to trust beneficiaries. This includes maintaining those documents that are necessary for an accounting." *Cobell*, 240 F.3d at 1106. Thus, a trustee must keep proper records of "what gains have accrued and what losses have occurred, receipts, expenditures, and allocations between principal and interest." *Red Lake Band v. United* States, 17 Cl. Ct. 362, 374 (1989); *accord Shoshone Indian Tribe of the Wind River Reservation v. United States*, 364 F.3d 1339, 1351 (Fed. Cir. 2004) ("[A] trustee must keep clear and accurate accounts, showing what he has received, what he has expended, what gains have been accrued, and what losses have resulted.") The "failure to maintain" the "documents that may have been necessary for a complete accounting" is "a breach of [the trustee's] fiduciary duty." *Cobell*, 240 F.3d at 1106.

As the Court noted during the Pretrial Conference, an objective of this litigation is to accomplish, to the extent possible, a reasonable approximation of the accountings that the United States has failed to conduct over the years for the Osage Nation. Pretrial Conf. Tr. at 338-39 (Feb. 17, 2006). In light of deficiencies in the underlying documentation kept by the trustee, however, that endeavor, as the Court noted, must be based not simply on existing information but also on "proxies" for the numerous data points that are not available. *Id.* at 340. Indeed, the

United States' failure to conduct timely accountings and to maintain adequate documentation reinforces the needs to proceed on the basis of "tranches" and to extrapolate therefrom.

Moreover, when relying on proxies and extrapolations, the Court must fill in the gaps in ways that favor the trust beneficiary and disfavor the trustee. It is the trustee that bears the responsibility for any deficiencies in the trust records. As the Federal Circuit has held, the United States' "failure to keep adequate [tribal trust] records" means that the trust beneficiaries "should not bear the burden of proving losses that cannot be established with certainty." *Confederated Tribes of the Warm Springs Reservation v. United States*, 248 F.3d 1365, 1373 (Fed. Cir. 2001). "Under trust law principles, if a trustee fails to keep proper accounts, 'all doubts will be resolved against him and not in his favor.'" *Id.* (quoting William F. Fratcher, *Scott on Trusts*, § 172 (4th ed. 1987)). *See* Plaintiff Osage Nation's Memorandum of Contentions of Fact and Law at 49-50 (Corrected Version, Jan. 12, 2006). Therefore, unlike a traditional spoliation case where a showing of bad faith is required, in the context of a trust mismanagement case even a showing of inadvertent destruction of trust records needed to conduct a proper accounting is enough to permit the Court to draw inferences adverse to the United States. *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 139 n.11 (2004).

The United States, however, is likely to argue that there has been no definitive showing that needed trust records are unavailable or missing, thereby obviating or limiting the need to rely on proxies, extrapolations, or adverse inferences against the trustee. In fact, from time-to-time, the United States has suggested that all of the necessary records have been preserved and are available in the American Indian Record Repository. Under this view, if one simply looks long enough in the AIRR, everything needed to do a proper trust accounting can be found. For example, one of the United States' Rule 30(b)(6) witnesses tried to explain away her

inability to produce trust documents showing how certain royalty calculations were performed by asserting that they now reside somewhere in the AIRR. *See* Deposition of C. Revard at 42-44, 54-55 (Aug. 24, 2005).

The document destruction evidence, however, seriously undercuts the reliability of the United States' assurances that all necessary data and documentation likely reside within the AIRR. The evidence at trial will show that, on at least two separate occasions, the Osage Agency intentionally destroyed substantial volumes of trust records. The specific identity of each destroyed record is unknown precisely because it was burned or shredded. And the United States has not provided the Osage Nation with an inventory of the records that it destroyed. Nevertheless, as the evidence at trial will show, it is clear that the destroyed records included "run tickets," which are receipts showing the volume of oil that a purchaser removed from the lease in a particular transaction. In an accounting, such documentation is necessary to verify the accuracy of the various reports on which the Osage Agency relied in making its royalty calculations.

In light of the large quantity of records destroyed, there is certainly the possibility that other documents needed to verify whether the United States fulfilled its trust obligations to the Osage were destroyed. In any event, the document destruction evidence permits an inference that, contrary to the government's suggestions, the current gaps in the underlying documentation cannot be filled by more complete reviews of the AIRR.

In sum, the Osage Nation intends to present brief, focused testimony on incidents of document destruction for two purposes. First, such evidence will rebut any inference that the United States would ask this Court to make that all relevant documents exist in the AIRR. Second, the evidence will apprise the Court of facts that it should consider, under *Confederated*

*Tribes of Warm Springs*, *supra*, when evaluating the need to accept reasonable proxies, engage in extrapolations, and adopt inferences adverse to the trustee in order to resolve the issues raised by the United States' failure to fulfill its trust responsibilities.

February 22, 2006

Respectfully submitted,

*s/Wilson K. Pipestem*
WILSON K. PIPESTEM
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 419-3526
Fax: (202) 659-4931
wkpipestem@pipestemlaw.com

Attorney for The Osage Nation