**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | Electronically Filed February 24, 2006 |
| v. | ) | No. 99-550 L (into which has been consolidated No. 00-169 L) Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF OSAGE NATION'S RESPONSE TO DEFENDANT'S MEMORANDUM REGARDING APPLICATION OF FEDERAL RULE OF EVIDENCE 615 TO MIXED FACT/EXPERT WITNESSES**

The Osage Nation invoked its right under Federal Rule of Evidence 615 to sequester witnesses in order to promote truthful fact testimony at trial. The Court clarified that the rule excluding witnesses would not bar expert witnesses from the courtroom. Transcript of Proceedings, 2/16/06 at 12:13 – 13:3. The United States then sought an exemption from Rule 615 for what it termed "witnesses who are mixed fact and expert." *Id.* at 13:6 - 9. In its Memorandum Regarding Application of Federal Rule of Evidence 615 to Mixed Fact/Expert Witnesses ("Def. 615 Mem."), the only legal authority cited by the United States squarely rejected a request to allow a mixed fact and expert witness to remain in the courtroom. Moreover, the United States failed to articulate any reason why any of the 12 so-called mixed fact and expert witnesses should not be sequestered.

As the case the United States relies upon makes clear, Rule 615 embodies a "presumption favoring sequestration." *Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 628 (4th Cir. 1996). Consistent with that presumption, the three exceptions to Rule 615 are construed. *Id.* Thus, the

court in *Opus 3* sequestered a fact witness who was also offering expert testimony because the importance of promoting truthful fact testimony trumped the party's purported need to have its so-called expert present throughout the trial. *Id.* at 629.

The United States attempts to avoid the clear holding of that case by drawing a false distinction between a "key" fact witness, like the witness excluded under *Opus 3*, and a witness who would only testify regarding "tangential/collateral" issues, like the United States' proposed witnesses. Def. 615 Mem. at 2. Based on this purported distinction, the United States argues that the Court may exempt unimportant fact witnesses from Rule 615. *Id*. But the distinction on which the United States relies has no basis in the language of Rule 615.

Moreover, the United States' distinction dooms its argument because experts are generally exempted from Rule 615 because "[their] presence [has been] shown by a party to be essential to the presentation of the party's cause . . . ." Fed. R. Evid. 615(3). *See also Opus* 3, 91 F.3d at 629 ("Because Rule 615 is designed to preclude fact witnesses from shaping their testimony based on other witnesses' testimony, it does not mandate the sequestration of expert witnesses who are to give *only* expert opinions at trial." (emphasis in original)). If the United States' witnesses are offering testimony that is only "tangential/collateral to the primary issues of the case," Def. 615 Mem. at 2, and is moreover "factual testimony," *id.*, such witnesses can hardly be "essential" within the narrow meaning of Rule 615.

Moreover, the United States has failed to even attempt to demonstrate that the presence in the courtroom of these witnesses is in any way essential to the presentation of its case. The United States does not even identify the witnesses who fall in this category, explain what their testimony will cover or distinguish between their fact and expert testimony. A brief review of the United States' Witness List filed on February 7, 2006, reveals that the United States could not

make such a showing in any event. Of the 24 fact or fact and expert witnesses identified, 12 supposedly would offer "fact and expert testimony" (Ms. Allen, Ms. Branstetter, Ms. Bratcher, Ms. Hurlburt, Mr. Tyler, Ms. Williams, Mr. Barker, Mr. Core, Mr. Dial, Mr. Fox, Mr. Sturgill, and Mr. Tully). These witnesses are mostly current or former United States employees who will testify regarding matters within the scope of their employment.[1] None of them submitted expert reports pursuant to RCFC 26 and none of them appear to be offering expert opinion testimony within the meaning of Fed. R. Evid. 702.[2] While these witnesses may posses a degree of "expertise" about their job responsibilities, that does not differentiate them from the kind of ordinary fact witnesses who are routinely sequestered under Rule 615.

Thus, the United States' position is reduced to a mere word-game. The United States hopes to evade the strictures of Rule 615 by labeling fact witnesses as "experts," without any showing that these so-called "expert" witnesses need to be in the courtroom. As the Court in *Opus 3* recognized, Rule 615 does not grant a *per se* exemption even for witnesses offering *only* expert testimony, so the United States' gambit fails even under its own terms. 91 F.3d at 629. Moreover, granting such an exception to Rule 615 would swallow the rule – it would permit more of the United States' witnesses to be in the courtroom than would be excluded. Moreover, the United States' argument, if accepted, would eviscerate a party's right to invoke Rule 615 as an opponent could defeat the rule simply by labeling its witnesses as experts.

---

[1] One witness who is designated as a fact and expert witness, Mr. Chavarria, did provide an expert report. Mr. Chavarria was deposed regarding his expert report and was also deposed as both an ordinary fact witness and as a fact witness pursuant to RCFC 30(b)(6). Because Mr. Chavarria is expected to offer fact testimony regarding the accounts of the Osage Trust and the Arthur Andersen Report, on which he worked, and because several other witnesses are expected to offer testimony on similar issues, the Osage Nation expects that Mr. Chavarria would be subject to the sequestration rule like the other fact witnesses. *Opus 3*, 91 F.3d at 629.

[2] Accordingly, the Osage Nation would object to any expert opinion testimony offered by these witnesses at trial.

Accordingly, Rule 615 mandates that the United States' witnesses identified as offering both fact and expert testimony be sequestered.

Dated this February 24, 2006

Respectfully submitted,

*s/ Wilson K. Pipestem*

WILSON K. PIPESTEM
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 419-3526
Fax: (202) 659-4931
wkpipestem@pipestemlaw.com

Counsel of Record for Plaintiff