**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | Electronically Filed: February 24, 2006 |
| v. | ) | No. 99-550L (into which has been consolidated No. 00-169 L) |
| THE UNITED STATES OF AMERICA, | ) | Judge Emily C. Hewitt |
| Defendant. | ) | |

**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S MEMORANDUM IN RESPONSE TO THE COURT'S ORDER OF FEBRUARY 17, 2006**

To the extent that Plaintiff is advancing a claim that the Government has failed to conduct a proper accounting "of whether it collected the correct amounts" and "properly managed the funds it did collect," (Plf.'s Brf., Dkt. No. 182, at 1) such claims should not be heard. In its statement of claims, Plaintiff did not designate such claims to be part of Tranche One. Moreover, in that the Court has already dismissed Plaintiff's claim of an entitlement to an accounting, *Osage Nation v. United States*, 57 Fed.Cl. 392, 393 n.2 (2003), the Court should not examine whether the Government discharged its duty to account, particularly since Plaintiff has not alleged damages as a result of its recently-alleged accounting claims.

The fact that the Government has an accounting duty does not mean that it is obligated to preserve every document related to the Osage mineral estate ever generated or received by the Government. A trustee can have an accurate record of accounts, but still have discarded records as, for instance, containing duplicative information. For example, information on oil run tickets often duplicates information contained in purchaser statements or lessee reports or other documents.[1/]

---

[1/] The Tribe is seeking an accounting in District Court. It remains to be determined in that forum whether the necessary records exist to provide the legally required accounting. Indeed, the

The Court also should not reject the use of "proxies" for missing data points, nor should it impose adverse inferences on the Government should the use of proxies be necessary. The Court should consider and base its decision on all relevant and probative evidence. When considered in its entirety, the evidence will show that no adverse inferences due to missing documents are appropriate. In other words, the preponderance of the evidence will show that the Osage Agency implemented appropriate practices to verify royalty payments, that it followed these practices for verifying royalty payments on Tranche One leases for Tranche One months, and that it collected the proper royalties from these leases in these months.

The Court should reject the Tribe's attempt to shift the burdens in this case due to the alleged lack of accounting and alleged spoilation of evidence.[2/] As explained in Defendant's Pretrial Brief, the Tribe bears the ultimate burden of proof in its claim, including the burdens of establishing a prima facie case and in demonstrating liability by a preponderance of evidence. *Confederated Tribes of the Warm Springs Reservation v. United States*, 248 F.3d 1365, 1373 (Fed. Cir. 2001), on which Plaintiff relies, does not suggest otherwise. That case requires the Plaintiff to establish a prima facie case demonstrating a breach of fiduciary duty. 248 F.3d 1373. Further, the *Warm Springs* discussion regarding presumptions due to missing documentation of the trustee relates to the calculation of damages, not liability. Also, it does not establish an irrebuttable presumption requiring the Court to accept Plaintiff's theory of damages and to refuse to weigh the Defendant's

recent Court of Appeals ruling has determined that the Secretary is entitled to deference in determining the contents of an accounting, including the quantum and type of documents required to verify the past transactions and balances recorded in the Government's ledgers.

[2/] At trial, Defendant will demonstrate the limitations and lack of relevance of Plaintiff's allegations of destruction of documents.

evidence. *Warm Springs* permits the Court to enter what amounts to a more general "jury verdict" in the absence of evidence. But, if there is relevant and probative evidence in the record to calculate loss or damages – as there is here – the Court should base its decision on that, and not on unguided speculation. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) (district court's account of the evidence must be "plausible in light of the record viewed in its entirety..."). Again, the Court should weigh all the evidence before it and should not make assumptions about evidence not in the Court's record.

For these reasons, *Warm Springs* is not controlling in this case and does not support Plaintiff's attempt to make the collateral issue of destruction of unrelated documents relevant to "whether the United States fulfilled its trust obligations." Plf.'s Brf. at 4. Rather, should Plaintiff persist with this non-probative issue, the Court's traditional standards related to spoliation should apply. To draw an adverse inference due to spoliation, Plaintiff must show that documents were destroyed due to bad faith. *Columbia First Bank v. United States*, 58 Fed.Cl. 54, 55 (2003). Here, it cannot make that showing. The fact that the Government acts as a trustee does not change the necessity of this showing, particularly in the context of Plaintiff's burden of showing liability.

Respectfully submitted this 24th day of February, 2006,

*s/ Brett D. Burton*
BRETT D. BURTON
Counsel of Record for Defendant

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
KEVIN WEBB
United States Department of Justice - ENRD
Washington, D.C. 20044-0663
Telephone: (202) 305-0212
Attorneys for Defendant

OF COUNSEL:
Elisabeth Brandon
Brenda Riel
U.S. Department of the Interior

Teresa E. Dawson
U.S. Department of the Treasury