**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| | ) | Electronically Filed: March 7, 2006 |
| Plaintiff, | ) | |
| v. | ) | Nos. 99-550L (into which has been consolidated No. 00-169 L) |
| THE UNITED STATES OF AMERICA, | ) | Judge Emily C. Hewitt |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF OSAGE NATION'S RESPONSE TO DEFENDANT'S MEMORANDUM REGARDING APPLICATION OF FEDERAL RULE OF EVIDENCE 615 TO MIXED FACT/EXPERT WITNESSES**

Plaintiff has mischaracterized Defendant's Memorandum regarding the application of Federal Rule of Evidence 615 to mixed fact/expert witnesses and has misconstrued the law as it applies to the sequestration of fact witnesses and the disclosure of expert witnesses.

Defendant's Memorandum was not in support of any motion regarding Rule 615 and did not present any arguments regarding the application of Rule 615 to mixed fact/expert witnesses. The United States filed its Memorandum at the request of the Court for a "research paper" on the federal courts' treatment of mixed fact/expert witnesses under Rule 615. *See* February 16, 2006 Transcript at 13:14-24; 14:1-21. Defendant has never made a motion arguing any side of this issue. The United States merely provided the Court with what it had requested - research on how courts treat mixed fact/expert witnesses under Rule 615. As Defendant has not asserted any particular position on this issue, Plaintiff's attacks on Defendant's "arguments" are misplaced.

In its Response, Plaintiff criticizes the United States for its citation to "only" one legal authority on the application of Rule 615 to mixed fact/expert witnesses. Pl. Brief at 1. However, Plaintiff apparently concedes that *Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625 (4th Cir. 1996) is the "only legal authority" on this issue, as it cites to no other case addressing the application of Rule 615 to mixed fact/expert witnesses.

In its determination that Heritage Park's mixed fact/expert witness should be sequestered under Rule 615, the *Opus* court focused on the witness being a "key fact witness" whose testimony was "crucial to the disputed issues." *Id.* at 629. The court did not indicate, as Plaintiff would argue, that the witness should be sequestered simply because he may provide fact testimony. Instead, the court went out of its way to highlight the fact that this individual was the central fact witness in the case. *Id.* The *Opus* court's focus on the relative role of the witness' fact testimony in its holding should not be ignored.

Contrary to Plaintiff's claims, a mixed fact/expert witness can provide both expert testimony "crucial to the disputed issues" and fact testimony that, while relevant and material, is not "key" to the primary issues of the case. For instance, Defendant's mixed fact/expert witness, Greg Chavarria, <u>will</u> testify as an expert at trial in rebuttal of the opinions of Plaintiff's expert, Stephen A. Jay, concerning "deposit lag time" and "disbursement lag time." *See* Expert Report of Greg Chavarria. "Deposit lag time" and "disbursement lag time" are two of Plaintiff's primary allegations pertaining to the United States' management of Osage funds. *See* Expert Report of Stephen A. Jay. As such, Mr. Chavarria's testimony as to those issues certainly is "crucial to the disputed issues" in this case.

Mr. Chavarria may also testify as a fact witness regarding his experience as a former Arthur Anderson employee as it pertains to Arthur Anderson's Agreed-Upon Procedures and Findings Report for the Osage Nation of Oklahoma July 1, 1972 Through September 30, 1992 (12/31/95) [Plaintiff Exhibit 476] - a document relied upon by Mr. Jay for his damage calculations. Specifically, he may address certain assumptions made by Mr. Jay regarding the language and data appearing in the Report. Contrary to his role as an expert (which is essential to Defendant's case), Mr. Chavarria's potential fact testimony, while relevant and material, cannot be considered "key" or crucial to the primary issues in the case.

Mr. Chavarria's fact testimony certainly is not the central focus of this litigation as was the mixed fact/expert witness' fact testimony in *Opus*. Indeed, his role as a fact witness is significantly more diminished than that of the mixed fact/expert witness in *Opus*. Given his relatively minor role as a fact witness in this case and the significance of his expert testimony and assistance to the United States, the Court should hesitate in expanding the holding of *Opus* to address this situation.

Finally, Plaintiff inappropriately objects to "any expert opinion testimony" offered by any of the mixed fact/expert witnesses identified by Defendant, other than Mr. Chavarria. Pl. Brief at 3, fn. 2. Plaintiff apparently objects to this testimony on the grounds that these mixed fact/expert witnesses did not submit expert reports pursuant to RCFC 26. *Id.* at 3. However, RCFC 26 does not require that these individuals (Ms. Allen, Ms. Branstetter, Ms. Bratcher, Mr. Hurlburt, Mr. Tyler, Ms. Williams, Mr. Barker, Mr. Core, Mr. Fox, Mr. Sturgill, and/or Mr. Tully) provide expert disclosures. RCFC 26(a)(2)(B) requires expert disclosures only for an expert witness "who is retained or specially employed to provide expert testimony in the case or

whose duties as an employee of the party regularly involve giving expert testimony." None of the individuals identified above have been retained or specially employed to provide expert testimony in this case, nor do their duties as current or former employees of the United States regularly involve giving expert testimony. As a consequence, Plaintiff's argument is misplaced and its objection should be overruled.

Respectfully submitted this 7th of March, 2006,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

*s/ Brett D. Burton*
BRETT D. BURTON
United Sates Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0212

Counsel of Record for Defendant

*s/ Kevin S. Webb*
MARTIN J. LALONDE
KEVIN S. WEBB
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0247
Fax: (202) 353-2021

Attorneys for Defendant

OF COUNSEL:

Elisabeth Brandon
Brenda Riel
Attorneys
Office of the Solicitor
Division of Indian Affairs
U.S. Department of the Interior
MS 6456
Washington, D. C. 20240
Telephone: (202) 208-3490
Fax: (202) 219-0559

Teresa E. Dawson
Senior Counsel
Office of Chief Counsel
Financial Management Service
U.S. Department of the Treasury
401 14th Street, S.W.

Washington, D.C. 20227
Telephone: (202) 874-6877
Fax: (202) 874-6627