**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | Electronically Filed: March 20, 2006 |
| v. | ) | No. 99-550L (into which has been consolidated No. 00-169 L) |
| THE UNITED STATES OF AMERICA, | ) | Judge Emily C. Hewitt |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS LISTED ON ITS MARCH 13, 2006, REVISED EXHIBIT LIST AND ITS MARCH 13, 2006 MOTION FOR LEAVE TO SUPPLEMENT ITS REVISED EXHIBIT LIST WITH, AND FOR JUDICIAL NOTICE OF, THREE DOCUMENTS**

Defendant hereby objects to Plaintiff's "Expects to Use" exhibits identified on Plaintiff's Revised Exhibit List and Plaintiff's Motion for Leave to Supplement Its Revised Exhibit List, as set out below.

In addition, Defendant objects to Plaintiff's addition of a significant number of additional documents in its "May Use" exhibit list. Pursuant to the parties' stipulation filed with the Court on February 22, 2006, if Defendant objects to a "May Use" exhibit after Plaintiff has indicated that it wants to use the exhibit, then Defendant will contact the Court for a sidebar conversation about the admissibility of the exhibit no later than one business day before the document is to be used. At this time, Defendant objects to Plaintiff's late-coming substantial addition to Plaintiff's "May Use" Exhibit List. At this late date, Plaintiff has increased its "May Use" Exhibit List from five pages to fifteen pages. Plaintiff has provided no basis for this expansion of its "May Use" list and the Court should not permit the addition at this late date. To allow these additional documents will prejudice Defendant. In the event Plaintiff uses these additional "May Use" exhibits, Defendant will have

insufficient time to locate and prepare witnesses and to locate and identify documents in response thereto.

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S "EXPECTS TO USE" EXHIBITS**

| **Plaintiff's Exhibit No.** | **Description** | **Defendant's Objection** |
|---|---|---|
| 716 | Social Security Administration Actuarial Note Number 142, "Social Security Trust Fund Investment Policies and Practices," January 1999 | Relevance, untimely, unduly prejudicial, hearsay |
| 727 | From K. Bode to N. Barker re Old 328 Files | Relevance |
| 728 | From Melissa Currey to Karl Bode re Disposition of 328.1 Files | Relevance |
| 729 | From K. Bode to G. Jackson re Destroying Old "328" Files | Relevance |
| 745 | From Melissa Currey to G. Jackson, Superintendent, Re Proposed Staffing Chart of October 2, 1995 | Relevance |
| 747 | From Newell Barker to Charles Hurlburt, et al, re Engineering Projects | Relevance |
| 750 | Revised Expert Report of Stephen A. Jay in Support of the Tranche One Investment Claims of Plaintiff Osage Nation, with Exhibits | FRE 702**,** relevance, untimely, unduly prejudicial |
| 714 | December 13, 1985 Memorandum from Comptroller General to Chairman, House Subcommittee on Commerce, Transportation, and Tourism and Chairman, House Subcommittee on Social Security re: Redemption of Railroad Retirement Account Investments. | Relevance, untimely, unduly prejudicial, hearsay |
| 715 | General Accounting Office Report to Chairman, House Committee on Post Office and Civil Service, "Civil Service Fund: Improved Controls Needed Over Investments," May 1987. | Relevance, untimely, unduly prejudicial, hearsay |