**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA, | ) |
| | ) Electronically Filed: |
| Plaintiff, | ) March 20, 2006 |
| | ) |
| v. | ) No. 99-550L (into which has been |
| | ) consolidated No. 00-169 L) |
| THE UNITED STATES OF AMERICA, | ) Judge Emily C. Hewitt |
| | ) |
| Defendant. | ) |
| ______________________________ | ) |

**DEFENDANT'S MOTION TO STRIKE, IN PART, REVISED EXPERT REPORT OF STEPHEN A. JAY AND TO EXCLUDE, IN PART, TESTIMONY OF STEPHEN A. JAY**

Defendant requests that the Court strike portions of the March 13, 2006 Revised Expert Report of Stephen A. Jay[1] (hereinafter referred to as "Revised Report") and exclude the testimony of Mr. Jay regarding opinions and documents not previously disclosed to Defendant in his September 30, 2005 Expert Report[2] (hereinafter referred to as "Expert Report"), his November 23, 2005 Rebuttal Expert Report[3] (hereinafter referred to as "Rebuttal Report"), or his December 7-8, 2005 expert witness deposition testimony (hereinafter referred to as "expert deposition")[4] as untimely, prejudicial and in contravention of the Court's February 17, 2006 Order, September 1, 2005 Order and RCFC 26(a)(2)(B).

---

[1] Attached as Exhibit A.

[2] Attached as Exhibit B.

[3] Attached as Exhibit C.

[4] Attached as Exhibit D.

Pursuant to the Court's September 1, 2005 Order, Mr. Jay was required to produce to Defendant by September 30, 2005 an expert report that under RCFC 26(a)(2)(B) contained "a complete statement of all opinions to be expressed and the basis and reasons therefor: the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions . . . " (emphasis added). Mr. Jay produced his Expert Report on September 30, 2005. The September 1, 2005 Order, also provided Mr. Jay with the opportunity to provide a rebuttal report addressing the reports produced by Defendant's experts. Mr. Jay produced his Rebuttal Report on November 23, 2005.

On December 7-8, 2005, Mr. Jay was given the opportunity to express all of his opinions through deposition testimony:

> Q. Did -- did you have any other opinions on this matter that you did not include in your expert report or your rebuttal report?
>
> A No.

Deposition Testimony of Stephen A. Jay, Volume I at 157:19-22 (12/7/05).

> Q. Do you have any opinions regarding the sufficiency of the documentation available to determine the prudence of the Osage investments that you have not fully addressed today?
>
> A. Other than what I have already commented on?
>
> Q. Yes.
>
> A. No.

*Id.* at 223:8-15.

> Q. And do you have any other opinions regarding deposit lag time that you

haven't fully addressed today in your testimony?

A. No.

*Id.* at 260:8-11.

Q. Okay. Do you have any other opinions regarding disbursement lag time that you have not fully addressed in your testimony today?

A. No, I don't

*Id.* at 318:20-22; 319:1.

Q. Beyond your rebuttal report, are there any other points in which you disagree with Mr. Chavarria -- Mr. Chavarria's testimony or his expert report?

A. I think it sets forth pretty straightforward what I disagree what.

Q. Are there -- beyond the rebuttal report and your primary report, are there any other points on which you agree with Mr. Chavarria?

A. I think my rebuttal report stands on its own.

Q. Okay. And as to Mr. Lundelius, are there any other points to which you disagree with Mr. Lundelius that are not referenced in your rebuttal report or your primary report?

A. I think my rebuttal report stand on its own.

Q. And are there any other points beyond your rebuttal report or your primary expert report on which you agree with Mr. Lundelius?

A. Same answer.

Q. Okay. Are there any other -- beyond your rebuttal report and your expert

report, are there any other errors in Mr. Chavarria's methodology results, conclusions or opinions that you have determined that are not referenced in the --

A. I don't believe so.

Deposition of Stephen A. Jay, Volume II at 503:11-22;504:1-15 (12/8/2005).

