# In the United States Court of Federal Claims

No. 99-550 L
(into which has been consolidated No. 00-169 L)

(E-Filed March 22, 2006)

THE OSAGE TRIBE OF INDIANS OF OKLAHOMA,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

ORDER

Further to the Pretrial Conference held on March 21, 2006, the following actions were taken to resolve pending motions:[1]

1. The parties provided useful briefing on the application of Federal Rules of Evidence (FRE) 615 (regarding the exclusion of witnesses) to the situation of a witness who is identified as both a fact witness and an expert witness. The court notes that the application of FRE 615, once requested by a party, is not left to the discretion of the court. However, FRE 615 does provide for exceptions to exclusion, for example "of a person whose presence is shown by a party to be

[1] Defendant's Motion for Leave to File Defendant's Reply to Plaintiff's Response to Defendant's Memorandum Regarding Application of FRE 615 to Mixed Fact/Expert Witnesses is ALLOWED. Defendant's Motion for Leave to File Second Supplement to Defendant's Revised Exhibit List and Defendant's Motion for Leave to File Defendant's Objections to Exhibits on Plaintiff's Revised Exhibit List are ALLOWED. Defendant's Motion for Leave to Produce Out-of-Time Corrected Page from Expert Gregory Chavarria's March 13, 2006 Expert Report is ALLOWED. Plaintiff's Motion for Leave to File Attached Plaintiff's Proposed Revised Trial Schedule Out-of-Time is ALLOWED. Separate filing of documents for which leave to file has been allowed is deemed unnecessary.

essential to the presentation of the party's cause." FRE 615(3) (2004). The only mixed fact and expert witness identified by the parties is Mr. Gregory Chavarria. After discussion, it was concluded that Mr. Chavarria will be EXCLUDED from the trial under FRE 615 EXCEPT during presentation of testimony by plaintiff's expert witness, Mr. Stephen Jay.

2. The parties also filed revised and/or supplemental exhibit lists. See Plaintiff's Motion for Leave to Supplement Its Revised Exhibit List with, and for Judicial Notice of, Three Documents; Plaintiff Osage Nation's Revised Exhibit List; and Defendant's Motion for Leave to File Second Supplement to Defendant's Revised Exhibit List. Defendant also filed Defendant's Motion for Leave to File Defendant's Objections to Exhibits on Plaintiff's Revised Exhibit List; Defendant's Opposition to Plaintiff's Motion for Leave to Supplement its Revised Exhibit List with, and for Judicial Notice of, Three Documents and, in the Alternative, Request to Sever Disbursement Issues from Tranche One Trial.

   The common issue contested by the parties in the foregoing filings is the nature of the fiduciary duty, if any, of the government regarding the treatment of Osage trust funds that have been segregated for disbursement (referred to by the parties as the "disbursement lag issue"). Following discussion of the evidence obtained through discovery and provided by expert witnesses to date, the parties agreed that it would be advisable to remove consideration of the disbursement lag issue from the Tranche One trial.

   The court DEEMS Defendant's Request to Sever Disbursement Issues from Tranche One Trial (contained in Defendant's Opposition to Plaintiff's Motion for Leave to Supplement its Revised Exhibit List with, and for Judicial Notice of, Three Documents and, in the Alternative, Request to Sever Disbursement Issues from Tranche One Trial) as a Motion to Sever. The deemed Motion to Sever Disbursement Issues from Tranche One Trial is GRANTED. Plaintiff's Motion for Leave to Supplement Its Revised Exhibit List with, and for Judicial Notice of, Three Documents is therefore deemed MOOT.

3. Plaintiff's objections to Defendant's Second Supplement to Defendant's Revised Exhibit List were overruled for the exhibits identified as Provisional Doc. Nos. 2675, 2676, and 2695. Exhibits identified as Provisional Doc. Nos. 2703 and 306 were removed because they relate to the disbursement lag issue. Accordingly, Provisional Doc. Nos. 2675, 2676, 2695, 2679 through 2694, 2696, 2698 through 2702, and 1869 may be added to Defendant's Revised Exhibit List.

