# In the United States Court of Federal Claims

No. 99-550 L
(into which has been consolidated No. 00-169 L)

(E-Filed March 23, 2006)

| | |
|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

ORDER

An informal telephonic status conference with the parties was held on March 23, 2006 at defendant's request to discuss a supplement to Mr. Stephen Jay's Revised Expert Report that included revised calculations of interest on damages claimed by plaintiff. The new calculations were reportedly provided to defendant on the evening of March 22, 2006 as a result of a subpoena served on Mr. Jay. Mr. Jay was scheduled to be deposed by defendant beginning on the morning of March 23, 2006.

Defendant argues that the newly produced revisions to Mr. Jay's expert report are in violation of the completeness requirement of Rule 26(a)(2)(B) of the Rules of the Court of Federal Claims (RCFC); that the revisions contravene the court's Order of September 1, 2005 establishing the schedule for discovery and production of expert reports; and, due to the lateness of production, would prejudice defendant's ability to prepare properly for the deposition of plaintiff's expert and to contest the revised damages estimates.

Plaintiff characterizes the revisions in their expert's damages estimates as the result of an "alternate calculation" of interest based on the use of seven-year Treasury rates for the entire period from the time alleged damages were incurred through September 30, 2005. Interest calculations presented in Mr. Jay's prior expert reports, plaintiff explained, applied the "benchmark rates" to alleged damages from the time of occurrence through September 30, 1994, and seven-year Treasury rates for the period from September 30, 1994 through September 30, 2005. The "benchmark rates" were described as average interest rates calculated by the Bureau of Indian Affairs that were used in audits of Indian trust funds conducted by Arthur Andersen and adopted by plaintiff's expert in his previous expert reports.

The court notes that, with the trial scheduled to commence in one week, timeliness and prejudice are closely related at this point in the litigation process. To prevent any further delay and to avoid prejudice to either party, plaintiff is allowed to introduce the newly revised calculations in Mr. Jay's expert report provided that the related work papers are produced and made available to defendant. Defendant may present as an exhibit at trial the damages estimates calculated by Mr. Jay in his earlier expert reports and, of course, argue the appropriateness of the expert's choice of interest rates. Plaintiff shall make Mr. Jay available in the immediate future for deposition by defendant, allowing sufficient time for review of the newly-produced calculations and related work papers.

The parties are urged to contact the court at any time when they believe the involvement of the court will help to secure the just, speedy and inexpensive determination of this action. See RCFC 1.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge