**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Electronically Filed<br>March 28, 2006<br><br>No. 99-550 L (into which has been consolidated No. 00-169 L)<br>Judge Emily C. Hewitt |

**MOTION TO STRIKE DEFENDANT'S FINAL EXHIBIT LIST**

Plaintiff Osage Nation respectfully moves to strike Defendant's Final Exhibit List filed March 27, 2006, because the Final Exhibit List violates the Court's March 22, 2006 order ("Order"). The Order directed the parties each to file a Final Exhibit List "which delete[s] all exhibits as to which an objection has been sustained or which have been withdrawn by the proffering party." Order at 4. The Defendant's Final Exhibit List does not merely delete such exhibits; it also adds an exhibit not on the previous exhibit list and transfers 80 documents from its previous "May Offer" list to its "Expects to Offer" list.

Exhibit DX 673 was not on Defendant's previous exhibit list, filed February 7, 2006. Defendant placed this exhibit onto its Final Exhibit List without notifying Plaintiff of this change and without seeking consent for such a late addition.

Moreover, when Defendant transferred 80 documents from the "May Offer" to the "Expects to Offer" list, it did so without notifying Plaintiff of this change, without seeking leave of court, and without seeking permission for circumventing the parties' stipulation regarding the

use of "May Offer" exhibits. Pursuant to that approved stipulation, a party intending to use exhibits on its "May Offer" list was to provide two business days' notice prior to the testimony of the witness expected to testify about the exhibit.

Defendant's tactic of transferring a large number of documents from its "May Offer" list to its "Expects to Offer" list undermines the intent of the stipulation by sidestepping the orderly process of notifying Plaintiff of the proposed transfer, providing some context for the use of a document and allowing Plaintiff to raise objections in a orderly manner. If the stipulation is not enforced and Defendant is allowed to dump a large number of "May Offer" Exhibits onto the "Expects to Offer" list without consent of the Plaintiff, the Plaintiff would now have to review this large volume of documents on the eve of trial without any explanation as to how the documents might be used. Having to now raise objections to these documents en masse would divert Plaintiff's resources from preparing its trial presentation.

**CONCLUSION**

The Court should strike the Defendant's Final Exhibit List and order it to file a revised Final Exhibit List that complies with the Court's Order of March 22, 2006.

Dated this March 28, 2006

Respectfully submitted,

*s/Wilson K. Pipestem*

WILSON K. PIPESTEM
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 419-3526
Fax: (202) 659-4931
wkpipestem@pipestemlaw.com

Attorney for Plaintiff
Osage Nation