# In the United States Court of Federal Claims

No. 99-550 L
(into which has been consolidated No. 00-169 L)

(E-Filed March 29, 2006)

THE OSAGE TRIBE OF INDIANS OF OKLAHOMA,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

ORDER

An informal telephonic status conference with the parties was held on March 29, 2006 to discuss recent filings by the parties regarding supplementation of defendant's revised exhibit list and transfer of exhibits from defendant's "May Use" to its "Expects to Use" list of exhibits. Before the court are: Defendant's Final Exhibit List; Defendant's Motion for Leave to File Supplement to Defendant's Final Exhibit List (Def.'s Supp. Mot. or Motion); Plaintiff's Motion for Leave to File Plaintiff's Final Exhibit List Out of Time, to which is attached plaintiff's final exhibit lists; and Plaintiff's Motion for Leave to File Out of Time Its Motion to Strike Defendant's Final Exhibit List, to which is attached Plaintiff's Motion to Strike Defendant's Final Exhibit List (Pl.'s Strike Mot. or Motion). The court, finding no prejudice to the opposing party by so doing, GRANTS Plaintiff's Motion for Leave to File Plaintiff's Final Exhibit List Out of Time and Plaintiff's Motion for Leave to File Out of Time Its Motion to Strike Defendant's Final Exhibit List.

Plaintiff objects to the addition of "an exhibit not on the previous exhibit list and [the] transfer[] of 80 documents from [defendant's] previous 'May Offer' list to its

'Expects to Offer' List." Pl.'s Strike Mot. at 1. Plaintiff argues that the movement of documents between the "May Offer" and "Expects to Offer" lists violates the procedure agreed to by the parties and memorialized in Stipulations of the Parties Regarding Certain Issues Discussed at the Pretrial Conference, filed on February 22, 2006. Id. at 1-2. Plaintiff also argues that the transfer of exhibits between lists contravenes the court's Order of March 22, 2006 adopting the approach agreed to in the stipulation regarding "May Offer" exhibits, see Order of March 22, 2006 ¶ 4, and the court's express instructions regarding the submission of final exhibit lists "which delete all exhibits as to which an objection has been sustained or which has been withdrawn by the proffering party," id. ¶ 7. Plaintiff also objects to the addition of an exhibit that was not on defendant's previous exhibit list, filed February 7, 2006. Pl.'s Strike Mot. at 1.

Defendant explained during the telephonic status conference that the exhibit identified as DX 673 in plaintiff's Motion was "inadvertently left off of the February 7 list" and that defendant simply sought to restore the exhibit to its list in the most recent filing. Defendant also argued that the transfer of exhibits from its "May Offer" to its "Expects to Offer" list would not be prejudicial to plaintiff because the filing provided more than the 48-hour advance notice called for under the stipulation. The court disagrees, noting that, with the trial scheduled to begin March 30, 2006, plaintiff would not be able to review the exhibits at issue and determine whether there were objections to the introduction of the exhibits at trial without disrupting preparations for presentation of their case, to begin in fewer than 24 hours.

Plaintiff's Motion to Strike Defendant's Final Exhibit List is GRANTED. The court instructs defendant to FILE a Final Exhibit List with the recently-moved exhibits restored to the "May Offer" list of exhibits. Defendant's exhibit identified as DX 673 is hereby struck from defendant's Exhibit List. Defendant shall submit to plaintiff and the court its Final Exhibit List incorporating the foregoing rulings at or before 5:00 p.m. today, Wednesday, March 29, 2006.

The court reviewed with the parties the exhibits identified in defendant's Motion. The court notes an apparent discrepancy in the numbering of the exhibits defendant seeks to introduce. The Motion describes the exhibits as DX 2706-2708 and DX 2709. See Def.'s Mot. at 1. In the attached table labeled "Defendant's First Supplement to Defendant's Final Exhibit List," Provisional DX Nos. cited are in the range from 2704 to 2707. See Def.'s Mot. Attachment 214-2. Because of the prejudice resulting to plaintiff from such late filing, Defendant's Motion For Leave to File Supplement to Defendant's Final Exhibit List is DENIED. Defendant shall determine the correct numbering of the proposed exhibits and ensure that they are not included in its Final Exhibit List.

The parties are urged to contact the court at any time when they believe the involvement of the court will help to secure the just, speedy and inexpensive determination of this action. See RCFC 1.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge