# In the United States Court of Federal Claims

No. 99-550 L
(into which has been consolidated No. 00-169 L)
(E-Filed: March 16, 2007)

| | |
|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA,<br><br>Plaintiff,<br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Indian Trust Claim; Damages for Breach of Trust Obligations with Respect to Royalty Calculation and Collection; Damages for Breach of Trust Obligations with Respect to Deposit and Investment of Royalties; Order for Entry of Judgment under Rule 54(b) |

Wilson K. Pipestem, Washington, DC, for plaintiff.

Kevin Webb, with whom were Matthew J. McKeown, Acting Assistant Attorney General, and Martin J. LaLonde and Brett Burton, Environment & Natural Resources Division, U.S. Department of Justice, Washington, DC, for defendant.

ORDER

On September 21, 2006, the court held that defendant breached fiduciary duties owed to plaintiff Osage Tribe of Indians of Oklahoma[1] (Osage Nation or Osage Tribe)

---

[1]The original complaint in this case was filed on August 2, 1999 by "The Osage Nation and/or Tribe of Indians of Oklahoma" and assigned case no. 99-550L by the court. Two amendments of that complaint were filed under the name "The Osage Tribe of Indians of Oklahoma" in March and August of 2004. A separate suit was brought by "The Osage Nation and/or Tribe of Indians of Oklahoma" on March 31, 2000 and assigned case no. 00-169L. The court consolidated the cases on September 14, 2005 and designated the earlier-filed suit, case no. 99-550L, as the lead case. See Order of Sept. 14, 2005 at 1. As does plaintiff in its briefs, the court refers to plaintiff interchangeably as the Osage Tribe or the Osage Nation.

regarding the Tranche One[2] trust fund mismanagement claims.[3] Osage Tribe of Indians of Okla. v. United States, 72 Fed. Cl. 629, 631 (2006) (Osage II).

Pursuant to the court's direction in Osage II, the parties submitted, on November 17, 2006, a joint submission and separate briefs explaining the areas of agreement and disagreement regarding damage calculations. While the parties' damages briefing was under consideration, the court directed the parties to submit further explanation regarding damages calculations for Tranche One month July 1989. Order of January 16, 2007 at 1. On February 15, 2007, the court issued an opinion regarding damages. Osage Tribe of Indians of Okla. v. United States, No. 99-550, 2007 LEXIS 36 (Fed. Cl. February 15, 2007) (Osage III). The court directed the parties jointly to calculate total damages in accordance with the court's opinion. Id. at *66.

Further to the court's February 15, 2007 opinion, the parties filed a Joint Submission on Tranche One Damages (Joint Submission), on March 15, 2007. Joint Submission 1. In accordance with the court's February 15, 2007 opinion, the parties

---

[2]Plaintiff's claims were divided into two tranches with the first tranche (Tranche One) encompassing trust fund mismanagement claims within the parameters described by the United States Court of Appeals for the Federal Circuit in Shoshone Indian Tribe of the Wind River Reservation v. United States, 364 F.3d 1339, 1350-51 (Fed. Cir. 2004) (Shoshone). Osage Tribe of Indians of Okla. v. United States, 72 Fed. Cl. 629, 631 (2006) (Osage II). The second tranche (Tranche Two) encompasses all other claims. See Order of April 15, 2005 at 1 (filed in The Osage Nation and/or Tribe of Indians of Okla. v. United States, case no. 00-169L); see also Osage II, 72 Fed. Cl. at 631. Tranche One was further limited to consideration of four oil and gas leases for the following five months: January 1976, May 1979, November 1980, February 1986, and July 1989. See Order of February 22, 2006 at 2. The four oil and gas leases at issue are known as the East Hardy Unit, the North Burbank Unit, the North Avant Unit, and the Osage Hominy Unit. See Osage II, 72 Fed. Cl. at 631 n.2.

[3]Plaintiff claimed that the United States failed to collect payments due under the Tranche One leases, failed to compute royalty payments in accordance with regulations, and deprived the Osage Nation of late payment fees for royalty payments not collected in a timely manner. Osage II, 72 Fed. Cl. at 631. The plaintiff's second claim was that the United States failed to invest the income it collected from the Tranche One leases in accordance with the law governing defendant's trust obligations to the Osage Tribe. As more particularly addressed in Osage Tribe of Indians of Oklahoma v. United States, 68 Fed. Cl. 322 (2005) (Osage I), plaintiff's claims are founded on the alleged breach of duties assumed by the United States under the terms of an agreement between the Osage Tribe and the United States enacted into law in 1906. See Act of June 28, 1906, ch. 3572, 34 Stat. 539 (1906 Act). In Osage I, the court found that "the plain language of section 4 of the 1906 Act establishes fiduciary duties that include both the proper management of Osage funds on deposit with the Treasury and the proper accounting of 'all moneys due, and all moneys that may become due,' 34 Stat. at 544, in accordance with the terms of the oil and gas leases." Osage I, 68 Fed. Cl. at 327. The court also found that proper accounting of oil and gas royalty payments necessarily encompasses "verification that the royalty paid is the amount contractually owed under the terms of the lease." Id. at 328.

agreed upon calculation of damages in three areas: royalty undercollection, deposit lag, and underinvestment and investment underperformance.[4]

In accordance with the foregoing, and because there is no just reason for delay, the Clerk of the Court shall ENTER FINAL JUDGMENT pursuant to Rule 54(b) of the Rules of the Court of Federal Claims for the Tranche One claims in the amount of $1,876,878.30.

IT IS SO ORDERED.

s/Emily C. Hewitt
EMILY C. HEWITT
Judge

[4]The chart below reflects the parties agreed-upon calculation of damages. Joint Submission on Tranche One Damages, Ex. H.

| | Base Amount of Damages | Current Value Through Feb. 28, 2007 |
|---|---|---|
| **Royalty Undercollection** | $ 246,988.42 | $ 1,835,111.69 |
| **Deposit Lag** | 197.71 | 1,565.36 |
| **Underinvestment and Underperformance** | 4,467.21 | 40,201.26 |
| **TOTAL** | $ 251,653.34 | $ 1,876,878.30 |