UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE OSAGE NATION<br>OF INDIANS OF OKLAHOMA<br><br>and<br><br>CHRIS HADLOCK, JODELL HEATH,<br>LINDA HESKETT, CORA JEAN JECK,<br>ANNA KAY PRICE, DIANE SIMPKINS,<br>GEORGE TALLCHIEF, AND<br>JULIE WILSON<br>Individually and as Representatives of and on behalf of all other Osage Headright Owners similarly situated.<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, by and through THE DEPARTMENT AND SECRETARY OF THE INTERIOR and BUREAU OF INDIAN AFFAIRS,<br><br>Defendant. | ) | No. 99-CV-00550 ECH<br>Emily C. Hewitt |

AMENDED COMPLAINT

Jurisdiction

1. This action is filed pursuant to 28 U.S.C. § 1491 and 28 U.S.C. § 1505, the due process clause of the Fifth Amendment and equal protection clause of the Fourteenth Amendment to the United States Constitution.

Parties

2. The Plaintiff, the Osage Nation of the State of Oklahoma ("Osage"), is a federally recognized Indian tribe.

3. The Plaintiffs, INSERT NEW PLAINTIFFS, are owners of allotted shares or "headrights" of the Osage Tribe of Indians of Oklahoma (the "headright owners").

4. The Defendant is the United States of America ("United States").

5. The undersigned Intervenors hereby adopt, ratify and incorporate all allegations contained in the attached complaints on file in this consolidated action, inclusive of the original complaint filed in Case No. 00-cv-169 and the present amended complaint in Case No. 99-cv-550.

## CLASS ACTION ALLEGATIONS

6. Plaintiffs Chris Hadlock, Jodell Heath, Linda Heskett, Cora Jean Jeck, Anna Kay Price, Diane Simpkins, George Tallchief, and Julie Wilson, (the "headright owner Plaintiffs") bring and prosecute this action as a "class action" for themselves and as representatives of and on behalf of all other owners of Osage headrights similarly situated, to-wit:

7. The headright owner Plaintiffs additionally bring and prosecute this action pursuant to RCFC 23 as a "class action" for themselves and representatives of and on behalf of all other Osage headright owners similarly situated (hereinafter "The Class").

8. Based upon the headright owner Plaintiffs' best information and belief, the Class members consist of a total of 2,929 allotted share headrights now divided among more than approximately 4,000 individuals and/or entities. The residences of the Class are scattered throughout Oklahoma and numerous other states. Plaintiffs allege that the joinder of all or even a majority of the Class herein is impracticable, if not impossible.

9. The headright owner Plaintiffs are informed, believe and hereby allege that many of the individual members of the Class own only a fractional share of a single share of headright interest

and that their individual loss and potential recovery is and will be relatively modest so that each is generally economically precluded from individually litigating their claim asserted herein by reason of the cost. Consequently, said parties will never have their day in court, unless this action is allowed to be prosecuted and tried as a class action pursuant to and provided by RCFC 23.

10. The prosecution of separate actions by the individual class members, even if possible, would create a risk of (1) inconsistent or varying adjudications with respect to individual class members against the Defendant and which would establish incompatible standards of conduct for the Defendant; or (2) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.

11. There are substantial questions of law and fact which are common to the Plaintiffs' claims against the Defendant and each of the class members' claims against the Defendant. The questions of law governing and dispositive of Plaintiffs' claims against the Defendant are precisely the same as the questions of law governing and dispositive of each of the class members' claims against the Defendant. Except as to the sole question of the quantum or amount of headright share(s) owned by each class member and the respective loss or damage thereto, the questions of fact governing and dispositive of Plaintiffs' claims against the Defendant are <u>precisely the same</u> as the questions of fact governing and dispositive of the claims of each class member against the Defendant.

12. The claims of the Plaintiffs herein are in all important respects, typical of the claims of each of the class members, and are based upon and derived from identical facts which demonstrate

improper conduct on the part of the Defendant and damages incurred by the class members since all owners of headright shares received an undivided interest in the revenues of oil and gas production within Osage county from the cumulative operation and production of all Oklahoma wells, irrespective of the individual operator or purchaser related to any individual well. The ownership and procedures was set up and effectuated by public Law No 321, June 28, 1906 as set forth above.

13. The headright owner Plaintiffs will fairly and adequately protect and represent the interests of The Class and the individual class members because, (a) of the similarity of identity of the claims of Plaintiffs and the individual class members and (b) the successful assertion of Plaintiffs' claims herein will necessarily establish determinations of fact and law adequate to prove the liability of the Defendant to each class member.

14. The attorneys for Plaintiffs are experienced and capable in the area of oil and gas litigation. These attorneys currently represent and have previously successfully represented thousands of other claimants in other class action matters for recovery of underpayment of oil and gas royalty. The law firm of Brickell & Associates, P.C. and the undersigned individual attorney will appropriately conduct and be responsible for Plaintiffs' case herein.

## PRAYER FOR RELIEF

**WHEREFORE**, in consideration of the above premises and each of them, Plaintiffs Chris Hadlock, Jodell Heath, Linda Heskett, Cora Jean Jeck, Anna Kay Price, Diane Simpkins, George Tallchief, and Julie Wilson, for themselves and as representatives of and on behalf of all other Osage headright owners similarly situated hereby pray they recover a money judgment against the United States, including their costs and attorney's fees as may be allowed by law, and such relief as the

Court may deem appropriate, compensable, just and equitable, including, but not limited to the following:

(a) **Compensatory damages** against the United States in an amount necessary to compensate the Osage headright owners for the actions/inactions of the United States in failing to collect the proper royalties from the sale of Osage oil dating back to 1890 as may be proven at trial; and **award interest** in favor of Plaintiffs and against the Defendant at the highest rate of interest applied to the said compensatory damages as allowed by law from the date such royalty monies were originally due and unpaid, until paid; further that

**Money damages** be awarded the Intervenor Plaintiffs and class members against the United States and paid by the Defendant under federal law, in an amount necessary to fully pay and/or repay the Trust monies, interest and assets of the Plaintiffs, as required by the treaties, federal statutes, and common law trust principles, as well as the duties by the Office of the Special Trustee. The damages awarded should equal all such money damages, including, but not limited to, the value of those revenues from oil produced and sold from Osage county, and entrusted and paid to the Defendant and the value of additional assets or monies due or owned by the Plaintiffs, including from all sources required under said treaties, etc., inclusive of land sales and other sales of property rights which have been misused, lost, wasted, spent on unlawful "operational expenses" of the Osage Agency, mismanaged or uncollected or not accounted for as may be proven at trial, from the inception of the trust, to date. Damages should include vast amounts of investment interest due the Plaintiffs' trust account, as managed by federal law, which money was earned or was to be earned by the proper accounting and timely deposit of monies and assets belonging to the Plaintiffs,

including interest due from the escrow of purchase funds above described prior to 1883, in a sum as proven by the evidence presented; and

(b) A **finding, order and judgment,** that the Osage and headright owners are entitled in the future to royalties on the revenues from the production of oil and gas under leases covering mineral interests of the Osage headright owners, based upon the highest prices and volume of said hydrocarbon production required by the leases as a continuing claim.

Bradley D. Brickell, OBA # 1117
**BRICKELL & ASSOCIATES, P.C.**
400 Hightower Building
105 North Hudson
Oklahoma City, OK 73102
Telephone 405-236-0008
Facsimile 405-236-0013

**ATTORNEY FOR PLAINTIFFS CHRIS HADLOCK, JODELL HEATH, LINDA HESKETT, CORA JEAN JECK, ANNA KAY PRICE, DIANE SIMPKINS, GEORGE TALLCHIEF, AND JULIE WILSON**