**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 99-550 L (into which has been consolidated No. 00-169 L) Judge Emily C. Hewitt |
| | ) | Electronically Filed November 7, 2007 |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF OSAGE NATION'S SUBMISSION IN RESPONSE TO THE COURT'S ORDER DATED OCTOBER 29, 2007**

In response to the Court's Order dated October 29, 2007, Plaintiff Osage Nation takes the position that the Court should suspend briefing and consideration of the pending Motion to Intervene and Amend Complaint, so that the Court may first consider whether counsel for the proposed intervenors should be disqualified.

The pending Motion to Intervene and Amend Complaint was filed on October 15, 2007. The Motion, filed by Bradley D. Brickell of Brickell & Associates, P.C. on behalf of eight individual headright owners, asks the Court (1) to add the eight proposed intervenors as class representatives on behalf of a proposed plaintiff class consisting of all headright owners, and (2) to allow amendment of the complaint to state a purported class action on behalf of all headright owners. The Court has ordered that responses to the Motion to Intervene and Amend Complaint are due on December 3, 2007. *See* Order dated Oct. 29, 2007. The Court has also ordered counsel to file by November 7, 2007, joint or several proposals for further briefing and argument on the Motion to Intervene and Amend Complaint. *See id.* Mr. Brickell has filed a proposed schedule and notes the United States' concurrence in that schedule.

The Osage Nation does not concur that adoption of the proposed—or in fact any—briefing and argument schedule on the Motion to Intervene and Amend Complaint is appropriate at this time.

After due investigation and careful consideration, the Osage Nation has determined that Mr. Brickell has violated the rules of this Court as well as his duty of loyalty to the Osage Nation (whom he previously represented in this litigation) by his representation of the proposed intervenors. Accordingly, the Osage Nation intends to move to disqualify Mr. Brickell. The issue of whether Mr. Brickell may appear on behalf of the proposed intervenors on the Motion to Intervene and Amend Complaint should be decided before that Motion itself is litigated. The Osage Nation has a paramount interest in having Mr. Brickell's continuing breach of his duty of loyalty terminated as expeditiously as possible. Therefore, before setting any schedule for consideration of the Motion to Intervene and Amend Complaint, the Court should first set a briefing schedule for consideration of a motion to disqualify Mr. Brickell. The Osage Nation proposes the following schedule:

| | |
|---|---|
| November 16, 2007: | Motion to Disqualify due. |
| December 7, 2007: | Responses to Motion to Disqualify due. |
| December 14, 2007: | Reply on Motion to Disqualify due. |
| December 21, 2007[1]: | Hearing on Motion to Disqualify (if requested by Mr. Brickell).[2] |

There are substantial grounds for a motion to disqualify Mr. Brickell from the proceedings on the Motion to Intervene and Amend Complaint. These grounds will be explained further in the motion to disqualify but are summarized here as follows.

[1] Or such other date as the Court may order.

[2] Earlier today, counsel for the Osage Nation sought input from the United States on this schedule but has not received a response. Mr. Brickell has indicated that he opposes this schedule and has declined to identify alternative dates.

Under this Court's Rule 83.2, the Code of Responsibility governing the conduct of attorneys practicing before this Court is the American Bar Association Model Rules of Professional Conduct. Under ABA Model Rule 1.9(a), "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." The Osage Nation has given no consent, written or otherwise, to Mr. Brickell's representation of the proposed intervenors.

Moreover, the position taken by the proposed intervenors is materially adverse to the Osage Nation. Mr. Brickell himself contends that there is "an adversarial conflict" between the position of the proposed intervenors and that of the Osage Nation. Motion to Intervene and Amend Complaint at 9. Mr. Brickell's clients call into question the current viability of this Court's rulings that the Osage Nation has standing in this case. *Id.* ¶¶ 7-11. The proposed intervenors make factual and legal assertions in support of intervention with which the Osage Nation disagrees, including that "the current Osage Nation is not 'the tribe' described in the 1906 Act," that "[t]he term 'tribe' as used in the [Osage trust fund] account's name refers to the [headright owners]," and that the new Osage Constitution purports to affect the rights of headright owners to the proceeds of the Osage mineral estate. *Id.* ¶¶ 8-11. Further, inasmuch as the Osage Nation opposes the proposed intervention, Mr. Brickell represents parties whose position is adverse to his former client.

In sum, the Court should suspend proceedings on the Motion to Intervene and Amend Complaint and set a schedule for proceedings on a motion to disqualify Mr. Brickell.[3]

November 7, 2007

Respectfully submitted,

*s/Wilson K. Pipestem*

WILSON K. PIPESTEM
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 419-3526
Fax: (202) 659-4931
wkpipestem@pipestemlaw.com

Attorney for Plaintiff
Osage Nation

[3] Alternatively, at its discretion, the Court could expedite matters by exercising its inherent authority to order Mr. Brickell to show cause why he should not be disqualified.