# EXHIBIT 2

## TO THE RESPONSE OF PROPOSED INTERVENORS TO ISSUES RAISED IN MOTION TO DISQUALIFY BY THE OSAGE NATION IN ITS REPLY BRIEF (DOCUMENT 287) AND AT THE HEARING ON JANUARY 4, 2008

EXHIBIT
tabbies
2

Cornell University Law School

Search Law School Search Cornell

LII / Legal Information Institute

# American Legal Ethics Library

# ABA Model Rules of Professional Conduct (2004)

## Comment - Rule 1.9

[1] After termination of a client-lawyer relationship, a lawyer has certain continuing duties with respect to confidentiality and conflicts of interest and thus may not represent another client except in conformity with this Rule. Under this Rule, for example, a lawyer could not properly seek to rescind on behalf of a new client a contract drafted on behalf of the former client. So also a lawyer who has prosecuted an accused person could not properly represent the accused in a subsequent civil action against the government concerning the same transaction. Nor could a lawyer who has represented multiple clients in a matter represent one of the clients against the others in the same or a substantially related matter after a dispute arose among the clients in that matter, unless all affected clients give informed consent. See Comment [9]. Current and former government lawyers must comply with this Rule to the extent required by Rule 1.11.

[2] The scope of a "matter" for purposes of this Rule depends on the facts of a particular situation or transaction. The lawyer's involvement in a matter can also be a question of degree. When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction clearly is prohibited. On the other hand, a lawyer who recurrently handled a type of problem for a

former client is not precluded from later representing another client in a factually distinct problem of that type even though the subsequent representation involves a position adverse to the prior client. Similar considerations can apply to the reassignment of military lawyers between defense and prosecution functions within the same military jurisdictions. The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question.

[3] Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter. For example, a lawyer who has represented a businessperson and learned extensive private financial information about that person may not then represent that person's spouse in seeking a divorce. Similarly, a lawyer who has previously represented a client in securing environmental permits to build a shopping center would be precluded from representing neighbors seeking to oppose rezoning of the property on the basis of environmental considerations; however, the lawyer would not be precluded, on the grounds of substantial relationship, from defending a tenant of the completed shopping center in resisting eviction for nonpayment of rent. Information that has been disclosed to the public or to other parties adverse to the former client ordinarily will not be disqualifying. Information acquired in a prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are substantially related. In the case of an organizational client, general knowledge of the clientÆs policies and practices ordinarily will not preclude a subsequent representation; on the other hand, knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such a representation. A former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter. A conclusion about the possession of such information may be based on the nature of the services the lawyer provided the former client and information that would in

# ABA Model Rules of Professional Conduct (2004)

American Bar Association Model Rules of Professional Conduct (2002 edition)*

As passed by the American Bar Association, House of Delegates February 5, 2002 and amended in August 2002.

---

©2002 by the American Bar Association. All rights reserved.

## Rule 1.9 Duties to Former Clients

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client,

(1) whose interests are materially adverse to that person; and

(2) about whom the lawyer has acquired information protected by Rule 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.