# EXHIBIT 4

## TO THE RESPONSE OF PROPOSED INTERVENORS TO ISSUES RAISED IN MOTION TO DISQUALIFY BY THE OSAGE NATION IN ITS REPLY BRIEF (DOCUMENT 287) AND AT THE HEARING ON JANUARY 4, 2008

EXHIBIT 4



# Public Law 95-496
# 95th Congress

## An Act

Oct. 21, 1978
[S. 1081]

To amend certain laws relating to the Osage Tribe of Oklahoma, and for other purposes.

Indians.
Osage Tribe, Okla.
Tribal government, elections and appointments.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That section 9 of the Act of June 28, 1906 (34 Stat. 539, 545), as amended, is further amended to read as follows: "There shall be a quadrennial election of the officers of the Osage Tribe as follows: A principal chief, an assistant principal chief, and eight members of the Osage Tribal Council shall be elected to succeed the officers elected in the year 1974 at a general election to be held in the town of Pawhuska, Oklahoma, on the first Monday in June 1978 and on the first Monday in June of each fourth year thereafter, in a manner to be prescribed by the Secretary of the Interior, and said officers shall be elected for a period of four years commencing on the first day of July following the election. In case of a vacancy in the office of principal chief or other officer by death, resignation, or otherwise, the vacancy shall be filled in a manner to be prescribed by the Osage Tribal Council. In the event of a common disaster and a quorum of five of the Osage Tribal Council does not survive, the Secretary shall appoint a principal chief and/or the number of councilmen necessary to complete a total of eight, to serve until the next quadrennial election. The Secretary is hereby authorized to remove from the council any member or members for good cause, to be by him determined. after the party involved has had due notice and opportunity to appear and defend himself. The tribal government so constituted shall continue in full force and effect until January 1, 1984, and thereafter until otherwise provided by Act of Congress.".

SEC. 2. (a) The first paragraph of section 3 of the Act of June 24, 1938 (52 Stat. 1034, 1035), as amended, extending the mineral estate reserved to the Osage Tribe by the Act of June 26, 1906 (34 Stat. 539), is further amended by striking the phrase "until the eighth day of April 1983, and thereafter until otherwise provided by Act of Congress" and substituting, in lieu thereof, the phrase "in perpetuity".

(b) The second paragraph of section 3 of the Act of June 24, 1938 (52 Stat. 1034, 1035), as amended, is amended by striking the phrase "unless otherwise provided by Act of Congress" and inserting, in lieu thereof, the phrase "and thereafter until otherwise provided by Congress".

(c) The fourth paragraph of section 3 of the Act of June 24, 1938 (52 Stat. 1034, 1036) is amended by striking the phrase "January 1, 1984" and inserting, in lieu thereof, the phrase "January 1, 1984 and thereafter until otherwise provided by Congress".

Repeal.
25 USC 331 note.

SEC. 3. (a) The Act of February 5, 1948 (62 Stat. 18) is hereby repealed.

Competency certificate revocation, application.
25 USC 331 note.

(b) Any Osage Indian having received a certificate of competency under paragraph 7 of section 2 of the Act of June 28, 1906 (34 Stat. 539, 542); section 3 of the Act of March 2, 1929 (45 Stat. 1478, 1480); or the Act of February 5, 1948 (62 Stat. 18), may make application to the Secretary of the Interior to revoke such certificate and the Secretary shall revoke such certificate: *Provided*, That revocation of any

certificate shall not affect the legality of any transactions heretofore made by reason of the issuance of any such certificate. Restrictions against alienation of lands heretofore removed are not reimposed.

(c) Sections 3 and 4 of the Act of February 27, 1925 (43 Stat. 1008 1010–11); and section 4 of the Act of March 2, 1929 (45 Stat. 1478, 1480); and sections 1 and 3 of the Act of June 24, 1938 (52 Stat. 1034) are hereby amended by striking, wherever they occur, the phrases "of one-half or more Indian blood", "of more than one-half Indian blood", "of one-half or more Osage Indian blood", and "or who is one-half or more Osage Indian blood".

Oil and gas lease unitization, rules.
25 USC 331 note.

SEC. 4. In order to conserve natural resources and provide for the greatest ultimate recovery of oil and gas underlying the Osage mineral estate, the Secretary of the Interior is authorized to establish rules and regulations under which oil and gas leases producing from a common source of supply may be unitized.

Mineral interest and estate, disposition.

SEC. 5. (a) Section 8 of the Act of April 18, 1912 (37 Stat. 86, 88), is hereby amended to read as follows: "Any person of Osage Indian blood, eighteen years of age or older, may dispose of his Osage headright or mineral interest and the remainder of his estate (real, person, and mixed, including trust funds) from which restrictions against alienation have not been removed by will executed in accordance with the laws of the State of Oklahoma: *Provided*, That the will of any Osage Indian shall not be admitted to probate or have any validity unless approved after the death of the testator by the Secretary of the Interior. The Secretary shall conduct a hearing as to the validity of such will at the Osage Indian Agency in Pawhuska, Oklahoma. Notice of such hearing shall be given by publication at least ten days before the hearing in a newspaper of general circulation in Osage County, Oklahoma, and by mailing notice of such hearing to the last known address of all known heirs, legatees, and devisees. The cost of publication shall be borne by the estate. The rules of evidence of the State of Oklahoma shall govern the admissibility of evidence at such hearing. All evidence relative to the validity of the will of an Osage Indian shall be submitted to the Secretary within one hundred and twenty days after the date of the petition for approval of such will is filed with the Secretary, unless for good cause shown the Secretary extends the time: *Provided*, That such time shall not be extended beyond six months from the date of the first hearing. For purposes of determining the validity of any will, the Secretary is hereby granted the same subpena power as is vested in the courts. All costs of obtaining witnesses and evidence before the Secretary shall be borne by the party producing such witnesses or evidence, subject to such costs being taxed to the estate in the event that the District Court of the State of Oklahoma having jurisdiction should determine such costs beneficial to the whole estate. Notwithstanding any appeal from the decision of the Secretary, approval of such will by the Secretary shall entitle it to be admitted to probate without further evidence as to its validity or, upon disapproval thereof, the heirs may immediately petition for letters of administration in the district court. No appeal from the order of the Secretary approving or disapproving any will shall stay the issuance of letters testamentary or of administration: *Provided*, That such letters shall not confer power to sell any restricted assets by virtue of any provision in such will, pay or satisfy legacies, or distribute property of the decedent to the heirs or beneficiaries until the final determination of

Notice and hearing.

Subpenas.

Appeal.

the appeal, but all other action taken by the district court pending said appeal shall be valid and binding. No court except a Federal court shall have jurisdiction to hear a contest of a probate of a will that has been approved by the Secretary. Such appeals shall be on the record made before the Secretary and his decisions shall be binding and shall not be reversed unless the same is against the clear weight of the evidence or erroneous in law.".

Probate.

(b) Section 3 of the Act of April 18, 1912 (37 Stat. 86), is hereby amended to read as follows: "That the property of deceased and of orphan minor, insane, or other incompetent Osage Indians, such incompetency being determined by the laws of the State of Oklahoma which are hereby extended for such purpose to all Osage Indians, shall, in probate matters, be subject to the District Court of Oklahoma having jurisdiction. A copy of all papers filed in the district court shall be served on the Superintendent of the Osage Agency at the time of filing, and said Superintendent is authorized, whenever the protection of the interest of the Osage Indian requires, to appear in the district court. The Superintendent of the Osage Agency or the Secretary of the Interior, whenever he deems the same necessary, may investigate the conduct of executors, administrators, guardians, or other persons having charge of the estate of any minor, incompetent, or deceased Osage Indian. Whenever he shall be of the opinion that the estate is in any manner being dissipated, wasted, or permitted to deteriorate in value by reason of the negligence, carelessness, or incompetency of the executor, administrator, guardian, or other person in charge of the estate, the Superintendent of the Osage Agency or the Secretary is authorized, and it shall be his duty, to report said matter to the district court, take the necessary steps to have such case fully investigated, and prosecute any remedy, either civil or criminal, as the exigencies of the case may require. The costs and expenses of any civil proceedings shall be a charge upon the estate of the Osage Indian or upon the executor, administrator, guardian, or other person in charge of the estate of the Osage Indian and his surety, as the district court shall determine. Every bond of the executor, administrator, guardian, or other person in charge of the estate of any Osage Indian shall be subject to the provisions of this section and shall contain therein a reference hereto: *Provided*, That no guardian shall be appointed for a minor whose parents are living unless the estate of said minor is being wasted or misused by such parents: *Provided further*, That no land shall be sold or alienated under the provisions of this section without approval of the Secretary.".

Estate handling, investigation and prosecution.

Limitations.

Inheritance.
25 USC 331 note.

(7) Section 7 of the Act of February 27, 1925 (43 Stat. 1008, 1011), as amended, is hereby further amended to read as follows: "Hereafter none but heirs of Indian blood and children legally adopted by a court of competent jurisdiction and parents, Indian or non-Indian, shall inherit from Osage Indians any right, title, or interest to any restricted land, moneys, or Osage headright or mineral interest.".

25 USC 331 note.

(d) Notwithstanding the provisions of subsections (a), (b), and (c) of this section, disposition of any Osage headright or mineral interest shall be subject to the provisions of section 7 of this Act.

Inter vivos trust.
25 USC 331 note.

Sec. 6. (a) With the approval of the Secretary of the Interior, any person of Osage Indian blood, eighteen years of age or older, may establish an inter vivos trust covering his headright or mineral interest except as provided in section 8 hereof; surplus funds; invested surplus

funds: segregated trust funds; and allotted or inherited land, naming the Secretary of the Interior as trustee. An Osage Indian having a certificate of competency may designate a banking or trust institution as trustee. Said trust shall be revocable and shall make provision for the payment of funeral expenses, expenses of last illness, debts, and an allowance to members of the family dependent on the settlor.

(b) Property placed in trust as provided by this section shall be subject to the same restrictions against alienation that presently apply to lands and property of members of the Osage Tribe, and the execution of such instrument shall not in any way affect the tax-exempt status of said property.

**Headright or mineral interest, alienation limitations.**
**25 USC 331 note.**

SEC. 7. After passage of this Act, a person not of Osage Indian blood, except a child legally adopted by an Osage Indian in any court of competent jurisdiction and the lineal descendants of such adopted child, subject to the stipulation that such adopted child or his lineal descendants cannot alienate his Osage headright or mineral interest and the devolution thereof is limited to intestacy, will, or inter vivos trust the same as if he were of Osage Indian blood, is prohibited from receiving more than a life estate in an Osage headright interest owned by an Osage Indian, such adopted child or his lineal descendants, whether such interest is received by will, inter vivos trust, or Oklahoma law of intestate succession. Upon the death of such recipient, the Osage headright or mineral interest shall vest in the remaindermen thereof who are of Osage Indian blood, adopted children, and/or lineal descendents of such adopted children designated by the will or inter vivos trust of the deceased Osage Indian, his adopted child, or the lineal descendants of such adopted child. If such instrument does not designate remaindermen thereof who are of Osage Indian blood, adopted children, and/or lineal descendants of such adopted children, or if the deceased died intestate, the Osage headright or mineral interest shall vest in his heirs pursuant to the Oklahoma law of intestate succession, subject to the above limitations. On the death of the non-Osage beneficiary or heir, except in the case of adopted children or lineal descendants of such adopted children, such Osage headright or mineral interest shall vest in the Osage Tribe and the Tribe shall pay the estate of the non-Osage beneficiary or heir the market value of such Osage headright or mineral interest. Payments under this section shall be made from Osage tribal mineral funds authorized to be expended by section 8(b) hereof.

**25 USC 331 note.**

SEC. 8. (a) Any individual right to share in the Osage mineral estate (commonly referred to as "headright") owned by a person not of Indian blood may not, without the approval of the Secretary of the Interior, be sold, assigned, or transferred. Sale of any such interest shall be subject to the right of the Osage Tribe to purchase it within forty-five days at the highest legitimate price offered the owner thereof.

(b) Prior to the time and tribal mineral income is segregated for distribution to individual headright owners, the Secretary of the Interior, at the request of the Osage Tribal Council, may direct the use of any such income for the purchase of Osage headright interests offered for sale to the Osage Tribe pursuant to this section or vested in the Osage Tribe pursuant to section 7 of this Act.

Determination.
25 USC 331 note.

SEC. 9. Under such regulations as the Secretary of the Interior may prescribe, the heirs and legatees of any deceased owner of an Osage headright or mineral interest, real estate on which restrictions against alienation have not been removed, and funds on deposit at the Osage Agency may be determined by the Secretary if such aggregate interests do not exceed $10,000: *Provided*, That no court of competent jurisdiction has undertaken the probate of the deceased's estate and a request for such administrative determination has been made to the Secretary by one or more of the heirs or legatees.

Approved October 21, 1978.

LEGISLATIVE HISTORY:

HOUSE REPORT No. 95-1459, accompanying H.R. 11894 (Comm. on Interior and Insular Affairs).
SENATE REPORT No. 95-1157 (Select Comm. on Indian Affairs).
CONGRESSIONAL RECORD, Vol. 124 (1978):
Sept. 8, considered and passed Senate.
Oct. 3, H.R. 11894 considered and passed House; passage vacated, and S. 1081, amended, passed in lieu.
Oct. 7, Senate concurred in House amendments.