# EXHIBIT 5

## TO THE RESPONSE OF PROPOSED INTERVENORS TO ISSUES RAISED IN MOTION TO DISQUALIFY BY THE OSAGE NATION IN ITS REPLY BRIEF (DOCUMENT 287) AND AT THE HEARING ON JANUARY 4, 2008

Public Law 98-605
98th Congress

# An Act

To make certain technical corrections in various Acts relating to the Osage Tribe of Indians of Oklahoma.

Oct. 30, 1984
[H.R. 6303]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Osage Tribe of Indians Technical Corrections Act of 1984.

SHORT TITLE

SECTION 1. This Act may be cited as the "Osage Tribe of Indians Technical Corrections Act of 1984".

AMENDMENTS TO THE OSAGE INDIAN ACT OF 1978

SEC. 2. (a) Section 2(a) of the Act approved October 21, 1978, and entitled "An Act to amend certain laws relating to the Osage Tribe of Oklahoma, and for other purposes." (92 Stat. 1660) is amended by striking out "June 26, 1906" and inserting in lieu thereof "June 28, 1906".

(b) Section 5(7) of such Act is amended by striking out "(7)" and inserting in lieu thereof "(c)". 25 USC 331 note.

(c) Section 5(d) of such Act is amended to read as follows: 25 USC 331 note.

"(d)(1) Notwithstanding any provision of—

"(A) section 3 or 8 of the Osage Indians Act of 1912 (as amended by subsections (b) and (a), respectively), or 92 Stat. 1662, 1661.

"(B) section 7 of the Osage Indians Act of 1925 (as amended by subsection (c)), *Post*, p. 3167.

any sale or transfer or any disposition by any other means of any headright shall be subject to section 7 of this Act. *Post*, p. 3164.

"(2) Notwithstanding section 6(a) of this Act or section 8 of the Osage Indians Act of 1912, no Osage Indian may— 25 USC 331 note. 92 Stat. 1661.

"(A) provide for the transfer of any interest of such person in any headright—

"(i) by will to any person which is not an individual, or

"(ii) by the establishment of an inter vivos trust for the benefit of any person which is not an individual; or

"(B) provide, whether by the terms of a will, the terms of a testamentary trust established by a will, or by the terms of an instrument establishing an inter vivos trust, that any interest in any headright—

"(i) which such Osage Indian had (at the time of death of such person or at the time any such inter vivos trust was established), and

"(ii) in which any individual was granted a life estate by such Osage Indian,

may be transferred to or held for the benefit of any individual who is not an Osage Indian upon the death of the individual who held such life estate.".

(d) Section 6(b) of such Act is amended by striking out "members of the Osage Tribe," and inserting in lieu thereof "Osage Indians,". 25 USC 331 note.

EXHIBIT
5

25 USC 331 note. (e) Section 7 of such Act is amended to read as follows:

"RULES GOVERNING DEVOLUTION OF INTERESTS IN OSAGE HEADRIGHTS

Prohibition. "SEC. 7. (a) GENERAL RULE.—No person who is not an Osage Indian may, on or after October 21, 1978, receive any interest in any headright, other than a life estate in accordance with subsection (b), whether such interest would be received by such person (but for this subsection) under a will, a testamentary or inter vivos trust, or the Oklahoma laws of intestate succession.

"(b) EXCEPTION FOR LIFE ESTATES.—Notwithstanding subsection (a) and subject to section 5(d)(2), an individual who is not an Osage Indian may receive a life estate in any headright held by a testator, settlor, or decedent who is or was an Osage Indian under a will, or under a testamentary trust established by a will, of such testator, an inter vivos trust established by such settlor, or the Oklahoma laws of intestate succession relating to the administration of the estate of such decedent.

*Ante*, p. 3163.

"(c) SPECIAL RULES GOVERNING INTERESTS IN OSAGE HEADRIGHT UPON DEATH OF INDIVIDUAL WHO HELD LIFE ESTATE IN SUCH HEADRIGHT.—

"(1) DESIGNATED OSAGE REMAINDERMEN.—Upon the death of any individual who is not an Osage Indian and who held a life estate in any headright of a testator or settlor described in subsection (b), all remaining interests in such headright shall vest in any remaindermen who—

"(A) are designated in the will of the testator or the instrument establishing the trust of the settlor to receive such remainder interest, and

"(B) are Osage Indians.

Prohibition. "(2) NO DESIGNATED OSAGE REMAINDERMEN.—Upon the death of any individual who is not an Osage Indian and who held a life estate in any headright of a testator, settlor, or decedent described in subsection (b) who—

"(A) did not designate any remainderman who is an Osage Indian to receive any remaining interest in such headright in the will of such testator or instrument of such settlor, or

"(B) died intestate,

all remaining interests in such headright shall vest in any heirs, as determined under the Oklahoma laws of intestate succession, of such testator, settlor, or decedent who are Osage Indians.

Prohibition. "(3) NO HEIR WHO IS AN OSAGE INDIAN.—Upon the death of any individual who is not an Osage Indian and who held a life estate in any headright of an Osage testator, settlor, or decedent described in subsection (b) who—

"(A) designated no remainderman who is an Osage Indian for any remaining interest in such headright, and

"(B) had no heir under the Oklahoma laws of intestate succession who is an Osage Indian and is living at the time of death of the individual who held such life estate,

all remaining interests in such headright shall vest in the Osage Tribe of Indians.

"(d) LIABILITY OF TRIBE IN CASE OF REMAINDERMAN OR HEIR WHO IS NOT AN OSAGE INDIAN.—In any case in which—

25 USC 331 note.

(e) Section 7 of such Act is amended to read as follows:

"RULES GOVERNING DEVOLUTION OF INTERESTS IN OSAGE HEADRIGHTS

Prohibition.

"SEC. 7. (a) GENERAL RULE.—No person who is not an Osage Indian may, on or after October 21, 1978, receive any interest in any headright, other than a life estate in accordance with subsection (b), whether such interest would be received by such person (but for this subsection) under a will, a testamentary or inter vivos trust, or the Oklahoma laws of intestate succession.

"(b) EXCEPTION FOR LIFE ESTATES.—Notwithstanding subsection (a) and subject to section 5(d)(2), an individual who is not an Osage Indian may receive a life estate in any headright held by a testator, settlor, or decedent who is or was an Osage Indian under a will, or under a testamentary trust established by a will, of such testator, an inter vivos trust established by such settlor, or the Oklahoma laws of intestate succession relating to the administration of the estate of such decedent.

*Ante*, p. 3163.

"(c) SPECIAL RULES GOVERNING INTERESTS IN OSAGE HEADRIGHT UPON DEATH OF INDIVIDUAL WHO HELD LIFE ESTATE IN SUCH HEADRIGHT.—

"(1) DESIGNATED OSAGE REMAINDERMEN.—Upon the death of any individual who is not an Osage Indian and who held a life estate in any headright of a testator or settlor described in subsection (b), all remaining interests in such headright shall vest in any remaindermen who—

"(A) are designated in the will of the testator or the instrument establishing the trust of the settlor to receive such remainder interest, and

"(B) are Osage Indians.

Prohibition.

"(2) NO DESIGNATED OSAGE REMAINDERMEN.—Upon the death of any individual who is not an Osage Indian and who held a life estate in any headright of a testator, settlor, or decedent described in subsection (b) who—

"(A) did not designate any remainderman who is an Osage Indian to receive any remaining interest in such headright in the will of such testator or instrument of such settlor, or

"(B) died intestate,

all remaining interests in such headright shall vest in any heirs, as determined under the Oklahoma laws of intestate succession, of such testator, settlor, or decedent who are Osage Indians.

Prohibition.

"(3) NO HEIR WHO IS AN OSAGE INDIAN.—Upon the death of any individual who is not an Osage Indian and who held a life estate in any headright of an Osage testator, settlor, or decedent described in subsection (b) who—

"(A) designated no remainderman who is an Osage Indian for any remaining interest in such headright, and

"(B) had no heir under the Oklahoma laws of intestate succession who is an Osage Indian and is living at the time of death of the individual who held such life estate,

all remaining interests in such headright shall vest in the Osage Tribe of Indians.

"(d) LIABILITY OF TRIBE IN CASE OF REMAINDERMAN OR HEIR WHO IS NOT AN OSAGE INDIAN.—In any case in which—

"(1) any remainder interest of a testator, settlor, or decedent described in subsection (b) vests in the Osage Tribe of Indians under subsection (c)(3), and

"(2) an individual who is not an Osage Indian and who, but for this section, would have received any portion of such remaining interest in the headright by virtue of—

"(A) having been designated under the will of such testator, or the instrument of such settlor which established any such trust, to receive such remainder interest, or

"(B) being the heir of such decedent under the Oklahoma laws of intestate succession,

the tribe shall pay any such individual the fair market value of the portion of the interest in such headright such individual would have received but for this section.".

(f) Section 8(a) of such Act is amended to read as follows: 25 USC 331 note. Prohibition.

"SEC. 8. (a)(1) No headright owned by any person who is not of Indian blood may be sold, assigned, or transferred without the approval of the Secretary. Any sale of any interest in such headright (and any other transfer which divests such person of any right, title, or interest in such headright) shall be subject to the following rights of purchase:

"(1) First right of purchase by the heirs in the first degree of the first Osage Indian to have acquired such headright under an allotment who are living and are Osage Indians, or, if they all be deceased, all heirs in the second through the fourth degree of such first Osage Indian who are living and are Osage Indians.

"(2) Second right of purchase by any other Osage Indian for the benefit of any Osage Indian in his or her individual capacity.

"(3) Third right of purchase by the Osage Tribal Council on behalf of the Osage Tribe of Indians.

No owner of any headright shall be required, by reason of this subsection, to sell such headright for less than its fair market value or to delay any such sale more than 90 days from the date by which notice of intention to sell (or otherwise transfer) such headright has been received by each person with respect to whom a right of purchase has been established under this subsection.".

(g) Section 8(b) of such Act is amended to read as follows: 25 USC 331 note.

"(b) Notwithstanding the paragraph designated 'First' of section 4 of the Osage Tribe Allotment Act or any other provision of law, any income from the Osage mineral estate may be used for the purchase of any headright offered for sale to the Osage Tribal Council pursuant to subsection (a) or vested in the Osage Tribe pursuant to section 7 if, prior to the time that any income from the Osage mineral estate is segregated for distribution to holders of headrights, the Osage Tribal Council requests the Secretary to authorize such use of such funds and the Secretary approves such request.". 34 Stat. 544. *Ante*, p. 3164.

(h) Such Act is amended by adding at the end thereof the following new sections:

"SEC. 10. Except where any provision of this Act explicitly provides otherwise, wherever the term 'Osage Indian' is used in this Act, such term shall be construed so as to include any child who has been adopted by an Osage Indian (pursuant to the decision of any court of competent jurisdiction) and any lineal descendant of such child. Children and youth. 25 USC 331 note.

"SEC. 11. For purposes of this Act— 25 USC 331 note.

"(1) the term 'Osage mineral estate' means any right, title, or interest in any oil, gas, coal, or other mineral held by the United States in trust for the benefit of the Osage Indian Tribe under section 3 of the Osage Tribe Allotment Act;

34 Stat. 543.

"(2) the term 'headright' means any right of any person to share in any royalties, rents, sales, or bonuses arising from the Osage mineral estate;

"(3) the term 'Secretary' means the Secretary of the Interior;

"(4) the term 'person' has the meaning given to such term in section 1 of title 1, United States Code;

"(5) the term 'Osage Tribe Allotment Act' means the Act approved June 28, 1906, and entitled 'An Act For the division of the lands and funds of the Osage Indians in Oklahoma Territory, and for other purposes.' (34 Stat. 539);

"(6) the term 'Osage Indians Act of 1912' means the Act approved April 18, 1912, and entitled 'An Act Supplementary to and amendatory of the Act entitled "An Act for the division of the lands and funds of the Osage Nation of Indians in Oklahoma," approved June twenty-eighth, nineteen hundred and six, and for other purposes.' (37 Stat. 86); and

"(7) the term 'Osage Indians Act of 1925' means the Act approved February 27, 1925, and entitled 'An Act To amend the Act of Congress of March 3, 1921, entitled "An Act to amend section 3 of the Act of Congress of June 28, 1906, entitled 'An Act of Congress for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes.' " ' (43 Stat. 1008).".

AMENDMENTS TO THE OSAGE INDIANS ACT OF 1912

SEC. 3. (a) Section 3 of the Act approved April 18, 1912, and entitled "An Act Supplementary to and amendatory of the Act entitled 'An Act for the division of the lands and funds of the Osage Nation of Indians in Oklahoma,' approved June twenty-eighth, nineteen hundred and six, and for other purposes." (37 Stat. 86) is amended by striking out "That the" and inserting in lieu thereof the following:

92 Stat. 1662.

"SEC. 3. Except as provided in sections 5(d) and 7 of the Act approved October 21, 1978, and entitled 'An Act to amend certain laws relating to the Osage Tribe of Oklahoma, and for other purposes.' (92 Stat. 1660), the".

*Ante*, pp. 3163, 3164.
92 Stat. 1661.

(b) Section 8 of such Act is amended—

(1) in the first sentence—

(A) by striking out "Any" and inserting in lieu thereof the following:

"SEC. 8. Except as provided in sections 5(d) and 7 of the Act approved October 21, 1978, and entitled 'An Act to amend certain laws relating to the Osage Tribe of Oklahoma, and for other purposes.', any",

(B) by striking out "(real, person, and mixed," and inserting in lieu thereof "(real, personal, and mixed,",

(C) by inserting a comma after "removed",

(D) by striking out "will executed" and inserting in lieu thereof "the terms of a will, or the terms of a testamentary trust created by a will, executed", and

(E) by striking out "State of Oklahoma:" and inserting in lieu thereof "State of Oklahoma, except that an Osage

Indian under guardianship or conservatorship shall be exempt from the requirement that the will of such Indian shall be subscribed and acknowledged in the presence of a district judge:";

(2) by striking out the third sentence and inserting in lieu thereof the following new sentence: "Notice of such hearing shall be given at least 10 days before the hearing by publication in a newspaper of general circulation in Osage County, Oklahoma, and by mailing to all known heirs, legatees, and devisees at their last known addresses.";

(3) in the sixth sentence by striking out "of" where it appears after "date";

(4) by inserting after the eighth sentence the following new sentence: "In the case of any action in probate contesting the will of any Osage Indian, the Secretary of the Interior may approve any settlement relating to such action with respect to any property under the jurisdiction of the Secretary.";

(5) in the last sentence by striking out "Such appeals" and inserting in lieu thereof "Any such appeal shall be filed in a court of the United States with jurisdiction over such appeal before the end of the 30-day period beginning on the date of the decision of the Secretary and"; and

(6) by adding at the end thereof the following new sentences: "In the case of any property or interest in property (including any headright) which was held by any Osage Indian decedent at the time of death of such Indian and is subject to any restriction against alienation, or which was held by the United States in trust for the benefit of any Osage Indian decedent, and which is property, or an interest in property, included in a testamentary trust created by a will of such decedent—

"(1) only the Secretary of the Interior may be appointed as, or may serve as, trustee with respect to any share of such trust property relating to a beneficiary of such trust who is an Indian with respect to whom—

"(A) a certificate of competency has never been issued, or

"(B) a certificate of competency has been revoked by the Secretary of the Interior;

"(2) only a bank or trust institution may be appointed as, or may serve as, the trustee with respect to any share of such trust property relating to any beneficiary other than an Indian described in subparagraph (A) or (B) of paragraph (1); and

"(3) the inclusion of such property, or interest in property, in such testamentary trust shall not affect—

"(A) the application, to such property, of any law and rule of law which applies to property of Osage Indians or the Osage Tribe of Indians, including any restrictions against alienation of lands or other property, or

"(B) the tax-exempt status of such property.".

AMENDMENTS TO THE OSAGE INDIANS ACT OF 1925

SEC. 4. Section 7 of the Act approved February 27, 1925, and entitled "An Act to amend the Act of Congress of March 3, 1921, entitled 'An Act to amend section 3 of the Act of Congress of June 28, 1906, entitled "An Act of Congress for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes." ' " (43 Stat. 1008) is amended— 25 USC 331 note.

(1) by striking out "Hereafter" and inserting in lieu thereof the following:

"SEC. 7. Except as provided in sections 5(d) and 7 of the Act approved October 21, 1978, and entitled 'An Act to amend certain laws relating to the Osage Tribe of Oklahoma, and for other purposes.', on or after October 21, 1978,";

*Ante*, pp. 3163, 3164.

(2) by inserting after "inherit" the following: ", in accordance with the laws of the State of Oklahoma relating to intestate succession"; and

Children and youth.

(3) by adding at the end the following new sentence: "No adopted child of any Osage Indian who is not an Osage Indian shall be eligible to inherit, as the collateral heir (within the meaning of the laws of the State of Oklahoma relating to intestate succession) of any Osage Indian decedent, any property or interest in property held in trust by the Secretary of the Interior for the benefit of such decedent.".

AMENDMENTS TO THE ACT PROVIDING FOR THE DISTRIBUTION OF JUDGMENT FUNDS OF THE OSAGE TRIBE OF INDIANS

SEC. 5. Section 1(b) of the Act approved October 27, 1972, and entitled "An Act to provide for the disposition of judgment funds of the Osage Tribe of Indians of Oklahoma." (86 Stat. 1295) is amended—

25 USC 883.

(1) by striking out "or other socioeconomic programs", and

(2) by striking out "programs to be administered" and inserting in lieu thereof "program to be administered".

Approved October 30, 1984.

---

LEGISLATIVE HISTORY—H.R. 6303:

HOUSE REPORT No. 98-1115 (Comm. on Interior and Insular Affairs).
CONGRESSIONAL RECORD, Vol. 130 (1984):
Oct. 2, considered and passed House.
Oct. 9, considered and passed Senate.