# In the United States Court of Federal Claims

No. 99-550 L
(into which has been consolidated No. 00-169 L)
(E-Filed: March 10, 2008)

THE OSAGE TRIBE OF INDIANS OF OKLAHOMA,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

ORDER

Before the court is an envelope - opened by clerical personnel but with the contents remaining in the envelope - addressed to Judge Hewitt. The return address on the letter states, after the name of the person whom the court assumes to be the sender, the words "Osage Member Headright owner." The front of the envelope also contains a message, which reads, in full, "Urgent - prior to your Decision on Osage Case."

The Clerk of the Court shall return the letter to the sender with a copy of this Order. The sender is advised that the court is unable to receive or consider "ex parte communications" from a party to any pending matter. "Ex parte communication" is defined as "[a] generally prohibited communication between counsel and the court when opposing counsel is not present." Black's Law Dictionary 597 (7th ed. 1999). The court understands the ex parte communication rule to apply as well to communications made by the party itself and/or any person on behalf of a party. PPG Indus., Inc. v. BASF Corp., 134 F.R.D. 118, 121 (W.D. Pa. 1990) (holding that ex parte contact is forbidden when the communication is made by a person on behalf of a party); see also Elec. Power Supply Ass'n v. Fed. Energy Regulatory Comm'n, 391 F.3d 1255, 1266 (D.C. Cir. 2004) (holding that a government agency cannot amend its ex parte regulations to allow for communications between approved market monitors and agency decisional staff even when the market monitor is not a party or appearing on behalf of a party).

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge