**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 99-550 L (into which has been consolidated No. 00-169 L)<br>Judge Emily C. Hewitt |

**PLAINTIFF OSAGE NATION'S MOTION TO COMPEL BRADLEY D. BRICKELL TO COMPLY WITH SUBPOENA DUCES TECUM**

Pursuant to Rule 45 of the United States Court of Federal Claims, Plaintiff Osage Nation moves the Court for an order compelling its former attorney of record in this matter, Bradley D. Brickell, to comply with the subpoena duces tecum served on him on May 29, 2008 (attached as Exhibit A).

Mr. Brickell has refused to turn over to the Osage Nation the materials he obtained, received, or generated in connection with his previous representation of the Osage Nation in this matter. These materials are relevant to this action and necessary for the Osage Nation to litigate its claims. The subpoena seeks these documents, under five numbered rubrics (some of which overlap): (1) case files from representation of the Osage Nation in this matter; (2) documents related to oil production, leasing, and sales in Oklahoma or Kansas from 1974 to 1990; (3) documents showing the sales price of oil in Oklahoma or Kansas from 1974 to 1990; (4)

documents related to non-oil mineral leasing in Osage County; and (5) documents related to the United States' management of the mineral resources or funds of the Osage Nation.

The subpoena was served on Mr. Brickell at his office in Oklahoma City, Oklahoma, and specified as the place of production a copying service chosen by the Osage Nation, "Ikon Document Services," also in Oklahoma City. The return date on the subpoena is June 4, 2008. On June 3, 2008, Mr. Brickell delivered his objections to the subpoena, which are attached as Exhibit B.

Mr. Brickell has raised eight numbered objections. Five objections—Objections 1, 3, 5, 7, and 8—lack merit. These are discussed in Parts I through III below. Two of his objections, 4 and 6, have merit, as discussed in Part IV. Part V explains that the remaining objection, number 2, is too vague to sustain.

## ARGUMENT

### I. THE SUBPOENA IS VALID AND ENFORCEABLE.

Mr. Brickell raises two objections with respect to the validity of the subpoena, neither of which has any legal basis. In Objection 1, he argues incorrectly that this Court "has no jurisdiction to issue subpoenas to non-parties in the Western District of Oklahoma. Such a subpoena must be issued out of the local federal district court." The jurisdiction of the Court of Federal Claims has no territorial limits within the United States, and the Western District of Oklahoma is no exception. The specialized jurisdiction of the Court necessitates a grant of nationwide power to compel compliance with its orders. With respect to subpoenas, Congress has specifically provided that this Court has unlimited jurisdiction to issue "subpoenas requiring the production of books, papers, documents or tangible things by any party or witness having custody or control thereof . . . for purposes of discovery or for use of the things produced as

evidence." 28 U.S.C. § 2521(a) (2000) (emphasis added). "[C]ompliance" with the Court's subpoenas "shall be compelled as provided in the rules and orders of the court." *Id.*

The Court's nationwide subpoena power is reflected in its Rule 45, which, unlike most of this Court's rules, differs substantively from its source, Fed. R. Civ. P. 45. As noted in the official commentary to RCFC 45, "RCFC 45 conforms to FRCP 45 to the extent feasible given the court's nationwide jurisdiction." Notably, although Fed. R. Civ. P. 45(a)(2)(C) requires that a subpoena for the production of documents must issue "from the court for the district where the production . . . is to be made," RCFC 45 omits subpart (a)(2) entirely, which is designated as "not used."

Moreover, this Court has nationwide power to *enforce* its subpoenas: it has "power to punish by fine or imprisonment, at its discretion, such contempt of its authority as . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 28 U.S.C. § 2521(b)(3).

Mr. Brickell also objects to the signature on the subpoena. Objection No. 5 is that "[t]he subpoena is not signed by or on behalf of the attorney of record for the Plaintiff." He cites no legal support for this baseless objection. Any attorney admitted to practice before this Court can sign subpoenas on the Court's behalf. As RCFC 45(a)(3) provides: "An attorney as officer of the court, authorized to sign filings under RCFC 83.1, may . . . issue and sign a subpoena on behalf of the court." RCFC 83.1 in turn provides that "[a]ny attorney who is a member of the bar of this court may sign any filing . . . ." The subpoena was validly signed by Merrill Godfrey, a member of the bar of this Court. Thus, the signature complies in every respect with the applicable rules.

Presumably, Mr. Brickell has confused the manner in which "*filings*" must be signed with the manner in which *subpoenas* must be signed. When a *filing* is signed by anyone other than the attorney of record for a party, the *name* that is signed must still be that of the attorney of record. *See* RCFC 83.1 (filings must be signed "in the attorney of record's name"). In that situation, the signer must "add[] the following after the name of the attorney of record: 'by [the signing attorney's full name].'" This ensures that the attorney of record is still subject to RCFC 11 with respect to every filing. *See id.* ("Authorization to sign filings shall not relieve the attorney of record from the provisions of RCFC 11.").

By contrast, subpoenas are not subject to Rule 11 (Rule 45(c)(1) applies instead). Accordingly, RCFC 45 includes no requirement that subpoenas be signed in the name of the attorney of record. And it references RCFC 83.1 only with respect to *who* may sign the subpoena, not *whose name* must be signed: "An attorney as officer of the court, *authorized to sign filings under RCFC 83.1*, may . . . issue and sign a subpoena *on behalf of the court*." Indeed, as this language indicates, a subpoena is not signed on behalf of the attorney of record, but on behalf of the Court itself. *Cf.* Fed. R. Civ. P. 45, Adv. Comm. Note to 1991 Amendment ("Paragraph (a)(3) modifies the requirement that a subpoena be issued by the clerk of court. Provision is made for the issuance of subpoenas by attorneys as officers of the court. . . . Subpoenas were long issued by specific order of the court.").

In sum, the subpoena is valid and enforceable.

## II. MR. BRICKELL HIMSELF HAS NO VALID CLAIM OF PRIVILEGE, VIS-À-VIS THE OSAGE NATION, WITH RESPECT TO DOCUMENTS RELATED TO HIS REPRESENTATION OF THE OSAGE NATION.

Objection No. 3 is that the subpoena seeks documents that are privileged or are work product as to the "Osage Tribe of Shareholders" (a newly coined term of Mr. Brickell's). Objection No. 7 is similar: "[i]f it is eventually determined that the Osage Nation is not one and

the same as the Osage Tribe of Indians formed pursuant to the 1906 Act, then a portion of the documents are protected from the 'Nation' by attorney-client privilege and attorney work product privilege . . . ." These objections conflict with this Court's prior ruling that Mr. Brickell had an attorney-client relationship with the Osage Nation. *See Osage Tribe v. United States*, 81 Fed. Cl. 340, 343-48 (2008). A corollary of that ruling is that any privilege resulting from the attorney-client relationship belongs to the Osage Nation as the former client. Therefore, Objections 3 and 7 must be rejected.

## III. EVEN IF THE DOCUMENTS SOUGHT BY THE SUBPOENA ARE "AVAILABLE FROM OTHER SOURCES," AS MR. BRICKELL CLAIMS, THAT IS NOT A VALID OBJECTION.

In Objection No. 8, Mr. Brickell admits that he has "[m]any documents that might be relevant to this case." He nevertheless refuses to produce them because he believes that they "are available from other sources," such as from the United States and from oil producers. Undoubtedly, in his capacity as the Osage Nation's lawyer, Mr. Brickell obtained relevant documents from persons other than himself. Of course, most documents can be obtained from more than one source. It is not a requirement for a valid subpoena that the *only* copy of a document sought be in the hands of the subpoenaed person.

## IV. MR. BRICKELL'S OBJECTIONS TO BURDEN AND OVERBREADTH CAN BE ALLEVIATED BY ELIMINATING REQUEST NO. 2, WHICH IS HEREBY WITHDRAWN.

Objections 4 and 6 contest the burdensomeness and breadth of the subpoena. More specifically, Objection No. 6 states that "[a]lmost every file in [Mr. Brickell's] office would be responsive to document category No. 2." These objections are well taken with respect to

category No. 2, and the Osage Nation therefore withdraws that particular request. The other four document requests are sufficient to describe the documents sought by the Osage Nation.[1]

## V. MR. BRICKELL'S OBJECTION BASED ON HIS PURPORTED ATTORNEY'S LIEN IS VAGUE.

Objection No. 2 is based on Mr. Brickell's purported "attorney's possessory lien" on some of the subpoenaed materials, for certain unspecified "unpaid fees and costs, including a large amount of unreimbursed copy expenses." Although Mr. Brickell apparently believes the Osage Nation knows what he is referring to, the Osage Nation's current counsel has been unable to determine the details of the purported lien. The Osage Nation is generally aware that Mr. Brickell claims that it owes him money, but the Osage Nation's current counsel has been unable to get Mr. Brickell to provide any details of the claim—not even the amount of the claim. When the Osage Nation's current counsel wrote to Mr. Brickell asking for the documents, Mr. Brickell referred without elaboration to his previous correspondence with a former lawyer for the Osage Nation named Geoffrey Standing Bear. *See* Exhibit C (letter from B. Brickell to W. Pipestem dated Apr. 25, 2008), *responding to* Exhibit D (letter from W. Pipestem to B. Brickell dated Apr. 24, 2008). The Osage Nation's current counsel has unsuccessfully attempted to obtain the referenced correspondence, and subsequently called Mr. Brickell to inquire regarding the details of the lien, but Mr. Brickell did not return the call.

Unless Mr. Brickell states this objection with more particularity and identifies the evidence that he relies on to support his lien claim, neither the Osage Nation nor the Court can

[1] To the extent that Objections 4 and 6 could be read to apply to these other four requests, the objections lack merit. A subpoena that seeks documents generated or obtained in connection with this very litigation is not burdensome or overbroad.

assess the objection's validity. The objection as stated is too vague to be given any consideration or weight.

**CONCLUSION**

The Court should enter an order compelling Mr. Brickell to comply with numbered paragraphs 1, 3, 4, and 5 of the subpoena served on him by the Osage Nation.

DATED: June 5, 2008

Respectfully submitted,

*s/Wilson K. Pipestem*

WILSON K. PIPESTEM
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 419-3526
Fax: (202) 659-4931
wkpipestem@pipestemlaw.com

Attorney for Plaintiff
Osage Nation

**CERTIFICATE OF SERVICE**

I certify that on June 5, 2008, I caused copies of PLAINTIFF OSAGE NATION'S MOTION TO COMPEL BRADLEY D. BRICKELL TO COMPLY WITH SUBPOENA DUCES TECUM with Exhibits A through D to be sent to Bradley D. Brickell, by e-mail to bbrickell@bradbrickell.com, and by first-class mail, postage prepaid, to 400 Hightower Building, 105 North Hudson, Oklahoma City, Oklahoma, 73102.

*s/Wilson K. Pipestem*
WILSON K. PIPESTEM

# EXHIBIT A

# United States Court of Federal Claims

The Osage Tribe of Indians
of Oklahoma

*vs.* *No.* 99-550L

*THE UNITED STATES*

**SUBPOENA**

To: Bradley D. Brickell, Esq.
400 Hightower Building, 105 North Hudson
Oklahoma City, OK 73102

1. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above-captioned case.
   *Place of Testimony*:
   *Date and Time*:
2. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above-captioned case.
   *Place of Deposition*:
   *Date and Time*:
3. YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A.
   *Place*: Wilson Pipestem, Esq. c/o IKON Document Services, 101 N. Robinson, Suite 1130, Oklahoma City, OK 73102
   *Date and Time*: June 4, 2008 by 5:00 pm
4. YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.
   *Premises*:
   *Date and Time*:

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE
Merrill C. Godfrey ATTORNEY FOR PLAINTIFF 28 MAY 2008

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Merrill C. Godfrey, Akin Gump Strauss Hauer & Feld LLP, 1333 New Hampshire Ave.,N.W.,
Washington, DC 20036 Tel: 202-887-4000

NOTE - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the deposition is more than 100 miles from the place where the deponent resides, is employed, or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. §1821)

**PROOF OF SERVICE**

DATE SERVED PLACE

SERVED ON (PRINT NAME) MANNER OF SERVICE

□ Fees tendered for one day's attendance and mileage allowed by law. (Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

**DECLARATION OF SERVICE**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

---

RCFC 45.

**(c) Protection of Persons Subject to Subpoenas.**

**(1)** A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

**(2)(A)** A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

**(B)** Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

**(3)(A)** On timely motion, the court shall quash or modify the subpoena if it

**(i)** fails to allow reasonable time for compliance;

**(ii)** requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place;

**(iii)** requires disclosure of privileged or other protected matter and no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** If a subpoena

**(i)** requires disclosure of a trade secret or other confidential research, development, or commercial information, or

**(ii)** requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

**(iii)** requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

**(1)(A)** A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

**(B)** If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

**(C)** A person responding to a subpoena need not produce the same electronically stored information in more than one form.

**(D)** A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)(A)** When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**(B)** If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court

from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT A**
**DOCUMENTS TO BE PRODUCED**

## DEFINITIONS

As used here, the term "document" has its usual meaning and also includes, but is not limited to, all correspondence, all pleadings, all contracts, all drafts, all discovery requests and responses (including subpoenas and responses thereto), all privileged information, all work product, all information created or stored electronically, all video recordings, all audio recordings, all transcripts, and all other materials within the meaning of the word "document" as used in Federal Rule of Civil Procedure 34(a).

As used here, the term "you" and related pronouns refer to you personally, any of your agents, any of your partners, any legal or natural persons or entities in your employ, and any legal or natural persons or entities under your control through contract or otherwise.

## DOCUMENT CATEGORIES

1. All documents you created or received or otherwise have in your possession, custody, or control in connection with or as a result of your previous representation of the Osage Tribe of Indians of Oklahoma or Osage Nation related to the captioned action or any related or similar action.

2. All documents related to oil leases, oil leasing, oil production, or sales of oil, if such documents relate in any way to oil produced in Oklahoma or Kansas in the years 1974 to 1990. This includes but is not limited to leases, sales contracts, division orders, price postings, offers of sale, reports, and any similar documents.

3. All documents setting, reflecting, or relevant to the price or sum or value paid for oil produced in Oklahoma or Kansas in the years 1974 to 1990.

4. All documents related to any other mineral leases, mineral leasing, mineral production, or sales of minerals from the subsurface estate in Osage County, Oklahoma.

5. All documents related to the United States' management of the mineral resources or funds of the Osage Nation or Osage Tribe of Indians of Oklahoma.

# EXHIBIT B

**BRICKELL & ASSOCIATES**
Attorneys and Counselors at Law
400 Hightower Building
105 N. Hudson
Oklahoma City, Oklahoma 73102
Tel. (405) 236-0008
Fax. (405) 236-0013

Bradley D. Brickell Christine R. Fritze

FAX COVER SHEET

TO: **Merrill C. Godfrey**

FAX NO.: 202-887-4288

FROM: Brad Brickell

DATE: June 3, 2008

RE: Osage Tribe v. The United States, Case No. 99-550L
Objections to 5/28/2008 Subpoena

NO. PAGES (INCLUDING COVER): __3__

ORIGINAL TO FOLLOW BY MAIL: Yes____ No x

MESSAGE:

**Please see attached.**

**ATTENTION**

The information contained in this facsimile is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be a privileged communication, and as such is confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering this facsimile to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, or copying of this message is prohibited. If you have received this message in error, please notify us immediately by telephone and return the original message to us by mail at our expense. Thank you.

**BRICKELL & ASSOCIATES, P.C.**
400 HIGHTOWER BUILDING
105 NORTH HUDSON
OKLAHOMA CITY, OK 73102
(405) 236-0008
TELEFAX: (405) 236-0013

BRADLEY D. BRICKELL
bbrickell@bradbrickell.com

CHRISTINE R. FRITZE
crfritze@bradbrickell.com

STACEY R. SMITH
stacey@bradbrickell.com

June 3, 2008

*via facsimile*
(202) 887-4288

Merrill C. Godfrey
Akin Gump Strauss
Hauer & Field LLP,
133 New Hampshire Ave., NW
Washington, D.C. 20036

Re: *Osage Tribe v. The United States*,
Case no. 99-550L

**OBJECTIONS TO 5/28/2008 SUBPOENA**

Dear Mr. Godfrey:

I received a copy of a subpoena which requested that I produce a voluminous amount of records including some from the caption case in which I previously represented the Osage Tribe of Indians. The subject subpoena covers material from many other cases, almost all my other client files relating to oil and gas issues. The following consists of my objections to your subpoena. There may be additional objections not yet on this list. I will raise them with you as soon as possible.

Objection No. 1: The Federal Claims Court has no jurisdiction to issue subpoenas to non-parties in the Western District of Oklahoma. Such a subpoena must be issued out of the local federal district court.

Objection No. 2: The Osage Nation has recently taken the position that they are one and the same as the Osage Tribe of Shareholders that I represented in the time frame from 1999-early 2003. As you are aware, I have an attorney's possessory lien on this part of the subpoenaed material through the unpaid fees and costs, including a large amount of unreimbursed copy expenses, for some of the very documents you have subpoenaed. A client or former client cannot use a subpoena to defeat an attorney's possessory lien without payment of fees and expenses due.

Objection No. 3: A portion of the documents may consist of attorney work product or attorney client privileged information for my former client, the Osage Tribe of Shareholders. By seeking them through your discovery subpoena you are openly disclosing those to the Defendant in the caption case and waiving any privilege claim.

Objection No. 4: Your request is overly broad, burdensome and does not provide sufficient enough time to respond, nor is the amount of time, resources and expenses allotted to create a multi-thousand page "privilege log" covering the vast amount of documents you have requested, including those files for the Osage Tribe and hundreds of other clients.

Objection No. 5: The subpoena is not signed by or on behalf of the attorney of record for the Plaintiff.

Objection No. 6: Almost every file in the undersigned attorney's office would be responsive to document category No. 2. One case alone has documents "related to oil leases" in Oklahoma or Kansas from 1974 to 1990, which, if reduced to only paper, would fill 500 pickup trucks (over 50 gigabytes). All of the documents subpoenaed, almost without any exception, are subject to various protection orders and confidentiality agreements entered by various Courts and Judges over the past 20 years.

Objection No. 7: If it is eventually determined that the Osage Nation is not one and the same as the Osage Tribe of Indians formed pursuant to the 1906 Act, then a portion of the documents are protected from the "Nation" by attorney client privilege and attorney work product privilege, especially since the Osage Nation has indicated it is adversarial to all Osage shareholders/headright owners. Again no time or expense has been allotted to create the enormous "privilege log" necessary to cover the requested documents.

Objection No.8: Many documents that might be relevant to the subject case are available from other sources, such as the United States government records and records of accounting performed on behalf of the United States government agencies. Also the Osage Tribe (now Nation?) has the ability, through its leases (and the superintendents office), to request records from various companies involved in the production of oil and gas within Osage County pursuant to 25 CFR Sec. 226.13 & Sec. 226.30.

Yours truly,

Bradley D. Brickell

BDB/cd

# EXHIBIT C

**BRICKELL & ASSOCIATES**
ATTORNEYS AND COUNSELORS AT LAW
HIGHTOWER BUILDING, SUITE 400
105 N. HUDSON
OKLAHOMA CITY, OKLAHOMA 73102
TEL. (405) 236-0008
FAX. (405) 236-0013

BRADLEY D. BRICKELL
BBRICKELL@BRADBRICKELL.COM

CHRISTINE R. FRITZE
CRFRITZE@BRADBRICKELL.COM

STACEY SMITH
STACEY@BRADBRICKELL.COM

April 25, 2008

via electronic mail
wkpipestem@pipestemlaw.com

Wilson K. Pipestem, Esq.
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036

Re: *Osage v. The United States*

Dear Mr. Pipestem:

In reference to your letter dated April 24, 2008, please contact Geoffrey Standing Bear, attorney for the Osage Tribe concerning prior agreements and correspondence concerning files in the caption matter.

Yours truly,

Bradley D. Brickell

BDB/cd

# EXHIBIT D

PIPESTEM LAW FIRM, P.C.
ROBERT S. STRAUSS BUILDING
1333 NEW HAMPSHIRE AVENUE, N.W.
WASHINGTON, D.C. 20036
TELEPHONE (202) 419-3526
FACSIMILE (202) 659-4931
WKPIPESTEM@PIPESTEMLAW.COM

April 24, 2008

**VIA OVERNIGHT MAIL**

Bradley D. Brickell, Esq.
Brickell & Associates, P.C.
400 Hightower Building
105 North Hudson
Oklahoma City, OK 73102

**Re: Osage Nation documents**

Dear Mr. Brickell:

On behalf of the Osage Nation, I am demanding that you deliver to the Osage Nation all documents, copies of all documents, and any other materials you created or acquired in connection with your previous representation of the Osage Nation. Please contact me in the next seven days to arrange for delivery of these materials to my office. They should be delivered no later than May 8, 2008.

The Osage Nation urgently needs these materials for its continuing litigation against the United States in the same matters in which you previously represented the Nation. Moreover, in light of your continuing duties of confidentiality and loyalty to the Osage Nation as your former client, the Osage Nation requires that while you remain in possession of the materials you not provide or disclose them to anyone else.

Sincerely,

Wilson K. Pipestem

cc: Osage Minerals Council
Principal Chief Jim Gray
Speaker Archie Mason