# REGULATIONS TO GOVERN THE LEASING OF LANDS IN THE OSAGE RESERVATION, OKLA., FOR OIL AND GAS MINING PURPOSES.

*Approved, March 7, 1923*

---

Section 3 of the Act of Congress approved June 28, 1906 (34 Stat. L., 539-543), provides:

That the oil, gas, coal, or other minerals covered by the lands for the selection and division of which provision is herein made are hereby reserved to the Osage Tribe for a period of twenty-five years from and after the eighth day of April, nineteen hundred and six; and leases for all oil, gas, and other minerals, covered by selection and division of land herein provided for, may be made by the Osage Tribe of Indians through its tribal council, and with the approval of the Secretary of the Interior, and under such rules and regulations as he may prescribe; Provided, That the royalties to be paid to the Osage Tribe under any mineral lease so made shall be determined by the President of the United States; And provided further, That no mining of or prospecting for any of said mineral or minerals shall be permitted on the homestead selections herein provided for without the written consent of the Secretary of the Interior: Provided, however, That nothing herein contained shall be construed as affecting any valid existing lease or contract.

Sections 1 and 2 of the act approved March 3, 1921 (41 Stat. L., 1249), provide:

That all that part of the Act of June 28, 1906 (Thirty-fourth Statutes at Large, page 539), entitled "An Act for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes," which reserves to the Osage Tribe the oil, gas, coal, or other minerals covered by the lands for the selection and division of which provision is made in that Act is hereby amended so that the oil, gas, coal, or other minerals covered by said lands are reserved to the Osage Tribe for the period ending April 7, 1946: Provided, That all valid existing oil and gas leases on the 7th day of April, 1931, are hereby renewed upon the same terms and extended, subject to all other conditions and provisions thereof, until the 8th day of April, 1946, and as long thereafter as oil or gas is found in paying quantities, and the Secretary of the Interior and the Osage Council are hereby authorized and directed to offer for lease for oil and gas purposes all of the remaining portion of the unleased Osage land prior to April 8, 1931, offering the same annually at the rate of not less than one-tenth of the unleased area.

Sec. 2. That the bona fide owner or lessee of the surface of the land shall be compensated, under rules and regulations prescribed by the Secretary of the Interior in connection with oil and gas mining operations, for any damage that shall accrue after the passage of this Act as a result of the use of such land for oil and gas mining purposes or out of damages to the land or crops thereon occasioned thereby, but nothing herein contained shall be construed to deny to the surface owner or lessee the right to appeal to the courts without the consent of the Secretary of the Interior, in the event he is dissatisfied with the amount of damages awarded him.

To carry these provisions of law into effect, the follow' the settle- and regulations are prescribed to govern the leasing of face owner is for oil and gas mining: ie and payable

## DEFINITIONS.

The following expressions wherever used in the lease and regulations shall have the meaning now designated, viz:

SUPERINTENDENT: The Superintendent of the Osage Agency, Pawhuska, Okla., in charge of the Osage Agency and Reservation, or any other person who may be in charge of such agency and reservation, and it shall be his duty to enforce compliance with these regulations.

INSPECTOR: Any person appointed as inspector of oil and gas wells, or who may be designated by the Secretary of the Interior or the Commissioner of Indian Affairs to supervise oil or gas operations on Osage lands under the direction of the superintendent.

OIL LESSEE: Any person, firm, or corporation to whom an oil mining lease is made under these regulations.

GAS LESSEE: Any person, firm, or corporation to whom a gas lease is made under these regulations.

**(Form B)**

OIL MINING LEASE
OSAGE RESERVATION, OKLAHOMA.

This lease, made and entered into in triplicate, on this........day of ................................., A. D., 19........, by and between the Osage Tribe of Indians in Oklahoma by.........................................., Principal Chief, under authority of the Resolution of the Osage Tribal Council dated June 17, 1915, party of the first part, designated as lessor, and................................of................................., party of the second part, designated as lessee, under and in pursuance of section 3, of the Act approved June 28, 1906. (34 Stat. L., 539-543), and the Act approved March 3, 1921 (41 Stat. 1249). Witnesseth:

1. The lessor, in consideration of one dollar, the receipt whereof is acknowledged, and of the royalties, covenants, stipulations, and conditions herein contained, and hereby agreed to be paid, observed, and performed by the lessee, does hereby demise, grant, lease, and let unto the lessee, for five years from the date of approval hereof, and as long thereafter as oil is found in paying quantities, all the oil deposits in or under lands described as follows: to-wit:—

Tr.........................................Sec.................T.........................N., R.................E., of the Indian Meridian, and containing................acres, more or less, with the exclusive right to extract, pipe, store, and remove oil. The Act of Congress approved March 3, 1921 (41 Stat. 1249) provides in part as follows:

"That all that part of the Act of June 28, 1906 (34 Stat. L. 539), entitled An Act for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes, which reserves to the Osage Tribe the oil, gas, coal, or other minerals covered by the lands for the selection and division of which provision is made in that Act is hereby amended so that the oil, gas, coal, or other minerals covered by said lands are reserved to the Osage Tribe for the period ending April 7, 1946; Provided, That all valid existing oil and gas leases on the 7th day of April, 1931, are hereby renewed upon the same terms and extended, subject to all other conditions and provisions thereof, until the 8th day of April, 1946, and as long thereafter as oil or gas is found in paying quantities."

2. The lessee agrees to pay or cause to be paid to the Superintendent of the Osage Indian Agency, at Pawhuska, Oklahoma, for the lessor as royalty, the sum of 16 2-3 per cent of the gross proceeds from sales after deducting the oil used for fuel in operating the lease, unless the Osage [illegible]uncil, with the approval of the Secretary of the Interior, shall elect [illegible] royalty in oil; payment to be made at time of sale or removal [illegible]xcept where payments are made on division orders, and settle- [illegible] based on the actual selling price, but at not less than the [illegible] market price in the Mid-Continent oil field on the day of

sale or removal: Provided, That when the quantity of oil taken from all the producing wells on any quarter-section according to the public survey, or fractional part of a quarter-section if the land covered by this lease does not include the full quarter-section, during any calender month, is sufficient to average one hundred or more barrels per well per day, the royalty on such oil shall be 20 per cent.

Should the lessor, with the approval of the Secretary of the Interior, elect to take the royalty in oil, the lessee shall furnish free storage for the royalty oil for not exceeding 30 days.

Any of the Executive Departments of the United States Government shall have the option to purchase at the highest posted market price on the day of sale all or any part of the oil produced under this lease.

3. Lessees shall drill at least one well to the Mississippi lime, unless oil or gas is found in commercial quantities at a lesser depth, on the land embraced in this lease within twelve months from date of approval of lease, unless it shall be demonstrated that casing or other well equipment cannot be obtained, in which event the Secretary of the Interior in his discretion may extend the time on payment of an annual rental of one dollar per acre for each year's delay from date of approval of lease; PROVIDED, That the time within which a well shall be drilled or rental paid in lieu of drilling shall not begin to run on any restricted homestead selection until the consent of the Secretary of the Interior to drilling on such homestead shall have been given. Should the lessee elect to surrender this lease before the end of any such yearly period without drilling a well thereon, he shall pay the rental of one dollar per acre for the fractional part of a year the land is held and a well is not drilled, and failure of the lessee to pay such rental within twenty-five days from the expiration of any yearly period during which such well is not drilled shall be cause for cancellation of this lease by the Secretary of the Interior, but such cancellation shall not release the lessee and his sureties from the obligation to pay such rental; Provided, further, That whenever the Secretary of the Interior shall consider the marketing facilities inadequate to take care of the production he may direct the suspension of drilling operations on this lease.

4. Lessee shall have the right to use so much of the surface of the land and such water on the premises as may be necessary for operations, including the right to lay and maintain pipe lines, telephone and telegraph lines, pull rods, and other appliances necessary for the operation of the wells; also the right of ingress and egress and the rights of way to any point of operations under condition of least injury and inconvenience to the owner and occupant of the surface. Before commencing operations the lessee shall pay to the surface owner the sum of one hundred dollars for each well located on cultivated land or land suitable for cultivation and thirty-five dollars for each location on land not susceptible to cultivation. Upon payment of such location-site money lessee shall be entitled to possession. Location sites shall not exceed one and one-half acres in area. Lessee shall also pay ten dollars for each site outside of the well location used for oil tank of not exceeding 1,600 barrels capacity, allowing 50 feet square for each tank-site. The sum to be paid for an oil tanksite of larger capacity and occupying a greater area shall be as agreed upon between the surface owner and the lessee, and on failure to agree the same shall be fixed by arbitration.

During operations the lessee shall pay all damages for the use of the surface, other than that included in the location and tanksites, all damages to any growing crops or any improvements on the lands and all other damages as may be occasioned by reason of operations. Such damages shall be apportioned among the parties interested in the surface, whether as owner, lessee, or otherwise, as the parties may mutually agree or as their interests may appear. If the parties are unable to agree concerning damages, the same shall be determined by arbitration, but nothing herein contained shall be construed to deny to the surface owner or lessee the right to appeal to the courts without the consent of the Secretary of the Interior, in the event he is dissatisfied with the amount of damages awarded him.

All agreements (or authenticated copies thereof) providing for the settlement of damages shall be filed in the Osage Agency, if the surface owner is a restricted Indian, and all such amounts which may be due and payable

to any such Indian shall be paid to the Superintendent and by him immediately remitted to the Indian entitled thereto. All sums due as royalty or damages shall be a lien on all equipment and unsold oil on leased premises.

5. The lessee shall carry on operations in a workmanlike manner, commit no waste and suffer none to be committed upon the land, nor permit any nuisance to be maintained on the premises under his control, nor allow any intoxicating liquors to be introduced, brought upon, sold, or given away for any purposes on such premises: also keep an accurate account of all operations, receipts, and disbursements, furnishing sworn reports of such when and as required by the regulations or by an authorized representative of the Secretary of the Interior.

All buildings and permanent improvements, including casings of all producing wells drilled three years or more prior to the expiration of the lease, shall remain a part of said land and become the property of the surface owner at expiration of the lease, excepting tools, tanks, boiler houses, pipelines, pumping and drilling outfits, derricks, engines, machinery, and the casings of all dry or nonpaying wells. The casings of wells drilled less than three years prior to and producing oil on the expiration of the lease remain the property of the oil lessee: Provided, That such casings shall not be removed from the wells but shall be purchased from the lessee by the owner of the oil rights at such price as may be mutually agreed upon, and on failure to agree the price shall be fixed by arbitration.

6. The lessee accepts this lease with the understanding that the lands covered thereby may be leased to some other party who shall have the exclusive right to all gas except as herein provided.

7. If the oil lessee shall drill a gas well he shall, without removing from the well any of the casing or other equipment, immediately shut the well in and notify the gas lessee and the Superintendent. In the event the gas lessee does not within thirty days after receiving notice elect to take over such well and reimburse the oil lessee the cost of drilling the same, including all damages paid, in addition to the cost in place of casing, tubing, and other equipment, the oil lessee shall immediately confine the gas to the original stratum, and the disposition of such well shall be subject to the approval of the Superintendent.

8. If the gas lessee shall drill an oil well upon the lands described herein, he shall immediately, without removing from the well any of the casing or other equipment, notify the oil lessee and the Superintendent. In the event the oil lessee does not within thirty days after receipt of notice elect to take over such well he shall immediately so notify the gas lessee, and the disposition of such well shall be subject to the approval of the Superintendent. Should the oil lessee elect to take over the well, he shall pay the gas lessee the cost of drilling the same, including all damages paid in addition to the cost in place of casing and other equipment.

9. If the oil lessee shall drill a well which produces both oil and gas in commercial quantities from the same sand he shall immediately notify the gas lessee and together they shall arrange for the separation and utilization of the oil and gas, and the cost pertaining to said well.

10. Whenever oil and gas are found in separate sands, and the oil lessee desires to drill through the gas sand for the oil, he may do so provided the method of protecting the gas sand shall be approved by the Inspector.

11. If at any time any oil or gas well becomes unprofitable and the oil or gas lessee desires to deepen the same, such action as may be mutually agreed upon may be taken not in conflict with the regulations. Upon failure to agree the disposition of such well shall be subject to the approval of the Superintendent.

12. All casing-head gas shall belong to the oil lessee and when used for the manufacture of gasoline shall be metered and be subject to a royalty of 16 2-3 per cent based on the market value of the gasoline contents, and all such gas not utilized by the oil lessee on his leased premises or for operating other adjoining leases within the Osage Reservation, shall belong to the gas lessee, subject to the prescribed royalty of 16 2-3 per cent.

13. The gas lessee shall furnish the oil lessee, free of royalty, sufficient gas for drilling and operating purposes at a rate to be agreed upon, or on failure to agree the rate shall be fixed by arbitration: Provided, That the

oil lessee shall make necessary connections between the well and the meter whenever possible.

14. The oil lessee may at any time, by paying to the Superintendent all amounts then due, including rentals in lieu of development as provided in paragraph numbered three hereof, and the further sum of one dollar, surrender all or any quarter-section or fractional part of quarter section where the lease does not cover the full quarter-section, and have the lease cancelled as to the lands surrendered and be relieved from all further obligations and liabilities thereunder as to the part surrendered: Provided, That if this lease has been recorded lessee shall execute a release and record the same in the proper office.

15. All amounts due and payable under this lease shall be paid to the Superintendent in St. Louis or Kansas City exchange, except that where such exchange can not be procured, post office or express money orders will be accepted.

16. This lease is subject to the regulations now or hereafter prescribed by the Secretary of the Interior, relative to such leases, all of which are made a part of this lease: Provided, That no regulations made after the approval of this lease shall operate to affect the term of lease, rate of royalty, rental or acreage, unless agreed to by both parties.

17. Violation of any of the terms or conditions of this lease or of the regulations pertaining thereto, shall subject the lease to cancellation by the Secretary of the Interior, or the lessee to a fine of not exceeding five hundred dollars per day for each and every day the terms of the lease or of the regulations are violated, or the orders of the Superintendent in reference thereto are not complied with, or to both such fine and cancellation in the discretion of the Secretary of the Interior: Provided, That the lessee shall be entitled to notice and hearing with respect to the terms of the lease or of the regulations violated, which hearing shall be held by the Superintendent whose findings shall be conclusive unless an appeal be taken to the Secretary of the Interior within 30 days after notice of the Superintendent's decision, and the decision of the Secretary of the Interior upon appeal shall be conclusive.

18. Before this lease shall be in force and effect the lessee shall furnish a bond with responsible surety to the satisfaction of the Secretary of the Interior, conditioned for the performance of this lease, which bond shall be deposited and remain on file in the Indian Office.

19. Assignment of this lease or any interest therein may be made with the approval of the Secretary of the Interior and not otherwise.

20. Each and every clause and covenant of this indenture shall extend to the heirs, executors, administrators, successors, and lawful assigns of the parties hereto.

In witness whereof, the said parties have hereunto subscribed their names and affixed their seals on the day and year first above mentioned.

Two witnesses to execution by lessor:

............................................ ............................................(SEAL)

Post Office, Pawhuska, Oklahoma. Principal Chief.

............................................ Attest............................................

Post Office, Pawhuska, Oklahoma. Secretary.

Two witnesses to execution by lessee:

............................................

Post Office............................................ ............................................(SEAL)

............................................

Post Office............................................ Attest............................................

## ACKNOWLEDGMENT OF PRINCIPAL CHIEF.

STATE OF OKLAHOMA, COUNTY OF OSAGE, ss:

Before me, a Notary Public, on this........day of.............................. 19........, personally appeared.............................., to me known to be the.............................. Principal Chief of the Osage Tribe, and the identical person who executed the within and foregoing lease, and acknowledged to me that he executed the same as his voluntary act and deed on behalf of the Osage Tribe and in accordance with the authority given him by the Osage Tribal Council.

..............................................................
Notary Public.

---

## ACKNOWLEDGMENT OF INDIVIDUAL.

STATE OF.............................................., COUNTY OF.................................., ss:

Before me, a Notary Public, in and for said County and State, on this........ day of.............................., 19........, personally appeared.............................., to me known to be the identical person........................who executed the within and foregoing lease, and acknowledged to me that..............................executed the same as........................free and voluntary act and deed for the uses and purposes therein set forth.

..............................................................
Notary Public.

My commission expires....................................................

---

## ACKNOWLEDGMENT OF CORPORATION.

STATE OF:.............................................., COUNTY OF.................................., ss:

On this........day of..............................A. D., 19........before me, a........................ within and for the State and County aforesaid, personally appeared........................ and........................, to me personally known, who being by me duly sworn, did each say that..................................................is the president and........................ ........................is the..................................................secretary of.............................., a corporation, and that the seal affixed to the foregoing and annexed instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its board of directors; and said........................and........................duly acknowledged that they each had in their said official capacities executed the foregoing instrument as the act and deed of the said company for the consideration and purposes therein mentioned and set forth.

Witness my hand and official seal this........day of.............................., 19........

..............................................................

..............................................................

My commission expires....................................................

DEPARTMENT OF THE INTERIOR,
UNITED STATES INDIAN SERVICE.

Osage Agency, Pawhuska, Okla.,..............................

The within lease is forwarded to the Commissioner of Indian Affairs with recommendation that it be....................................................

See my report of even date.

..............................................................
Superintendent.

OFFICE OF INDIAN AFFAIRS.

Washington, D. C., ........................, 19......

Respectfully submitted to the Secretary of the Interior with recommendation that it be..................................................

..................................................
Commissioner.

Washington, D. C., ........................, 19......

The within lease is..................................................

..................................................
Secretary of the Interior.

DESCRIPTION OF BOND

Surety ..................................................
Agent .................................. Address ..................................
Date .................................. Amount $..................................

1. Prospective lessees shall file an application for approval of lease (Form A), giving the information called for therein and execute same before an officer qualified to take oath.

**(FORM A)**

APPLICATION FOR APPROVAL OF..............................LEASE,
Osage Reservation

TO THE SECRETARY OF THE INTERIOR:

..................................................

designated as the applicant, hereby applies to have approved the accompanying lease embracing..............................acres of Osage lands, and agrees that this application shall be considered a part of the lease so described.

The applicant solemnly swears that the lease, for which approval is requested, is taken in good faith and in the interest and for the exclusive benefit of the applicant, and not for speculation or transfer, or as agent for, or in the interest or for the benefit of, any other person, corporation or association; that no other person, corporation, or association has any interest, present or prospective, directly or indirectly, therein, and that there is no understanding or agreement, express or implied, by which the land leased or any interest in or under the lease by working or drilling contract or otherwise, is to be used, sublet, assigned or transferred without the consent of the Secretary of the Interior first obtained, but that it is taken for the purpose of operation and development under the direction, supervision and control of the applicant, except as herein stated.

In addition to the leases in the name of the applicant for which approval is requested, the affiant solemnly swears that the applicant is not interested, either directly or indirectly, in..............................mining leases of lands in the Osage Reservation, except with the following-named persons, corporations, or associations, and that the aggregate of all those interests, together with the leases held by the applicant alone is not more than................acres:

| Name of Person, Corporation or Association With Whom Applicant is Interested | Post-Office Address |
|---|---|
| .................................................. | .................................. |
| .................................................. | .................................. |

The applicant hereby states that his general business experience for the past five years has been as follows:

..................................................

The applicant's financial condition at this time is:..................................

It is further stated that the applicant's resources are as follows:

..................................................

and that he has available at least $..............................for the development of land covered by said lease.

Where the applicant is a corporation, it hereby shows that at this time it has $..............................paid up capital and $..............in its treasury available for oil and gas operations. 1.

It is hereby agreed that on the issue, transfer or cancellation of stock of corporations, or changes in officers, prompt reports will be made thereof as required by the regulations.

The books and accounts of the applicant, covering the business to be carried on under this lease, if approved, will be kept at.............................. in the custody of..........................................

REFERENCES: 2.

...................................................................... P. O...................................................

...................................................................... P. O...................................................

Executed this..............day of......................, 19......, at..............................

..............................................................................

..............................................................................

Before me, a notary public in and for the County of.................................... State of......................................, personally appeared.................................... who, being first duly sworn according to law, depose and say that the foregoing application was signed by proper authority and in good faith for the purpose therein stated, and that the statements made therein are true as ...............verily believe.

(L. S.) ..............................................................

Notary Public.

My commission expires...........................................

---

1. Corporations shall furnish with their first application the additional financial showing required by the regulations.
2. Bank references are preferred.

2. Oil lessees shall furnish with each oil lease, to be filed at the time the lease is presented, a bond upon Form D, with two or more sureties, or with a surety company duly authorized to execute bonds. Such bonds shall be in the sum of $1,000 for each quarter-section or fractional quarter-section unit covered by the lease: Provided, however, That the lessee shall be allowed to file one bond, Form G, covering all leases to which he or they are or may become parties instead of a separate bond in each case, such bond to be in the penal sum of $15,000.

Gas lessees are required to furnish with each gas lease a bond of the same character in the sum of $5,000 when the gas lease covers 25,000 acres or less, and such additional amount for larger areas as may be required by the Secretary of the Interior.

The right is specifically reserved to increase the amount of any such bond above the sum named, in any particular case where the Secretary of the Interior deems it proper to do so.

**(FORM D)**

(To accompany Mining leases of Osage lands.)

BOND.

KNOW ALL MEN BY THESE PRESENTS: That...................of...................., ...................., as principal..........., and.........................................................of ...................., ..............................as surety..............., are held and firmly bound unto the United States of America in the sum of..............................Dollars, lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, and each of us, our heirs, successors, executors, administrators or assigns, jointly and severally, firmly by these presents.

Sealed with our seals, and dated this.......day of..............., 19........

The condition of this obligation is such that whereas the above bounden ...........................as principal........, entered into........certain indenture of lease, dated..............................with the Osage Tribe of Indians for the lease of a

tract of land described as follows:

--------------------------------------------------------------------------------

and located in Osage County, Oklahoma, for................purposes for the period of.........years from the date of approval hereof, and as long thereafter as oil is found in paying quantities, provided that the term of this lease shall not extend beyond the date the title to the minerals remains in the Osage Tribe

--------------------------------------------------------------------------------

Now, if the above-bounden........................................................................

--------------------------------------------------------------------------------

shall faithfully carry out and observe all the obligations assumed in said indenture of lease by........................................................................ and shall observe all the laws of the United States, and regulations made, or which shall be made thereunder, for the government of trade and intercourse with Indian tribes, and all the rules and regulations that have been, or may be, lawfully prescribed by the Secretary of the Interior relative to leases executed by the Osage Tribe in Oklahoma, then this obligation shall be null and void; otherwise to remain in full force and effect.

Signed and sealed in the presence of

WITNESSES: 1

..........................................................)
P. O.............................................)
) as to.......................................(Seal)
..........................................................)
P. O.............................................)

..........................................................)
P. O.............................................)
) as to.......................................(Seal)
..........................................................)
P. O.............................................)

1. Two witnesses to all signatures.

--------------------------------------------------------------------------------

DEPARTMENT OF THE INTERIOR.

Approved: Washington, D. C.,..............................., 19.........

..........................................................................

Assistant Secretary.

**Form G**

OSAGE MINING LEASES
BOND

KNOW ALL MEN BY THESE PRESENTS, That........................................ of ........................................................................ as principal........, and........................................................................ of ............................................................, as suret...................... are held and firmly bound unto the United States of America in the sum of fifteen thousand ($15,000) dollars, lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves and each of us, our heirs, successors, executors, administrators, or assigns, jointly and severally, firmly by these presents.

Sealed with our seals, and dated this....................day of........................19........

The condition of this obligation is such that whereas the above bounden ..........................................................as principal........ha........heretofore or may hereafter enter into oil mining leases with the Osage Tribe in Oklahoma, of various dates and periods of duration, covering the lands described in such leases, which leases have been or may hereafter be approved by the Secretary of the Interior, and the identification of which herein is expressly waived by both principal and suret................hereto.

Now, if the above-bounden........................................................................

--------------------------------------------------------------------------------

shall faithfully carry out and observe all the obligations assumed in said indenture of lease to which..............................is now or may hereafter become a party, and shall observe all the laws of the United States and regulations made or which shall be made thereunder for the government of trade and

intercourse with Indian Tribes, and all regulations that have been or shall hereafter be lawfully prescribed by the Secretary of the Interior relative to oil and gas mining leases excuted by the Osage Tribe of Indians and the development thereof, and shall in all particulars comply with the provision of said leases and such regulations, then this obligation shall be null and void; otherwise to remain in full force and effect.

Signed and sealed in the presence of—

WITNESS: 1

.................................................. )
P. O.......................................... ) as to.................................(Seal)
.................................................. )
P. O.......................................... )
.................................................. )
P. O.......................................... ) as to.................................(Seal)
.................................................. )
P. O.......................................... )
.................................................. )
P. O.......................................... ) as to.................................(Seal)
.................................................. )
P. O.......................................... )
.................................................. )
P. O.......................................... ) as to.................................(Seal)
.................................................. )
P. O.......................................... )

DEPARTMENT OF THE INTERIOR,
APPROVED. Washington, D. C.,.............................19........

..................................................
Assistant Secretary of the Interior.

**Form F**

OSAGE MINING LEASES
(Must be executed in triplicate)
ASSIGNMENT OF..........................................LEASE

---

WHEREAS, The Secretary of the Interior has heretofore approved.................... mining lease, dated................................, 19........, entered into by and between ..........................................................................................lessee, and the Osage tribe of Indians, lessor, covering the following described land in the Osage Reservation, State of Oklahoma:

..........................................................................................
..........................................................................................
..........................................................................................

Now, therefore, for and in consideration of ($.............................) dollars, the receipt of which is hereby acknowledged, the said..........................................

..........the lessee in the above described lease, hereby bargains, sells, transfers, assigns and conveys.......... ..........right, title and interest of the lessee in and to said lease, subject to the approval of the Secretary of the Interior, to..........

..........

..........

In Witness whereof the said lessee has hereunto set..........hand and seal this..........day of.........., 19.........

..........

..........

..........

## ACKNOWLEDGMENT OF INDIVIDUAL.

STATE OF.........., COUNTY OF.........., ss.

Be it remembered that on this day came before me, the undersigned.......... ..........within and for the State and County aforesaid, duly commissioned and acting as such.........., to me personally well known, and stated that..........executed the foregoing and annexed instrument for the consideration and purposes therein mentioned and set forth; and I do hereby so certify.

Witness my hand and seal on this..........day of.........., 19.........

..........

..........

My commission expires..........

## ACKNOWLEDGMENT OF CORPORATION.

STATE OF.........., COUNTY OF.........., ss.

On this..........day of.........., A. D.........., before me, a..........within and for the State and County aforesaid, personally appeared..........and.......... ..........to me personally known who, being by me duly sworn, did each say that..........is the ..........president and..........is the secretary of.......... .......... a corporation, and that the seal affixed to the foregoing and annexed instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its board of directors; and said.......... and..........duly acknowledged that they each had in their said official capacities executed the foregoing instrument as the act and deed of the said company for the consideration and purposes therein mentioned and set forth. I do hereby so certify.

Witness my hand and seal on this..........day of.........., 19.........

..........

..........

My commission expires..........

## ACCEPTANCE BY ASSIGNEE.

The assignee in the above and foregoing assignment, made subject to the approval of the Secretary of the Interior, hereby accepts such assignment and agrees to fulfill all the obligations, conditions, and stipulations in said described indenture of lease, when assigned, and the rules and regulatons of the Secretary of the Interior, so far as applicable thereto, and to furnish

proper bond guaranteeing a faithful compliance with said lease and this agreement.

In Witness whereof, the said assignee has hereunto set.................hand and seal this..............................day of..............................., 19......

:
..........................................................
..........................................................
..........................................................

## CONSENT OF SURETY.

The..........................................................., of..........................................................
surety for..........................................................................................on the bond accompanying the lease above described, hereby consents to the assignment and transfer of said lease as above made..........................................................
..........................................................................................................................
..........................................................................................

Dated at..........................................this...............day of....................., 19.......

..........................................................
..........................................................
..........................................................

DEPARTMENT OF THE INTERIOR,
Washington, D. C.,................................, 19.......

Approved:
..........................................................
Assistant Secretary of the Interior.

NOTE:—If bond accompanying the original lease is to remain in full force and effect, it must be specifically so stated in the consent of the surety company.

3. The following form to be used in preparation of bond covering lease acquired through assignment where assignee does not have a collective bond, or surety does not execute consent for original bond to remain in force and effect:

**Form H**

BOND

(To Accompany Assignment of Mining Leases of Osage Lands.)

Know all men by these presents, That..........................................................
..........................................................................................................................
of...............................................................................................as principal, and
..........................................................................................................................
......................................................of..........................................., as suret.......
are held and firmly bound unto the United States of America in the sum of ..........................................................................dollars, lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves and each of us, our heirs, successors, executors, or administrators, jointly and severally, firmly by these presents.

Sealed with our seals and dated this.................day of.........................19.......

The condition of this obligation is such that whereas..........................................
..........................................................................................................................
.................................as lessee, entered into a certain indenture of lease, dated ..........................................................................., with.................the...............
Osage Tribe of Indians.........................., lessor, for the lease of a tract of land described as follows:
..........................................................................................................................
..........................................................................................................................
..........................................................................................................................
and located in......................Osage County, Oklahoma,..........................................
for oil mining purposes for the period of.....................years from the date of approval hereof and as long thereafter as oil is found in paying quantities, provided that the term of the lease shall not extend beyond the date the title to the minerals remains in the Osage Tribe.

Whereas, thereafter the said..........................................................................
..........................................................................................................................
right, title, and interest in and to the above-described lease to the above-bounden ..........................................................................................................

and subject to all the conditions and provisions in said lease contained.

Now, if the above-bounden........................................................................

...........................................................................................................shall faithfully carry out and observe all the obligations assumed in said indenture and assignment of lease by...............the assignee...............................

...........................................................................................................

(a)

and shall observe all the laws of the United States, and regulations made, or which shall be made thereunder, for the government of trade and intercourse with Indian tribes, and all the rules and regulations that have been, or may be, lawfully prescribed by the Secretary of the Interior, relative to such leases or assignments covering such leases, then this obligation shall be null and void; otherwise to remain in full force and effect.

Signed and sealed in the presence of Witnesses (two to all signatures):

............................................................)
P. O.....................................................) as to..............................(Seal)
............................................................)
P. O.....................................................)
............................................................)
P. O.....................................................) as to..............................(Seal)
............................................................)
P. O.....................................................)

DEPARTMENT OF THE INTERIOR,
Washington, D. C.,
Approved:

..........................................................................
Assistant Secretary.

**Form E**

OSAGE MINING LEASES.

Evidence of Authority of Officers to Execute Papers

(To be sworn to by Secretary or President of a corporation and sealed with its seal.)

I solemnly swear that..........................................................................and ...........................................................were on the..........................day of................................................, 19........, the duly elected, qualified and acting president and secretary, respectively, of..........................................................

...........................................................................................................

a corporation organized under the laws of......................................................... on which day they executed...........................mining lease for and in behalf of said corporation as lessee, covering certain lands of the Osage Tribe; that they were fully empowered to excute said lease and all papers in connection therewith, and that their action in executing the same binds the said corporation to full performance of all obligations thereunder.

..........................................................................
..........................................................................
(Title)

This..................................day of.........................................19........
(CORPORATE SEAL)

Subscribed and sworn to before me this.....................day of.............................. 19.........

(Signed).....................................................................
..........................................................................
(Title)

(Seal)

4. The provisions of the foregoing lease and assignment of lease and supporting papers, designated as Form B, Form A, Form D, Form G, Form F, Form H, and Form E, respectively, are hereby made a part of these regulations, and lessees will be required to adhere strictly to the conditions thereof.

GAS MINING LEASE

The terms of the several gas mining leases in effect, covering practically the entire acreage of the Osage Reservation, vary somewhat as to development requirements, but provisions relative to use of surface, payment o damages by reasons of well locations, etc., and duties of lessee are practically identical with that of oil lessee as outlined in the lease form printed above. However, these regulations will govern operations under all gas leases in the Osage Reservation so far as applicable.

5. All contracts for the sale of gas for industrial purposes and sworn statements showing terms, conditions, and schedule of prices contained in contracts with domestic consumers shall be filed with the Superintendent, and shall be subject to the approval of the Secretary of the Interior whenever, in his opinion, the interests of the Osage Indians or the public require such action. The Superintendent shall, within 60 days after the papers shall have been filed in his Office, forward to the Secretary through the Commissioner of Indian Affairs, any contracts and sworn statements which he may believe should be investigated, and all other contracts and sworn statements shall be kept in his office.

In the sale and disposition of gas, preference shall at all times be given to domestic consumers, unless provided otherwise in the lease, all contracts for the industrial use of gas shall contain a clause to the effect that when it is shown to the satisfaction of the Secretary of the Interior that such gas is needed by domestic consumers within an area fixed by the Secretary of the Interior, such contract shall terminate upon the expiration of 30 days' notice from the Secretary of the Interior, and that the Superintendent shall have authority to immediately suspend the furnishing o gas to industrial consumers when he is of the opinion that such gas is needed for domestic consumers. All gas furnished to industrial and domestic consumers shall be metered and sold at meter rates: **Provided**, That gas furnished to an oil lessee may be sold as provided in the gas lessee's contract.

All contracts with domestic consumers shall be subject to the inspection of the Superintendent.

UTILIZATION OF CASINGHEAD GAS WHEN USED FOR THE MANUFACTURE OF GASOLINE

6. The basis for determining royalty on casinghead gas in the Osage Reservation, Oklahoma, used by oil lessees for the manufacture of gasoline or sold by oil lessees to casinghead gasoline plants shall be 16 2-3% of 33 1-3% of the gross proceeds of the sale of the gasoline extracted, to be computed on the sale price actually received by the casinghead gas manufacturers or others disposing of such product for raw casinghead gasoline, the same to be reported under oath and remittance made to the Superintendent of the Osage Agency not later than the 25th of the succeeding month for all such gasoline disposed of during the previous month, the other

66 2-3% on which no royalty is paid being allowed for plant operations. Provided, that should it appear at any time that any manufacturers of such product who for their own convenience or their affiliated organizations or interests, sell raw casinghead gasoline manufactured from gas taken from the Osage Indian lands at an arbitrary price during any particular month, which does not approximate the average price obtained by manufacturers selling raw casinghead gasoline in the open market during such month, the Superintendent of Osage Agency shall notify said manufacturers of such discrepancies and require settlement upon the average price obtained by manufacturers selling in the open market during such month, instead of any arbitrary price upon which payment may be tendered for royalty payments. Provided, further, that the place of sale of such product shall be understood to be at the plant where manufactured when so disposed of, or when loaded into tank cars at or near the plant. Should any company or manufacturer sell or otherwise dispose of such product by delivery to pipe lines at distant points, they shall be allowed the average loss by waste, evaporation or otherwise sustained by other manufacturers in the Osage, of such product from the plant to tank cars as shown by sworn statements which shall be furnished when required by the Superintendent of Osage Agency.

7. Contracts and division orders shall be entered into between a lessee and any other person or corporation for the sale of casing-head gas, which shall provide for a minimum royalty interest for the lessor of 16 2-3 per cent of 33 1-3 per cent of the value of the gasoline extracted, unless it is sold on a higher basis, in which event it shall be computed on such basis.

8. Contracts for the sale of casing-head gas entered into between lessees and others shall be filed with the Superintendent within 30 days after date of execution, and shall be effective only from date of approval by the Superintendent.

9. All contracts for the sale of casing-head gas shall be made subject to the rules and regulations of this Department now existing or hereafter to be promulgated, and shall provide that Paragraph 6 in regard to the basis of determining the royalty, may be revised by the Secretary of the Interior upon notice to all parties concerned, and an opportunity being given them to be heard: Provided, That such revision shall not apply to contracts approved under these regulations prior to any such revision or change which will in any way alter the terms of the contract, rate of royalty, method of computing royalty, or basis of such computation, without the written consent of the parties thereto filed with the Superintendent. Contracts hereafter executed shall also provide that they may be cancelled by the Superintendent for violation of the terms thereof or the regulations, after 30 days' notice to the parties concerned and an opportunity to be heard has been afforded them, subject to appeal to the Secretary of the Interior within 30 days from notice of decision of the Superintendent.

10. When oil lessees manufacture casing-head gasoline from casing-head gas produced from their own leases, payment for the royalty interest of the lessor shall be at the rate of 16 2-3 per cent (or the royalty specified in the lease) to be computed on 33 1-3 per

cent of the gasoline extracted as provided in paragraph 6, and which shall be subject to change as provided in paragraph 9.

11. The gasoline content of all casing-head gas per 1000 cubic feet for royalty purposes shall be determined by dividing the total amount of gasoline extracted, marketed, or utilized during any month, after deducting all naphtha or other products used for blending purposes, by the amount of casing-head gas used in such plant, as shown by meters. In cases where one gasoline plant purchases casing-head gas from more than one oil lessee and it is impossible to determine from the plant operations the gasoline content of casing-head gas from any particular lease, they may use any physical field test desired to determine the productivity for the purpose of prorating the 33 1-3 per cent of the value of all gasoline extracted from the different leases, but in all cases the minimum royalty shall be 16 2-3 per cent of 33 1-3 per cent of the gross amount of gasoline extracted whether paid by the oil lessee or by the operator of the gasoline plant when a division order has been executed and approved by the Superintendent.

12. All casing-head gas shall be metered and computed on a basis of 10 ounces above atmospheric pressure, the location and type of meters to be approved by the Superintendent or Inspector, and where proportional meters are used they shall be equipped with volumetric recording gauges. All meters and charts shall be open to inspection at any time by the inspectors in the Indian Service, or whoever the Superintendent may designate for such purpose.

13. Sworn statements shall be made to the Superintendent by lessees, and owners or persons in charge of the gasoline plants to whom casing-head gas is sold, showing: (1) volume of casing-head gas purchased from each lessee, (2) the total amount of gasoline extracted in any plant and where casing-head gas is purchased from more than one oil lessee method used to determine the productivity of the casing-head gas purchased from the different lessees, (3) the price at which the merchantable or blended gasoline is sold and dates of sale (4) the amount paid to each lessee. The statements shall be made not later than the 25th day of each month and shall cover the preceding month, and at the same time payment shall be made of royalty interest to the Superintendent by the oil lessee, or by the purchaser where division orders have been executed and approved by the Superintendent. The books of both lessee and purchaser shall be open to inspection on order of the Superintendent so far as to test the accuracy of the sworn statements referred to above, and to determine whether the royalty interests are fully protected.

14. Oil lessees shall secure the consent of the Superintendent to manufacture gasoline from casing-head gas produced on their approved leases. The productivity of the casing-head gas shall be determined as prescribed in paragraph 11, and sworn statements, as indicated in paragraph 13, accompanied by remittance of the royalty interest shall be mailed to the Superintendent not later than the 25th day of each month for casing-head gas utilized for the manufacture of casing-head gasoline during the preceding month, the computation to be made on the basis indicated in paragraph 6.

15. When division orders or contracts are executed and approved for the payment of the royalty interest, same shall not relieve the

lessees from responsibility for payment should the purchaser fail, neglect, or refuse to pay the royalty when it becomes due.

16. The residue or dry gas remaining after extracting the gasoline, not used for development purposes on the leases where it was produced or adjoining leases owned by the same lessee in Osage County, shall be delivered to the gas lessee as provided in paragraph 64 of the rules and regulations governing leases in Osage County, and all contracts for the sale of casing-head gas shall contain a provision to such effect.

17. Where any casing-head gas is sold to gasoline plants located outside of Osage County tests shall be made under Government supervision to determine the gasoline content, and when deemed advisable tests shall be made of all casing-head gas used in any such plant in order to determine whether the physical field test of gas from Osage County shows as large a gasoline content as is extracted in actual plant operations, and after such tests have been made the Superintendent shall determine the productivity of the gas from Osage County.

18. Where non royalty oil or gas is used for operating purposes by lessee, the Superintendent may require to be installed and used an efficient burner of a type to be approved by him.

19. All gas utilized by oil or gas lessees shall be metered with the exception of casinghead gas coming from wells so located in the opinion of the Oil and Gas Inspector that it would be impracticable to gather and utilize same for royalty purposes, and as provided in Paragraph 64 of these regulations. Gas not metered but utilized for lease operations shall be estimated as to quantity and report thereof made monthly on forms which will be furnished by the Superintendent upon application, such report to be prepared so as to reach the Superintendent's office not later than the 25th day of the succeeding month for which the report is made.

ACREAGE

20. There is no limitation to the number of acres any lessee may acquire, by lease or assignment, for oil mining purposes on the West Side of the Osage Indian Reservation. On the East Side, no person, firm, partnership, joint stock association, or corporation will be permitted to acquire or hold any interest in Osage lands for oil-mining purposes by lease, assignment, drilling contract, or otherwise in excess of 20,000 acres. Any lessee may acquire, in addition to any acreage theretofore obtained, 2400 acres by assignment, without regard to the state of development of the property assigned, the same to be counted as part of the 20,000-acre limit. Such lessee may also acquire by assignment in cases where wells on any quarter-section are capable of averaging not more than three barrels per day without other limit than the 20,000 acres.

HOW TO ACQUIRE LEASES OF TRIBAL LANDS

21. Should any parties desire to have any particular tract of land offered for lease, request should be filed with the Superintendent who will consider same when preparing schedule of land to be offered and submitted to the Commissioner of Indian Affairs.

The Commissioner of Indian Affairs shall cause to be published, in such manner as shall be deemed appropriate, notices that specific

tracts of Osage lands will be offered at public auction for lease to the highest bidder, in accordance with such terms and conditions as may be approved by the Secretary of the Interior and indicated in the advertisement.

22. Upon being notified of the acceptance of its bid, a corporation shall file a certified copy of articles of incorporation, and evidence showing compliance with local corporation laws if a foreign corporation: Provided, That if any such papers have already been filed a statement to that effect may be submitted.

A corporation must also file with its first lease, and at such other times as the Secretary of the Interior may direct, a list in duplicate of all officers, directors, and of such stockholders, as may be required with their post-office addresses, and showing the number of shares of capital stock held by each and whether held for themselves or in trust, together with a sworn statement of its proper officer, showing:

(a) The total number of shares of the capital stock actually issued, the number of shares actually sold and specifically the amount of cash paid into the treasury on the stock sold, or, if paid in property, state kind, quantity, and value of same paid.

(b) Of the stock sold, how much per share remains unpaid and subject to assessment.

(c) How much cash the company has in its treasury and elsewhere, and from what sources it was received.

(d) What property, exclusive of cash, is owned by the company, and its value.

(e) What the total indebtedness of the company is and specifically the nature of its obligations.

Leases made by corporations shall be accompanied by an affidavit (Form E) showing the authority of its officers to execute leases, bonds, and other papers.

23. Lessees and those acting under them shall not conduct operations within or upon any homestead selection without the written consent of the Secretary of the Interior.

If the allottee is unwilling to permit operations on his homestead, the superintendent will direct the inspector to make an examination of the premises with the allottee and the lessee, or his representative, and should the inspector be of the opinion that the interests of the Osage Tribe require that the particular tract be developed he will endeavor to have the parties agree upon the terms under which operations on the homestead may be conducted.

In the event the allottee and the lessee can not, with the assistance of the inspector, agree on the matter, the allottee shall be permitted to go before the Osage tribal council, and the council, after hearing the allottee, the lessee, and the inspector, shall make such recommendation as it deems proper. Guardians, legal or natural, may represent their Indian wards, and where no one is authorized or where no person is deemed by the superintendent to be a proper party to speak for a minor or person of unsound mind or of feeble understanding, the principal chief of the Osage Tribe shall represent them.

Where any interested party does not appear before the Council, either in person or by representative, when notified by the Superintendent, or the Council fails to act in the matter within ten days after being referred to them, the Superintendent shall thereupon

submit a report in the premises and recommendation to the Commissioner of Indian Affairs for consideration and appropriate action.

24. Rental in lieu of development shall not begin to run on any homestead selection until the consent of the Secretary of the Interior to operations on such homestead shall have been given.

25. Each and every lessee and assignee shall, from the date of approval of lease or assignment, maintain an office at Pawhuska, Okla., with an agent upon whom service of process may be had in conformity with the laws of the State of Oklahoma, and who shall have authority to represent and speak for the lessee or assignee in controversies affecting any individual member of the Osage Tribe.

Where several parties own a lease jointly, only one representative or agent need be designated whose duties shall be to act for all parties concerned. Designation of such representative should be made by the party in charge of operations.

In the event of the incapacity or absence from the county of such designated local or resident representative, the lessee shall appoint some person to serve in his stead, and in the absence of such representative or of notice of the appointment of a substitute any employee of the lessee upon the leased premises, or the contractor or other person in charge of drilling or related operations thereon, shall be considered the representative of the lessee for the purpose of service of orders or notices as herein provided, and service upon any such employee, contractor, or other person shall be deemed service upon the lessee.

26. Lessee shall comply with all orders or instructions issued by the superintendent or inspector within the time specified, and shall allow the lessor and his agents, or any authorized representative of the Secretary of the Interior, to enter, from time to time, upon and into all parts of the leased premises for the purpose of inspection; and shall further agree to keep a full and correct account of all operations, receipts, and disbursements and make reports thereof, as herein required, and their books and records, showing manner of operations and persons interested, shall be open at all times for the examination of any authorized representative of the superintendent or of the Secretary of the Interior.

27. Royalties on all oil and gas, including casinghead gas or on gasoline manufactured therefrom, produced in any month, shall be paid on or before the 25th of the month next succeeding by either purchaser or lessee. Failure to so remit will subject the lessee to fines as hereinafter indicated and also subject division order to cancellation. Lessees shall also furnish monthly sworn reports covering all operations whether there has been production or not, indicating therein the total amount of oil, gas, or gasoline sold and not merely their working interest, and also the dates of discovery and beginning of utilization of gas from gas wells. The lessee may include in one sworn statement all leases upon which dry holes have been drilled or the wells have ceased to produce.

ASSIGNMENTS

28. Approved leases or any interest therein may be sublet, transferred, or assigned with the consent and approval of the Secretary of the Interior, and not otherwise. Subleases, transfers, or assignments, when so approved, shall be subject to the terms and conditions of the original leases and the regulations under which such