Inclusion of other places.

have power by regulation to include other places than creameries, or receiving stations, under the provisions of this section, from time to time, as may be necessary in his judgment.

Receiving milk from other than a licensee forbidden.

SEC. 18. That no person in the District of Columbia licensed under this Act shall receive any milk or cream from any source until he shall have first ascertained from the health department that the person from whom such milk is obtained holds a license from the health officer of said District to send milk or cream into the District of Columbia.

Punishment for violations.

SEC. 19. That any person or persons violating any of the provisions of this Act, or of any of the regulations promulgated hereunder, shall, on conviction, be punished for the first offense by a fine of not more than $10; for the second offense by a fine of not more than $50, and for any subsequent offenses within one year, a fine of not more than $500, or by imprisonment in the workhouse for not more than thirty days, or by both such fine and imprisonment, in the discretion of the court, and in addition any license issued under authority of this Act may be revoked. Prosecutions hereunder shall be in the police court by the District of Columbia.

Prosecutions in police court.

Inconsistent laws repealed.
Vol. 28, p. 709, repealed.

SEC. 20. That all Acts and parts of Acts inconsistent with the foregoing be, and the same are hereby, repealed.

Approved, February 27, 1925.

---

February 27, 1925.
[H. R. 5726.]
[Public, No. 487.]

CHAP. 359.—An Act To amend the Act of Congress of March 3, 1921, entitled "An Act to amend section 3 of the Act of Congress of June 28, 1906, entitled 'An Act of Congress for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes.'"

Osage Indians, Okla.
Quarterly payments to competent adult members, from income.

Vol. 41, p. 1250, amended.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Secretary of the Interior shall cause to be paid at the end of each fiscal quarter to each adult member of the Osage Tribe of Indians in Oklahoma having a certificate of competency, his or her pro rata share, either as a member of the tribe or heir or devisee of a deceased member, of the interest on trust funds, the bonus received from the sale of oil or gas leases, the royalties therefrom, and any other moneys due such Indian received during each fiscal quarter, including all moneys received prior to the passage of this Act and remaining unpaid; and so long as the accumulated income is sufficient the Secretary of the Interior shall cause to be paid to the adult members of said tribe not having a certificate of competency $1,000 quarterly, except where such adult members have legal guardians, in which case the amounts provided for herein may be paid to the legal guardian or direct to such Indian in the discretion of the Secretary of the Interior the total amounts of such payments, however, shall not exceed $1,000 quarterly except as hereinafter provided; and shall cause to be paid for the maintenance and education, to either one of the parents or legal guardians actually having personally in charge, enrolled or unenrolled, minor member under twenty-one years of age, and above eighteen years of age, $1,000 quarterly out of the income of each of said minors, and out of the income of minors under eighteen years of age, $500 quarterly, and so long as the accumulated income of the parent or parents of a minor who has no income or whose income is less than $500 per quarter is sufficient, shall cause to be paid to either of said parents having the care and custody of such minor $500 quarterly, or such proportion thereof as the income of such minor may be less than $500, in addition to the allowances above provided for such parents. Rentals due such adult members from their lands and their minor children's lands and all income from such adults'

Payment of $1,000 if without competency certificate.

To legal guardians of incompetents.

To parents, etc., of minors $1,000 if above 18 years, and $500 if under.

Rentals, etc., in addition.

investments shall be paid to them in addition to the allowance above provided. All payments to legal guardians of Osage Indians shall be expended subject to the joint approval in writing of the court and the superintendent of the Osage Agency. All payments to adults not having certificates of competency, including amounts paid for each minor, shall, in case the Secretary of the Interior finds that such adults are wasting or squandering said income, be subject to the supervision of the superintendent of the Osage Agency: *Provided*, That if an adult member, not having a certificate of competency so desires, his entire income accumulating in the future from the sources herein specified may be paid to him without supervision, unless the Secretary of the Interior shall find, after notice and hearing, that such member is wasting or squandering his income, in which event the Secretary of the Interior shall pay to such member only the amounts hereinbefore specified to be paid to adult members not having certificates of competency. The Secretary of the Interior shall invest the remainder, after paying the taxes of such members, in United States bonds, Oklahoma State bonds, real estate, first mortgage real estate loans not to exceed 50 per centum of the appraised value of such real estate, and where the member is a resident of Oklahoma such investment shall be in loans on Oklahoma real estate, stock in Oklahoma building and loan associations, livestock, or deposit the same in banks in Oklahoma, or expend the same for the benefit of such member, such expenditures, investments, and deposits to be made under such restrictions, rules, and regulations as he may prescribe: *Provided*, That the Secretary of the Interior shall not make any investment for an adult member without first securing the approval of such member of such investment: *Provided further*, That at the beginning of each fiscal year there shall first be reserved and set aside, out of Osage tribal funds available for that purpose, a sufficient amount of money for the expenditures authorized by Congress out of Osage funds for that fiscal year. No guardian shall be appointed except on the written application or approval of the Secretary of the Interior for the estate of a member of the Osage Tribe of Indians who does not have a certificate of competency or who is of one-half or more Indian blood. All moneys now in the possession or control of legal guardians heretofore paid to them in excess of $4,000 per annum each for adults and $2,000 each for minors under the Act of Congress of March 3, 1921, relating to the Osage Tribe of Indians, shall be returned by such guardians to the Secretary of the Interior, and all property, bonds, securities, and stock purchased, or investments made by such guardians out of said moneys paid them shall be delivered to the Secretary of the Interior by them, to be held by him or disposed of by him as he shall deem to be for the best interest of the members to whom the same belongs. All bonds, securities, stocks, and property purchased and other investments made by legal guardians shall not be subject to alienation, sale, disposal, or assignment without the approval of the Secretary of the Interior. Any indebtedness heretofore lawfully incurred by guardians shall be paid out of the funds of the members for whom such indebtedness was incurred by the Secretary of the Interior. All funds other than as above mentioned, and other property heretofore or hereafter received by a guardian of a member of the Osage Tribe of Indians, which was theretofore under the supervision and control of the Secretary of the Interior or the title to which was held in trust for such Indian by the United States, shall not thereby become divested of the supervision and control of the Secretary of the Interior or the United States be relieved of its trust; and such guardian shall not sell, dispose of or otherwise encumber such fund or property without the approval of the Secre-

Approval of expenditures by guardians.

Supervision of payments to incompetents.

*Proviso.*
Entire future income to incompetents.

Exception.

Investment of remainder, after paying taxes, etc.

No investment without consent.

Amount reserved for annual expenditures.

Appointment, etc., of guardians.

Excess moneys, etc., to be returned to Secretary.

Alienation of property investments restricted.

Authority over property in possession of guardian.

provided for members not having certificates of competency to the same extent as if a certificate of competency had never been granted: *Provided*, That all just indebtedness of such member existing at the time his certificate of competency is revoked shall be paid by the Secretary of the Interior, or his authorized representative, out of the income of such member, in addition to the quarterly income hereinbefore provided for: *And provided further*, That such revocation or cancellation of any certificate of competency shall not affect the legality of any transactions theretofore made by reason of the issuance of any certificate of competency.

*Proviso.* Payment of indebtedness.

Legality of prior transactions not affected.

Sec. 5. No person convicted of having taken, or convicted of causing or procuring another to take, the life of an Osage Indian shall inherit from or receive any interest in the estate of the decedent, regardless of where the crime was committed and the conviction obtained.

No inheritance to person taking life of an Osage Indian.

Sec. 6. No contract for debt hereafter made with a member of the Osage Tribe of Indians not having a certificate of competency, shall have any validity, unless approved by the Secretary of the Interior. In addition to the payment of funds heretofore authorized, the Secretary of the Interior is hereby authorized in his discretion to pay, out of the funds of a member of the Osage Tribe not having a certificate of competency, any indebtedness heretofore or hereafter incurred by such member by reason of his unlawful acts of carelessness or negligence.

Approval of contracts made by incompetents.

Incurred indebtedness to be paid.

Sec. 7. Hereafter none but heirs of Indian blood shall inherit from those who are of one-half or more Indian blood of the Osage Tribe of Indians any right, title, or interest to any restricted lands, moneys, or mineral interests of the Osage Tribe: *Provided*, That this section shall not apply to spouses under existing marriages.

Inheritance restriction.

*Proviso.* Exception.

Approved, February 27, 1925.

---

February 27, 1925. [H. R. 4529.] [Public, No. 498.]

CHAP. 360.—An Act To provide for the completion of the topographical survey of the United States.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That the President be, and hereby is, authorized to complete, within a period of twenty years from the date of the passage of this Act, a general utility topographical survey of the territory of the United States, including adequate horizontal and vertical control, and the securing of such topographic and hydrographic data as may be required for this purpose, and the preparation and publication of the resulting maps and data: *Provided*, That in carrying out the provisions of this Act the President is authorized to utilize the services and facilities or such agency or agencies of the Government as now exist, or may hereafter be created, and to allot to them (in addition to and not in substitution for other funds available to such agencies under other appropriations or from other sources) funds from the appropriation herein authorized, or from such appropriation or appropriations as may hereafter be made for the purpose of this Act.

Topographical survey of United States. Completion of, in 20 years, authorized.

Maps to be published.

*Proviso.* Agencies to be utilized.

Sec. 2. That the agencies which may be engaged in carrying out the provisions of this Act are authorized to enter into cooperative agreements with and to receive funds made available by any State or civic subdivision for the purpose of expediting the completion of the mapping within its borders.

Cooperative agreements with States and funds from, authorized.

Sec. 3. The sum of $950,000 is hereby authorized to be appropriated out of any moneys in the Treasury not otherwise appropri-

Amount authorized for expenses.

68TH CONGRESS, 1st Session. } HOUSE OF REPRESENTATIVES. { REPORT No. 260.

# DIVISION OF LANDS AND FUNDS OF OSAGE INDIANS IN OKLAHOMA.

MARCH 5, 1924.—Committed to the Committee of the Whole House on the state of the Union and ordered to be printed.

Mr. SNYDER, from the Committee on Indian Affairs, submitted the following

## REPORT.

[To accompany H. R. 5726.]

The Committee on Indian Affairs, to whom was referred the bill (H. R. 5726) to amend the act of Congress of March 3, 1921, entitled "An act to amend section 3 of the act of Congress of June 28, 1906, entitled 'An act of Congress for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes,'" having considered the same, report thereon with a recommendation that it do pass with the following amendment:

Strike out all after the enacting clause and insert the following:

That the Secretary of the Interior shall cause to be paid at the end of each fiscal quarter to each adult member of the Osage Tribe of Indians in Oklahoma having a certificate of competency his or her pro rata share, either as a member of the tribe or heir of a deceased member, of the interest on trust funds, the bonus received from the sale of oil or gas leases, the royalties therefrom, and any other moneys due such Indian received during each fiscal quarter, including all moneys received prior to the passage of this act and remaining unpaid; and so long as the accumulated income is sufficient the Secretary of the Interior shall cause to be paid to the adult members of said tribe not having a certificate of competency $1,000 quarterly, except where such adult members have legal guardians, in which case the amounts provided for herein may be paid to the legal guardian or direct to such Indian in the discretion of the Secretary of the Interior; the total amounts of such payments, however, shall not exceed $1,000 quarterly, except as hereinafter provided; and shall cause to be paid for the maintenance and education, to either one of the parents or legal guardians actually having personally in charge enrolled or unenrolled minor member under twenty-one years of age $1,000 quarterly out of the income of each of said minors and so long as the accumulated income of the parent or parents of a minor who has no income, or whose income is less than $500 per quarter is sufficient, shall cause to be paid to either of said parents having the care and custody of such minor $500 quarterly, or such proportion thereof as the income of such minor may be less than $500, in addition to the allowances above provided for such parents. Rentals due such adult members from their lands and their minor children's lands and all

in[illegible] om such adults' investments not exceeding $500 a quarter shall be paid to [illegible] n addition to the allowance above provided. All payments to legal guar[illegible]s of Osage Indians shall be expended subject to the joint approval in writing of the court and the superintendent of the Osage Agency. All payments to adults not having certificates of competency, including amounts paid for each minor, shall be subject to the supervision of the superintendent of the Osage Agency. The Secretary of the Interior shall invest or deposit the remainder, after paying all of the taxes of those members whose funds are subject to his supervision, as provided by existing law: *Provided*, That any part of such remainder, including minor's funds, not to exceed $10,000 may be expended for the benefit of such member of the tribe for the specific purpose of purchasing or improving a home, and any additional amount may be expended in the prevention of or cure of any member or minor afflicted with tuberculosis or by any lingering or dangerous disease, when authorized by the Commissioner of Indian Affairs, and expended under his direction and supervision: *Provided, further*, That at the beginning of each fiscal year there shall first be reserved and set aside, out of Osage tribal funds available for that purpose, a sufficient amount of money for the expenditures authorized by Congress out of Osage funds for that fiscal year. No guardian shall be appointed except on the written application of the Secretary of the Interior for the estate of a member of the Osage Tribe of Indians who does not have a certificate of competency or who is of one-half or more Indian blood. All funds and other property heretofore or hereafter received by a guardian of a member of the Osage Tribe of Indians, which was theretofore under the supervision and control of the Secretary of the Interior or the title to which was held in trust for such Indian by the United States, shall not thereby become divested of the supervision and control of the Secretary of the Interior or the United States be relieved of its trust; and such guardian shall not sell, dispose of or otherwise encumber such fund or property without the approval of the Secretary of the Interior, and in accordance with orders of the county court of Osage County, Oklahoma. In case of the death, resignation, or removal from office of such a guardian, the funds and property in his possession subject to supervision and control of the Secretary of the Interior or to which the United States held the title in trust shall be immediately delivered to the superintendent of the Osage Agency, to be held by him and supervised or invested as hereinbefore provided.

SEC. 2. All funds of Osage Indians accruing to their credit and which are subject to supervision as above provided may, when deemed to be for the best interest of such Indians, be paid to the administrators of the estates of deceased Osage Indians or direct to their heirs, in the discretion of the Secretary of the Interior, under regulations to be promulgated by him.

SEC. 3. Lands devised to members of the Osage Tribe of one-half or more Indian blood or who do not have certificates of competency, under wills approved by the Secretary of the Interior, and lands inherited by such Indians shall be inalienable unless such lands be conveyed with the approval of the Secretary of the Interior. Property of Osage Indians not having certificates of competency purchased as hereinbefore set forth shall not be subject to the lien of any debt, claim, or judgment except taxes, or be subject to alienation, without the approval of the Secretary of the Interior.

SEC. 4. Whenever the Secretary of the Interior shall find that any member of the Osage Tribe of more than one-half Indian blood, to whom has been granted a certificate of competency, is squandering or misusing his or her funds he may revoke such certificate of competency after notice and hearing in accordnace with such rules and regulations as he may prescribe, and thereafter the income of such member shall be subject to supervision and investment as herein provided for members not having certificates of competency to the same extent as if a certificate of competency had never been granted.

SEC. 5. No person convicted of having taken, or who causes or procures another to take, the life of an Osage Indian shall inherit from or receive any interest in the estate of the decedent, regardless of where the crime was committed and the conviction obtained.

SEC. 6. No contract for debt hereafter made with a member of the Osage Tribe of Indians not having a certificate of competency shall have any validity unless approved by the Secretary of the Interior. In addition to the funds heretofore authorized, the Secretary of the Interior is hereby authorized in his discretion to pay out of the funds of a member of the Osage Tribe not having a certificate of competency any indebtedness heretofore or hereafter incurred by such member by reason of his unlawful acts of carelessness or negligence.



Your committee has carefully considered this legislat[illegible] [illegible]fter extensive hearings, during which the Indians, the Department of the Interior, and the representative of the Osage County Bar Association of Osage County, Okla., were heard.

In 1921 your committee reported to the House a bill, which was enacted into law, placing a limitation on funds to be paid to the allottees of the tribe of $1,000 to adults and $500 to minors; that money to be paid under the supervision of the Department of the Interior, and the balance of the income to be invested in bonds, either State or Federal, or deposited in the banks in the State of Oklahoma. Prior to that time, under the terms of the allotment act of 1906, the allottees received in full all of the income due from rentals of their lands, oil, and gas royalties, and interest on trust funds paid to them quarterly, and disposed of as they saw fit. At the time of the passage of the act of March, 1921, the Indians were in debt in the amount of approximately $1,300,000, which has been paid off, and the Indians now have on hand in various places, deposited largely in the form of United States Government bonds, something like $13,000,000. It is thus readily seen that the act of 1921 has materially helped to conserve the funds of these Osage Indians.

Since the passage of the above act the members of the tribe affected by same—that is, those not having a certificate of competency—have been endeavoring to secure a larger allowance. During the past three years the average income of the allottees of the Osage Tribe has been approximately $10,000 a year. During this time the restricted adults have received $4,000 and the remaining $6,000 has been invested as above set forth. In this proposed legislation your committee has not increased the quarterly allowance to the adults, but has recommended that the quarterly payment to enrolled minors should be increased from $500 to $1,000 (said minors being over 17 years of age) and also allows the parent or parents having unenrolled minor children an allowance of $500 quarterly for each child out of their funds, thus giving the Indian with a large family sufficient income to properly educate and care for those dependent upon him. During the past three years, or since the passage of the act of March, 1921, the accumulated fund has grown to such an extent, and the prospects are it will continue that growth to such proportions that the proposed increase is conservative when compared with the accumulated principal. Your committee is satisfied that this legislation will not deplete the accumulated fund to any extent, and that there will always be money sufficient in trust for the Indian that they will never become a public charge. Therefore, your committee now recommends a slight modification of the restrictions placed on their funds in the act of March, 1921.

The second main provision of this bill is for the supervision of the guardians appointed by the probate court. Prior to the act of 1912 the probate courts of Oklahoma had no jurisdiction of the property of the orphan, the insane, or the minor incompetent Osage allottees, that jurisdiction having been granted by the terms of that act. Since the passage of the act of 1921 the appointment of guardians for Indians in Osage County has increased to a remarkable extent, until now there are 435 Indians under guardianship of individuals. The expense of handling that business through the probate court has enormously

increased, and in some cases the method of handling the property of Osage wards has not been satisfactory to your committee. Your committee therefore recommends that the funds placed in the hands of a guardian be restricted to the amount which is provided for the Indian who has no guardian, but who is supervised by the Indian Bureau, thus doing away with the situation whereby the Indian applies for the appointment of a guardian with the thought and promise that he will be allowed more money than he is receiving under the supervision of the Indian Office.

Evidence presented to your committee shows that the practice obtains among merchants, automobile dealers, and Indian money lenders of placing the restricted Indian in their debt and thereafter filing application for the appointment of a guardian so that the debts may be paid. This practice is especially true as to the sale of expensive automobiles to Indians.

The testimony taken by your committee further shows that the Osage Indians are paying for their probate work between $300,000 and $400,000 yearly, which amount is double the cost of the administration of all of the affairs of the Indians by the Osage Agency, through which the Indians receive annually between $25,000,000 and $30,000,000. This large expenditure is not only unnecessary but has been shown not to be for the best interests in conserving the money of the Indians, as considerably less money is conserved by the guardianship system than by the supervision of the Indian Bureau for those Indians not having guardians. A commercialized system of guardianships is rapidly developing, the outcome of which will mean, within a very short time, practically all the Osage Indians will have guardians appointed to perform in a more or less indifferent manner the same duties which should be performed by the Osage Agency. Your committee therefore recommends that no guardian shall be appointed unless upon the written application of the Secretary of the Interior. A perusal of the hearings, "Modifying Osage fund restrictions," in two parts, by any interested Member, will disclose many individual cases of glaring mismanagement, excessive disbursements, and excessive fees, as shown by the reports of guardians.

Section 2: This section provides a method of avoiding excessive costs of administering the estates of deceased Osage Indians, and protecting the money accruing to the credit to such estates. Under the terms of the act of Congress approved April 18, 1912, the Secretary of the Interior is obliged to pay to the administrator appointed by the probate court all funds accruing to the estate of the deceased Osage Indian. The administrator is permitted, under the State law, to retain a certain percentage of these funds as fees for himself and his attorney. The Federal law limits the debts the administrator may pay, he being allowed to settle only last sickness and funeral expenses. The office is, therefore, a sinecure. Under existing law it is the practice, after deducting the various fees and expenses (and frequently costs of the expense of litigation), to disburse the money remaining in the hands of the administrator direct to the heir. This practice defeats the purpose of the act of March, 1921, in that the funds so disbursed are promptly squandered and not conserved or expended for the benefit of the Indian heirs. Moreover, the most extravagant expenditures are authorized by the administrators. This practice can and should be cured by the enactment of this section.



Section 3: This section provides that lands devised by w[illegible] proved by the Secretary of the Interior, and lands belonging to incompetent allottees, shall not be alienated without the consent of the Secretary of the Interior, thus preventing an incompetent Indian from disposing of the land so received without adequate consideration. This section also provides that property purchased for him, either real or personal, shall be inalienable, the purpose of which is to protect the property which is purchased under supervision; as there is little object or advantage in restricting and supervising the money paid out on behalf of any allottee, if that property in which the fund is invested is not also protected.

Section 4: This section provides that the Secretary of the Interior may revoke a certificate of competency issued to an Indian of more than one-half blood if he ascertains the Indian is squandering his or her funds. This gives the Secretary of the Interior the power to again protect the full-blood Indian where experience has shown that the issuance of a certificate of competency has resulted disastrously to such Indian.

Section 5: The purpose of this section is to prevent a murderer from profiting from his crime. The State of Oklahoma has a similar general law upon its statute books, but the courts have held in an Osage Indian case, where the murder was committed outside of the boundaries of Oklahoma, that the murderer could not be barred as an heir of the estate of his victim. This situation is preposterous. The proposed legislation will protect the lives of Osage Indians and will remove the premium now placed upon Osage Indian homicides when committed outside of the State of Oklahoma.

Section 6: This section provides that any debt contracted by an Indian not having a certificate of competency shall have no validity, unless approved by the Secretary of the Interior. This legislation is necessary in order to prevent the Indians from contracting debts and squandering their money, thus carrying out the general provisions set forth in this proposed legislation. Your committee recommends in this section that the Secretary of the Interior may, in his discretion, pay out of the funds of a member any indebtedness he may contract by reason of his unlawful acts of carelessness or negligence.

68TH CONGRESS } HOUSE OF REPRESENTATIVES { REPORT
2d Session } { No. 1535

# DIVISION OF LANDS AND FUNDS OF THE OSAGE INDIANS

FEBRUARY 20, 1925.—Ordered to be printed

Mr. SNYDER, from the committee of conference, submitted the following

## CONFERENCE REPORT

[To accompany H. R. 5726]

The committee of conference on the disagreeing votes of the two Houses on the amendments of the Senate to the bill (H. R. 5726) to amend the act of Congress of March 3, 1921, entitled "An act to amend section 3 of the act of Congress of June 28, 1906, entitled 'An act of Congress for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes,'" having met, after full and free conference, have agreed to recommend and do recommend to their respective Houses as follows:

That the Senate recede from its amendment numbered 19.

That the House recede from its disagreement to the amendments of the Senate numbered 1, 2, 3, 4, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, and 18, and agree to the same.

Amendment numbered 5:

That the House recede from its disagreement to the amendment of the Senate numbered 5, and agree to the same with an amendment as follows:

Strike out the words "Commissioner of Indian Affairs" and insert *Secretary of the Interior*; and the Senate agree to the same.

Amendment numbered 6:

That the House recede from its disagreement to the amendment of the Senate numbered 6, and agree to the same with an amendment as follows:

After the word "specified," strike out the word "shall" and insert in lieu thereof the word *may*, and strike out the words "Commissioner of Indian Affairs" and insert in lieu thereof the words *Secretary of the Interior*; and the Senate agree to the same.

Ame[ndment] numbered 9:

That t[he H]ouse recede from its disagreement to the amendment of the Senate numbered 9, and agree to the same with an amendment as follows:

In line 3 of the Senate engrossed amendment strike out "through mistake of law and which should have been reserved by the Secretary of the Interior" and insert *in excess of $4,000 per annum each for adults and $2,000 each for minors*; and in line 9 strike out the words "now in their possession," and in line 13 strike out the words "moneys expended and purchases and investments made by legal guardians in accordance with the laws of the State of Oklahoma are hereby declared to be legal," and at the end of section 1 of the bill insert:

*Within 30 days after the passage of this act such guardian shall render and file with the Secretary of the Interior or the superintendent of the Osage Agency a complete accounting, fully itemized, under oath, for the funds so paid to him and pay to the said Secretary or superintendent any and all moneys in his hands at the time of the passage of this act, which have been paid him in excess of $4,000 per annum each for adults and $2,000 each for minors. The said guardian shall at the same time tender to said Secretary or superintendent all property of whatsoever kind in his possession at the time of the passage of this act, representing the investment by him of said funds. The Secretary or superintendent is hereby authorized to accept such property or any part thereof at the price paid therefor by said guardian for the benefit of the ward of such guardian, if in his judgment he deems it advisable, and to make such settlement with such guardian as he deems best for such ward. Failing to make satisfactory settlement with said guardian as to said investments or any part thereof, the Secretary is authorized to bring such suit or suits against said guardian, his bond, and other parties in interest as he may deem necessary for the protection of the interests of the ward and may bring such action in any State court of competent jurisdiction or in the United States district court for the district in which said guardian resides.*

And the Senate agree to the same.

H. P. SNYDER,
FRED. W. DALLINGER,
CARL HAYDEN,
*Managers on the part of the House.*
J. W. HARRELD,
CHAS. L. MCNARY,
ROBT. L. OWEN,
*Managers on the part of the Senate.*

STATEMENT OF THE MANAGERS ON THE PART OF THE HOUSE

The managers on the part of the House at the conference on the disagreeing votes of the two Houses on the amendments of the Senate to the bill (H. R. 5726) to amend the act of Congress of March 3, 1921, entitled "An act to amend section 3 of the act of Congress of June 28, 1906, entitled 'An act of Congress for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes,' " submit the following statement in explanation of the effect of the action agreed upon by the conference committee and submitted in the accompanying conference report:

On No. 1: The word "devisee" as inserted by Senate is accepted.

On No. 2: Provides that minors over 18 years of age will receive $1,000 quarterly.

On No. 3: Provides that minors under 18 years of age will receive $500 quarterly.

On No. 4: Provides that all the rentals due from the lands of the Indians shall be paid to them in lieu of the House language limiting these payments to $500 per quarter.

On No. 5: Provides that the Secretary of Interior shall have supervision over funds of adults where it is found they are squandering their money.

On No. 6: Provides that the Secretary of the Interior may pay to the Indian his entire income accumulating in the future from certain sources.

On No. 7: Provides for the method of investment of the funds of the Osage Indians.

On No. 8: Inserts the words "or approval" as agreed in Senate.

On No. 9: Provides for the method of return to the supervision of the Government of the moneys inadvertently paid to the guardians.

On No. 10, 11, 12, and 13: The amendments are clarifying language.

On No. 14: Provides for the payment to the estates of deceased Indians.

On No. 15: Provides for the payment of debts of Indians when a certificate of competency is revoked.

On No. 16: This is clarifying language.

On No. 17: This is clarifying language.

On No. 18: Provides that hereafter any one not of Indian blood can not inherit from Osage Indians who are one half or more Indian blood but does not apply to existing marriages.

H. P. SNYDER,
FRED W. DALLINGER,
CARL HAYDEN,
*Managers on the part of House.*

# Calendar No. 959

8TH CONGRESS } SENATE { REPORT
2d Session } { No. 890

## )IVISION OF THE LANDS AND FUNDS OF THE OSAGE INDIANS IN OKLAHOMA

JANUARY 15 (calendar day, JANUARY 17), 1925.—Ordered to be printed

1 :RELD, from the Committee on Indian Affairs, submitted the following

## REPORT

[To accompany H. R. 5726]

The Committee on Indian Affairs, to whom was referred the bill H. R. 5726, which is identical with S. 2933) to amend the act of Congress of March 3, 1921, entitled "An act to amend section 3 of the ict of Congress of June 28, 1906, entitle 'An act of Congress for the livision of the lands and funds of the Os e Indians in Oklahoma, and or other purposes,' " having considere the same, report favorably on H. R. 5726 with the recommendatio that the bill do pass with the ollowing amendments:

Page 1, line 7, after the word "heir," sert the words "or devisee."

Page 2, line 15, after the word "age, insert the words "and above 18 years of age."

Page 2, line 16, after the word "mi rs", place a comma and insert he words "and out of the income of m ors under 18 years of age $500 quarterly."

On page 2, in line 25, and page 3, in line 1, strike out the words 'not exceeding $500 a quarter."

Page 3, line 7, after the word "shall" place a comma and insert the words "in case the Commissioner of Indian Affairs finds that such adults are wasting or squandering said income."

Page 3, line 8, after the word "Agency," insert the words:

*Provided*, That if an adult member not having a certificate of competency so desires, his entire income accumulating in the future from the sources herein specified shall be paid to him without supervision, unless the Commissioner of Indian Affairs shall find, after notice and hearing, that such member is wasting or squandering his income, in which event the Secretary of the Interior shall pay to su nber only the amounts hereinbefore specified to be paid to adult m ot having certificates of competency.

Page [illegible] [li]ne 9, after the word "invest," strike out all down to and including the word "supervision," in line 19, and insert in lieu thereof the following:

the remainder, after paying the taxes of such members, in United States bonds, Oklahoma State bonds, real estate, first mortgage real estate loans not to exceed 50 per cent of the appraised value of such real estate, and where the member is a resident of Oklahoma such investment shall be in loans on Oklahoma real estate, stock in Oklahoma building and loan associations, livestock, or deposit the same in banks in Oklahoma, or expend the same for the benefit of such member, such expenditures, investments, and deposits to be made under such restrictions, rules, and regulations as he may prescribe: *Provided*, That the Secretary of the Interior shall not make any investment for an adult member without first securing the approval of such member of such investment.

Page 3, line 25, after the word "[illegible]ation," insert the words "or approval."

Page 4, line 3, after the word "blood," insert the following:

All moneys now in the possession or control of legal guardians heretofore paid to them through mistake of law and which should have been reserved by the Secretary of the Interior under the act of Congress of March 3, 1921, relating to the Osage Tribe of Indians, shall be returned by such guardians to the Secretary of the Interior, and all property, bonds, securities, and stock purchased or investments made by such guardians out of said moneys paid to them shall be delivered to the Secretary of the Interior by them, to be held by him or disposed of by him as he shall deem to be for the best interest of the members to whom the same belongs. Such purchases and investments made by legal guardians are hereby declared to be legal when approved by the Secretary of the Interior. The expenditure of any part of such funds so paid which have been made by such guardians in accordance with the laws of Oklahoma are hereby declared to be legal when approved by the Secretary of the Interior. Moneys used in investments and expenditures by legal guardians which are not approved by the Secretary of the Interior shall be accounted for by such legal guardians to him under such rules and regulations as he may prescribe. All bonds, securities, stocks, and property purchased and other investments made by legal guardians shall not be subject to alienation, sale, disposal, or assignment without the approval of the Secretary of the Interior. Any indebtedness lawfully incurred by guardians may be paid out of the funds of the members for whom such indebtedness was incurred by the Secretary of the Interior, when approved by him.

Page 4, line 3, after the word "funds," insert the words "other than as above mentioned."

Page 4, line 22, after the word "Indians," insert the words "inherited by or bequeathed to them."

Page 5, line 1, after the word "heirs," insert the words "or devisees."

Page 5, line 3, after the word "him," insert the words:

The Secretary of the Interior shall pay to administrators and executors of estates of deceased Osage Indians a sufficient amount of money out of said estates to pay all lawful indebtedness and costs and expenses of administration, when approved by him, and out of the shares belonging to heirs or devisees he shall pay the costs and expenses of such heirs or devisees, including attorneys' fees when approved by him, in the determination of heirs or contest of wills.

Page 5, line 14, after the word "Interior," insert the words "The homestead selection of a member of the Osage Tribe shall be nontaxable so long as the title remains in the original allottee."

Page 5, line 25, after the word "granted," insert the words:

*Provided*, That all just indebtedness of such member existing at the time his certificate of competency is revoked shall be paid by the Secretary of the Interior, or his authorized representative, out of the income of such member in addition to the quarterly income hereinbefore provided for. *And provided*



*further*, That such revocation or cancellation of any certificate of competency shall not affect the legality of any transactions theretofore made by reason of the issuance of any certificate of competency.

Page 6, lines 1 and 2, strike out the words "who causes or procures" and insert in lieu thereof the words "convicted of causing or procuring."

Page 6, line 9, after the word "the" and before the word "funds," insert the words "payment of."

Page 6, after section 6, add two new sections to be numbered sections 7 and 8, as follows:

Sec. 7. Hereafter none but heirs of Indian blood of those who are of one-half or more Indian blood of the Osage Tribe of Indians shall inherit or acquire any right, title, or interest by inheritance in or to any restricted lands, moneys, or mineral interests of the Osage Tribe or of any enrolled member thereof: *Provided*, That if there be no heirs as above provided or descendants of such persons to take by inheritance, such lands, moneys, or mineral interests, the said property shall revert to the Osage Tribe of Indians.

Sec. 8. Any member of the Osage Tribe of any degree of Indian blood, to whom has been granted a certificate of competency, and for whom, either for his person or his estate has heretofore been appointed a guardian by the proper court and who is still under such guardianship, and any such member who is hereafter placed under guardianship either for his person or for his estate by the proper court, shall be deemed incompetent, and his certificate of competency shall be revoked by the Secretary of the Interior, and thereafter he shall be subject to the same rules and regulations of the Secretary of the Interior and his property subject to the control and regulations of the Secretary of the Interior to the same extent as if a certificate of competency had never been granted: *Provided*, That out of the income of such member, in addition to the quarterly payment herein provided for, he shall pay all just indebtedness of such member existing at the time his certificate of competency is revoked.

This bill (which, as aforesaid, is identical with S. 2933), with certain amendments suggested by the Osage Tribal Council in a resolution adopted by them on the 8th day of January, 1925, has the approval of the Secretary of the Interior, as evidenced in a letter from him under date of January 14, 1925, which letter and resolution read as follows:

Department of the Interior,
*Washington, January 14, 1925.*

Hon. J. W. Harreld,
*Chairman Committee on Indian Affairs,*
*United States Senate.*

My Dear Senator Harreld: I have your letter of January 10, inclosing a copy of Senate bill 2933. Favorable report was made on this bill under date of April 4, 1924. There is inclosed a copy of resolution by the tribal council, offering suggested changes; also a copy of the bill incorporating such changes as are covered by the resolutions. The Indians desire to be consulted in all matters relating to their income and investments, and this is provided for by the proposed amendment.

There is no objection to the bill with the proposed amendments if your committee desires to adopt them.

Very truly yours,

Hubert Work.

RESOLUTION

Be it resolved by the Osage Tribal Council in session assembled this 8th day of January, 1925, that the council recommend to the Senate of the United States the following amendments to Senate bill 2933:

1. Page 1, line 7, after the word "heir," insert the words "or devisee."
2. Page 2, line 16, after the word "age," insert the words "and above 18 years of age."

3. Page 3, line 17, after the word "minors," insert the words "and out of the income of minors under 18 years of age $500 quarterly."

4. Page 3, line 1, after the word "investments," strike out the words "not exceeding $500 per quarter."

5. Page 3, line 7, after the word "shall" insert the words "in case the Commissioner of Indian Affairs finds that such adults are wasting or squandering said income."

6. Page 3, line 8, after the word "agency," insert the words:

"*Provided:* That if any adult member of the tribe not having a certificate of competency so requests, he shall be paid his entire income accumulating in the future from the sources above specified without supervision, unless the Commissioner of Indian Affairs shall after due notice and hearing find that such adult member is wasting or squandering his income, in which event the Secretary of the Interior shall pay to such member only the amounts hereinbefore provided to be paid to adult members not having certificates of competency."

7. Strike out all on page 3, line 9, after the word "invest" down to and including the word "supervision," on page 3, line 20, and in lieu thereof insert the words:

"the remainder after paying the taxes of such member in United States bonds, Oklahoma State bonds, real estate, first mortgage real estate loans not to exceed 50 per cent of the appraised value of such real estate, and where the member is a resident of Oklahoma such investment shall be in loans on Oklahoma real estate, stock in building and loan associations, livestock, or deposit the same in banks in Oklahoma, or expend the same for the benefit of such member, such expenditures, investments, and deposits to be made under such restrictions, rules, and regulations as he may prescribe: *Provided,* That the Secretary of the Interior shall not make any investments for an adult member without first securing the approval of such member of such investments.

8. Page 4, line 1, strike out the word "application" and in lieu thereof insert the word "approval."

9. Page 4, line 4, after the word "blood" insert the following words:

"all moneys now in the possession or control of legal guardians heretofore paid to them through mistake of law and which should have been reserved by the Secretary of the Interior under the act of Congress of March 3, 1921, relating to the Osage Tribe of Indians, shall be returned by such guardians to the Secretary of the Interior, and all property, bonds, securities, and stock purchased or investments made by such guardians out of said moneys paid to them shall be delivered to the Secretary of the Interior by them, to be held by him or disposed of by him as he shall deem to be for the best interest of the members to whom the same belongs. Such purchases and investments made by legal guardians are hereby declared to be legal when approved by the Secretary of the Interior. The expenditure of any part of such funds so paid which have been made by such guardians in accordance with the laws of Oklahoma are hereby declared to be legal when approved by the Secretary of the Interior. Moneys used in investments and expenditures by legal guardians, which are not approved by the Secretary of the Interior shall be accounted for by such legal guardians to him under such rules and regulations as he may prescribe. All bonds, securities, stocks, and property purchased and other investments made by legal guardians shall not be subject to alienation, sale, disposal, or assignment without the approval of the Secretary of the Interior. Any indebtedness lawfully incurred by guardians may be paid out of the funds of the members for whom such indebtedness was incurred by the Secretary of the Interior."

10. Page 4, line 4, after the word "funds" insert the words "other than as above mentioned."

11. Page 4, line 22, after the word "Indians" insert the words "inherited by or bequeathed to them."

12. Page 5, line 3, after the word "him" insert the words:

"the Secretary of the Interior shall pay to administrators and executors of estates of deceased Osage Indians a sufficient amount of money out of said estates to pay all lawful indebtedness and costs and expenses of administration, and out of the shares belonging to heirs or devisees he shall pay the costs and expenses of such devisees, including attorneys fees when approved by him, in the determination of heirs or contest of wills."

13. Page 5, line 24, after the word "granted" insert:

*Provided,* That all just indebtedness of such member existing at the time his certificate of competency is revoked shall be paid by the Secretary of the Interior, or his authorized representative, out of the income of such member in addition to the quarterly income hereinbefore provided for."

14. Page 6, line 9, after the word "the" insert the words "payment of."

15. Insert a new section to be known as section 7, as follows:

"SEC. 7. Hereafter none but heirs of Indian blood of those who are of one-half or more Indian blood of the Osage Tribe of Indians shall inherit or acquire any right, title, or interest by inheritance in or to any restricted lands, moneys, or mineral interests of the Osage Tribe or of any enrolled member thereof: *Provided,* That if there be no heirs as above provided of the Osage Tribe, or descendants of such persons to take by inheritance, such lands, moneys, or mineral interests, the said property shall divert to the Osage Tribe of Indians."

16. Add section 8, as follows:

"SEC. 8. Any member of the Osage Tribe of any degree of Indian blood, to whom has been granted a certificate of competency, and for whom, either for his person or his estate has heretofore been appointed a guardian by the proper court and who is still under such guardianship, and any member who is hereafter placed under guardianship, either for his person or for his estate, by the proper court, shall be deemed incompetent, and his certificate of competency shall be revoked by the Secretary of the Interior, and thereafter he shall be subject to the same rules and regulations of the Secretary of the Interior and his property subject to the control and regulations of the Secretary of the Interior to the same extent as if a certificate of competency had never been granted: *Provided,* That out of the income of such member, in addition to the quarterly payment herein provided for, he shall pay all just indebtedness of such member existing at the time his certificate of competency is revoked."

*It is moved* by George Alberty and seconded by Anthony Carlton that the above resolution be adopted. Motion unanimously carried.

FRED LOOKOUT,
*Principal Chief.*

Attest:
THOS. B. LEAHY, *Secretary.*

The amendments suggested in the above resolutions of the Osage Council have been incorporated into the amendments herein proposed with one or two minor changes.

O