# Regulations to Govern the Leasing of Lands in the Osage Reservation, Oklahoma, for Oil and Gas Mining Purposes.

*Approved, July 12, 1932.*

Section 3 of the Act of Congress approved June 28, 1906 (34 Stat. L., 539-543), provides:

That the oil, gas, coal, or other minerals covered by the lands for the selection and division of which provision is herein made are hereby reserved to the Osage Tribe for a period of twenty-five years from and after the eighth day of April, nineteen hundred and six; and leases for all oil, gas, and other minerals, covered by selection and division of land herein provided for, may be made by the Osage Tribe of Indians through its tribal council, and with the approval of the Secretary of the Interior, and under such rules and regulations as he may prescribe; Provided, That the royalties to be paid to the Osage Tribe under any mineral lease so made shall be determined by the President of the United States; And provided further, That no mining of or prospecting for any of said mineral or minerals shall be permitted on the homestead selections herein provided for without the written consent of the Secretary of the Interior: Provided, however, That nothing herein contained shall be construed as affecting any valid existing lease or contract.

Sections 1 and 2 of the act of March 3, 1921 (41 Stats. L., 1249) as amended by the act of March 2, 1929 (45 Stats. L. 1478) provided in part as follows:

That all that part of the act of June 28, 1906 (Thirty-fourth Statutes at Large, page 539), entitled 'An Act for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes,' which reserves to the Osage Tribe the oil, gas, coal, or other minerals, covered by the lands for the selection and division of which provision is made in that Act is hereby amended so that the oil, gas, coal, or other minerals, covered by said lands are reserved to the Osage Tribe, until the 8th day of April 1958, unless otherwise provided by Act of Congress.

The Secretary of the Interior and the Osage tribal council are hereby authorized and directed to offer for lease for oil, gas, and other mining purposes any unleased portion of said land in such quantities and at such times as may be deemed for the best interest of the Osage Tribe of Indians: PROVIDED, That not less than twenty-five thousand acres shall be offered for lease for oil and gas mining purposes during any one year: PROVIDED FURTHER, That as to all lands hereafter leased, the regulations governing same and the leases issued thereon shall contain appropriate provisions for the conservation of the natural gas for its economic use, to the end that the highest percentage of ultimate recovery of both oil and gas may be secured: PROVIDED, HOWEVER, That nothing herein contained shall be construed as affecting any valid existing lease for oil or gas or other minerals, but all such leases shall continue as long as gas, oil, or other minerals are found in paying quantities.

Sec. 2. The bona fide owner or lessee of the surface of the land shall be compensated, under rules and regulations prescribed by the Secretary of the Interior in connection with oil and gas mining operations, for any damage that shall accrue after the passage of this Act as a result of the use of such land for oil or gas mining purposes, or out of damages to the land or crops thereon, occasioned thereby, but nothing herein contained shall be construed to deny to the surface owner or lessee the right to appeal to the courts, without the consent of the Secretary of the Interior, in the event he is dissatisfied with the amount of damages awarded him. All claims for damages arising under this section shall be settled by arbitration under rules and regulations to be prescribed by the Secretary of the Interior, but either party shall have the right to appeal to the courts without consent of the Secretary of the Interior in the event he is dissatisfied with the award to or against him. The

appeal herein authorized shall consist of filing an original action in any court of competent jurisdiction sitting at the county seat of Osage County, to enlarge, modify or set aside the award, and in any such action, upon demand of either party, the issues, both of law and of fact shall be tried de novo before a jury upon the request of either party. Arbitration, or a bona fide offer in writing to arbitrate, shall constitute conditions precedent to the right to sue for such damages: PROVIDED, That nothing herein contained shall preclude the institution of any such suit in a Federal court having jurisdiction thereof, or the removal to said court of any such suit brought in the State court, which under Federal law may be removed to the Federal court: PROVIDED FURTHER, That nothing herein shall be construed to limit the time for any action to be filed to less than ninety days.

To carry these provisions of law into effect, the following forms and regulations are prescribed to govern the leasing of such lands for oil and gas mining:

## DEFINITIONS.

The following expressions wherever used in the lease and regulations shall have the meaning now designated, viz:

SUPERINTENDENT: The Superintendent of the Osage Agency, Pawhuska, Okla., in charge of the Osage Agency and Reservation, or any other person who may be in charge of such agency and reservation, and it shall be his duty to enforce compliance with these regulations.

INSPECTOR: Any person appointed as inspector of oil and gas wells, or who may be designated by the Secretary of the Interior or the Commissioner of Indian Affairs to supervise oil or gas operations on Osage lands under the direction of the superintendent.

OIL LESSEE: Any person, firm, or corporation to whom an oil mining lease is made under these regulations.

GAS LESSEE: Any person, firm, or corporation to whom a gas lease is made under these regulations.

**(Form B)**

## OIL MINING LEASE

## OSAGE RESERVATION, OKLAHOMA.

This lease, made and entered into in quadruplicate, on this________day of ____________________, A. D., 19___, by and between the Osage Tribe of Indians in Oklahoma by________________________, Principal Chief, under authority of the Resolution of the Osage Tribal Council dated____________________, party of the first part, designated as lessor, and________________of________________, party of the second part, designated as lessee, under and in pursuance of section 3, of the Act approved June 28, 1906, (34 Stat. L., 539-543), the Act approved March 3, 1921 (41 Stat. 1249), and Act of March 2, 1929 (45 Stats. L., 1478). Witnesseth:

1. The lessor, in consideration of one dollar, the receipt whereof is acknowledged, and of the royalties, covenants, stipulations, and conditions herein contained, and hereby agreed to be paid, observed, and performed by the lessee, does hereby demise, grant, lease, and let unto the lessee, for five years from the date of approval hereof, and as long thereafter as oil is found in paying quantities, all the oil deposits in or under lands described as follows: to-wit:—

Tr._____Sec.________________________T.____________N., R._________E., of the Indian Meridian, and containing____________acres, more or less, with the exclusive right to extract, pipe, store, and remove oil.

The act of March 2, 1929 (45 Stats. L. 1478) amended section one of the act of March 3, 1921 (41 Stats. 1249) so as to provide in part as follows:

That all that part of the Act of June 28, 1906 (Thirty-fourth Statutes at Large, page 539), entitled 'An Act for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes,' which reserves to the Osage Tribe the oil, gas, coal, or other minerals, covered by the lands for the selection and division of which provision is made in that Act is hereby amended so that the oil, gas, coal, or other minerals, covered by said lands

are reserved to the Osage Tribe, until the 8th day of April, 1958, unless otherwise provided by Act of Congress.

2. The lessee agrees to pay or cause to be paid to the Superintendent of the Osage Indian Agency, at Pawhuska, Oklahoma, for the lessor as royalty, the sum of 16 2-3 per cent of the gross proceeds from sales after deducting the oil used for fuel in operating the lease, unless the Osage Tribal Council, with the approval of the Secretary of the Interior, shall elect to take the royalty in oil; payment to be made at time of sale or removal of the oil, except where payments are made on division orders, and settlement shall be based on the actual selling price, but at not less than the highest posted market price in the Mid-Continent oil field on the day of sale or removal: Provided, That when the quantity of oil taken from all the producing wells on any quarter-section according to the public survey, or fractional part of a quarter-section if the land covered by this lease does not include the full quarter-section, during any calender month, is sufficient to average one hundred or more barrels per well per day, the royalty on such oil shall be 20 per cent.

Should the lessor, with the approval of the Secretary of the Interior, elect to take the royalty in oil, the lessee shall furnish free storage for the royalty oil for not exceeding 30 days.

Any of the Executive Departments of the United States Government shall have the option to purchase at the highest posted market price on the day of sale all or any part of the oil produced under this lease. The Secretary of the Interior in his discretion may impose restrictions on oil production when necessary as conservation measures and to conform to similar restrictions imposed on other wells in Oklahoma by State Authority or agreement of operators.

3. Lessees shall drill at least one well to the Mississippi lime, unless oil or gas is found in commercial quantities at a lesser depth, on the land embraced in this lease within twelve months from date of approval of lease, or this lease may be held for the full five-year period without drilling, upon payment of rentals to the Superintendent for the lessor at the rate of $1.00 per acre per annum, or a proportionate part thereof for each three months period the lease is held and a well not drilled, such rental beginning twelve months from date of approval of lease: PROVIDED, That the time within which a well shall be drilled or rental paid in lieu of drilling shall not begin to run on any restricted homestead selection until the consent of the Secretary of the Interior to drilling on such homestead shall have been given. Provided that the Superintendent of the Osage Agency in his discretion may direct the drilling of any undrilled lease, if in his opinion the interests of the Osage Tribe warrant. Should the lessee elect to surrender this lease before the end of any such yearly period without drilling a well thereon, he shall pay the rental of one dollar per acre for the fractional part of a year the land is held and a well is not drilled, and failure of the lessee to pay such rental within twenty-five days from the expiration of any yearly period during which such well is not drilled shall be cause for cancellation of this lease by the Secretary of the Interior, but such cancellation shall not release the lessee and his sureties from the obligation to pay such rental; Provided, further, That whenever the Secretary of the Interior shall consider the marketing facilities inadequate to take care of the production he may direct the suspension of drilling operations on this lease.

4. Lessee shall have the right to use so much of the surface of the land and such water on the premises as may be necessary for operations, including the right to lay and maintain pipe lines, telephone and telegraph lines, pull rods, and other appliances necessary for the operation of the wells; also the right of ingress and egress and the rights of way to any point of operations under condition of least injury and inconvenience to the owner and occupant of the surface. Before commencing operations the lessee shall pay to the surface owner the sum of one hundred dollars for each well located on cultivated land or land suitable for cultivation and thirty-five dollars for each location on land not susceptible to cultivation. Upon payment of such location-site money lessee shall be entitled to possession. Location sites shall not exceed one and one-half acres in area. Lessee shall also pay ten dollars for each site outside of the well location used for oil tank of not exceeding 1,600 barrels capacity, allowing 50 feet square for each tank-site. The sum to be paid for an oil tanksite of larger capacity and occupying a greater area shall be as agreed upon between the surface owner and the lessee, and on failure to agree the same shall be fixed by arbitration.

All claims for damages for use of the surface other than that included in the location and tanksites, all claims for damages to growing crops or improvements on the lands and all other claims for damages to the surface owners or their lessees arising from operations of the oil or gas lessees shall be settled by arbitration whenever the parties are unable to agree concerning the same. But nothing herein contained shall be construed to deny to either party to the controversy the right to appeal to the courts in the event he is dissatisfied with the award to or against him.

All agreements (or authenticated copies thereof) providing for the settlement of damages shall be filed in the Osage Agency, if the surface owner is a restricted Indian, and all such amounts which may be due and payable to any such Indian shall be paid to the Superintendent and by him immediately remitted to the Indian entitled thereto. All sums due as royalty or damages shall be a lien on all equipment and unsold oil on leased premises.

5. The lessee shall carry on operations in a workmanlike manner, commit no waste and suffer none to be committed upon the land, nor permit any nuisance to be maintained on the premises under his control, nor allow any intoxicating liquors to be introduced, brought upon, sold, or given away for any purposes on such premises: also keep an accurate account of all operations, receipts, and disbursements, furnishing sworn reports of such when and as required by the regulations or by an authorized representative of the Secretary of the Interior.

All buildings and permanent improvements, including casings of all producing wells drilled three years or more prior to the expiration of the lease, shall remain a part of said land and become the property of the surface owner at expiration of the lease, excepting tools, tanks, boiler houses, pipelines, pumping and drilling outfits, derricks, engines, machinery, and the casings of all dry or nonpaying wells. The casings of wells drilled less than three years prior to and producing oil on the expiration of the lease remain the property of the oil lessee: Provided, That such casings shall not be removed from the wells but shall be purchased from the lessee by the owner of the oil rights at such price as may be mutually agreed upon, and on failure to agree the price shall be fixed by arbitration.

6. The lessee accepts this lease with the understanding that the lands covered thereby may be leased to some other party who shall have the exclusive right to all gas except as herein provided.

7. If the oil lessee shall drill a gas well he shall, without removing from the well any of the casing or other equipment, immediately shut the well in and notify the gas lessee and the Superintendent. In the event the gas lessee does not within thirty days after receiving notice elect to take over such well and reimburse the oil lessee the cost of drilling the same, including all damages paid, in addition to the cost in place of casing, tubing, and other equipment, the oil lessee shall immediately confine the gas to the original stratum, and the disposition of such well shall be subject to the approval of the Superintendent.

8. If the gas lessee shall drill an oil well upon the lands described herein, he shall immediately, without removing from the well any of the casing or other equipment, notify the oil lessee and the Superintendent. In the event the oil lessee does not within thirty days after receipt of notice elect to take over such well he shall immediately so notify the gas lessee, and the disposition of such well shall be subject to the approval of the Superintendent. Should the oil lessee elect to take over the well, he shall pay the gas lessee the cost of drilling the same, including all damages paid in addition to the cost in place of casing and other equipment.

9. If the oil lessee shall drill a well which produces both oil and gas in commercial quantities from the same sand he shall immediately notify the gas lessee and together they shall arrange for the separation and utilization of the oil and gas, and the cost pertaining to said well.

10. Whenever oil and gas are found in separate sands, and the oil lessee desires to drill through the gas sand for the oil, he may do so provided the method of protecting the gas sand shall be approved by the Inspector.

11. If at any time any oil or gas well becomes unprofitable and the oil or gas lessee desires to deepen the same, such action as may be mutually agreed upon may be taken not in conflict with the regulations. Upon failure to agree the disposition of such well shall be subject to the approval of the Superintendent.

12. All casing-head gas shall belong to the oil lessee and when used for the manufacture of gasoline shall be metered and be subject to a royalty of 16 2-3 per cent based on the market value of the gasoline contents, and all such gas not utilized by the oil lessee on his leased premises or for operating other adjoining leases within the Osage Reservation, shall belong to the gas lessee, subject to the prescribed royalty of 16 2-3 per cent.

13. The gas lessee shall furnish the oil lessee, free of royalty, sufficient gas for drilling and operating purposes at a rate to be agreed upon, or on failure to agree the rate shall be fixed by arbitration: Provided, That the oil lessee shall make necessary connections between the well and the meter whenever possible.

14. The oil lessee may at any time, by paying to the Superintendent all amounts then due, including rentals in lieu of development as provided in paragraph numbered three hereof, and the further sum of one dollar, surrender all or any quarter-section or fractional part of quarter section where the lease does not cover the full quarter-section, and have the lease cancelled as to the lands surrendered and be relieved from all further obligations and liabilities thereunder as to the part surrendered: Provided, That if this lease has been recorded lessee shall execute a release and record the same in the proper office.

15. All amounts due and payable under this lease shall be paid to the Superintendent in St. Louis or Kansas City exchange, except that where such exchange can not be procured, post office or express money orders will be accepted.

16. This lease is subject to the regulations now or hereafter prescribed by the Secretary of the Interior, relative to such leases, all of which are made a part of this lease: Provided, That no regulations made after the approval of this lease shall operate to affect the term of lease, rate of royalty, rental or acreage, unless agreed to by both parties.

17. Violation of any of the terms or conditions of this lease or of the regulations pertaining thereto, shall subject the lease to cancellation by the Secretary of the Interior, or the lessee to a fine of not exceeding five hundred dollars per day for each and every day the terms of the lease or of the regulations are violated, or the orders of the Superintendent in reference thereto are not complied with, or to both such fine and cancellation in the discretion of the Secretary of the Interior: Provided, That the lessee shall be entitled to notice and hearing with respect to the terms of the lease or of the regulations violated, which hearing shall be held by the Superintendent whose findings shall be conclusive unless an appeal be taken to the Secretary of the Interior within 30 days after notice of the Superintendent's decision, and the decision of the Secretary of the Interior upon appeal shall be conclusive.

18. Before this lease shall be in force and effect the lessee shall furnish a bond with responsible surety to the satisfaction of the Secretary of the Interior, conditioned for the performance of this lease, which bond shall be deposited and remain on file in the Indian Office.

19. Assignment of this lease or any interest therein may be made with the approval of the Secretary of the Interior and not otherwise.

20. Each and every clause and covenant of this indenture shall extend to the heirs, executors, administrators, successors, and lawful assigns of the parties hereto.

In witness whereof, the said parties have hereunto subscribed their names and affixed their seals on the day and year first above mentioned.

Two witnesses to execution by lessor:

| | |
|---|---|
| ______________________ | ______________________(SEAL) |
| Post Office, Pawhuska, Oklahoma. | Principal Chief. |
| ______________________ | Attest______________________ |
| Post Office, Pawhuska, Oklahoma. | Secretary. |

Two witnesses to execution by lessee:

| | |
|---|---|
| ______________________ | |
| Post Office______________________ | ______________________(SEAL) |
| ______________________ | |
| Post Office______________________ | Attest______________________ |

## ACKNOWLEDGMENT OF PRINCIPAL CHIEF.

STATE OF OKLAHOMA, COUNTY OF OSAGE, ss:

Before me, a Notary Public, on this_______day of______________ 19___, personally appeared_______________, to me known to be the____________ Principal Chief of the Osage Tribe, and the identical person who executed the within and foregoing lease, and acknowledged to me that he executed the same as his voluntary act and deed on behalf of the Osage Tribe and in accordance with the authority given him by the Osage Tribal Council.

____________________________
Notary Public.

My commission expires__________________________

---

## ACKNOWLEDGMENT OF INDIVIDUAL.

STATE OF____________________, COUNTY OF____________________, ss:

Before me, a Notary Public, in and for said County and State, on this_____ day of_____________, 19___, personally appeared________________, to me known to be the identical person____________who executed the within and foregoing lease, and acknowledged to me that______________executed the same as____________free and voluntary act and deed for the uses and purposes therein set forth.

____________________________
Notary Public.

My commission expires__________________________.

---

## ACKNOWLEDGMENT OF CORPORATION.

STATE OF____________________, COUNTY OF____________________, ss:

On this_____day of____________A. D., 19___ before me, a______________ within and for the State and County aforesaid, personally appeared__________ and____________, to me personally known, who being by me duly sworn, did each say that______________________is the president and______________ __________is the______________________secretary of________________, a corporation, and that the seal affixed to the foregoing and annexed instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its board of directors; and said____________and____________duly acknowledged that they each had in their said official capacities executed the foregoing instrument as the act and deed of the said company for the consideration and purposes therein mentioned and set forth.

Witness my hand and official seal this_____day of______________, 19___

____________________________

____________________________

My commission expires__________________________.

DEPARTMENT OF THE INTERIOR,
UNITED STATES INDIAN SERVICE.

Osage Agency, Pawhuska, Okla.,____________________

The within lease is forwarded to the Commissioner of Indian Affairs with recommendation that it be______________________

See my report of even date.

____________________________
Superintendent.

OFFICE OF INDIAN AFFAIRS.

Washington, D. C.,_______________, 19___.

Respectfully submitted to the Secretary of the Interior with recommendation that it be____________________.

____________________
Commissioner.

Washington, D. C.,_______________, 19___.

The within lease is________________________________________.

____________________
Secretary of the Interior.

DESCRIPTION OF BOND

Surety________________________________________
Agent____________________ Address____________________
Date____________________ Amount $____________________

1. Prospective lessees shall file an application for approval of Lease (Form A), giving the information called for therein and execute same before an officer qualified to take oath.

(FORM A)

APPLICATION FOR APPROVAL OF_______________LEASE,
Osage Reservation

TO THE SECRETARY OF THE INTERIOR:

________________________________________
designated as the applicant, hereby applies to have approved the accompanying lease embracing____________________acres of Osage lands, and agrees that this application shall be considered a part of the lease so described.

The applicant solemnly swears that the lease, for which approval is requested, is taken in good faith and in the interest and for the exclusive benefit of the applicant, and not for speculation or transfer, or as agent for, or in the interest or for the benefit of, any other person, corporation or association; that no other person, corporation, or association has any interest, present or prospective, directly or indirectly, therein, and that there is no understanding or agreement, express or implied, by which the land leased or any interest in or under the lease by working or drilling contract or otherwise, is to be used, sublet, assigned or transferred without the consent of the Secretary of the Interior first obtained, but that it is taken for the purpose of operation and development under the direction, supervision and control of the applicant, except as herein stated.

In addition to the leases in the name of the applicant for which approval is requested, the affiant solemnly swears that the applicant is not interested, either directly or indirectly, in_______________mining leases of lands in the Osage Reservation, except with the following-named persons, corporations, or associations, and that the aggregate of all those interests, together with the leases held by the applicant alone is not more than__________acres:

| Name of Person, Corporation or Association With Whom Applicant is Interested | Post-Office Address |
|---|---|
| | |
| | |

The applicant hereby states that his general business experience for the past five years has been as follows:

________________________________________

The applicant's financial condition at this time is:____________________

It is further stated that the applicant's resources are as follows:

________________________________________
and that he has available at least $_______________for the development of land covered by said lease.

Where the applicant is a corporation, it hereby shows that at this time it has $________paid up capital and $________in its treasury available for oil and gas operations. 1.

It is hereby agreed that on the issue, transfer or cancellation of stock of corporations, or changes in officers, prompt reports will be made thereof as required by the regulations.

The books and accounts of the applicant, covering the business to be carried on under this lease, if approved, will be kept at________ in the custody of________.

REFERENCES: 2.

________. P. O.________

________. P. O.________

Executed this____day of________, 19__, at________

________

________

Before me, a notary public in and for the County of________ State of________, personally appeared________ who, being first duly sworn according to law, depose and say that the foregoing application was signed by proper authority and in good faith for the purpose therein stated, and that the statements made therein are true as ____verily believe.

(L. S.) ________

Notary Public.

My commission expires________.

---

1. Corporations shall furnish with their first application the additional financial showing required by the regulations.
2. Bank references are preferred.

2. Oil lessees shall furnish with each oil lease, to be filed at the time the lease is presented, a bond upon Form D, with two or more sureties, or with a surety company duly authorized to execute bonds. Such bonds shall be in the sum of $1,000 for each quarter-section or fractional quarter-section unit covered by the lease: Provided, however, That the lessee shall be allowed to file one bond, Form G, covering all leases to which he or they are or may become parties instead of a separate bond in each case, such bond to be in the penal sum of $15,000.

Gas lessees are required to furnish with each gas lease a bond of the same character in the sum of $5,000 when the gas lease covers 25,000 acres or less, and such additional amount for larger areas as may be required by the Secretary of the Interior.

The right is specifically reserved to increase the amount of any such bond above the sum named in any particular case where the Secretary of the Interior deems it proper to do so.

**(FORM D)**

(To accompany Mining leases of Osage lands.)

BOND.

KNOW ALL MEN BY THESE PRESENTS: That________of________, ________, as principal________, and________of ________, ________as surety________, are held and firmly bound unto the United States of America in the sum of________Dollars, lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, and each of us, our heirs, successors, executors, administrators or assigns, jointly and severally, firmly by these presents.

Sealed with our seals, and dated this________day of________ 19__.

The condition of this obligation is such that whereas the above bounden ________as principal________, entered into________certain indenture of lease, dated________with the Osage Tribe of Indians for the lease of a

Case 1:99-cv-00350-ECH Document 309-24 Filed 06/30/2008 Page 9 of 15



tract of land described as follows:

and located in Osage County, Oklahoma, for__________purposes for the period of________years from the date of approval hereof, and as long thereafter as oil is found in paying quantities, provided that the term of this lease shall not extend beyond the date the title to the minerals remains in the Osage Tribe

Now, if the above-bounden__________

shall faithfully carry out and observe all the obligations assumed in said indenture of lease by__________ and shall observe all the laws of the United States, and regulations made, or which shall be made thereunder, for the government of trade and intercourse with Indian tribes, and all the rules and regulations that have been, or may be, lawfully prescribed by the Secretary of the Interior relative to leases executed by the Osage Tribe in Oklahoma, then this obligation shall be null and void; otherwise to remain in full force and effect.

Signed and sealed in the presence of

WITNESSES: 1

__________)
P. O.__________)
) as to__________(Seal)
__________)
P. O.__________)

__________)
P. O.__________)
) as to__________(Seal)
__________)
P. O.__________)

1. Two witnesses to all signatures.

DEPARTMENT OF THE INTERIOR.

Approved: Washington, D. C.,__________, 19__

__________
Assistant Secretary.

**Form G**

OSAGE MINING LEASES
BOND

KNOW ALL MEN BY THESE PRESENTS, That__________ of__________ as principal_____, and__________ of__________, as suret__________ are held and firmly bound unto the United States of America in the sum of fifteen thousand ($15,000) dollars, lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves and each of us, our heirs, successors, executors, administrators, or assigns, jointly and severally, firmly by these presents.

Sealed with our seals, and dated this______day of__________ 19__.

The condition of this obligation is such that whereas the above bounden

__________as principal_____ha_____heretofore or may hereafter enter into oil mining leases with the Osage Tribe in Oklahoma, of various dates and periods of duration, covering the lands described in such leases, which leases have been or may hereafter be approved by the Secretary of the Interior, and the identification of which herein is expressly waived by both principal and suret__________hereto.

Now, if the above-bounden__________

shall faithfully carry out and observe all the obligations assumed in said indenture of lease to which__________is now or may hereafter become a party, and shall observe all the laws of the United States and regulations made or which shall be made thereunder for the government of trade and

intercourse with Indian Tribes, and all regulations that have been or shall hereafter be lawfully prescribed by the Secretary of the Interior relative to oil and gas mining leases executed by the Osage Tribe of Indians and the development thereof, and shall in all particulars comply with the provision of said leases and such regulations, then this obligation shall be null and void; otherwise to remain in full force and effect.

Signed and sealed in the presence of—

Witness: 1

______________________
P. O.______________________ as to______________(Seal)
______________________
P. O.______________________
______________________
P. O.______________________ as to______________(Seal)
______________________
P. O.______________________
______________________
P. O.______________________ as to______________(Seal)
______________________
P. O.______________________
______________________
P. O.______________________ as to______________(Seal)
______________________
P. O.______________________

DEPARTMENT OF THE INTERIOR,
APPROVED. Washington, D. C.______________ 19___

______________________
Assistant Secretary of the Interior.

**Form F**

OSAGE MINING LEASES
(Must be executed in quadruplicate)

ASSIGNMENT OF______________________LEASE

WHEREAS, The Secretary of the Interior has heretofore approved________ mining lease, dated______________, 19____, entered into by and between ______________________________________lessee, and the Osage tribe of Indians, lessor, covering the following described land in the Osage Reservation, State of Oklahoma:

______________________________________
______________________________________
______________________________________
______________________________________

Now, therefore, for and in consideration of ($______________) dollars, the receipt of which is hereby acknowledged, the said______________________

____________________the lessee in the above described lease, hereby bargains, sells, transfers, assigns and conveys________________right, title and interest of the lessee in and to said lease, subject to the approval of the Secretary of the Interior, to____________

________________________________________

In Witness whereof the said lessee has hereunto set_______hand and seal this_________day of________________, 19___.

________________________

________________________

________________________

## ACKNOWLEDGEMENT OF INDIVIDUAL.

STATE OF__________________, COUNTY OF__________________, ss.

Be it remembered that on this day came before me, the undersigned________________________within and for the State and County aforesaid, duly commissioned and acting as such______________________, to me personally well known, and stated that_________________executed the foregoing and annexed instrument for the consideration and purposes therein mentioned and set forth; and I do hereby so certify.

Wintess my hand and seal on this_______day of_______________, 19___.

________________________

________________________

My commission expires______________________.

## ACKNOWLEDGMENT OF CORPORATION.

STATE OF__________________, COUNTY OF__________________, ss.

On this_________day of__________________, A. D., 19___, before me, a______________________within and for the State and County aforesaid, personally appeared____________________________and__________________________________to me personally known who, being by me duly sworn, did each say that__________________________is the ________________president and__________________is the secretary of________

________________________________________

a corporation, and that the seal affixed to the foregoing and annexed instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its board of directors; and said__________________________________ and______________________duly acknowledged that they each had in their said official capacities executed the foregoing instrument as the act and deed of the said company for the consideration and purposes therein mentioned and set forth. I do hereby so certify.

Witness my hand and seal on this_______day of_______________, 19___.

________________________

________________________

My commission expires________________________.

## ACCEPTANCE BY ASSIGNEE.

The assignee in the above and foregoing assignment, made subject to the approval of the Secretary of the Interior, hereby accepts such assignment and agrees to fulfill all the obligations, conditions, and stipulations in said described indenture of lease, when assigned, and the rules and regulations

of the Secretary of the Interior, so far as applicable thereto, and to furnish proper bond guaranteeing a faithful compliance with said lease and this agreement.

In Witness whereof, the said assignee has hereunto set________hand and seal this________day of________________, 19___.

____________________________

____________________________

____________________________

## CONSENT OF SURETY.

The________________________, of______________________ surety for______________________________________on the bond accompanying the lease above described, hereby consents to the assignment and transfer of said lease as above made_________________________________________________________________________________________________.

Dated at____________________this_______day of_______________, 19___

____________________________

____________________________

____________________________

DEPARTMENT OF THE INTERIOR,
Washington, D. C.,________________, 19___

Approved:

____________________________
Assistant Secretary of the Interior.

NOTE:—If bond accompanying the original lease is to remain in full force and effect, it must be specifically so stated in the consent of the surety company.

3. The following form to be used in preparation of bond covering lease acquired through assignment where assignee does not have a collective bond, or surety does not execute consent for original bond to remain in force and effect:

**Form H**

## BOND

(To Accompany Assignment of Mining Leases of Osage Lands.)

Know all men by these presents, That__________________________________________________________________ of_______________________________________as principal, and _________________________________________________________________________of____________________, as suret_____ are held and firmly bound unto the United States of America in the sum of ____________________________________dollars, lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves and each of us, our heirs, successors, executors, or administrators, jointly and severally, firmly by these presents.

Sealed with our seals and dated this__________day of_____________19___.

The condition of this obligation is such that whereas___________________________________________________________________as lessee, entered into a certain indenture of lease, dated ________________________________, with__________ the __________ Osage Tribe of Indians_______________, lessor, for the lease of a tract of land described as follows:

______________________________________________________________________________________________________________________________________________________________________________________

and located in____________Osage County, Oklahoma,_____________________ for oil mining purposes for the period of___________years from the date of approval hereof and as long thereafter as oil is found in paying quantities, provided that the term of the lease shall not extend beyond the date the title to the minerals remains in the Osage Tribe.

Whereas, thereafter the said______________________________

________________________________________________

right, title, and interest in and to the above-described lease to the above-bounden__________________________________________ and subject to all the conditions and provisions in said lease contained.

Now, if the above-bounden______________________________

________________________________________________

shall faithfully carry out and observe all the obligations assumed in said indenture and assignment of lease by_______the assignee_______________

________________________________________________

(a)

and shall observe all the laws of the United States, and regulations made, or which shall be made thereunder, for the government of trade and intercourse with Indian tribes, and all the rules and regulations that have been, or may be, lawfully prescribed by the Secretary of the Interior, relative to such leases or assignments covering such leases, then this obligation shall be null and void; otherwise to remain in full force and effect.

Signed and sealed in the presence of

Witnesses (two to all signatures):

___________________________________)

P. O._____________________________) as to_________________(Seal)

___________________________________)

P. O._____________________________)

___________________________________)

P. O._____________________________) as to_________________(Seal)

___________________________________)

P. O._____________________________)

DEPARTMENT OF THE INTERIOR,
Washington, D. C.,
Approved:

____________________________________
Assistant Secretary.

**Form E**

OSAGE MINING LEASES.

Evidence of Authority of Officers to Execute Papers

(To be sworn to by Secretary or President of a corporation and sealed with its seal.)

---

I solemnly swear that___________________________________and ___________________________________were on the_____________day of__________________________, 19____, the duly elected, qualified and acting president and secretary, respectively, of___________________________

________________________________________________

a corporation organized under the laws of__________________________ on which day they executed_______________mining lease for and in behalf of said corporation as lessee, covering certain lands of the Osage Tribe; that they were fully empowered to execute said lease and all papers in connection therewith, and that their action in executing the same binds the said corporation to full performance of all obligations thereunder.

____________________________________

____________________________________
(Title)

This_____________day of_________________________19___.

(CORPORATE SEAL)

Subscribed and sworn to before me this________day of____________ 19__.

(Signed)____________________

____________________

(Title)

(Seal)

4. The provisions of the foregoing lease and assignment of lease and supporting papers, designated as Form B, Form A, Form D, Form G, Form F, Form H, and Form E, respectively, are hereby made a part of these regulations, and lessees will be required to adhere strictly to the conditions thereof.

GAS MINING LEASE

The terms of the several gas mining leases in effect, covering practically the entire acreage of the Osage Reservation, vary somewhat as to development requirements, but provisions relative to use of surface, payment of damages by reasons of well locations, etc., and duties of lessee are practically identical with that of oil lessee as outlined in the lease form printed above. However, these regulations will govern operations under all gas leases in the Osage Reservation so far as applicable.

5. All contracts for the sale of gas for industrial purposes and sworn statements showing terms, conditions, and schedule of prices contained in contracts with domestic consumers shall be filed with the Superintendent, and shall be subject to the approval of the Secretary of the Interior whenever, in his opinion, the interests of the Osage Indians or the public require such action. The Superintendent shall, within 60 days after the papers shall have been filed in his Office, forward to the Secretary through the Commissioner of Indian Affairs, any contracts and sworn statements which he may believe should be investigated, and all other contracts and sworn statements shall be kept in his office.

In the sale and disposition of gas, preference shall at all times be given to domestic consumers, unless provided otherwise in the lease, all contracts for the industrial use of gas shall contain a clause to the effect that when it is shown to the satisfaction of the Secretary of the Interior that such gas is needed by domestic consumers within an area fixed by the Secretary of the Interior, such contract shall terminate upon the expiration of 30 days' notice from the Secretary of the Interior, and that the Superintendent shall have authority to immediately suspend the furnishing of gas to industrial consumers when he is of the opinion that such gas is needed for domestic consumers. All gas furnished to industrial and domestic consumers shall be metered and sold at meter rates: **Provided,** That gas furnished to an oil lessee may be sold as provided in the gas lessee's contract.

All contracts with domestic consumers shall be subject to the inspection of the Superintendent.

UTILIZATION OF CASINGHEAD GAS WHEN USED FOR THE MANUFACTURE OF GASOLINE

6. The basis for determining royalty on casinghead gas in the Osage Reservation, Oklahoma, used by oil lessees for the manufac-

ture of gasoline or sold by oil lessees to casinghead gasoline plants shall be 16 2-3% or 33 1-3% of the gross proceeds of the sale of the gasoline extracted, to be computed on the sale price actually received by the casinghead gas manufacturers or others disposing of such product for raw casinghead gasoline, the same to be reported under oath and remittance made to the Superintendent of the Osage Agency not later than the 25th of the succeeding month for all such gasoline disposed of during the previous month, the other 66 2-3% on which no royalty is paid being allowed for plant operations. Provided, that should it appear at any time that any manufacturers of such product who for their own convenience or their affiliated organizations or interests, sell raw casinghead gasoline manufactured from gas taken from the Osage Indian lands at an arbitrary price during any particular month, which does not approximate the average price obtained by manufacturers selling raw casinghead gasoline in the open market during such month, the Superintendent of Osage Agency shall notify said manufacturers of such discrepancies and require settlement upon the average price obtained by manufacturers selling in the open market during such month, instead of any arbitrary price upon which payment may be tendered for royalty payments. Provided, further, that the place of sale of such product shall be understood to be at the plant where manufactured when so disposed of, or when loaded into tank cars at or near the plant. Should any company or manufacturer sell or otherwise dispose of such product by delivery to pipe lines at distant points, they shall be allowed the average loss by waste, evaporation or otherwise sustained by other manufacturers in the Osage, of such product from the plant to tank cars as shown by sworn statements which shall be furnished when required by the Superintendent of Osage Agency.

7. Contracts and division orders shall be entered into between a lessee and any other person or corporation for the sale of casing-head gas, which shall provide for a minimum royalty interest for the lessor of 16 2-3 per cent of 33 1-3 per cent of the value of the gasoline extracted, unless it is sold on a higher basis, in which event it shall be computed on such basis.

8. Contracts for the sale of casing-head gas entered into between lessees and others shall be filed with the Superintendent within 30 days after date of execution, and shall be effective only from date of approval by the Superintendent.

9. All contracts for the sale of casing-head gas shall be made subject to the rules and regulations of this Department now existing or hereafter to be promulgated, and shall provide that Paragraph 6 in regard to the basis of determining the royalty, may be revised by the Secretary of the Interior upon notice to all parties concerned, and an opportunity being given them to be heard: Provided, That such revision shall not apply to contracts approved under these regulations prior to any such revision or change which will in any way alter the terms of the contract, rate of royalty, method of computing royalty, or basis of such computation, without the written consent of the parties thereto filed with the Superintendent. Contracts hereafter executed shall also provide that they may be cancelled by the Superintendent for violation of the terms thereof or the regulations, after 30 days' notice to the parties concerned and an opportunity to