75 Cong. Ch. 645, June 24, 1938, **52 Stat. 1034**

UNITED STATES STATUTES AT LARGE
75TH CONGRESS - 3RD SESSION
Convening January 3, 1938

An Act

Relating to the tribal and individual affairs of the Osage Indians of Oklahoma.

June 24, 1938

52 Stat. 1034-1036

END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[CHAPTER 644]

AN ACT

June 24, 1938
[S. 4044]
[Public, No. 710]

To authorize the President to permit citizens of the American republics to receive instruction at professional educational institutions and schools maintained and administered by the Government of the United States or by departments or agencies thereof.

American republics.
Attendance of citizens of, at Government schools, etc.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That the President be, and he hereby is, authorized, in his discretion and under such regulations as he may prescribe by Executive order, to permit citizens of the American republics to receive instruction, with or without charge therefor, at professional educational institutions and schools maintained and administered by the Government of the United States or by departments or agencies thereof: *Provided*, That such citizens shall agree to comply with all regulations for the government of the institutions and schools at which they may be under instruction and to exert every effort to accomplish successfully the courses of instruction prescribed: *And provided further*, That the regulations prescribed by the President under the authority of this Act shall contain provisions limiting the admission of citizens of the American republics to primary schools maintained and administered by the Government of the United States so that there will under no circumstances be any curtailment of the admission of citizens of the United States eligible to receive instruction therein and not more than one citizen of any American republic shall receive instruction at the same time in the United States Military Academy and not more than one in the United States Naval Academy.

*Provisos.*
Compliance with regulations.

Limitations.

Approved, June 24, 1938.

---

[CHAPTER 645]

AN ACT

June 24, 1938
[S. 4036]
[Public, No. 711]

Relating to the tribal and individual affairs of the Osage Indians of Oklahoma.

Osage Indians of Oklahoma.
Quarterly payments to adult members without competency certificate.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That hereafter the Secretary of the Interior shall cause to be paid to each adult member of the Osage Tribe of Indians not having a certificate of competency his or her pro rata share, either as a member of the tribe or heir or devisee of a deceased member, of the interest on trust funds, the bonus received from the sale of oil or gas leases, and the royalties therefrom received during each fiscal quarter, not to exceed $1,000 per quarter; and if such adult member has a legal guardian, his current income not to exceed $1,000 per quarter may be paid to such legal guardian in the discretion of the Secretary of the Interior: *Provided*, That when an adult restricted Indian has surplus funds in excess of $10,000 there shall be paid such Indian sufficient funds from his accumulated surplus in addition to his current income to aggregate $1,000 quarterly; but in the event of any adult restricted Indian has surplus funds of less than $10,000, such Indian shall receive quarterly only his current income not to exceed $1,000 per quarter: *Provided further*, That the Secretary of the Interior is hereby authorized to and may in his discretion pay out of any money heretofore accrued or hereafter accruing to the credit of any person of Osage Indian blood who does not have a certificate of competency or who is one-half or more Osage Indian blood, all of said person's taxes of every kind and character, for which said person is now or hereafter may be liable, before paying to or for such person any funds as required by law: *And provided further*, That upon application and consent of any restricted Osage Indian the Secretary of the Interior may cause payment to be made of additional

To legal guardians.

*Provisos.*
If Indian's surplus funds exceed $10,000.

If less than $10,000.

Payment of taxes, etc.

Payment of additional funds upon application, etc., of restricted Indians.

funds from the accumulated surplus to the credit of any Osage Indian under such rules and regulations as he may prescribe. Rentals due such adult members from their lands and their minor children's lands and all income from such adults' investments, including interest on deposits to their credit, shall be paid to them in addition to the current allowances above provided.

Rentals.

Whenever minor members of the Osage Tribe of Indians have funds or property subject to the control or supervision of the Secretary of the Interior, the said Secretary may in his discretion pay or cause to be paid to the parents, legal guardian, or any person, school, or institution having actual custody of such minors, such amounts out of the income or funds of the said minors as he deems necessary, and when such a minor is eighteen years of age or over, the Secretary of the Interior may in his discretion cause disbursement of funds for support and maintenance or other specific purposes to be made direct to such minor.

Funds of minor members, payments therefrom to custodians, etc.

Direct payments on attaining age of 18 years.

Sec. 2. There is authorized to be appropriated from funds on deposit to the credit of the Osage Tribe of Indians not to exceed $10,000 annually to pay per diems to, and traveling expenses of, the members of the Osage Tribal Council in making necessary trips to the city of Washington and other places in connection with Osage tribal affairs. Expenditures from appropriations made pursuant to this authorization shall be in accordance with rules and regulations to be prescribed by the Secretary of the Interior.

Appropriation authorized for travel expenses of Tribal Council.

Sec. 3. That section 1 of the Act of Congress of March 2, 1929 (45 Stat. L. 1478), relating to the Osage Indians of Oklahoma, be, and the same is hereby, amended to read as follows:

45 Stat. 1478.

"That all that part of the Act of June 28, 1906 (34 Stat. L. 539), entitled 'An Act for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes', which reserves to the Osage Tribe the oil, gas, coal, or other minerals, covered by the lands for the selection and division of which provision is made in that Act is hereby amended so that the oil, gas, coal, or other minerals, covered by said lands are reserved to the Osage Tribe, until the 8th day of April, 1983, unless otherwise provided by Act of Congress, and all royalties and bonuses arising therefrom shall belong to the Osage Tribe of Indians, and shall be disbursed to members of the Osage Tribe or their heirs or assigns as now provided by law, after reserving such amounts as are now or may hereafter be authorized by Congress for specific purposes.

Oil, etc., lands reserved to Tribe until April 8, 1983.
34 Stat. 539.

Disbursement of royalties, etc., to tribe members.

"The lands, moneys, and other properties now or hereafter held in trust or under the supervision of the United States for the Osage Tribe of Indians, the members thereof, or their heirs and assigns, shall continue subject to such trusts and supervision until January 1, 1984, unless otherwise provided by Act of Congress.

Continuation of trusts, etc., on certain properties.

"The Secretary of the Interior and the Osage tribal council are hereby authorized and directed to offer for lease for oil, gas, and other mining purposes any unleased portion of said land in such quantities and at such times as may be deemed for the best interest of the Osage Tribe of Indians: *Provided*, That not less than twenty-five thousand acres shall be offered for lease for oil- and gas-mining purposes during any one year: *Provided further*, That as to all lands hereafter leased, the regulations governing same and the leases issued thereon shall contain appropriate provisions for the conservation of the natural gas for its economic use, to the end that the highest percentage of ultimate recovery of both oil and gas may be secured: *Provided, however*, That nothing herein contained shall be construed as affecting any valid existing lease for oil or gas or other minerals, but all such leases shall continue as long as gas, oil, or other minerals are found in paying quantities.

Offering of certain unleased lands for oil, gas, etc., leases.

*Provisos.*
Minimum yearly offering.
Conservation provisions in leases.

Valid existing leases.

Homesteads of Indians without competency certificates, tax exemption.

"Homestead allotments of Osage Indians not having a certificate of competency shall remain exempt from taxation while the title remains in the original allottee of one-half or more of Osage Indian blood and in his unallotted heirs or devisees of one-half or more of Osage Indian blood until January 1, 1984: *Provided*, That the tax-exempt land of any such Indian allottee, heir, or devisee shall not at any time exceed one hundred and sixty acres."

Proviso. Limitation on area.

Approved, June 24, 1938.

[CHAPTER 646]

AN ACT

June 24, 1938 [S. 4011] [Public, No. 712]

To extend the time for completing the construction of a bridge across the Mississippi River at or near a point between Cherokee and Osage Streets, Saint Louis, Missouri.

Mississippi River. Time extended for bridging, at Saint Louis, Mo.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That the time for completing the construction of a bridge across the Mississippi River, at or near a point between Cherokee and Osage Streets, Saint Louis, Missouri, authorized to be built by H. C. Brenner Realty and Finance Corporation, its successors and assigns, by an Act of Congress approved February 13, 1931, and revived and reenacted by an Act of August 30, 1935, is hereby extended three years from August 30, 1938.

46 Stat. 1095; 49 Stat. 1051.

Amendment.

SEC. 2. The right to alter, amend, or repeal this Act is hereby expressly reserved.

Approved, June 24, 1938.

[CHAPTER 647]

AN ACT

June 24, 1938 [S. 4007] [Public, No. 713]

Authorizing the county of Lawrence, Kentucky, to construct, maintain, and operate a free highway bridge across the Big Sandy River at or near Louisa, Kentucky.

Big Sandy River. Lawrence County, Ky., may bridge, at Louisa.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That in order to facilitate interstate commerce, improve the postal service, and provide for military and other purposes, the county of Lawrence, Kentucky, be, and is hereby, authorized to construct, maintain, and operate a free highway bridge and approaches thereto across the Big Sandy River at a point suitable to the interests of navigation, at or near Louisa, Kentucky, in accordance with the provisions of the Act entitled "An Act to regulate the construction of bridges over navigable waters", approved March 23, 1906, and subject to the conditions and limitations contained in this Act.

34 Stat. 84. 33 U. S. C. § 491.

Acquisition of real estate, etc.

SEC. 2. There is hereby conferred upon the county of Lawrence, Kentucky, all such rights and powers to enter upon lands and to acquire, condemn, occupy, possess, and use real estate and other property needed for the location, construction, operation, and maintenance of such bridge and its approaches as are possessed by railroad corporations for railroad purposes or by bridge corporations for bridge purposes in the State in which real estate or other property is situated, upon making just compensation therefor, to be ascertained and paid according to the laws of such State, and the proceedings therefor shall be the same as in the condemnation or expropriation of property for public purposes in such State.

Amendment.

SEC. 3. The right to alter, amend, or repeal this Act is hereby expressly reserved.

Approved, June 24, 1938.

75TH CONGRESS 3d Session } HOUSE OF REPRESENTATIVES { REPORT No. 2700

# TRIBAL AND INDIVIDUAL AFFAIRS OF THE OSAGE INDIANS OF OKLAHOMA

JUNE 10, 1938.—Committed to the Committee of the Whole House on the state of the Union and ordered to be printed

Mr. ROGERS, from the Committee on Indian Affairs, submitted the following

## REPORT

[To accompany S. 4036]

The Committee on Indian Affairs, to whom was referred the bill (S. 4036) relating to the tribal and individual affairs of the Osage Indians of Oklahoma, having considered the same, report thereon with a recommendation that it do pass with the following amendment:

Strike all matter after the enacting clause and substitute the following:

That hereafter the Secretary of the Interior shall cause to be paid to each adult member of the Osage Tribe of Indians not having a certificate of competency his or her pro rata share, either as a member of the tribe or heir or devisee of a deceased member, of the interest on trust funds, the bonus received from the sale of oil or gas leases, and the royalties therefrom received during each fiscal quarter, not to exceed $1,000 per quarter; and if such adult member has a legal guardian, his current income not to exceed $1,000 per quarter may be paid to such legal guardian in the discretion of the Secretary of the Interior: *Provided*, That when an adult restricted Indian has surplus funds in excess of $10,000 there shall be paid such Indian sufficient funds from his accumulated surplus in addition to his current income to aggregate $1,000 quarterly; but in the event any adult restricted Indian has surplus funds of less than $10,000, such Indian shall receive quarterly only his current income not to exceed $1,000 per quarter: *Provided further*, That the Secretary of the Interior is hereby authorized to and may in his descretion pay out of any money heretofore accrued or hereafter accruing to the credit of any person of Osage Indian blood who does not have a certificate of competency or who is one-half or more Osage Indian blood, all of said person's taxes of every kind and character, for which said person is now or hereafter may be liable, before paying to or for such person any funds as required by law: *And provided further*, That upon application and consent of any restricted Osage Indian the Secretary of the Interior may cause payment to be made of additional funds from the accumulated surplus to the credit of any Osage Indian under such rules and regulations as he may prescribe. Rentals due such adult members from their lands and their minor children's lands and all income from such adults' investments, including interest on deposits to their credit, shall be paid to them in addition to the current allowances above provided.

Whe[illegible] nor members of the Osage Tribe of Indians have funds or property subject [illegible] ntrol or supervision of the Secretary of the Interior, the said Secretary may [illegible] discretion pay or cause to be paid to the parents, legal guardian, or any person, school, or institution having actual custody of such minors such amounts out of the income or funds of the said minors as he deems necessary, and when such a minor is eighteen years of age or over, the Secretary of the Interior may in his discretion cause disbursement of funds for support and maintenance or other specific purposes to be made direct to such minor.

SEC. 2. There is authorized to be appropriated from funds on deposit to the credit of the Osage Tribe of Indians not to exceed $10,000 annually to pay per diems to and traveling expenses of the members of the Osage Tribal Council in making necessary trips to the city of Washington and other places in connection with Osage tribal affairs. Expenditures from appropriations made pursuant to this authorization shall be in accordance with rules and regulations to be prescribed by the Secretary of the Interior.

SEC. 3. That section 1 of the Act of Congress of March 2, 1929 (45 Stat. L. 1478), relating to the Osage Indians of Oklahoma, be, and the same is hereby, amended to read as follows:

"That all that part of the Act of June 28, 1906 (34 Stat. L. 539), entitled 'An Act for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes,' which reserves to the Osage Tribe the oil, gas, coal, or other minerals, covered by the lands for the selection and division of which provision is made in that Act is hereby amended so that the oil, gas, coal, or other minerals, covered by said lands are reserved to the Osage Tribe, until the 8th day of April 1983, unless otherwise provided by Act of Congress, and all royalties and bonuses arising therefrom shall belong to the Osage Tribe of Indians, and shall be disbursed to members of the Osage Tribe or their heirs or assigns as now provided by law, after reserving such amounts as are now or may hereafter be authorized by Congress for specific purposes.

"The lands, moneys, and other properties now or hereafter held in trust or under the supervision of the United States for the Osage Tribe of Indians, the members thereof, or their heirs and assigns, shall continue subject to such trusts and supervision until January 1, 1984, unless otherwise provided by Act of Congress.

"The Secretary of the Interior and the Osage tribal council are hereby authorized and directed to offer for lease for oil, gas, and other mining purposes any unleased portion of said land in such quantities and at such times as may be deemed for the best interest of the Osage Tribe of Indians: *Provided*, That not less than twenty-five thousand acres shall be offered for lease for oil- and gas-mining purposes during any one year: *Provided further*, That as to all lands hereafter leased, the regulations governing same and the leases issued thereon shall contain appropriate provisions for the conservation of the natural gas for its economic use, to the end that the highest percentage of ultimate recovery of both oil and gas may be secured: *Provided, however*, That nothing herein contained shall be construed as affecting any valid existing lease for oil or gas or other minerals, but all such leases shall continue as long as gas, oil, or other minerals are found in paying quantities.

"Homestead allotments of Osage Indians not having a certificate of competency shall remain exempt from taxation while the title remains in the original allottee of one-half or more of Osage Indian blood and in his unallotted heirs or devisees of one-half or more of Osage Indian blood until January 1, 1984: *Provided*, That the tax-exempt land of any such Indian allottee, heir, or devisee shall not at any time exceed one hundred and sixty acres."

The following is taken from Senate Report No. 1798, Seventy-fifth Congress, third session:

INTERIOR DEPARTMENT,
*Washington, August 20, 1937.*

THE PRESIDENT OF THE SENATE.

MY DEAR MR. PRESIDENT: There is enclosed the draft of a bill relating to the tribal and individual affairs of the Osage Indians in Oklahoma.

The primary purpose of this bill is to alter existing law with reference to the payment of quarterly allowances to restricted Osage Indians, the investment of their surplus funds, and to authorize changes in the designation of homestead allotments. The bill has the approval of the Osage Tribal Council as shown by a resolution of the council hereto attached.



Under the law as it now stands we are required to distribute to adu[illegible] [illegible]ricted members of this tribe having sufficient funds to their individual credit not less than $1,000 per quarter regardless of their current income. During recent years, owing to decreased oil and gas production and the low market prices for these commodities, the quarterly income accruing to members of the tribe has fallen far below the sum mentioned and unless existing law is amended, it simply means that a large number of these Indians will shortly have their accumulated funds entirely depleted. The legislation suggested herewith will remedy this to the extent of reducing the quarterly payments to be made to the actual income per quarter to all members of the tribe having less than $10,000 to their credit.

There are numerous Osage Indians with no surplus funds to their credit or with surplus funds aggregating less than $10,000 who have lands subject to taxation. The proposed draft authorizes the Secretary of the Interior in his discretion to pay the taxes of such Indians from their current income. It will also permit the payment of funds belonging to minor members of the Osage Tribe to the parents, legal guardians, or any persons, schools, or institutions having actual custody of such minors, such amounts to be paid out of the income or funds of the said minors as the Secretary of the Interior deems necessary and when the minor is 18 years of age or over, the Secretary of the Interior is authorized in his discretion to disburse funds for his support and maintenance, or other purposes direct to such minor.

Under section 2, the Secretary of the Interior is authorized to invest the accumulated funds to the credit of restricted members in any public-debt obligation of the United States and in any bonds, notes, or other obligations which are unconditionally guaranteed as to both principal and interest by the United States. He is also authorized with the consent of adult Indians to purchase real estate and livestock. This section limits investments as provided in existing law and is recommended by the Osage Indians in view of the experiences of such Indians and of losses sustained by them in first-mortgage, building-and-loan, and other investments heretofore made for them.

Section 3 modifies existing law so as to permit Osage Indians to change the designations of their homestead allotments to any unencumbered, surplus lands, and to authorize those members of the tribe whose balances are insufficient to pay taxes, to change the designations of their homestead allotments to an equal area of unencumbered, inherited, purchased or otherwise acquired lands in Osage County.

Section 3 of the act of March 2, 1929 (45 Stat. 1478) amended section 1 of the act of February 27, 1925 (43 Stat. 1008) dealing with the Osage Indians to the extent of directing that the accumulated funds due all members of this tribe of less than one-half Indian blood shall be paid to them by the Secretary of the Interior on or before the expiration of 10 years from that date, i. e., on or before March 2, 1939. The draft herewith would repeal that provision.

Section 5 would give the Secretary of the Interior the same authority with regard to the approval of the appointment of executors and administrators that he now has with reference to guardians of restricted Indians.

Section 6 is the proposed reenactment of section 5 of the act of March 3, 1921 (41 Stat. L. 1249), with the omission of the 1 percent additional road tax payable to Osage County for road and bridge purposes.

Section 7 authorizes the Secretary of the Interior to act as trustee for any Indian of the age of 21 years or over restricted in his property rights and confines the investment of funds in the hands of the Secretary from such trusts to public-debt obligations of the United States and to any bonds, notes, or other obligations which are unconditionally guaranteed as to both principal and interest by the United States.

Section 8 authorizes the use of $10,000 annually from Osage tribal funds to pay per diem and traveling expenses of the members of the Osage Tribal Council in making necessary trips to the city of Washington and to other places in connection with Osage tribal affairs under rules and regulations of the Secretary of the Interior.

Section 9 extends the trust period on the Osage mineral estate until the 8th day of April 1983, and extends the trust period on the lands, moneys, and other properties now or hereafter held in trust or under the supervision of the United States for the Osage Tribe of Indians, the members thereof, or their heirs and assigns, until January 1, 1984; also continues the tax exemption of homestead allotments of Osage Indians not having a certificate of competency while title remains in the original allottee of one-half or more Osage Indian blood and in his unallotted heirs or devisees of one-half or more Osage Indian blood, until January 1, 1984. The Osage Indians are very anxious that the trust period [illegible]xtended this time in order that their rights may be fixed and that they m[illegible]

able to ... ate with the Government in the conservation policies regarding oil and gas, this extension being necessary in order to follow such conservation practices in the exploration and extraction of the oil and gas from the Osage Reservation of 1,470,933 acres, only 300,000 acres of which are leased at the present time under oil lease.

The Acting Director of the Bureau of the Budget has advised that the proposed legislation is not in conflict with the financial program of the President.

For the convenience of the committee, there is enclosed a comparative print showing existing law and the modifications thereof as proposed by this legislation.

Sincerely yours,

CHARLES WEST,
*Acting Secretary of the Interior.*

RESOLUTION

The following members of the Osage Tribal Council met in a special session in the city of Washington, D. C., on May 26, 1937: Fred Lookout, principal chief; John Joseph Matthews, councilman; Thomas B. Leahy, councilman; Dick Petsemoio, councilman; Louis DeNoya, councilman; Lee Pappan, councilman; Harry Kohpay, assistant chief; and other full-blood and mixed-blood members of the Osage Tribe of Indians. The above councilmen constitute a quorum.

Whereas the Osage Tribe of Indians desire the passage of certain legislation relating to their tribal and individual affairs and have prepared a draft of such legislation, which would alter existing law affecting said Osage Tribe of Indians in Oklahoma, and

Whereas the legislation desired will alter existing law with reference to the payment of quarterly allowances to restricted Osage Indians; the investment of their surplus funds; changes in designation of homestead allotments; the payment of funds to minors; limiting of investment of funds by the Secretary of the Interior; the redesignation of homesteads; amending section 3 of the act of March 2, 1929 (45 Stat. 1478), so as to extend departmental supervision over the funds and property of Osage Indians of less than one-half blood; the approval of the appointment of executors and administrators by the Secretary of the Interior; repealing existing law so as to omit the 1 percent additional road tax payable to Osage County for road and bridge purposes; authorizing the Secretary of the Interior to act as trustee of certain Osage Indians; authorizing the use of tribal funds to defray expenses of the tribal council when making trips in connection with tribal affairs; and extending the trust period on the lands, moneys and other properties including Osage mineral estates until January 1, 1984.

A draft of the proposed legislation is attached hereto: Now, therefore, be it

*Resolved*, That the attached draft of the proposed legislation and a copy of this resolution be forwarded to the Commissioner of Indian Affairs with the request that he refer it through the proper channels to the Congress of the United States and urge its passage.

Dated this 26th day of May 1937.

FRED LOOKOUT,
*Principal Chief of the Osage Indians.*
HARRY KOHPAY,
*Assistant Chief.*
JOHN JOSEPH MATTHEWS,
*Councilman.*
THOMAS B. LEAHY,
*Councilman.*
DICK PATSEMOIE, *Councilman.*
LOUIS DENOYA, *Councilman.*
LEE PAPPAN, *Councilman.*

OSAGE BILL

Section 1 of the following draft modifies some of the provisions of section 1 of the act of February 27, 1925 (43 Stat. 1008). That part of the act above mentioned affected by the proposed changes is set out, the part omitted being enclosed in brackets, the new matter being in italics.

"That *hereafter* the Secretary of the Interior shall cause to be paid [at the end of each fiscal quarter] to each adult member of the Osage Tribe of Indians in Oklahoma *not* having a certificate of competency, his or her pro rata share, either as a member of the tribe or heir or devisee of a deceased member, of the interest on trust funds, ... bonus received from the sale of oil or gas leases, *and* the royal-



ties therefrom *received during each fiscal quarter, not to exceed $1,000 per quarter*; [and any other moneys due such Indian received during each fiscal quarter, including all moneys received prior to the passage of this Act and remaining unpaid; and so long as the accumulated income is sufficient the Secretary of the Interior shall cause to be paid to the adult members of said tribe not having a certificate of competency $1,000 quarterly, except where such adult members have legal guardians, in which case the amounts provided for herein may be paid to the legal guardian or direct to such Indian in the discretion of the Secretary of the Interior the total amounts of such payments, however, shall not exceed $1,000 quarterly except as hereinafter provided;] *and if such adult member has a legal guardian, his current income not to exceed $1,000 per quarter may be paid to such legal guardian in the discretion of the Secretary of the Interior: Provided, That when an adult restricted Indian has surplus funds in excess of $10,000 there shall be paid such Indian sufficient funds from his accumulated surplus in addition to his current income to aggregate $1,000 quarterly; but in the event any adult restricted Indian has surplus funds of less than $10,000 such Indian shall receive quarterly only his current income not to exceed $1,000 per quarter: Provided further, That when the accumulated funds to the credit of any restricted Osage Indian are less than $10,000 the Secretary of the Interior may in his discretion, pay accrued taxes on the lands of such Indian out of the income of such Indian in such manner as he deems advisable: And, provided further, That upon application and consent of any restricted Osage Indian the Secretary of the Interior may cause payment to be made of additional funds from the accumulated surplus to the credit of any Osage Indian under such rules and regulations as he may prescribe. Rentals due such adult members from their lands and their minor children's lands and all income from such adults' investments, including interest on deposits to the credit shall be paid to them in addition to the current allowances above provided.*"

The foregoing provision beginning with the word "Rentals" and ending with the word "provided" is incorporated in section 1 of the act of February 27, 1925, supra, but follows the provision for the payment of minors' funds.

"[and shall cause to be paid for the maintenance and education, to either one of the parents or legal guardians actually having personally in charge, enrolled or unenrolled, minor member under twenty-one years of age, and above eighteen years of age, $1,000 quarterly out of the income of each of said minors, and out of the income of minors under eighteen years of age, $500 quarterly, and so long as the accumulated income of the parent or parents of a minor who has no income or whose income is less than $500 per quarter is sufficient, shall cause to be paid to either of said parents having the care and custody of such minor $500 quarterly, or such proportion thereof as the income of such minor may be less than $500, in addition to the allowances above provided for such parents.]

"*Whenever minor members of the Osage Tribe of Indians have funds or property subject to the control or supervision of the Secretary of the Interior, the said Secretary may in his discretion pay or cause to be paid to the parents, legal guardian, or any person, school, or institution having actual custody of such minors such amounts out of the income or funds of the said minors as he deems necessary, and when such a minor is eighteen years of age or over, the Secretary of the Interior may in his discretion cause disbursement of funds for support and maintenance or other specific purposes to be made direct to such minor.*

"[All payments to legal guardians of Osage Indians shall be expended subject to the joint approval in writing of the court and the superintendent of the Osage Agency. All payments to adults not having certificates of competency, including amounts paid for each minor, shall, in case the Secretary of the Interior finds that such adults are wasting or squandering said income, be subject to the supervision of the superintendent of the Osage Agency: *Provided*, That if an adult member, not having a certificate of competency so desires, his entire income accumulating in the future from the sources herein specified may be paid to him without supervision, unless the Secretary of the Interior shall find, after notice and hearing, that such member is wasting or squandering his income, in which event the Secretary of the Interior shall pay to such member only the amounts hereinbefore specified to be paid to adult members not having certificates of competency.]"

The following provision modifying the terms of section 1 of the act of February 27, 1925, supra, is shown as section 2 of the draft of legislation:

"*Hereafter*, the Secretary of the Interior *in his official capacity may invest the accumulated funds to the credit of restricted members of the Osage Tribe* [shall invest the remainder,] after paying [the] taxes of such members, [in United States bonds, Oklahoma State bonds, real estate, first mortgage real estate loans not to exceed 50 per centum of the appraised value of such real estate, and ... the

member [illegible]ent of Oklahoma such investment shall be in loans on Oklahoma real estate [illegible] in Oklahoma building and loan associations, livestock, or deposit the same in [illegible]nks in Oklahoma, or expend the same for the benefit of such member, such expenditures, investments, and deposits to be made under such restrictions, rules, and regulations as he may prescribe: *Provided*, That the Secretary of the Interior shall not make any investment for an adult member without first securing the approval of such member of such investment:] *in any public debt obligation of the United States and in any bonds, notes, or other obligations which are unconditionally guaranteed as to both interest and principal by the United States. With the consent of adult Indians the Secretary of the Interior may purchase real estate and livestock, such expenditures and investments to be made under such rules and regulations as the Secretary may prescribe.*"

Section 3 provides: "That part of section 17 of the act of May 25, 1918 (40 Stat. L. 561–579), which provides for the change of designation of homestead allotments of Osage Indians to an equal area of their unencumbered surplus is hereby amended to read as follows:" The following shows the original law (sec. 17, act of May 25, 1918), the part thereof not included in the new legislation being shown in brackets, the new matter being in italics:

That [the allottees] *any and all members* of the Osage [Nation] *Tribe* may change the present designation of *their respective* homesteads to an equal area of their unencumbered surplus lands, *in Osage County*, upon application to, and under such rules and regulations as the Secretary of the Interior may prescribe: *and the members of the tribe whose balances at the Osage Indian Agency are insufficient for the payment of taxes on taxable lands may in the same manner change the present designation of their respective homesteads to an equal area of the unencumbered inherited, purchased, or otherwise acquired lands in Osage County: Provided*, That each tract after the change and designation shall take the status of the other as it existed prior to the change in designation as to alienation, taxation, or otherwise, and that any order of change of designation shall be recorded in the proper office of Osage County;

Section 4 repeals section 3 of the act of March 2, 1929 (45 Stat. 1478). The said section is hereinafter set out with the repeal provision following.

"[That section 1 of the Act of Congress of February 27, 1925 (Forty-third Statutes at Large, page 1008), is hereby amended by adding thereto the following:

" 'The Secretary of the Interior be, and is hereby, authorized, in his discretion, under such rules and regulations as he may prescribe, upon application of any member of the Osage Tribe of Indians not having a certificate of competency, to pay all or any part of the funds held in trust for such Indian: *Provided*, That the Secretary of the Interior shall, within one year after this Act is approved, pay to each enrolled Indian of less than half Osage blood, one-fifth part of his or her proportionate share of accumulated funds. And such Secretary shall on or before the expiration of ten years from the date of the approval of this Act, advance and pay over to such Osage Indian of less than one-half Osage Indian blood, all of the balance appearing to his credit of accumulated funds, and shall issue to such Indian a certificate of competency: *And provided further*, That nothing herein contained shall be construed to interfere in any way with the removal by the Secretary of the Interior of restrictions from and against any Osage Indian at any time.'] *That section 3 of the Act of March 2, 1929 (45 Stat. L. 1478) is hereby repealed.*"

"SEC. 5. *That no administrator or executor of an estate of an Osage Indian of one-half or more Indian blood or who does not have a certificate of competency at date of death, shall be appointed, except on the written application or approval of the Secretary of the Interior.*"

Section 6 amends section 5 of the act of March 3, 1921 (41 Stat. L. 1249) by reenacting part of the provisions and omitting part. The provisions to be reenacted and omitted are hereafter set out, the omitted part being shown in brackets:

"That the State of Oklahoma is authorized from and after the passage of this Act to levy and collect a gross production tax upon all oil and gas produced in Osage County, Oklahoma, and all taxes so collected shall be paid and distributed, and in lieu of all other State and county taxes levied upon the production of oil and gas as provided by the laws of Oklahoma, the Secretary of the Interior is hereby authorized and directed to pay, through the proper officers of the Osage Agency, to the State of Oklahoma, from the amount received by the Osage Tribe of Indians as royalties from production of oil and gas, the per centum levied as gross production tax, to be distributed as provided by the laws of Oklahoma: [*Provided*, That the Secretary of the Interior is hereby authorized and directed to pay, through the proper officers of the Osage Agency, to Osage County, Oklahoma, an additional sum eq[illegible] 1 per centum of the amount received by the Osage Tribe of Indians as royalties from production of oil and gas, which sum shall be used [illegible] county only for the construction and maintenance of roads and bridges the[illegible] *Provided further*, That the proper officials of Osage County shall make an annual report to the Secretary of the Interior showing that said fund has been used for road and bridge construction and maintenance only.]

"SEC. 7. *That any Osage Indian of the age of twenty-one years or over, restricted in his property rights by the terms of this or any other act, may file with the superintendent or other official in charge of the Osage Indian Agency, a declaration of trust, designating therein the Secretary of the Interior as trustee of the restricted properties described in such declaration of trust, and may therein designate such members of his family or others as beneficiaries of the trust, and prescribe the manner of distribution of the income therefrom and of the corpus thereof upon termination of the trust. Such trusts may be made in such amounts, for such periods of time, and for such purposes as the Secretary of the Interior may approve as being for the best interests of the Indians concerned therein: Provided, however, That no such trust shall be made for a term extending for more than twenty-one years after the death of the last surviving beneficiary named therein, and any such trust approved by the Secretary of the Interior shall be irrevocable except with the approval of the Secretary of the Interior: Provided further, That funds held by the Secretary of the Interior in trust, as provided in this section, shall be invested in any public debt obligation of the United States and in any bonds, notes, or other obligations which are unconditionally guaranteed as to both interest and principal by the United States.*

"SEC. 8. *There is authorized to be appropriated from funds on deposit to the credit of the Osage Tribe of Indians not to exceed $10,000 annually to pay per diems to and traveling expenses of the members of the Osage Tribal Council in making necessary trips to the City of Washington and other places in connection with Osage tribal affairs. Expenditures from appropriations made pursuant to this authorization shall be in accordance with rules and regulations to be prescribed by the Secretary of the Interior.*

"SEC. 9. That Section 1 of the Act of Congress of [March 3, 1921 (Forty-first Statutes at Large, page 1249)] *March 2, 1929 (Forty-fifth Statutes at Large, page 1478)*, relating to the Osage Indians of Oklahoma, be, and the same is hereby, amended to read as follows:

" 'That all that part of the Act of June 28, 1906 (Thirty-fourth Statutes at Large, page 539), entitled "An Act for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes," which reserves to the Osage Tribe the oil, gas, coal, or other minerals, covered by the lands for the selection and division of which provision is made in that Act is hereby amended so that the oil, gas, coal, or other minerals, covered by said lands are reserved to the Osage Tribe, until the 8th day of April [1958,] *1983*, unless otherwise provided by Act of Congress, and all royalties and bonuses arising therefrom shall belong to the Osage Tribe of Indians, and shall be disbursed to members of the Osage Tribe or their heirs or assigns as now provided by law, after reserving such amounts as are now or may hereafter be authorized by Congress for specific purposes.

" 'The lands, moneys, and other properties now or hereafter held in trust or under the supervision of the United States for the Osage Tribe of Indians, the members thereof, or their heirs and assigns, shall continue subject to such trust and supervision until January 1, [1959,] *1984*, unless otherwise provided by Act of Congress.

" 'The Secretary of the Interior and the Osage Tribal Council are hereby authorized and directed to offer for lease for oil, gas, and other mining purposes any unleased portion of said land in such quantities and at such times as may be deemed for the best interest of the Osage Tribe of Indians: *Provided*, That not less than twenty-five thousand acres shall be offered for lease for oil and gas mining purposes during any one year: *Provided further*, That as to all lands hereafter leased, the regulations governing same and the leases issued thereon shall contain appropriate provisions for the conservation of the natural gas for its economic use, to the end that the highest percentage of ultimate recovery of both oil and gas may be secured: *Provided, however*, That nothing herein contained shall be construed as affecting any valid existing lease for oil or gas or other minerals, but all such leases shall continue as long as gas, oil, or other minerals are found in paying quantities.

" 'Homestead allotments of Osage Indians not having a certificate of competency shall remain exempt from taxation while the title remains in the original allottee of one-half or more of Osage Indian blood and in his unallotted heirs or devisees of one-half or more of Osage Indian blood until January 1, [1959;] *1984: Provided*, That the tax-exempt land of any such Indian allottee, heir, or devisee shall not at any time exceed one hundred and sixty acres.' "

Relating to the tribal and individual affairs of the Osage Indians of Oklahoma

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That hereafter the Secretary of the Interior shall cause to be paid to each adult member of the Osage Tribe of Indians not having a certificate of competency his or her pro rata share, either as a member of the tribe or heir or devisee of a deceased member, of the interest on trust funds, the bonus received from the sale of oil or gas leases, and the royalties therefrom received during each fiscal quarter, not to exceed $1,000 per quarter; and if such adult member has a legal guardian, his current income not to exceed $1,000 per quarter may be paid to such legal guardian in the discretion of the Secretary of the Interior: *Provided,* That when an adult restricted Indian has surplus funds in excess of $10,000 there shall be paid such Indian sufficient funds from his accumulated surplus in addition to his current income to aggregate $1,000 quarterly; but in the event any adult restricted Indian has surplus funds of less than $10,000, such Indian shall receive quarterly only his current income not to exceed $1,000 per quarter: *Provided further,* That when the accumulated funds to the credit of any restricted Osage Indian are less than $10,000 the Secretary of the Interior may in his discretion pay accrued taxes on the lands of such Indian out of the income of such Indian in such manner as he deems advisable: *And provided further,* That upon application and consent of any restricted Osage Indian the Secretary of the Interior may cause payment to be made of additional funds from the accumulated surplus to the credit of any Osage Indian under such rules and regulations as he may prescribe. Rentals due such adult members from their lands and their minor children's lands and all income from such adults' investments, including interest on deposits to their credit, shall be paid to them in addition to the current allowances above provided.

Whenever minor members of the Osage Tribe of Indians have funds or property subject to the control or supervision of the Secretary of the Interior, the said Secretary may in his discretion pay or cause to be paid to the parents, legal guardian, or any person, school, or institution having actual custody of such minors such amounts out of the income or funds of the said minors as he deems necessary, and when such a minor is eighteen years of age or over, the Secretary of the Interior may in his discretion cause disbursement of funds for support and maintenance or other specific purposes to be made direct to such minor.

SEC. 2. That that part of section 1 of an Act of Congress of February 27, 1925 (43 Stat. L. 1008), providing that—

"The Secretary of the Interior shall invest the remainder, after paying the taxes of such members, in United States bonds, Oklahoma State bonds, real estate, first mortgage real estate loans not to exceed 50 per centum of the appraised value of such real estate, and where the member is a resident of Oklahoma such investment shall be in loans on Oklahoma real estate, stock in Oklahoma building and loan associations, livestock, or deposit the same in banks in Oklahoma, or expend the same for the benefit of such member, such expenditures, investments, and deposits to be made under such restrictions, rules and regulations as he may prescribe: *Provided,* That the Secretary of the Interior shall not make any investment for an adult member without first securing the approval of such member of such investment," be, and hereby is, amended to read as follows:

"Hereafter, the Secretary of the Interior in his official capacity may invest the accumulated funds to the credit of restricted members of the Osage Tribe, after paying taxes of such members, in any public debt obligation of the United States and in any bonds, notes, or other obligations which are unconditionally guaranteed as to both interest and principal by the United States. With the consent of adult Indians the Secretary of the Interior may purchase real estate and livestock, such expenditures and investments to be made under such rules and regulations as the Secretary may prescribe."

SEC. 3. That part of section 17 of the Act of May 25, 1918 (40 Stat. L. 561–579), which provides for the change of designation of homestead allotments of Osage Indians to an equal area of their unencumbered surplus is hereby amended to read as follows:

"That any and all members of the Osage Tribe may change the present designation of their respective homesteads to an equal area of their unencumbered surplus lands in Osage County, upon application to and under such rules and regulations as the Secretary of the Interior may prescribe; and the members of the tribe whose balances at the Osage Indian Agency are insufficient for the payment of taxes on taxable lands may in the same manner change the present designation of their respective homesteads to an equal area of the unencumbered inherited, purchased, or otherwise acquired lands in Osage County: *Provided,* That each



tract after the change and designation shall take the status of the other as it existed prior to the change in designation, as to alienation, taxation or otherwise, and that any order of change of designation shall be recorded in the proper office of Osage County."

SEC. 4. That section 3 of the Act of March 2, 1929 (45 Stat. L. 1478), is hereby repealed.

SEC. 5. That no administrator or executor of an estate of an Osage Indian of one-half or more Indian blood or who does not have a certificate of competency at date of death, shall be appointed except on the written application or approval of the Secretary of the Interior.

SEC. 6. That section 5 of an Act of Congress of March 3, 1921 (41 Stat. L. 1249), is hereby amended to read as follows:

"That the State of Oklahoma is authorized from and after the passage of this act to levy and collect a gross production tax upon all oil and gas produced in Osage County, Oklahoma, and all taxes so collected shall be paid and distributed, and in lieu of all other State and county taxes levied upon the production of oil and gas as provided by the laws of Oklahoma, the Secretary of the Interior is hereby authorized and directed to pay, through the proper officers of the Osage Agency, to the State of Oklahoma, from the amount received by the Osage Tribe of Indians as royalties from production of oil and gas, the per centum levied as gross production tax, to be distributed as provided by the laws of Oklahoma."

SEC. 7. That any Osage Indian of the age of twenty-one years or over, restricted in his property rights by the terms of this or any other act, may file with the superintendent or other official in charge of the Osage Indian Agency, a declaration of trust, designating therein the Secretary of the Interior as trustee of the restricted properties described in such declaration of trust, and may therein designate such members of his family or others as beneficiaries of the trust, and prescribe the manner of distribution of the income therefrom and of the corpus thereof upon termination of the trust. Such trusts may be made in such amounts, for such periods of time, and for such purposes as the Secretary of the Interior may approve as being for the best interests of the Indians concerned therein: *Provided, however,* That no such trust shall be made for a term extending for more than twenty-one years after the death of the last surviving beneficiary named therein, and any such trust approved by the Secretary of the Interior shall be irrevocable except with the approval of the Secretary of the Interior: *Provided further,* That funds held by the Secretary of the Interior in trust, as provided in this Section, shall be invested in any public debt obligation of the United States and in any bonds, notes, or other obligations which are unconditionally guaranteed as to both interest and principal by the United States.

SEC. 8. There is authorized to be appropriated from funds on deposit to the credit of the Osage Tribe of Indians not to exceed $10,000 annually to pay per diems to and traveling expenses of the members of the Osage Tribal Council in making necessary trips to the City of Washington and other places in connection with Osage tribal affairs. Expenditures from appropriations made pursuant to this authorization shall be in accordance with rules and regulations to be prescribed by the Secretary of the Interior.

SEC. 9. That section 1 of the Act of Congress of March 2, 1929 (Forty-fifth Statutes at Large, page 1478) relating to the Osage Indians of Oklahoma, be, and the same is hereby amended, to read as follows:

"That all that part of the Act of June 28, 1906 (Thirty-fourth Statutes at Large, page 539), entitled 'An Act for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes,' which reserves to the Osage Tribe the oil, gas, coal, or other minerals, covered by the lands for the selection and division of which provision is made in that Act is hereby amended so that the oil, gas, coal, or other minerals, covered by said lands are reserved to the Osage Tribe, until the 8th day of April 1983, unless otherwise provided by Act of Congress, and all royalties and bonuses arising therefrom shall belong to the Osage Tribe of Indians, and shall be disbursed to members of the Osage Tribe or their heirs or assigns as now provided by law, after reserving such amounts as are now or may hereafter be authorized by Congress for specific purposes.

"The lands, moneys, and other properties now or hereafter held in trust or under the supervision of the United States for the Osage Tribe of Indians, the members thereof, or their heirs and assigns, shall continue subject to such trust and supervision until January 1, 1984, unless otherwise provided by Act of Congress.

"The Secretary of the Interior and the Osage tribal council are hereby authorized and directed to offer for lease for oil, gas, and other mining purposes any [illegible]sed portion of said land in such quantities and at such times as may be d[illegible] for

the be... ...est of the Osage Tribe of Indians: *Provided*, That not less than twenty-... thousand acres shall be offered for lease for oil and gas mining purposes during any one year: *Provided further*, That as to all lands hereafter leased, the regulations governing same and the leases issued thereon shall contain appropriate provisions for the conservation of the natural gas for its economic use to the end that the highest percentage of ultimate recovery of both oil and gas may be secured: *Provided, however*, That nothing herein contained shall be construed as affecting any valid existing lease for oil or gas or other minerals, but all such leases shall continue as long as gas, oil, or other minerals are found in paying quantities.

"Homestead allotments of Osage Indians not having a certificate of competency shall remain exempt from taxation while the title remains in the original allottee of one-half or more of Osage Indian blood and in his unallotted heirs or devisees of one-half or more of Osage Indian blood until January 1, 1984: *Provided*, That the tax-exempt land of any such Indian allottee, heir, or devisee shall not at any time exceed one hundred and sixty acres."

75TH CONGRESS } HOUSE OF REPRESENTATIVES { REPORT
*3d Session* } { No. 2701

# CREATING A TEMPORARY NATIONAL ECONOMIC COMMITTEE

JUNE 10, 1938.—Committed to the Committee of the Whole House on the state of the Union and ordered to be printed

Mr. SUMNERS of Texas, fr... the Committee on the Judiciary, submitted the following

## REPORT

[To accompany H. J. Res. 697]

The Committee on the Judiciary, to whom was referred the joint resolution (H. J. Res. 697) to create a temporary national economic committee, after consideration, report the same favorably to the House with an amendment with the recommendation that as amended the resolution do pass.

The committee amendment is as follows:

Strike out all after the enacting clause and insert in lieu thereof the following:

That there is hereby established a temporary national economic committee (hereinafter referred to as the "committee"), to be composed of (1) three Members of the Senate, to be appointed by the President of the Senate; (2) three Members of the House of Representatives, to be appointed by the Speaker of the House of Representatives; and (3) one representative from each of the following departments and agencies, to be designated by the respective heads thereof: Department of Justice, Department of the Treasury, Department of Labor, Department of Commerce, the Securities and Exchange Commission, and the Federal Trade Commission. Such representative may designate an alternate to sit and act for him on the committee in his absence. Any such alternate, while so acting, shall have the same rights, powers, and duties as are conferred and imposed upon a member of the committee by this joint resolution. Any member appointed under clauses (1) and (2) may, when unable to attend a meeting of the committee, authorize another such member to act and vote for him in his absence. A vacancy in the committee shall not affect the power of the remaining members to execute the functions of the committee and shall be filled in the same manner as the original selection.

SEC. 2. It shall be the duty of the committee—

(a) To make a full and complete study and investigation with respect to the matters referred to in the President's message of April 29, 1938, on monopoly and the concentration of economic power in and financial control over production and distribution of goods and services and to hear and receive e...nce thereon, with a view to determining, but without limitation, (1) the ca... ...f ...con-

...conferred to hear and determine any such claim is limited to the d...
...n of the value of said land," insert "or the timber thereon."
...o remain,
...ours very truly,

FRED DENNIS.

---

MAY 10, 1938.

MEMORANDUM FOR SENATOR THOMAS

This will refer to the amendment to the Red Lake jurisdictional bill, H. R. 4540, proposed by the Attorney General in his letter of April 21, 1938, and the further amendment suggested by Fred Dennis, attorney for the Red Lake Band, in his letter of April 26, 1938.

The proviso to section 1 of H. R. 4540, as passed by the House of Representatives, reading "No interest shall be held to have accrued by reason of the passage of this Act," is intended, no doubt, to make inapplicable to the Red Lake claims, the rule of just compensation as defined in recent decisions of the Supreme Court of the United States. The court has held that where there has been an appropriation of Indian tribal property by the United States, the tribe's damages shall include such additional amount beyond the value of its property rights when taken by the Government as may be necessary to the award of just compensation, the increment to be measured either by interest on the value or by such other standard as may be suitable in the light of all the circumstances. *United States* v. *Creek Nation* (295 U. S. 110–111); and *Shoshone Tribe of Indians* v. *The United States* (299 U. S. 476). The court stated in the *Shoshone case* that the fact is unimportant, where there has been an appropriation of property within the meaning of the fifth amendment, that the jurisdictional act is silent as to an award of interest or any substitute therefor.

The proviso above quoted is not clear and unambiguous, and the substitute proposed by the Attorney General is desirable.

The suggestion made by Mr. Dennis is that the amendment offered by the Attorney General be further amended by the insertion of the words "or the timber thereon", immediately following the words "the jurisdiction hereby conferred to hear and determine any such claim is limited to the determination of the value of said land". The proviso to section 1 would then read:

"In any suit filed, under the provisions of this Act, in which there is presented any claim against the United States for the appropriation, expropriation, taking, acquisition or deprivation, of land or any interest therein, the jurisdiction hereby conferred to hear and determine any such claim is limited to the determination of the value of said land, the timber thereon, or any interest therein, at the time of the appropriation, expropriation, taking, acquisition or deprivation, and no judgment shall be rendered by the Court of Claims which includes any increment, interest or equivalent thereof, from the date of taking to the date of judgment, as an element of just compensation or otherwise."

The insertion of the words "or the timber thereon," is probably not necessary in view of the decision of the Supreme Court in *United States* v. *Shoshone Tribe of Indians* (5 Law Week 9), to the effect that the Indian title to lands includes, as necessary incidents, the ownership of the timber and minerals. I see no objection, however, to following Mr. Dennis' suggestion.

WILLIAM ZIMMERMAN, Jr.,
*Assistant Commissioner of Indian Affairs.*

---

5TH CONGRESS *3d Session* } SENATE { No. 8

# TRIBAL AND INDIVIDUAL AFFAIRS OF THE OSAGE INDIANS OF OKLAHOMA

---

APRIL 20 (calendar day, MAY 18, 1938).—Ordered to be printed

---

Mr. THOMAS of Oklahoma, from the Committee on Indian Affairs, submitted the following

## REPORT

[To accompany S. 4036]

The Committee on Indian Affairs, to whom was referred the bill (S. 4036) relating to the tribal and individual affairs of the Osage Indians of Oklahoma, having had the same under consideration, report thereon with the recommendation that it do pass without amendment.

This proposed legislation was suggested by the Secretary of the Interior and the Osage Tribe of Indians, as set forth in his letter, dated August 20, 1937, addressed to the President of the Senate, in which there was also enclosed a draft of a bill. The President of the Senate thereupon referred the same to your committee for further consideration; thereafter your committee held full and complete hearings (printed) relating to this proposed legislation, at which hearings representatives of the Osage Indians and the Department of the Interior submitted oral and documentary evidence respecting said subject matter, thereupon your committee authorized the introduction of a bill (S. 4036), which bill embodies the provisions which your committee here recommends for passage and enactment.

A copy of the Secretary of the Interior's letter dated August 20, 1937, and a copy of a draft of a bill which accompanied said letter is attached hereto and made a part of this report, as follows:

INTERIOR DEPARTMENT,
*Washington, August 20, 1937.*

The PRESIDENT OF THE SENATE.

MY DEAR MR. PRESIDENT: There is enclosed the draft of a bill relating to the tribal and individual affairs of the Osage Indians in Oklahoma.

The primary purpose of this bill is to alter existing law with reference to the payment of quarterly allowances to restricted Osage Indians, the investment of their surplus funds, and to authorize changes in the designation of homestead allotments. The bill has the approval of the Osage Tribal Council as shown by a resolution of the council hereto attached.

Under th[illegible] it now stands we are required to distribute to adult restricted members of [illegible] o having sufficient funds to their individual credit not less than $1,000 per qua[illegible] .ogardless of their current income. During recent years, owing to decreased oil and gas production and the low market prices for these commodities, the quarterly income accruing to members of the tribe has fallen far below the sum mentioned and unless existing law is amended, it simply means that a large number of these Indians will shortly have their accumulated funds entirely depleted. The legislation suggested herewith will remedy this to the extent of reducing the quarterly payments to be made to the actual income per quarter to all members of the tribe having less than $10,000 to their credit.

There are numerous Osage Indians with no surplus funds to their credit or with surplus funds aggregating less than $10,000 who have lands subject to taxation. The proposed draft authorizes the Secretary of the Interior in his discretion to pay the taxes of such Indians from their current income. It will also permit the payment of funds belonging to minor members of the Osage Tribe to the parents, legal guardians, or any persons, schools, or institutions having actual custody of such minors, such amounts to be paid out of the income or funds of the said minors as the Secretary of the Interior deems necessary and when the minor is 18 years of age or over, the Secretary of the Interior is authorized in his discretion to disburse funds for his support and maintenance, or other purposes direct to such minor.

Under section 2, the Secretary of the Interior is authorized to invest the accumulated funds to the credit of restricted members in any public-debt obligation of the United States and in any bonds, notes, or other obligations which are unconditionally guaranteed as to both principal and interest by the United States. He is also authorized with the consent of adult Indians to purchase real estate and livestock. This section limits investments as provided in existing law and is recommended by the Osage Indians in view of the experiences of such Indians and of losses sustained by them in first-mortgage, building-and-loan, and other investments heretofore made for them.

Section 3 modifies existing law so as to permit Osage Indians to change the designations of their homestead allotments to any unencumbered, surplus lands, and to authorize those members of the tribe whose balances are insufficient to pay taxes, to change the designations of their homestead allotments to an equal area of unencumbered, inherited, purchased or otherwise acquired lands in Osage County.

Section 3 of the act of March 2, 1929 (45 Stat. 1478) amended section 1 of the act of February 27, 1925 (43 Stat. 1006) dealing with the Osage Indians to the extent of directing that the accumulated funds due all members of this tribe of less than one-half Indian blood shall be paid to them by the Secretary of the Interior on or before the expiration of 10 years from that date, i. e., on or before March 2, 1939. The draft herewith would repeal that provision.

Section 5 would give the Secretary of the Interior the same authority with regard to the approval of the appointment of executors and administrators that he now has with reference to guardians of restricted Indians.

Section 6 is the proposed reenactment of section 5 of the act of March 3, 1921 (41 Stat. L. 1249), with the omission of the one percent additional road tax payable to Osage County for road and bridge purposes.

Section 7 authorizes the Secretary of the Interior to act as trustee for any Indian of the age of 21 years or over restricted in his property rights and confines the investment of funds in the hands of the Secretary from such trusts to public-debt obligations of the United States and to any bonds, notes or other obligations which are unconditionally guaranteed as to both principal and interest by the United States.

Section 8 authorizes the use of $10,000 annually from Osage tribal funds to pay per diem and traveling expenses of the members of the Osage Tribal Council in making necessary trips to the city of Washington and to other places in connection with Osage tribal affairs under rules and regulations of the Secretary of the Interior.

Section 9 extends the trust period on the Osage mineral estate until the 8th day of April, 1983, and extends the trust period on the lands, moneys, and other properties now or hereafter held in trust or under the supervision of the United States for the Osage Tribe of Indians, the members thereof, or their heirs and assigns, until January 1, 1984; also continues the tax exemption of homestead allotments of Osage Indians not having a certificate of competency while title remains in the original allottee of one-half or more Osage Indian blood and in his unallotted heirs or devisees of one-half or more Osage Indian blood, until January 1, 1984. The Osage Indians are very anxious that the trust period be extended at this [illegible] order that their rights may be fixed and that they may be better able to coo[illegible]ate with the Government in the conservation policies regarding oil and gas, this extension being necessary in order to follow such conservation practices in the exploration and extraction of the oil and gas from the Osage Reservation of 1,470,933 acres, only 300,000 acres of which are leased at the present time under oil lease.

The Acting Director of the Bureau of the Budget has advised that the proposed legislation is not in conflict with the financial program of the President.

For the convenience of the committee, there is enclosed a comparative print showing existing law and the modifications thereof as proposed by this legislation.

Sincerely yours,

CHARLES WEST,
*Acting Secretary of the Interior.*

RESOLUTION

The following members of the Osage Tribal Council met in a special session in the city of Washington, D. C., on May 26, 1937: Fred Lookout, principal chief; John Joseph Matthews, councilman; Thomas B. Leahy, councilman; Dick Petsemoie, councilman; Louis DeNoya, councilman; Lee Pappan, councilman; Harry Kohpay, assistant chief; and other full-blood and mixed-blood members of the Osage Tribe of Indians. The above councilmen constitute a quorum.

Whereas the Osage Tribe of Indians desire the passage of certain legislation relating to their tribal and individual affairs and have prepared a draft of such legislation, which would alter existing law affecting said Osage Tribe of Indians in Oklahoma, and

Whereas the legislation desired will alter existing law with reference to the payment of quarterly allowances to restricted Osage Indians; the investment of their surplus funds; changes in designation of homestead allotments; the payment of funds to minors; limiting of investment of funds by the Secretary of the Interior; the redesignation of homesteads; amending section 3 of the act of March 2, 1929 (45 Stat. 1478) so as to extend departmental supervision over the funds and property of Osage Indians of less than one-half blood; the approval of the appointment of executors and administrators by the Secretary of the Interior; repealing existing law so as to omit the 1 percent additional road tax payable to Osage County for road and bridge purposes; authorizing the Secretary of the Interior to act as trustee of certain Osage Indians; authorizing the use of tribal funds to defray expenses of the tribal council when making trips in connection with tribal affairs; and extending the trust period on the lands, moneys and other properties including Osage mineral estates until January 1, 1984.

A draft of the proposed legislation is attached hereto: Now, therefore, be it

*Resolved*, That the attached draft of the proposed legislation and a copy of this resolution be forwarded to the Commissioner of Indian Affairs with the request that he refer it through the proper channels to the Congress of the United States and urge its passage.

Dated this 26th day of May 1937.

FRED LOOKOUT,
*Principal Chief of the Osage Indians.*
HARRY KOHPAY,
*Assistant Chief.*
JOHN JOSEPH MATTHEWS,
*Councilman.*
THOMAS B. LEAHY,
*Councilman.*
DICK PATSEMOIE,
*Councilman.*
LOUIS DENOYA, *Councilman.*
LEE PAPPAN, *Councilman.*

OSAGE BILL

Section 1 of the following draft modifies some of the provisions of section 1 of the act of February 27, 1925 (43 Stat. 1008). That part of the act above mentioned affected by the proposed changes is set out, the part omitted being enclosed in brackets, the new matter being in italics.

"That *hereafter* the Secretary of the Interior shall cause to be paid [at the end of each fiscal quarter] to each adult member of the Osage Tribe of Indians in Okla[illegible] *not* having a certificate of competency, his or her pro rata share, either

as a member ... ribe or heir or devisee of a deceased member, of the interest on trust funds, ... onus received from the sale of oil or gas leases, *and the royalties therefrom received during each fiscal quarter, not to exceed $1,000 per quarter;* [and any other moneys due such Indian received during each fiscal quarter, including all moneys received prior to the passage of this Act and remaining unpaid; and so long as the accumulated income is sufficient the Secretary of the Interior shall cause to be paid to the adult members of said tribe not having a certificate of competency $1,000 quarterly, except where such adult members have legal guardians, in which case the amounts provided for herein may be paid to the legal guardian or direct to such Indian in the discretion of the Secretary of the Interior the total amounts of such payments, however, shall not exceed $1,000 quarterly except as hereinafter provided;] *and if such adult member has a legal guardian, his current income not to exceed $1,000 per quarter may be paid to such legal guardian in the discretion of the Secretary of the Interior: Provided, That when an adult restricted Indian has surplus funds in excess of $10,000 there shall be paid such Indian sufficient funds from his accumulated surplus in addition to his current income to aggregate $1,000 quarterly; but in the event any adult restricted Indian has surplus funds of less than $10,000 such Indian shall receive quarterly only his current income not to exceed $1,000 per quarter: Provided further, That when the accumulated funds to the credit of any restricted Osage Indian are less than $10,000 the Secretary of the Interior may in his discretion, pay accrued taxes on the lands of such Indian out of the income of such Indian in such manner as he deems advisable: And, provided further, That upon application and consent of any restricted Osage Indian the Secretary of the Interior may cause payment to be made of additional funds from the accumulated surplus to the credit of any Osage Indian under such rules and regulations as he may prescribe. Rentals due such adult members from their lands and their minor children's lands and all income from such adults' investments, including interest on deposits to the credit shall be paid to them in addition to the current allowances above provided.*"

The foregoing provision beginning with the word "Rentals" and ending with the word "provided" is incorporated in section 1 of the act of February 27, 1925, supra, but follows the provision for the payment of minors' funds.

"[and shall cause to be paid for the maintenance and education, to either one of the parents or legal guardians actually having personally in charge, enrolled or unenrolled, minor member under twenty-one years of age, and above eighteen years of age, $1,000 quarterly out of the income of each of said minors, and out of the income of minors under eighteen years of age, $500 quarterly, and so long as the accumulated income of the parent or parents of a minor who has no income or whose income is less than $500 per quarter is sufficient, shall cause to be paid to either of said parents having the care and custody of such minor $500 quarterly, or such proportion thereof as the income of such minor may be less than $500, in addition to the allowances above provided for such parents.]

*"Whenever minor members of the Osage Tribe of Indians have funds or property subject to the control or supervision of the Secretary of the Interior, the said Secretary may in his discretion pay or cause to be paid to the parents, legal guardian, or any person, school, or institution having actual custody of such minors such amounts out of the income or funds of the said minors as he deems necessary, and when such a minor is eighteen years of age or over, the Secretary of the Interior may in his discretion cause disbursement of funds for support and maintenance or other specific purposes to be made direct to such minor.*

"[All payments to legal guardians of Osage Indians shall be expended subject to the joint approval in writing of the court and the superintendent of the Osage Agency. All payments to adults not having certificates of competency, including amounts paid for each minor, shall, in case the Secretary of the Interior finds that such adults are wasting or squandering said income, be subject to the supervision of the superintendent of the Osage Agency: *Provided,* That if an adult member, not having a certificate of competency so desires, his entire income accumulating in the future from the sources herein specified may be paid to him without supervision, unless the Secretary of the Interior shall find, after notice and hearing, that such member is wasting or squandering his income, in which event the Secretary of the Interior shall pay to such member only the amounts hereinbefore specified to be paid to adult members not having certificates of competency.]"

The following provision modifying the terms of section 1 of the act of February 27, 1925, supra, is shown as section 2 of the draft of legislation:

"*Hereafter,* the Secretary of the Interior *in his official capacity may invest the accumulated funds to the credit of restricted members of the Osage Tribe* [shall invest the remainder,] after paying [the] taxes of such members, [in United States bonds, Oklahoma State bonds, real estate, first mortgage real estate loans not to



exceed ... r centum of the appraised value of such real estate, and where the member is a resident of Oklahoma such investment shall be in loans on Oklahoma real estate, stock in Oklahoma building and loan associations, livestock, or deposit the same in banks in Oklahoma, or expend the same for the benefit of such member, such expenditures, investments, and deposits to be made under such restrictions, rules, and regulations as he may prescribe: *Provided,* That the Secretary of the Interior shall not make any investment for an adult member without first securing the approval of such member of such investment:] *in any public debt obligation of the United States and in any bonds, notes, or other obligations which are unconditionally guaranteed as to both interest and principal by the United States: With the consent of adult Indians the Secretary of the Interior may purchase real estate and livestock, such expenditures and investments to be made under such rules and regulations as the Secretary may prescribe.*"

Section 3 provides: "That part of section 17 of the act of May 25, 1918 (40 Stat. L. 561–579), which provides for the change of designation of homestead allotments of Osage Indians to an equal area of their unencumbered surplus is hereby amended to read as follows:" The following shows the original law (sec. 17, act of May 25, 1918), the part thereof not included in the new legislation being shown in brackets, the new matter being in italics:

That [the allottees] *any and all members* of the Osage [Nation] *Tribe* may change the present designation of *their respective* homesteads to an equal area of their unencumbered surplus lands, *in Osage County,* upon application to, and under such rules and regulations as the Secretary of the Interior may prescribe: *and the members of the tribe whose balances at the Osage Indian Agency are insufficient for the payment of taxes on taxable lands may in the same manner change the present designation of their respective homesteads to an equal area of the unencumbered inherited, purchased, or otherwise acquired lands in Osage County: Provided,* That each tract after the change and designation shall take the status of the other as it existed prior to the change in designation as to alienation, taxation, or otherwise, and that any order of change of designation shall be recorded in the proper office of Osage County;

Section 4 repeals section 3 of the act of March 2, 1929 (45 Stat. 1478). The said section is hereinafter set out with the repeal provision following.

"[That section 1 of the Act of Congress of February 27, 1925 (Forty-third Statutes at Large, page 1008), is hereby amended by adding thereto the following:

"'The Secretary of the Interior be, and is hereby, authorized, in his discretion, under such rules and regulations as he may prescribe, upon application of any member of the Osage Tribe of Indians not having a certificate of competency, to pay all or any part of the funds held in trust for such Indian: *Provided,* That the Secretary of the Interior shall, within one year after this Act is approved, pay to each enrolled Indian of less than half Osage blood, one-fifth part of his or her proportionate share of accumulated funds. And such Secretary shall on or before the expiration of ten years from the date of the approval of this Act, advance and pay over to such Osage Indian of less than one-half Osage Indian blood, all of the balance appearing to his credit of accumulated funds, and shall issue to such Indian a certificate of competency: *And provided further,* That nothing herein contained shall be construed to interfere in any way with the removal by the Secretary of the Interior of restrictions from and against any Osage Indian at any time.'] *That section 3 of the Act of March 2, 1929 (45 Stat. L., 1478) is hereby repealed.*"

"SEC. 5. *That no administrator or executor of an estate of an Osage Indian of one-half or more Indian blood or who does not have a certificate of competency at date of death, shall be appointed, except on the written application or approval of the Secretary of the Interior.*"

Section 6 amends section 5 of the act of March 3, 1921 (41 Stat. L. 1249) by reenacting part of the provisions and omitting part. The provisions to be reenacted and omitted are hereafter set out, the omitted part being shown in brackets:

"That the State of Oklahoma is authorized from and after the passage of this Act to levy and collect a gross production tax upon all oil and gas produced in Osage County, Oklahoma, and all taxes so collected shall be paid and distributed, and in lieu of all other State and county taxes levied upon the production of oil and gas as provided by the laws of Oklahoma, the Secretary of the Interior is hereby authorized and directed to pay, through the proper officers of the Osage Agency, to the State of Oklahoma, from the amount received by the Osage Tribe of Indians as royalties from production of oil and gas, the per centum levied as gross production tax, to be distributed as provided by the laws of Oklahoma: [*Provided,* That the Secretary of the Interior is hereby authorized and directed to pay, through the proper off... of the Osage Agency, to Osage County, Oklahoma, an additional sum equ... per centum of the amount received by the Osage Tribe of Indians as

royalties from ... n of oil and gas, which sum shall be used by said county only for the con... n and maintenance of roads and bridges therein: *Provided further*, That the proper officials of Osage County shall make an annual report to the Secretary of the Interior showing that said fund has been used for road and bridge construction and maintenance only.]

"SEC. 7. *That any Osage Indian of the age of twenty-one years or over, restricted in his property rights by the terms of this or any other act, may file with the superintendent or other official in charge of the Osage Indian Agency, a declaration of trust, designating therein the Secretary of the Interior as trustee of the restricted properties described in such declaration of trust, and may therein designate such members of his family or others as beneficiaries of the trust, and prescribe the manner of distribution of the income therefrom and of the corpus thereof upon termination of the trust. Such trusts may be made in such amounts, for such periods of time, and for such purposes as the Secretary of the Interior may approve as being for the best interests of the Indians concerned therein: Provided, however, That no such trust shall be made for a term extending for more than twenty-one years after the death of the last surviving beneficiary named therein, and any such trust approved by the Secretary of the Interior shall be irrevocable except with the approval of the Secretary of the Interior: Provided further, That funds held by the Secretary of the Interior in trust, as provided in this section, shall be invested in any public debt obligation of the United States and in any bonds, notes, or other obligations which are unconditionally guaranteed as to both interest and principal by the United States.*

"SEC. 8. *There is authorized to be appropriated from funds on deposit to the credit of the Osage Tribe of Indians not to exceed $10,000 annually to pay per diems and traveling expenses of the members of the Osage Tribal Council in making necessary trips to the City of Washington and other places in connection with Osage tribal affairs. Expenditures from appropriations made pursuant to this authorization shall be in accordance with rules and regulations to be prescribed by the Secretary of the Interior.*

"SEC. 9. That Section 1 of the Act of Congress of (March 3, 1921 (Forty-first Statutes at Large, page 1249)) *March 2, 1929 (Forty-fifth Statutes at Large, page 1478)* relating to the Osage Indians of Oklahoma, be, and the same is hereby, amended to read as follows:

"'That all that part of the Act of June 28, 1906 (Thirty-fourth Statutes at Large, page 539), entitled "An Act for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes," which reserves to the Osage Tribe the oil, gas, coal, or other minerals, covered by the lands for the selection and division of which provision is made in that Act is hereby amended so that the oil, gas, coal, or other minerals, covered by said lands are reserved to the Osage Tribe, until the 8th day of April [1958,] *1983*, unless otherwise provided by Act of Congress, and all royalties and bonuses arising therefrom shall belong to the Osage Tribe of Indians, and shall be disbursed to members of the Osage Tribe or their heirs or assigns as now provided by law, after reserving such amounts as are now or may hereafter be authorized by Congress for specific purposes.

"'The lands, moneys, and other properties now or hereafter held in trust or under the supervision of the United States for the Osage Tribe of Indians, the members thereof, or their heirs and assigns, shall continue subject to such trust and supervision until January 1, [1959,] *1984*, unless otherwise provided by Act of Congress.

"'The Secretary of the Interior and the Osage Tribal Council are hereby authorized and directed to offer for lease for oil, gas, and other mining purposes any unleased portion of said land in such quantities and at such times as may be deemed for the best interest of the Osage Tribe of Indians: *Provided*, That not less than twenty-five thousand acres shall be offered for lease for oil and gas mining purposes during any one year: *Provided further*, That as to all lands hereafter leased, the regulations governing same and the leases issued thereon shall contain appropriate provisions for the conservation of the natural gas for its economic use, to the end that the highest percentage of ultimate recovery of both oil and gas may be secured: *Provided, however*, That nothing herein contained shall be construed as affecting any valid existing lease for oil or gas or other minerals, but all such leases shall continue as long as gas, oil, or other minerals are found in paying quantities.

"'Homestead allotments of Osage Indians not having a certificate of competency shall remain exempt from taxation while the title remains in the original allottee of one-half or more of Osage Indian blood and in his unallotted heirs or devisees of one-half or more of Osage Indian blood until January 1, [1959;] *1984: Provided*, That the tax-exempt land of any such Indian allottee, heir, or devisee shall not at any time e... d one hundred and sixty acres.'"



...elating to the tribal and individual affairs of the Osage Indians of Oklahoma

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That hereafter the Secretary of the Interior shall cause to be paid to each adult member of the Osage Tribe of Indians not having a certificate of competency his or her pro rata share, either as a member of the tribe or heir or devisee of a deceased member, of the interest on trust funds, the bonus received from the sale of oil or gas leases, and the royalties therefrom received during each fiscal quarter, not to exceed $1,000 per quarter; and if such adult member has a legal guardian, his current income not to exceed $1,000 per quarter may be paid to such legal guardian in the discretion of the Secretary of the Interior: *Provided*, That when an adult restricted Indian has surplus funds in excess of $10,000 there shall be paid such Indian sufficient funds from his accumulated surplus in addition to his current income to aggregate $1,000 quarterly; but in the event any adult restricted Indian has surplus funds of less than $10,000, such Indian shall receive quarterly only his current income not to exceed $1,000 per quarter: *Provided further*, That when the accumulated funds to the credit of any restricted Osage Indian are less than $10,000 the Secretary of the Interior may in his discretion, pay accrued taxes on the lands of such Indian out of the income of such Indian in such manner as he deems advisable: *And provided further*, That upon application and consent of any restricted Osage Indian the Secretary of the Interior may cause payment to be made of additional funds from the accumulated surplus to the credit of any Osage Indian under such rules and regulations as he may prescribe. Rentals due such adult members from their lands and their minor children's lands and all income from such adults' investments, including interest on deposits to their credit, shall be paid to them in addition to the current allowances above provided.

Whenever minor members of the Osage Tribe of Indians have funds or property subject to the control or supervision of the Secretary of the Interior, the said Secretary may in his discretion pay or cause to be paid to the parents, legal guardian, or any person, school, or institution having actual custody of such minors such amounts out of the income or funds of the said minors as he deems necessary, and when such a minor is eighteen years of age or over, the Secretary of the Interior may in his discretion cause disbursement of funds for support and maintenance or other specific purposes to be made direct to such minor.

SEC. 2. That that part of section 1 of an Act of Congress of February 27, 1925 (43 Stat. L., 1008), providing that—

"The Secretary of the Interior shall invest the remainder, after paying the taxes of such members, in United States bonds, Oklahoma State bonds, real estate, first mortgage real estate loans not to exceed 50 per centum of the appraised value of such real estate, and where the member is a resident of Oklahoma such investment shall be in loans on Oklahoma real estate, stock in Oklahoma building and loan associations, livestock, or deposit the same in banks in Oklahoma, or expend the same for the benefit of such member, such expenditures, investments, and deposits to be made under such restrictions, rules and regulations as he may prescribe: *Provided*, That the Secretary of the Interior shall not make any investment for an adult member without first securing the approval of such member of such investment," be, and hereby is, amended to read as follows:

"Hereafter, the Secretary of the Interior in his official capacity may invest the accumulated funds to the credit of restricted members of the Osage Tribe, after paying taxes of such members, in any public debt obligation of the United States and in any bonds, notes, or other obligations which are unconditionally guaranteed as to both interest and principal by the United States. With the consent of adult Indians the Secretary of the Interior may purchase real estate and livestock, such expenditures and investments to be made under such rules and regulations as the Secretary may prescribe."

SEC. 3. That part of section 17 of the Act of May 25, 1918 (40 Stat. L. 561–579), which provides for the change of designation of homestead allotments of Osage Indians to an equal area of their unencumbered surplus is hereby amended to read as follows:

"That any and all members of the Osage Tribe may change the present designation of their respective homesteads to an equal area of their unencumbered surplus lands in Osage County, upon application to and under such rules and regulations as the Secretary of the Interior may prescribe; and the members of the tribe whose balances at the Osage Indian Agency are insufficient for the payment of taxes on taxable lands may in the same manner change the present designation of their respective homesteads to an equal area of the unencumbered inherited, pur...ed, or otherwise acquired lands in Osage County: *Provided*, That each

tract after th... and designation shall take the status of the other as it existed prior to ...ange in designation, as to alienation, taxation or otherwise, and that any order of change of designation shall be recorded in the proper office of Osage County."

SEC. 4. That section 3 of the Act of March 2, 1929 (45 Stat. L., 1478) is hereby repealed.

SEC. 5. That no administrator or executor of an estate of an Osage Indian of one-half or more Indian blood or who does not have a certificate of competency at date of death, shall be appointed except on the written application or approval of the Secretary of the Interior.

SEC. 6. That section 5 of an Act of Congress of March 3, 1921 (41 Stat. L. 1249) is hereby amended to read as follows:

"That the State of Oklahoma is authorized from and after the passage of this act to levy and collect a gross production tax upon all oil and gas produced in Osage County, Oklahoma, and all taxes so collected shall be paid and distributed, and in lieu of all other State and county taxes levied upon the production of oil and gas as provided by the laws of Oklahoma, the Secretary of the Interior is hereby authorized and directed to pay, through the proper officers of the Osage Agency, to the State of Oklahoma, from the amount received by the Osage Tribe of Indians as royalties from production of oil and gas, the per centum levied as gross production tax, to be distributed as provided by the laws of Oklahoma."

SEC. 7. That any Osage Indian of the age of twenty-one years or over, restricted in his property rights by the terms of this or any other act, may file with the superintendent or other official in charge of the Osage Indian Agency, a declaration of trust, designating therein the Secretary of the Interior as trustee of the restricted properties described in such declaration of trust, and may therein designate such members of his family or others as beneficiaries of the trust, and prescribe the manner of distribution of the income therefrom and of the corpus thereof upon termination of the trust. Such trusts may be made in such amounts, for such periods of time, and for such purposes as the Secretary of the Interior may approve as being for the best interests of the Indians concerned therein: *Provided, however*, That no such trust shall be made for a term extending for more than twenty-one years after the death of the last surviving beneficiary named therein, and any such trust approved by the Secretary of the Interior shall be irrevocable except with the approval of the Secretary of the Interior: *Provided further*, That funds held by the Secretary of the Interior in trust, as provided in this Section, shall be invested in any public debt obligation of the United States and in any bonds, notes, or other obligations which are unconditionally guaranteed as to both interest and principal by the United States.

SEC. 8. There is authorized to be appropriated from funds on deposit to the credit of the Osage Tribe of Indians not to exceed $10,000 annually to pay per diems to and traveling expenses of the members of the Osage Tribal Council in making necessary trips to the City of Washington and other places in connection with Osage tribal affairs. Expenditures from appropriations made pursuant to this authorization shall be in accordance with rules and regulations to be prescribed by the Secretary of the Interior.

SEC. 9. That section 1 of the Act of Congress of March 2, 1929 (Forty-fifth Statutes at Large, page 1478) relating to the Osage Indians of Oklahoma, be, and the same is hereby amended to read as follows:

"That all that part of the Act of June 28, 1906 (Thirty-fourth Statutes at Large, page 539), entitled 'An Act for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes,' which reserves to the Osage Tribe the oil, gas, coal, or other minerals, covered by the lands for the selection and division of which provision is made in that Act is hereby amended so that the oil, gas, coal, or other minerals, covered by said lands are reserved to the Osage Tribe, until the 8th day of April 1983, unless otherwise provided by Act of Congress, and all royalties and bonuses arising therefrom shall belong to the Osage Tribe of Indians, and shall be disbursed to members of the Osage Tribe or their heirs or assigns as now provided by law, after reserving such amounts as are now or may hereafter be authorized by Congress for specific purposes.

"The lands, moneys, and other properties now or hereafter held in trust or under the supervision of the United States for the Osage Tribe of Indians, the members thereof, or their heirs and assigns, shall continue subject to such trust and supervision until January 1, 1984, unless otherwise provided by Act of Congress.

"The ...ry of the Interior and the Osage tribal council are hereby authorized and direct... to offer for lease for oil, gas, and other mining purposes any unleased portion of said land in such quantities and at such times as may be deemed for the best interest of the Osage Tribe of Indians: *Provided*, That not less than twenty-five thousand acres shall be offered for lease for oil and gas mining purposes during any one year: *Provided further*, That as to all lands hereafter leased, the regulations governing same and the leases issued thereon shall contain appropriate provisions for the conservation of the natural gas for its economic use to the end that the highest percentage of ultimate recovery of both oil and gas may be secured: *Provided, however*, That nothing herein contained shall be construed as affecting any valid existing lease for oil or gas or other minerals, but all such leases shall continue as long as gas, oil, or other minerals are found in paying quantities.

"Homestead allotments of Osage Indians not having a certificate of competency shall remain exempt from taxation while the title remains in the original allottee of one-half or more of Osage Indian blood and in his unallotted heirs or devisees of one-half or more of Osage Indian blood until January 1, 1984: *Provided*, That the tax-exempt land of any such Indian allottee, heir, or devisee shall not at any time exceed one hundred and sixty acres."