"Fourth, if none of the above, to the parents of such officer or employee or the survivor of them;

"Fifth, if none of the above, to the duly appointed executor or administrator of the estate of such officer or employee;

"Sixth, if none of the above, to other next of kin of such officer or employee as may be determined by the Civil Service Commission to be entitled under the laws of domicile of such officer or employee at the time of his death.

"Determination as to widow or child shall be made by the Civil Service Commission without regard to the definition of these terms stated in subsection (d) of this section."

Payment of claims.

SEC. 2. All claims received in the Civil Service Commission after the effective date of this amendment shall be paid in accordance with the order of precedence stated herein.

62 Stat. 57.
5 U. S. C., Sup. III, § 724 (k).

SEC. 3. Section 12 (k) of the Civil Service Retirement Act of May 29, 1930, as amended, is hereby amended to read as follows:

"(k) Each employee or former employee to whom this Act applies may, under regulations prescribed by the Civil Service Commission, designate a beneficiary or beneficiaries for the purposes of this Act. Except where an application for benefits based on the death of the designator has been received in the Civil Service Commission not later than three months following the effective date of this amendment, all designations of beneficiary received in the Civil Service Commission more than one month before such effective date shall be null and void."

Effective date.

SEC. 4. This Act shall take effect on the first day of the fourth month following its date of approval.

Approved June 14, 1950.

---

[CHAPTER 248]

AN ACT

To amend section 3 of the Act of Congress approved June 28, 1906, relating to the Osage Indians of Oklahoma.

June 15, 1950
[S. 1719]
[Public Law 548]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That section 3 of the Act of Congress approved June 28, 1906 (34 Stat. 539, 543), is amended by striking out "President of the United States" and substituting in lieu thereof "Osage Tribal Council, subject to the approval of the Secretary of the Interior".

Approved June 15, 1950.

---

[CHAPTER 249]

AN ACT

To amend section 4934 of the Revised Statutes (U. S. C., title 35, sec. 78), as amended, to permit public libraries of the United States to acquire back copies of United States letters patent, and for other purposes.

June 15, 1950
[S. 1739]
[Public Law 549]

Public libraries.
Supplying of certain patent publications.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That section 4934 of the Revised Statutes, as amended (U. S. C., title 35, sec. 78), is amended by inserting after "*Provided*, That the Commissioner of Patents may supply public libraries of the United States with such copies as published, for $50 per annum" a colon and the following: "*Provided further*, That the Commissioner of Patents may supply to any public library approved by the Commissioner, which on January 1, 1949, was receiving such copies under the preceding proviso, such copies for any year in which such library did not receive copies under the preceding proviso upon the payment of $50 per year for any such year".

Approved June 15, 1950.

81st Congress, 2d Session } HOUSE OF REPRESENTATIVES { Report No. 2079

# AMENDING SECTION 3 OF THE ACT OF CONGRESS APPROVED JUNE 28, 1906, RELATING TO THE OSAGE INDIANS OF OKLAHOMA

May 18, 1950.—Committed to the Committee of the Whole House on the State of the Union and ordered to be printed

Mr. Morris, from the Committee on Public Lands, submitted the following

## REPORT

[To accompany S. 1719]

The Committee on Public Lands, to whom was referred the bill (S. 1719) to amend section 3 of the act of Congress approved June 28, 1906, relating to the Osage Indians of Oklahoma, having considered the same, report favorably thereon without amendment and recommend that the bill do pass.

### EXPLANATION OF THE BILL

The act (S. 1719) amends section 3 of the act of June 28, 1906 (34 Stat. 539, 543), relating to the determination by the President of the United States of royalties on mineral leases to be paid to the Osage Tribe of Indians.

Under present law (act of June 28, 1906), it is mandatory for the President of the United States to determine the royalties that are to be paid the Osage Tribe of Indians on mineral leases. The act, S. 1719, amends such law by authorizing the Osage Tribal Council, subject to the approval of the Secretary of the Interior, to make the determination of royalties to be paid to the Osage Tribe of Indians on mineral leases. The effect of the act, if enacted into law, will be to relieve the President of the burdensome procedure of passing on all royalties paid to the Osage Tribe of Indians by permitting the Osage Tribal Council, with the approval of the Secretary of the Interior, to make the determination of the royalties to be paid on the mineral leases.

The act speaks for itself in justification of its passage. In addition to the mentioned benefit given the President, it will give added

responsibility and freedom of the Indians in the management of their affairs.

The legislative proposal was initiated at the request of the Department of the Interior, whose communication in regard thereto is as follows:

THE SECRETARY OF THE INTERIOR,
*Washington, April 8, 1949.*

Hon. ALBEN W. BARKLEY,
*President of the Senate.*

MY DEAR MR. PRESIDENT: Transmitted herewith is a draft of a proposed bill to amend section 3 of the act of Congress approved June 28, 1906 (34 Stat. 539, 543).

I request that this proposed bill be referred to the appropriate committee for consideration, and recommend that it be enacted.

In the leasing of Indian lands for oil and gas and other mining purposes, the royalties reserved to the Indian lessors are fixed by the lessors as the owners of the properties leased, subject to the approval of the Secretary of the Interior. An exception exists with respect to the Osage minerals in that section 3 of the act of June 28, 1906 provides that the royalties to be paid to the Osage Tribe under any mineral lease shall be determined by the President of the United States. There is no apparent valid reason for this exception, and the determination of Osage royalty rates is an unnecessary addition to the workload of the President. It is therefore recommended that the enclosed draft of proposed legislation, which would remove the exception, be enacted.

The Bureau of the Budget has advised that there is no objection to the presentation of this proposed legislation to the Congress.

Sincerely yours,

J. A. KRUG, *Secretary of the Interior.*

The Committee on Public Lands, after full consideration of the matter, unanimously believe the passage of S. 1719 to be in the best interest of all parties concerned.

## CHANGES IN EXISTING LAW

In compliance with subsection (4) of rule XXIX of the Standing Rules of the Senate, changes in existing law made by the bill, S. 1719, as reported, are shown as follows (existing law proposed to be omitted is enclosed in black brackets, new matter is printed in italics, existing law in which no change is proposed is shown in roman):

### 34 STATUTES 543

SEC. 3. That the oil, gas, coal, or other minerals covered by the lands for the selection and division of which provision is herein made are hereby reserved to the Osage tribe for a period of twenty-five years from and after the eighth day of April, nineteen hundred and six; and leases for all oil, gas, and other minerals, covered by selections and division of land herein provided for, may be made by the Osage tribe of Indians through its tribal council, and with the approval of the Secretary of the Interior, and under such rules and regulations as he may prescribe: *Provided,* That the royalties to be paid to the Osage tribe under any mineral lease so made shall be determined by the [President of the United States] *Osage Tribal Council, subject to the approval of the Secretary of the Interior: And provided further,* That no mining of or prospecting for any of said mineral or minerals shall be permitted on the homestead selections herein provided for without the written consent of the Secretary of the Interior: *Provided, however,* That nothing herein contained shall be construed as affecting any valid existing lease or contract.

O

**Calendar No. 1358**

81st Congress, 2d Session | SENATE | Report No. 1350

# AMENDING SECTION 3 OF ACT OF JUNE 28, 1906 (34 STAT. 539, 543) RELATING TO OSAGE INDIANS, OKLAHOMA

March 20 (legislative day, March 8), 1950.—Ordered to be printed

Mr. Anderson, from the Committee on Interior and Insular Affairs, submitted the following

## REPORT

[To accompany S. 1719]

The Committee on Interior and Insular Affairs to whom was referred the bill (S. 1719) to amend section 3 of the act of June 28, 1906 (34 Stat. 539, 543), relating to the determination of royalties under mineral leases to be paid to the Osage Tribe by the President, having considered the same report thereon with the recommendation that it do pass without amendment.

This proposed legislation was suggested by the Secretary of the Interior in a communication dated April 9, 1949, addressed to the President of the Senate, who referred the same to your committee for consideration and in accord with the request of the Secretary of the Interior, your committee authorized the introduction of a bill in identical form to the draft of the proposed bill submitted by him. Thereupon a bill (S. 1719) was introduced, which thereafter was referred to your committee for further consideration.

An authorized legislative committee of the Osage Tribal Council appeared before your committee and urged the enactment of this bill.

The purpose of the proposed legislation is to amend section 3 of the act of Congress approved June 28, 1906 (34 Stat. 539, 543), by striking out "President of the United States" and substituting in lieu thereof "Osage Tribal Council, subject to the approval of the Secretary of the Interior."

The act of June 28, 1906, section 3, provides that royalties to be paid to the Osage Tribe under any mineral lease shall be determined by the President of the United States. In the leasing of Indian lands for oil and gas and other mining purposes, the royalties reserved to the Indian lessors are fixed by the lessors as the owners of the properties leased, subject to the approval of the Secretary of the Interior, with the exception of royalties to be paid to the Osage Tribe.

..ere is no apparent valid reason for this exception, and the deter-..nation of Osage royalty rates is an unnecessary addition to the work load of the President. The Department of the Interior, therefore, recommends that the proposed legislation, which would remove the exception, be enacted.

A copy of the Secretary of the Interior's communication dated April 8, 1949, is attached hereto and made a part of this report, as follows:

THE SECRETARY OF THE INTERIOR,
*Washington, April 8, 1949.*

Hon. ALBEN W. BARKLEY,
*President of the Senate.*

MY DEAR MR. PRESIDENT: Transmitted herewith is a draft of a proposed bill to amend section 3 of the act of Congress approved June 28, 1906 (34 Stat. 539, 543).

I request that this proposed bill be referred to the appropriate committee for consideration, and recommend that it be enacted.

In the leasing of Indian lands for oil and gas and other mining purposes, the royalties reserved to the Indian lessors are fixed by the lessors as the owners of the properties leased, subject to the approval of the Secretary of the Interior. An exception exists with respect to the Osage minerals in that section 3 of the act of June 28, 1906, provides that the royalties to be paid to the Osage Tribe under any mineral lease shall be determined by the President of the United States. There is no apparent valid reason for this exception, and the determination of Osage royalty rates is an unnecessary addition to the work load of the President. It is therefore recommended that the enclosed draft of proposed legislation, which would remove the exception, be enacted.

The Bureau of the Budget has advised that there is no objection to the presentation of this proposed legislation to the Congress.

Sincerely yours,

J. A. KRUG, *Secretary of the Interior.*

## CHANGES IN EXISTING LAW

In compliance with subsection (4) of rule XXIX of the Standing Rules of the Senate, changes in existing law made by the bill, S. 1719, as reported, are shown as follows (existing law proposed to be omitted is enclosed in black brackets, new matter is printed in italics, existing law in which no change is proposed is shown in roman):

### 34 STATUTES 543

SEC. 3. That the oil, gas, coal, or other minerals covered by the lands for the selection and division of which provision is herein made are hereby reserved to the Osage tribe for a period of twenty-five years from and after the eighth day of April, nineteen hundred and six; and leases for all oil, gas, and other minerals, covered by selections and division of land herein provided for, may be made by the Osage tribe of Indians through its tribal council, and with the approval of the Secretary of the Interior, and under such rules and regulations as he may prescribe: *Provided*, That the royalties to be paid to the Osage tribe under any mineral lease so made shall be determined by the [President of the United States] *Osage Tribal Council, subject to the approval of the Secretary of the Interior*: *And provided further*, That no mining of or prospecting for any of said mineral or minerals shall be permitted on the homestead selections herein provided for without the written consent of the Secretary of the Interior: *Provided, however*, That nothing herein contained shall be construed as affecting any valid existing lease or contract.

O

81ST CONGRESS } SE
*2d Session* }

COLUMBIA

MARCH 20 (legislative day, M

Mr. O'MAHONEY, from the Com
submitte

R E

[To accompany commi

I. COM

This report presents an expla the Committee on Interior and harbors and flood contro would authorize certain initial the Department of the Interio nated with the comprehensive and would require the Secretary Basin account.

The initial units, 13 in nu reclamation projects. The b credited with all power and repayments by water users, fr also with all such revenues fro ment of the Army projects. power and other reimbursable all irrigation and water sup projects not repayable in reas districts or other water users.

The basin account is not a f sources noted are paid into th can be used only upon congre

Pursuant to direction of the Departments of the Interior a April 11, 1949, coordinating Department of the Army, a Reclamation, Department of plans, the scheduling of co existing, authorized, and