Case 1:99-cv-00550-ECH Document 309-30 Filed 06/30/2008 Page 1 of 2



The month of October 1950 is hereby determined to be the representative period for the conduct of such referendum.

Wendell M. Costello is hereby designated agent of the Secretary to conduct such referendum in accordance with the procedure for conducting of referenda to determine producer approval of milk marketing orders as published in the FEDERAL REGISTER on August 10, 1950 (15 F R. 5177) such referendum to be completed on or before the 20th day from the date this referendum order is issued.

Done at Washington, D. C., this 15th day of January 1951.

[SEAL] CHARLES F BRANNAN, *Secretary of Agriculture.*

[F. R. Doc. 51-842; Filed, Jan. 17, 1951; 8:54 a. m.]

## DEPARTMENT OF LABOR

### Wage and Hour Division

### [ 29 CFR, Part 526 ]

EXEMPTION OF GINNING OF COTTON AS AN INDUSTRY OF SEASONAL NATURE

PRELIMINARY DETERMINATION

An application has been filed by the Texas Cotton Ginners Association for a determination that the industry engaged in the ginning of cotton constitutes an industry of a seasonal nature, under section 7 (b) (3) of the Fair Labor Standards Act of 1938 (Sec. 7 (b) (3), 52 Stat. 1063; 29 U. S. C. 207 (b) (3)) and the regulations contained in this part.

It appears from the foregoing application that:

1. Cotton is harvested and sent to gins during the fall months.

2. Cotton must be ginned within a relatively short period after harvesting in order to prevent deterioration and to protect the maximum value of the cotton. Most gins are active for only about four months out of the year and 80 to 90 per cent of their cotton is ginned in less than three months.

3. Cotton gins engage in the ginning and baling of cotton during a regularly annually recurring period of the year and cease operations except for maintenance, repair, clerical and sales work during the remainder of the year, because the material processed, owing to climatic or other natural conditions, is not available in the form in which it is processed.

Accordingly, upon consideration of the facts stated in said application, the Administrator hereby determines, pursuant to § 526.5 (b) (2) that a prima facie case has been shown for finding that the industry engaged in cotton ginning constitutes an industry of a seasonal nature within the meaning of section 7 (b) (3) of the Fair Labor Standards Act of 1938 and § 526.3 (a)

For purposes of this determination, the term "industry engaged in cotton ginning" includes the following operations, when performed during the period or periods when cotton is being received for ginning: The receiving of seed cotton at the gin, the handling, cleaning, ginning and baling of the cotton, the handling of the baled cotton and cottonseed, and any operations or services necessary or incident to the foregoing, including the placing of the cotton and cottonseed in storage or transportation facilities on or near the premises.

If no objections and request for hearing is received within 15 days following the publication of this preliminary determination, the Administrator pursuant to § 526.5 (b) (2) will make a finding upon the prima facie case. Objections and request for hearing from any interested person should be submitted in writing to the Wage and Hour Division, Department of Labor Building, 14th Street and Constitution Avenue, NW., Washington 25, D. C. The application for exemption may be examined in Room 5422 at this address.

Signed at Washington, D. C., this 15th day of January 1951.

WM. R. MCCOMB, *Administrator Wage and Hour Division.*

[F. R. Doc. 51-878; Filed, Jan. 17, 1951; 9:02 a. m.]

# NOTICES

## DEPARTMENT OF THE INTERIOR

### Office of the Secretary

[Order No. 2498, Amdt. 1]

SOUTHWESTERN POWER ADMINISTRATION

DELEGATION OF AUTHORITY TO ACTING ADMINISTRATOR

Paragraph (f) of section 2 of Order No. 2498 is amended to read as follows:

SEC. 2. *Acting Administrator* * * *

(f) The Executive Assistant, Southwestern Power Administration, shall perform the duties and exercise the powers of the Administrator in case of the death, resignation, absence, or sickness of the Administrator, the Assistant Administrator, the Chief of the Division of Operations, the Chief of the Division of Engineering, the Chief Counsel, and the Controller.

OSCAR L. CHAPMAN, *Secretary of the Interior.*

JANUARY 12, 1951.

[F. R. Doc. 51-816; Filed, Jan. 17, 1951; 8:45 a. m.]

[Order No. 2508, Amdt. 1]

BUREAU OF INDIAN AFFAIRS

DELEGATION OF AUTHORITY

1. The following is added to section 10, *Health and welfare matters:*

(g) The negotiation and execution of contracts with states or territories, or political subdivisions thereof, or with any other appropriate state agency or institution, for agricultural assistance, authorized by the act of June 4, 1936 (49 Stat. 1458; 25 U. S. C. secs. 452-454)

2. The following are added to section 11, *Funds and fiscal matters:*

(l) The investment of restricted trust funds of individual Indians, and of group investment of funds held in the accounts of Indian Bureau Special Disbursing Agents, for individual Indians, Indian Associations and Indian Tribes in any public debt of the United States and in bonds, notes, or other obligations which are unconditionally guaranteed as to both principal and interest by the United States, as provided for by the act of June 24, 1938 (52 Stat. 1037) and the investment of funds of Osage Indians as provided by section 4 of the act of March 3, 1921 (41 Stat. 1250) and section 1 of the act of February 27, 1925 (43 Stat. 1008-1009)

(m) The approval of expenditures or advances of tribal funds to the respective tribes for the purposes set forth and as prescribed in the acts of June 7, 1944 (58 Stat. 271), June 20, 1936 (49 Stat. 1543) June 24, 1946 (60 Stat. 302) sec. 3, May 19, 1947 (61 Stat. 102) sec. 7, April 19, 1950 (Pub. Law 474, 81st Cong., 2d Sess.) including supplements or amendments thereto, and under all other acts which may authorize the expenditure or advance of tribal funds to tribes for like purposes.

3. Section 12, *Education*, (a) is amended to read as follows:

(a) The negotiation and execution of contracts with any State or territory, or political subdivisions thereof, or with any State university, college, or school, or with any appropriate State or private corporation, agency, or institution, as authorized by the act of June 4, 1936 (25 U. S. C. sec. 452-454)

4. Section 13 (a) *Lands and minerals*, is amended to read as follows:

(a) The approval of leases for oil, gas and other mining purposes covering restricted tribal and allotted Indian lands pursuant to provisions of 25 CFR Parts 183, 186, 189, 195 and 201. The authority conferred by this paragraph extends to and includes the approval of, or other appropriate administrative action required on, all assignments of mineral leases now or hereafter in force on restricted tribal and allotted Indian lands, bonds and other instruments required in connection with such leases or assignments thereof, unit and communitization agreements, well-spacing orders of the Oklahoma Corporation Commission submitted for approval under authority of section 11 of the act of August 4, 1947 (61 Stat. 731) the acceptance of voluntary surrender of such leases by the

HeinOnline -- 16 Fed. Reg. 473 1951

lessees, cancellation of leases for violation of terms thereof, and approval of agreements for settlement of claims for damages to Indian lands resulting from oil and gas or other mineral operations.

5. Section 14 (a), *Oil leases; Osage Indian Agency*, is amended to read as follows:

(a) Approve oil leases made by the Osage Tribal Council only after the approval by the Commissioner of Indian Affairs of the schedule of bids covering the particular sale, and resolutions of the Council extending the prescribed periods for drilling of oil wells within the terms of oil leases.

6. The following is added to section 15, *Irrigation matters:*

(d) The approval of the annual and any supplemental apportionment of water each year for the irrigable lands of the San Carlos Indian Irrigation Project, Arizona.

7. Section 25, *Subdelegation*, is amended to read as follows:

SEC. 25 *Subdelegation.* The authority conferred upon the Commissioner in this order may be subdelegated by him to the Associate Commissioner, Assistant Commissioners, Executive Officer, Chief Counsel, Associate Chief Counsel, Assistant Chief Counsel, Branch Chiefs, Area Directors, Superintendents of detached field offices and of agencies, and such other officers of the Bureau of Indian Affairs as are designated by him. The Commissioner may also subdelegate to such officials the authority conferred upon him by the general regulations appearing in 25 CFR, insofar as such authority relates to action in individual cases. Appeal from an action taken by the Superintendent or other officer of an agency pursuant to a subdelegation of authority under this section shall be taken to the Area Director and thence to the Commissioner. Appeal from an action taken by any other officer of the Bureau of Indian Affairs pursuant to a subdelegation of authority under this section shall be taken to the Commissioner. Appeals from the Commissioner shall be taken to the Secretary of the Interior.

(5 U. S. C. sec. 22; 25 U. S. C. secs. 1a, 2, 2a; sec. 2, Reorg. Plan No. 3 of 1950, 15 F. R. 3174).

8. Sections 20, 21 and 22 of the order of January 11, 1949, 14 F R. 258-260, are hereby repealed.

OSCAR L. CHAPMAN,
*Secretary of the Interior*

JANUARY 11, 1951.

[F. R. Doc. 51-817; Filed, Jan. 17, 1951; 8:46 a. m.]

## DEPARTMENT OF LABOR

### Wage and Hour Division

LEARNER EMPLOYMENT CERTIFICATES

ISSUANCE TO VARIOUS INDUSTRIES

Notice is hereby given that pursuant to section 14 of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1068, as amended; 29 U. S. C. and Sup. 214) and Part 522 issued thereunder (29 CFR Part 522) special certificates authorizing the employment of learners at hourly wage rates lower than the minimum wage rate applicable under section 6 of the act have been issued to the firms listed below. The employment of learners under these certificates is limited to the terms and conditions therein contained and is subject to the provisions of Part 522. The effective and expiration dates, occupations, wage rates, number or proportion of learners, and learning period for certificates issued under the general learner regulations (§§ 522.1 to 522.14) are as indicated below; conditions provided in certificates issued under special industry regulations are as established in these regulations.

Single Pants, Shirts and Allied Garments, Women's Apparel, Sportswear and Other Odd Outerwear, Rainwear, Robes and Leather and Sheep-Lined Garments Divisions of the Apparel Industry Learner Regulations (29 CFR 522.160 to 522.166, as amended September 25, 1950; 15 F. R. 5701, 6326)

C. A. Baltz & Sons, Inc., Kingston, N. Y., effective 1-8-51 to 1-7-52; 10 learners, normal labor turnover (pajamas).

Barmon Bros. Co., Inc., 937 Broadway, Buffalo 12, N. Y., effective 1-8-51 to 1-7-52; 10 percent normal labor turnover (wash dresses).

Julius Berger & Co., 34 Oliver Street, Newark 5, N. J., effective 1-5-51 to 1-4-52; seven learners, normal labor turnover (sacques, wrappers and bathrobes).

The Cata Garment Co., 1128 Third Street, Catasauqua, Pa., effective 1-5-51 to 1-4-52; five learners, normal labor turnover (ladies' and children's undergarments).

Charis Corporation, 730 Linden Street, Allentown, Pa., effective 1-5-51 to 1-4-52; 10 percent normal labor turnover (foundation garments).

Charming Lady Cottons, Inc., 1727 Broad Street, South Greensburg, Pa., effective 1-8-51 to 1-7-52; 10 percent normal labor turnover (women's cotton dresses).

City Shirt Co., 19-21 West Vine Street, Mahanoy City, Pa., effective 1-3-51 to 1-2-52; 10 percent normal labor turnover (men's dress and sport shirts; army shirts).

Cumberland Undergarment Co., Inc., Cumberland, Md., effective 1-4-51 to 1-3-52; 10 percent normal labor turnover (ladies' undergarments).

Cutler & Cutler, 728 Cherry St., Philadelphia, Pa., effective 1-4-51 to 1-3-52; five learners on children's snow suits only, normal labor turnover (children's snow suits).

D & I Shirt Co., Inc., 89 Wallace Street, New Haven, Conn., effective 1-4-51 to 1-3-52; 10 percent or 10 learners, for normal labor turnover, whichever is greater (shirts).

Daut Mfg. Co., Red Hill, Pa., effective 1-8-51 to 1-7-52; 10 percent or 10 learners, for normal labor turnover, whichever is greater (children's dresses).

Davis Sportswear, Inc., 100 Canal Boulevard, Trenton, N. J., effective 1-8-51 to 1-7-52; 10 learners, normal labor turnover (men's and women's sportswear).

Dunhill Shirt Co., Glasgow, Mo., effective 1-8-51 to 1-7-52; 10 percent normal labor turnover (men's shirts).

Dunhill Shirt Co., Holden, Mo., effective 1-8-51 to 1-7-52; 10 percent or 10 learners, whichever is greater, for normal labor turnover (shirts).

Even-Pul Foundations, Inc., 47 West Third Street, Williamsport, Pa., effective 1-4-51 to 7-3-51; 25 learners for expansion purposes only (corsets and brassieres).

Even-Pul Foundations, Inc., 47 West Third Street, Williamsport, Pa., effective 1-4-51 to 1-3-52; 10 percent or 10 learners, whichever is greater, for normal labor turnover (corsets and brassieres).

Fairway Mfg. Co., 21 West Nicholai Street, Hicksville, N. Y., effective 1-4-51 to 1-3-52; 10 percent or 10 learners, whichever is greater, for normal labor turnover (blouses).

Fawn Grove Manufacturing Co., Inc., Rising Sun, Md., effective 1-3-51 to 1-2-52; 10 learners, normal labor turnover (cotton work clothing).

Fawn Grove Manufacturing Co., Inc., Fawn Grove, Pa., effective 1-3-51 to 1-2-52; 10 percent normal labor turnover (trousers).

Stanley M. Fell Co., 2073 E. Fourth St., Cleveland, Ohio, effective 1-4-51 to 1-3-52; 10 learners, normal labor turnover (ladies' cotton housedresses).

M. Fine & Sons Manufacturing Co., Inc., Fifteenth and Main Streets, New Albany, Ind., effective 1-5-51 to 1-4-52; 10 percent normal labor turnover (cotton work shirts and jackets).

M. Fine & Sons Manufacturing Co., Inc., Ninth and Spring Streets, Jeffersonville, Ind., effective 1-5-51 to 1-4-52; 10 percent normal labor turnover (cotton work trousers).

Franklin Dress Co., 37 East Clinton Street, Newton, N. J., effective 1-8-51 to 1-7-52; 10 percent or 10 learners, whichever is greater, for normal labor turnover (dresses).

Franklin Dress Co., 49 East Church Street, Franklin, N. J., effective 1-8-51 to 1-7-52; 10 percent or 10 learners, whichever is greater, for normal labor turnover (dresses).

Goldstein & Levin, 232 Levergood Street, Johnstown, Pa., effective 1-5-51 to 1-4-52; 10 percent normal labor turnover (women's dresses).

Guilford Garment Co., 920 Guilford Street, Lebanon, Pa., effective 1-3-51 to 1-2-52; five learners, normal labor turnover (blouses).

Hanover Shirt Co., Ashland, Va., effective 1-5-51 to 1-4-52; 10 learners, normal labor turnover (cotton and flannel sport shirts).

Hazleton Dress Co., Inc., 549-561 Hazle Street, Hazleton, Pa., effective 1-8-51 to 1-7-52; 10 percent normal labor turnover (ladies' better dresses).

Helene Lingerie, Inc., 400½ Railroad Street, Danville, Pa., effective 1-5-51 to 1-4-52; 10 percent or 10 learners whichever is greater, for normal labor turnover (ladies' slips).

N. Kasover, 229 North Fourth Street, Easton, Pa., effective 1-5-51 to 1-4-52; 10 percent normal labor turnover (men's trousers).

Kay T. Dress Co., 130 West Main Street, Penns Grove, N. J., effective 1-8-51 to 1-7-52; 10 percent normal labor turnover (dresses and blouses).

Keiser Dress Corp., Oak and Juniper Streets, Shamokin, Pa., effective 1-3-51 to 1-2-52; 10 learners normal labor turnover (dresses).

S. Kramer Pants Co., 711 Main St., Asbury Park, N. J., effective 1-5-51 to 1-4-52; five learners normal labor turnover (boys' pants).

L'Aiglon Apparel, Inc., Montgomery, Pa., effective 1-5-51 to 1-4-52; 10 learners normal labor turnover (women's dresses).

Lampl Sportswear Manufacturing Co., 2570 Superior Avenue, Cleveland, Ohio, effective 1-5-51 to 1-4-52; 10 percent normal labor turnover (ladies' dresses and sportswear).

Lancaster Garment Co., Inc., 230-241 North Ann Street, Lancaster, Pa., effective 1-5-51 to 1-4-52; 10 percent normal labor turnover (children's woven cotton dresses).

Langwear, Inc., River Falls, Wis., effective 1-4-51 to 7-3-51; 50 learners for expansion purposes only (children's herringbone twill suits).

Lark Dress Co., Fifth and Walnut Streets, Shamokin, Pa., effective 1-8-51 to 1-7-52; 10 percent or 10 learners whichever is greater, for normal labor turnover (women's, misses' and junior dresses).

Harry E. Lisberg Co., 844 West Adams Street, Chicago 7, Ill., effective 1-5-51 to