H.R. 11894, SECTION 6

This section would benefit Osage Indians by permitting adult members to make a will and by streamlining probate proceedings before this Department and the district courts of the State of Oklahoma, thus eliminating protracted litigation.

Under current law, an Osage can dispose of his headright or mineral interest only by testamentary instrument which is approved subsequent to his death by the Secretary. This procedure has resulted in many contests of an administrative nature, followed by contests in the probate courts of the State of Oklahoma and many disputes of heirship have arisen in interstate situations. The present Osage Tribal Council believes it would be in the best interest of the Osage Tribe if an Osage were permitted to execute a testamentary instrument in the nature of a trust which would permit the settler, prior to his death, to firmly establish the disposition that will be made of his property.

Subsection (a) would amend section 8 of the act of April 18, 1912 (37 Stat. 86, 88) to allow any Osage Indian, 18 years or older, to dispose of his Osage headright and the remainder of his estate from which restrictions by the United States against alienation have not been removed, by the terms of a will executed in accordance with Oklahoma laws. The section further requires that the will of any Osage Indian not be admitted to probate or have any validity unless approved after the death of the testator by the Secretary of the Interior.

The Secretary would be required to conduct a hearing as to the validity of the will at the Osage Indian Agency in Pawhuska, Okla. Rules of evidence of the State of Oklahoma would govern the admissibility of evidence at such hearing. All evidence relative to the validity of the will of an Osage Indian would be submitted to the Secretary within four months after the date the petition for approval of such will is filed with the Secretary. For purposes of determining the validity of any will the Secretary would be given the same subpoena power as is vested in the courts.

The Secretary's approval of a will would entitle such will to be admitted to probate without further evidence as to its validity. Upon the Secretary's disapproval of the will, the heirs may immediately petition for letters of administration in the district court. The issuance of letters testamentary or of administration would not confer the power to sell any restricted assets by virtue of any provision in such will, to pay or satisfy legacies, nor to distribute property of the decedent until the final determination of the appeal, but all other actions taken by the district court pending said appeal would be valid and binding. Only Federal courts would have jurisdiction to hear a contest of a probate of a will that has been approved by the Secretary.

Subsection (b) would amend section 3 of the act of April 18, 1912 (37 Stat. 86) to establish a procedure for disposing of the properties of deceased and of orphan, minor, insane, or other incompetent Osage Indians, such incompetency being determined by the laws of the State of Oklahoma.

Subsection (c) would amend section 7 of the act of February 27, 1925 (43 Stat. 1008, 10011), as amended (25 U.S.C. 331 nt.) to prohibit any person other than heirs of Indian blood and children legally adopted by a court of competent jurisdiction and parents, regardless of their Indian blood, from inheriting from Osage Indians any right,

title, or interest to any restricted land, moneys, or Osage headright except as provided by section 4 of this bill.

H.R. 11894, SECTION 7

Subsection (a) of this section would allow any adult Osage Indian, with the approval of the Secretary, to establish an inter vivos trust covering his headright or mineral interest, surplus funds, invested surplus funds, segregated trust funds, and allotted or inherited land, naming the Secretary of the Interior as trustee.

Subsection (b) would require that property placed in trust be subject to the same restrictions against alienation that presently apply to lands and property of members of the Osage Tribe, and that the execution of such instrument not in any way affect the tax-exempt status of said property.

H.R. 11894, SECTION 8

This section is intended to provide a means of keeping the Osage headright or mineral interest in Osage Indian ownership. There is no similar provision in existing law with regard to the Osages.

This section would prohibit a person of non-Osage Indian blood from receiving more than a life estate in an Osage headright interest owned by an Osage Indian, whether such interest is received by will, inter vivos trust, or Oklahoma law of interstate succession. Upon the death of such non-Osage recipient, the Osage headright would vest in the remaindermen of Osage Indian blood designated by the deceased Osage Indian's will or inter vivos trust. If such will or inter vivos trust does not designate remaindermen of Osage Indian blood or if the deceased Osage died intestate, the Osage headright would be vested in his heirs of Osage Indian blood pursuant to the Oklahoma law of intestate succession. If there be no such remaindermen of Osage Indian blood nor heir of Osage Indian blood, such Osage headright would vest in the Osage Tribe, and the tribe would be required to pay the estate of such non-Osage recipient the market value of such Osage headright interest.

H.R. 11894, SECTION 9

Subsection (a) of this section would permit the sale, assignment, or transfer of any individual right to share in the Osage mineral estate owned by a person not of Indian blood, with the approval of the Secretary and not otherwise. The sale of any such interest would be subject to the right of the Osage Tribe to purchase it within 45 days at the highest price offered the owner.

Subsection (b) would permit the Secretary, at the request of the governing body of the Osage Tribe, and prior to the time the tribal mineral income is segregated for distribution to the individual headright owners, to direct the use of any such income for the purchase of Osage headright interests offered for sale to the Osage Tribe pursuant to this section or vested in the Osage Tribe pursuant to section 8.

H.R. 11894, SECTION 10

The purpose of this section is to authorize the administrative transfer of a deceased Osage Indian's headright and other assets for which

the Secretary has a trust responsibility to the heirs or legatees of the decedent in those cases where assets are so small (less than an aggregate of $10,000 per decedent) that it is uneconomical to employ an attorney to probate or administer such interests. The provisions of the bill would apply in cases where (1) no court of competent jurisdiction has undertaken the probate of the deceased's estate, and (2) a request for the administrative determination has been made to the Secretary by one or more of the heirs or legatees.

There is no current provision of law to accomplish the purpose of this section.

H.R. 4384

H.R. 4384 would exempt an Osage Indian or his estate from payment of all estate, inheritance, and income taxes on any Osage headright or mineral interest and the income derived therefrom.

Under current law (the act of June 24, 1938 (52 Stat. 1034, 1036)) the Federal Government exempts such interest owed by the estate of an Osage Indian of one-half or more Osage Indian blood, who did not have a certificate of competency, but taxes such interest if owned by the estate of an Osage Indian who had a certificate of competency. The State of Oklahoma assesses estate and inheritance taxes on an Osage headright interest owned by the estate of an Osage Indian, regardless of whether such person had received a certificate of competency Both Federal and State governments exempt Osage Indians who do not possess certificates of competency from payment of income taxes on their Osage headright income; however, both governments levy income taxes on Osage headright income received by Osage Indians possessing certificates of competency. No tax exemption is provided under current law (and none is proposed) with respect to Osage headrights or income where headrights have passed into non-Indian, non-Osage ownership.

The Office of Management and Budget has advised that there is no objection to the presentation of this report from the standpoint of the administration's program.

Sincerely,

JAMES A. JOSEPH,
*Acting Secretary.*

## CHANGES IN EXISTING LAW

ACT OF JUNE 27, 1906 (34 STAT. 539), AS AMENDED (45 STAT. 1478, 1481, AND 71 STAT. 471)

* * * * * * *

[SEC. 9. That there shall be a quadrennial election of officers of the Osage Tribe as follows: A principal chief, an assistant principal chief, and eight members of the Osage tribal council, to succeed the officers elected in the year 1928, said officers to be elected at a general election to be held in the town of Pawhuska, Oklahoma, on the first Monday in June, 1930, and on the first Monday in June each four years thereafter, in the manner to be prescribed by the Commissioner of Indian Affairs, and said officers shall be elected for a period of four years commencing on the 1st day of July following said elections, and in case of vacancy in the office of principal chief or other such officer by death,

resignation, or otherwise, the vacancies of the Osage tribal council shall be filled in a manner to be prescribed by the Osage tribal council, and the Secretary of the Interior is hereby authorized to remove from the council any member or members thereof for good cause, to be by him determined, after the party involved has had due notice and opportunity to appear and defend himself, and said tribal government so constituted shall continue in full force and effect to January 1, 1984.]

*Sec. 9. There shall be a quadrennial election of the officers of the Osage Tribe as follows: A principal chief, an assistant principal chief, and eight members of the Osage Tribal Council shall be elected to succeed the officers elected in the year 1974 at a general election to be held in the town of Pawhuska, Oklahoma, on the first Monday in June 1978, and on the first Monday in June of each fourth year thereafter, in a manner to be prescribed by the Secretary of the Interior, and said officers shall be elected for a period of four years commencing on the first day of July following the election. In case of a vacancy in the office of principal chief or other officer by death, resignation, or otherwise, the vacancy shall be filled in a manner to be prescribed by the Osage Tribal Council In the event of a common disaster and a quorum of five of the Osage Tribal Council does not survive, the Secretary shall appoint a principal chief and/or the number of councilmen necessary to complete a total of eight, to serve until the next quadrennial election. The Secretary is hereby authorized to remove from the council any member or members for good cause, to be by him determined, after the party involved has had due notice and opportunity to appear and defend himself. The tribal government so constituted shall continue in full force and effect until January 1, 1984, and thereafter until otherwise provided by Act of Congress.*

ACT OF APRIL 18, 1912 (37 STAT. 86)

* * * * * * *

[SEC. 3. That the property of deceased and of orphan minor, insane, or other incompetent allottees of the Osage Tribe, such incompetency being determined by the laws of the State of Oklahoma, which are hereby extended for such purpose to the allottees of said tribe, shall, in probate matters, be subject to the jurisdiction of the county courts of the State of Oklahoma, but a copy of all papers filed in the county court shall be served on the superintendent of the Osage Agency at the time of filing, and said superintendent is authorized, whenever the interests of the allottee require, to appear in the county court for the protection of the interests of the allottee. The superintendent of the Osage Agency or the Secretary of the Interior, whenever he deems the same necessary, may investigate the conduct of executors, administrators, and guardians or other persons having in charge the estate of any deceased allottee or of minors or persons incompetent under the laws of Oklahoma, and whenever he shall be of opinion that the estate is in any manner being dissipated or wasted or is being permitted to deteriorate in value by reason of the negligence, carelessness, or incompetency of the guardian or other person in charge of the estate, the superintendent of the Osage Agency or the Secretary of the Interior or his representative shall have power, and it shall be his duty, to report said matter to the county court and take the necessary steps to have such case fully investigated, and also to prosecute any remedy, either civil or criminal, as the exigencies of the case and the preservation and protection of the interests of the allottee or

his estate may require, the costs and expenses of the civil proceedings to be a charge upon the estate of the allottee or upon the executor, administrator, guardian, or other person in charge of the estate of the allottee and his surety, as the county court shall determine. Every bond of the executor, administrator, guardian, or other person in charge of the estate of any Osage allottee shall be subject to the provisions of this section and shall contain therein a reference hereto: *Provided*, That no guardian shall be appointed for a minor whose parents are living, unless the estate of said minor is being wasted or misused by such parents: *Provided further*, That no land shall be sold or alienated under the provisions of this section without the approval of the Secretary of the Interior.]

*Sec. 3. That the property of deceased and of orphan minor, insane, or other incompetent Osage Indians, such incompetency being determined by the laws of the State of Oklahoma which are hereby extended for such purpose to all Osage Indians, shall, in probate matters, be subject to the District Court of Oklahoma having jurisdiction. A copy of all papers filed in the district court shall be served on the Superintendent of the Osage Agency at the time of filing, and said Superintendent is authorized, whenever the protection of the interest of the Osage Indian requires, to appear in the district court. The Superintendent of the Osage Agency or the Secretary of the Interior, whenever he deems the same necessary, may investigate the conduct of executors, administrators, guardians, or other persons having charge of the estate of any minor, incompetent, or deceased Osage Indian. Whenever he shall be of the opinion that the estate is in any manner being dissipated, wasted, or permitted to deteriorate in value by reason of the negligence, carelessness, or incompetency of the executor, administrator, guardian, or other person in charge of the estate, the Superintendent of the Osage Agency or the Secretary is authorized, and it shall be his duty, to report said matter to the district court, take the necessary steps to have such case fully investigated, and prosecute any remedy, either civil or criminal, as the exigencies of the case may require. The costs and expenses of any civil proceedings shall be a charge upon the estate of the Osage Indian or upon the executor, administrator, guardian, or other person in charge of the estate of the Osage Indian and his surety, as the district court shall determine. Every bond of the executor, administrator, guardian, or other person in charge of the estate of any Osage Indian shall be subject to the provisions of this section and shall contain therein a reference hereto: Provided, That no guardian shall be appointed for a minor whose parents are living unless the estate of said minor is being wasted or misused by such parents: Provided further, That no land shall be sold or alienated under the provisions of this section without approval of the Secaretry.".*

[Sec. 8. That any adult member of the Osage Tribe of Indians not mentally incompetent may dispose of any or all of his estate, real, personal, or mixed, including trust funds, from which restrictions as to alienation have not been removed, by will, in accordance with the laws of the State of Oklahoma: *Provided*, That no such will shall be admitted to probate or have any validity unless approved before or after the death of the testator by the Secretary of the Interior.]

*Sec. 8. Any person of Osage Indian blood, eighteen years of age or older, may dispose of his Osage headright or mineral interest and the remainder of his estate (real, person, and mixed, including trust funds) from which restrictions against alienation have not been removed by will*

*executed in accordance with the laws of the State of Oklahoma: Provided, That the will of any Osage Indian shall not be admitted to probate or have any validity unless approved after the death of the testator by the Secretary of the Interior. The Secretary shall conduct a hearing as to the validity of such will at the Osage Indian Agency in Pawhuska, Oklahoma. Notice of such hearing shall be given by publication at least ten days before the hearing in a newspaper of general circulation in Osage County, Oklahoma, and by mailing notice of such hearing to the last known address of all known heirs, legatees, and devisees. The cost of publication shall be borne by the estate. The rules of evidence of the State of Oklahoma shall govern the admissibility of evidence at such hearing. All evidence relative to the validity of the will of an Osage Indian shall be submitted to the Secretary within one hundred and twenty days after the date of the petition for approval of such will is filed with the Secretary, unless for good cause shown the Secretary extends the time: Provided, That such time shall not be extended beyond six months from the date of the first hearing. For purposes of determining the validity of any will, the Secretary is hereby granted the same subpena power as is vested in the courts. All costs of obtaining witnesses and evidence before the Secretary shall be borne by the party producing such witnesses or evidence, subject to such costs being taxed to the estate in the event that the District Court of the State of Oklahoma having jurisdiction should determine such costs beneficial to the whole estate. Notwithstanding any appeal from the decision of the Secretary approval of such will by the Secretary shall entitle it to be admitted to probate without further evidence as to its validity or, upon disapproval thereof, the heirs may immediately petition for letters of administration in the district court. No appeal from the order of the Secretary approving or disapproving any will shall stay the issuance of letters testamentary or of administration: Provided, That such letters shall not confer power to sell any restricted assets by virtue of any provision in such will, pay or satisfy legacies, or distribute property of the decedent to the heirs or beneficiaries until the final determination of the appeal, but all other action taken by the district court pending said appeal shall be valid and binding. No court except a Federal court shall have jurisdiction to hear a contest of a probate of a will that has been approved by the Secretary. Such appeals shall be on the record made before the Secretary and his decisions shall be binding and shall not be reversed unless the same is against the clear weight of the evidence or erroneous in law.*

ACT OF FEBRUARY 27, 1925 (43 STAT. 1008), AS AMENDED (64 STAT. 572)

* * * * * * *

SEC. 3. Lands devised to members of the Osage Tribe [of one-half or more Indian blood or] who do not have certificates of competency, under wills approved by the Secretary of the Interior, and lands inherited by such Indians, shall be inalienable unless such lands be conveyed with the approval of the Secretary of the Interior. Property of Osage Indians not having certificates of competency purchased as hereinbefore set forth shall not be subject to the lien of any debt, claim, or judgment except taxes, or be subject to alienation, without approval of the Secretary of the Interior.

SEC. 4. Whenever the Secretary of the Interior shall find that any member of the Osage Tribe [of more than one-half Indian blood] to

whom has been granted a certificate of competency, is squandering or misusing his or her funds, he may revoke such certificate of competency after notice and hearing in accordance with such rules and regulations as he may prescribe, and thereafter the income of such member shall be subject to supervision and investment as herein provided for members not having certificates of competency to the same extent as if a certificate of competency had never been granted: *Provided*, That all just indebtedness of such member existing at the time his certificate of competency is revoked shall be paid by the Secretary of the Interior, or his authorized representative, out of the income of such member, in addition to the quarterly income hereinbefore provided for: *Tnd provided further*, That such revocation or cancellation of any certificate of competency shall not affect the legality of any transactions theretofore made by reason of the issuance of any certificate of competency.

* * * * * * *

[SEC. 7. Hereafter none but heirs of Indian blood shall inherit from those who are of one-half or more Indian blood of the Osage Tribe of Indians any right, title, or interest to any restricted lands, moneys, or mineral interests of the Osage Tribe: *Provided*, That (except in cases where a person claiming as such heir is a party to judicial proceedings pending on the date of the enactment of this proviso in which the claimant has filed a formal pleading alleging Indian blood) no claim of heirship shall be recognized unless the claimant shall establish that he is a citizen of the United States and is enrolled on a membership, census, or other roll prepared under the direction of the Secretary of the Interior, or has a lineal Indian ancestor so enrolled. *Provided, further*, That this section shall not apply to spouses under marriages existing on February 27, 1925.]

*SEC. 7. Hereafter none but heirs of Indian blood and children legally adopted by a court of competent jurisdiction and parents, Indian or non-Indian, shall inherit from Osage Indians any right, title, or interest to any restricted land, moneys, or Osage headright or mineral interest.*

ACT OF MARCH 2, 1929 (45 STAT. 1478, 1480)

* * * * * * *

SEC. 4. That section 2 of the Act of Congress approved February 27, 1925 (Forty-third Statutes at Large, page 1011), being an Act to amend the Act of Congress of March 3, 1921 (Forty-first Statutes at Large, page 1249), be, and the same is hereby, amended to read as follows:

"Upon the death of an Osage Indian [of one-half or more Indian blood] who does not have a certificate of competency, his or her moneys and funds and other property accrued and accruing to his or her credit and which have heretofore been subject to supervision as provided by law may be paid to the administrator or executor of the estate of such deceased Indian or direct to his heirs or devisees, or may be retained by the Secretary of the Interior in the discretion of the Secretary of the Interior, under regulations to be promulgated by him: *Provided*, That the Secretary of the Interior shall pay to administrators and executors of the estates of such deceased Osage

Indians a sufficient amount of money out of such estates to pay all lawful indebtedness and costs and expenses of administration when approved by him; and, out of the shares belonging to heirs or devisees, above referred to, he shall pay the costs and expenses of such heirs or devisees, including attorney fees, when approved by him, in the determination of heirs or contest of wills. Upon the death of any Osage Indian of less than one-half of Osage Indian blood or upon the death of an Osage Indian who has a certificate of competency, his moneys and funds and other property accrued and accruing to his credit shall be paid and delivered to the administrator or executor of his estate to be administered upon according to the laws of the State of Oklahoma: *Provided*, That upon the settlement of such estate any funds or property subject to the control or supervision of the Secretary of the Interior on the date of the approval of this Act, which have been inherited by or devised to any adult or minor heir or devisee [of one-half or more Osage Indian blood] who does not have a certificate of competency, and which have been paid or delivered by the Secretary of the Interior to the administrator or executor shall be paid or delivered by such administrator or executor to the Secretary of the Interior for the benefit of such Indian and shall be subject to the supervision of the Secretary as provided by law."

ACT OF JUNE 24, 1938 (52 STAT. 1034), AS AMENDED

* * * * * * *

That hereafter the Secretary of the Interior shall cause to be paid to each adult member of the Osage Tribe of Indians not having a certificate of competency his or her pro rata share, either as a member of the tribe or heir or devisee of a decreased member, of the interest on trust funds, the bonus received from the sale of oil or gas leases, and the royalties therefrom received during each fiscal quarter, not to exceed $1,000 per quarter; and if such adult member has a legal guardian, his current income not to exceed $1,000 per quarter may be paid to such legal guardian in the discretion of the Secretary of the Interior: *Provided*, That when an adult restricted Indian has surplus funds in excess of $10,000 there shall be paid such Indian sufficient funds from his accumulated surplus in addition to his current income to aggregate $1,000 quarterly; but in the event of any adult restricted Indian has surplus funds of less than $10,000, such Indian shall receive quarterly only his current income not to exceed $1,000 per quarter: *Provided further*, That the Secretary of the Interior is hereby authorized to and may in his discretion pay out of any money heretofore accrued or hereafter accruing to the credit of any person of Osage Indian blood who does not have a certificate of competency [or who is one-half or more Osage Indian blood], all of said person's taxes of every kind and character, for which such person is now or hereafter may be liable, before paying to or for such person any funds as required by law: *And provided further*, That upon application and consent of any restricted Osage Indian the Secretary of the Interior may cause payment to be made of additional funds from the accumulated surplus to the credit of any Osage Indian under such rules and regulations as he may prescribe. Rentals due such adult members from their lands and their minor children's lands and all income from such adults' investments, including interest on deposits to their credit, shall be paid to them in additional to the current allowances above provided.

Whenever minor members of the Osage Tribe of Indians have funds or property subject to the control or supervision of the Secretary of the Interior, the said Secretary may in his discretion pay or cause to be paid to the parents, legal guardian, or any person, school, or institution having actual custody of such minors, such amounts out of the income or funds of the said minors as he deems necessary, and when such a minor is eighteen years of age or over, the Secretary of the Interior may in his discretion cause disbursement of funds for support and maintenance or other specific purposes to be made direct to such minor.

* * * * * * *

SEC. 3. That section 1 of the Act of Congress of March 2, 1929 (45 Stat. L. 1478), relating to the Osage Indians of Oklahoma, be, and the same is hereby, amended to read as follows:

"That all that part of the Act of June 28, 1906 (34 Stat. L. 539), entitled 'An Act for the division of the lands and funds of the Osage Indians in Oklahoma, and for other purposes', which reserves to the Osage Tribe the oil, gas, coal, or other minerals, covered by the lands for the selection and division of which provision is made in that Act is hereby amended so that the oil, gas, coal, or other minerals, covered by said lands are reserved to the Osage Tribe, [until the 8th day of April 1983, and thereafter until otherwise provided by Act of Congress] *in perpetuity*, and all royalties and bonuses arising therefrom shall belong to the Osage Tribe of Indians, and shall be disbursed to members of the Osage Tribe or their heirs or assigns as now provided by law, after reserving such amounts as are now or may hereafter be authorized by Congress for specific purposes.

"The lands, moneys, and other properties now or hereafter held in trust or under the supervision of the United States for the Osage Tribe of Indians, the members thereof, or their heirs and assigns, shall continue subject to such trusts and supervision until January 1, 1984, [unless otherwise provided by Act of Congress.] *and thereafter until otherwise provided by Congress.*

"The Secretary of the Interior and the Osage Tribal Council are hereby authorized and directed to offer for lease for oil, gas, and other mining purposes any unleased portion of said land in such quantities and at such times as may be deemed for the best interest of the Osage Tribe of Indians: *Provided*, That not less than twenty-five thousand acres shall be offered for lease for oil- and gas-mining purposes during any one year: *Provided further*, That as to all lands hereafter leased, the regulations governing same and the leases issued thereon shall contain appropriate provisions for the conservation of the natural gas for its economic use, to the end that the highest percentage of ultimate recovery of both oil and gas may be secured: *Provided, however*, That nothing herein contained shall be construed as affecting any valid existing lease for oil or gas or other minerals, but all such leases shall continue as long as gas, oil, or other minerals are found in paying quantities.

"Homestead allotments of Osage Indians not having a certificate of competency shall remain exempt from taxation while the title remains in the original allottee [of one-half or more of Osage Indian blood] and in his unallotted heirs or devisees [of one-half or more of Osage Indian blood] until [January 1, 1984] *January 1, 1984 and thereafter until*

*otherwise provided by Congress: Provided*, That the tax-exempt land of any such Indian allottee, heir, or devisee shall not at any time exceed one hundred and sixty acres."

ACT OF FEBRUARY 5, 1948 (62 STAT. 18)

[That the Secretary of the Interior shall issue a certificate of competency to each member of the Osage Tribe of less than one-half Indian blood heretofore or hereafter attaining the age of twenty-one; and shall thereupon pay and deliver to such member, or to his legal guardian if such member has been declared incompetent by a court of competent jurisdiction, all money, property, and funds theretofore accrued or hereafter accruing to the individual credit of such member; and all payments to the legal guardian of such member may be expended without the approval of the superintendent of the Osage Agency: *Provided*, That all restrictions against alienation of the property of every kind and character, except headright shares or interests in the Osage tribal mineral estate, of members of the Osage Tribe who now have, or may hereafter receive, a certificate of competency, are hereby removed.]