Q. Do you have any outstanding tasks that you are -- you are working on?

A. Not that I know.

Q. Are there any tasks that you have planned for down the line?

A. Not at this point.

Q. Not at this point. Okay. Is there anything further you would like to address?

A. No.

*Id.* at 506:1-9.

At the first pretrial conference, the Court permitted Plaintiff's expert witnesses to revise their reports based upon information contained in documents Defendant produced to Plaintiff subsequent to the cut off date for fact discovery (i.e., September 1, 2005). *See* Pretrial Conference Transcript at 358 (2/17/06); *see also* February 17, 2006 Order. The Court also provided both parties with the opportunity to produce revised expert reports reflecting the Court's removal of the Stanley Stringer lease, the October 1990 production month, and any allegations pertaining to "cancelled checks" from consideration in Tranche One. *See* Pretrial Conference Transcript at 358 (2/17/06); *see also* February 17, 2006 Order.

Plaintiff's expert witness, Stephen A. Jay, produced a revised expert report on March 13,

2006 which exceeded the scope of the revisions permitted by the Court's Order. In his Revised Report, Mr. Jay provides new opinion testimony unrelated to the documents produced by Defendant subsequent to September 1, 2005 and the Court's narrowing of the case. Indeed, Mr. Jay has improperly exploited this opportunity for revision of his Expert Report to provide new opinions based upon new reliance documents that bear no relationship to the Court's directions to the parties and are in derogation of RCFC 26(a)(2)(B).

Mr. Jay's Revised Report reflects numerous revisions of opinions presented in his Expert Report and Rebuttal Report that are unrelated to documents produced by Defendant post-September 1st and the narrowing of this case.[5] The most significant changes consist of his new opinions and new reliance documents related to the veracity of the Government's Osage-related accounting records and the propriety of the Government's tribal trust fund disbursement practices as compared to its management of other non-Indian funds' disbursements.

In his Revised Report, Mr. Jay, for the first time, provides expert opinions regarding the veracity of the BIA's accounting records for Tranche One. *See* Revised Report at ¶¶ 20-23. Mr. Jay did not address the accuracy of the Government's Osage-related accounting records in his Expert Report, Rebuttal Report, or expert deposition despite having ample opportunity to do so, and in regard to his Expert Report, being required to do so under RCFC 26(a)(2)(B).

To support his opinions regarding the veracity of the Government's Osage-related accounting records, Mr. Jay relies on two documents that were not referenced in his Expert Report or Rebuttal Report and were not produced by Defendant post-September 1st. The

[5] For example, Mr. Jay inappropriately seeks to bolster his credentials regarding his trust experience by providing information not present in his prior reports. *See* Revised Report at ¶¶ 7-8; *see also* Expert Report at ¶¶ 3-5.

documents (Letter dated August 16, 1982 from Charles A. Bowsher, Comptroller General, to James G. Watt, Secretary of Interior; and "Major Improvements Needed in Bureau of Indian Affairs' Accounting System," General Accounting Office, September 8, 1982) were produced/identified by Plaintiff on December 20, 2005.[6] *Id.* at ¶ 17; *see also* January 12, 2006 Osage Nation Exhibit List. These documents and any opinions that Mr. Jay derived from them should have been included in his September 23, 2005 Expert Report under RCFC 26(a)(2)(B). Moreover, as these documents were not produced by Defendant subsequent to September 1st and are not related to the narrowing of the case, they are outside of the scope of permissible revisions under the Court's February 17, 2006 Order. Accordingly, any opinions based upon these documents should be stricken from Mr. Jay's Revised Report and any related testimony should be excluded.

In paragraphs 49-50 of his Revised Report, Mr. Jay provides new opinions regarding the appropriateness of the government's treatment of disbursed Osage trust funds relative to its treatment of disbursed Social Security trust funds, Railroad Retirement Account Funds, and Civil Service Retirement and Disability Funds. Putting aside the question of whether Mr. Jay is qualified to evaluate the government's management of disbursed monies from various other Government managed funds, his introduction of this issue and related documents through his Revised Report is highly inappropriate.

---

[6] In Paragraph 22 of his revised expert report, Mr. Jay also refers to "numerous audits" conducted by the Interior Department's Inspector General and Arthur Anderson & Co. However, Mr. Jay does not specify what Inspector General and Arthur Anderson audits he is relying upon – he merely cites to 1988 and 1989 Anderson audits as examples of audits that support his position. His reliance list contains no citations to any Inspector General or Arthur Anderson audit. See Revised Report at ¶ 17. Consequently, it is unclear what documents Mr. Jay is relying upon for his new opinions on this subject.

First, Mr. Jay did not include any commentary comparing the Government's management of varied other funds' disbursements in his Expert Report, Rebuttal Report or expert deposition, despite the requirements of RCFC 26(a)(2)(B) and extensive deposition questioning as to the extent of all of his opinions.

Second, Mr. Jay relies on three documents to support his opinions on this matter that were not cited in his Expert or Rebuttal Reports and were not produced by Defendant after September 1st. The documents (Letter dated December 13, 1985 from Acting Comptroller General of the United States to The Honorable James J. Florio and Honorable James R. Jones; "Civil Service Fund, Improved Controls Needed Over Investments," General Accounting Office, May 7, 1987; and "Social Security Trust Funds Investment Policies and Practices," Actuarial Note Number 142, Office of the Chief Actuary, Social Security Administration, January 1999) were produced/identified by Plaintiff on March 13, 2006.[7] *See* Revised Report at ¶¶ 17, 50; s*ee also* Plaintiff Osage Nation's Revised Exhibit List (3/13/2005). Mr. Jay clearly failed to comply with the requirements of RCFC 26(a)(2)(B) by failing to list these exhibits in his Expert Report. Furthermore, as these documents were not produced by Defendant subsequent to September 1st and are not relevant to the narrowing of the case, they present an improper basis for revisions to expert reports under the Court's February 17, 2005 Order. Consequently, any opinions Mr. Jay derives from these documents evidence an inappropriate revision of his report and should be stricken from his report and excluded from trial.

The late introduction of these opinions by Plaintiff would result in great prejudice against

---

[7] Plaintiff apparently located these documents, on an unknown date, through a search of government internet sites. *See* Revised Report at Par. 17, fn. 1.

the Defendant. Specifically, Defendant has not had and will not have a sufficient opportunity to develop its rebuttal to Mr. Jay's allegations regarding other federal disbursement practices. Had Mr. Jay identified that issue in his initial Expert Report as required by RCFC 26(a)(2)(B), Defendant would have had the time and resources to address these allegations. However, with the introduction of this brand new issue and related documents on the eve of trial, Defendant is severely hampered in its ability to prepare its case on this matter.

If the Court deems the inclusion of this issue and related documents appropriate to the consideration of Plaintiff's "disbursement lag time" allegation, Defendant requests that the Court sever that allegation from Tranche One for later consideration at the planned mini-trial on check cancellation issues.[8]

Respectfully submitted this 20th day of March, 2006.

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

*s/ Brett D. Burton*
BRETT D. BURTON
United Sates Department of Justice
Environment and Natural Resources
Division Natural
Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0212

Counsel of Record for Defendant

[8] Please refer to Defendant's Opposition to Plaintiff's Motion for Leave to Supplement its Revised Exhibit List With, and for Judicial Notice of, Three Documents (3/20/05) for further discussion on this issue.

*s/ Kevin S. Webb*
MARTIN J. LALONDE
KEVIN WEBB
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0247
Fax: (202) 353-2021

Attorneys for Defendant

OF COUNSEL:
Brenda Riel
Elisabeth Brandon
Attorneys
Office of the Solicitor
Division of Indian Affairs
U.S. Department of the Interior
MS 6456
Washington, D. C. 20240
Telephone: (202) 219-1659
Fax: (202) 208-3490

Teresa E. Dawson
Senior Counsel
Office of Chief Counsel
Financial Management Service
U.S. Department of the Treasury
401 14th Street, S.W.
Washington, D.C. 20227
Telephone: (202) 874-2567
Fax: (202) 874-6627