4. Defendant raised specific objections to nine exhibits on plaintiff's "Expects to Use" exhibit list contained in Plaintiff Osage Nation's Revised Exhibit List. See Defendant's Objections to Plaintiff's Exhibits Listed on Its March 13, 2006, Revised Exhibit List and Its March 13, 2006 Motion for leave to Supplement Its Revised Exhibit List with, and for Judicial Notice of, Three Documents

(Defendant's Objections), at 2. Defendant withdrew its objections to Plaintiff's Exhibit Nos. 727, 728, 729, 745, and 747. Plaintiff's Exhibit Nos. 714, 715 and 716 were removed because they relate to the disbursement lag issue. Defendant's objection to Plaintiff's Exhibit No. 750, the Revised Expert Report of Stephen Jay, was overruled for the reasons provided in ¶ 5 below. Plaintiff's Exhibit Nos. 750, 727, 728, 729, 745, and 747 may be added to Plaintiff's Revised Exhibit List.

Defendant also objects to "[p]laintiff's addition of a significant number of additional documents in its 'May Use' exhibit list." Defendant's Objections, at 1. The parties agreed to a method of notice and review of objections to "May Use" exhibits in their Stipulations of the Parties Regarding Certain Issues Discussed at the Pretrial Conference (Stipulations). The parties agreed that "[i]f a party wants to use a document identified on its "May Use" Exhibit List, it must inform the other party no later than 7:00 p.m. two business days prior to the day on which the party anticipates using that document." Stipulations, at 2. Provision was also made to inform the court of an objection to the use of any such document no later than one business day before the document is to be used. Id. The court adopts this approach and informs the parties that all such objections shall be heard following the conclusion of witness testimony on the day the court is informed of the objection. Based on the foregoing, defendant's objection to plaintiff's addition of documents in its "May Use" exhibit list, Defendant's Objections, at 1, is deemed MOOT.

5. In Defendant's Motion to Strike, in Part, Revised Expert Report of Stephen A. Jay and to Exclude, in Part, Testimony of Stephen A. Jay (Defendant's Motion to Strike), defendant raised specific objections to alleged changes in the revised expert report of plaintiff's expert Stephen Jay, notably in ¶¶ 20-23 of Jay's Revised Expert Report of March 13, 2006. See Defendant's Motion to Strike, at 5. Defendant argues that these paragraphs "consist of [Mr. Jay's] new opinions and new reliance documents." Id. In particular, defendant argues that ¶ 22 of Mr. Jay's Revised Expert Report, see id. Ex. A ¶ 22, references "numerous audits" without specifying the reliance documents used to support the expert opinion.

The court noted and plaintiff agreed that the specific reliance documents were not identified. Plaintiff shall PROVIDE to defendant a letter describing the documents relied on in ¶ 22 of Mr. Jay's Revised Expert Report on or before Wednesday, March 22, 2006.

The court DENIES Defendant's Motion to Strike in regard to ¶¶ 20-23 of Mr. Jay's Revised Expert Report. Because defendant's other objections to alleged changes in Mr. Jay's Revised Expert Report concern aspects of the disbursement lag issue removed by this Order from the Tranche One trial, Defendant's Motion to Strike is deemed MOOT.

6. The removal of the disbursement lag issue from the Tranche One trial will necessitate revisions in the proposed trial schedules presented by the parties. The parties shall submit a final agreed trial schedule at or before 2:00 p.m. Monday, March 27, 2006.

7. The parties shall submit final exhibit lists which delete all exhibits as to which an objection has been sustained or which have been withdrawn by the proffering party. All "May Use" exhibits shall be listed in a separate addendum to the final exhibit lists of each party. The final exhibit lists shall be submitted on or before Monday, March 27, 2006. Any alleged inaccuracies in the final exhibit lists identified by a party shall be submitted at or before 2:00 p.m. Tuesday, March 28, 2006.

The parties are urged to contact the court at any time when they believe the involvement of the court will help to secure the just, speedy and inexpensive determination of this action. See RCFC 1.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge