11-5-93
Vol. 58 No. 213
Pages 58935-59158

Friday
November 5, 1993

federal register

**Briefing on How To Use the Federal Register**
For information on briefing in New York, NY, see announcement on the inside cover of this issue.

59142 Federal Register / Vol. 58, No. 213 / Friday, November 5, 1993 / Proposed Rules

**DEPARTMENT OF THE INTERIOR**

**Bureau of Indian Affairs**

**25 CFR Part 226**

**RIN 1076–AC09**

## Leasing of Osage Reservation Lands for Oil and Gas Mining

**AGENCY:** Bureau of Indian Affairs, Interior.

**ACTION:** Proposed rule.

**SUMMARY:** The Bureau of Indian Affairs (BIA) is proposing to amend the regulations concerning the leasing of Osage reservation lands for oil and gas mining to eliminate premium, bonus, or other like payments from consideration in the calculation of the royalty price for crude oil in Osage County. This proposed amendment will eliminate the language that caused differences in interpretation that led to appeals to the IBIA.

**DATES:** Comments must be received on or before January 4, 1994.

**ADDRESSES:** Written comments should be directed to Gordon Jackson, Superintendent, Osage Agency, Bureau of Indian Affairs, Pawhuska, Oklahoma 74056, telephone (918) 287–1032.

**FOR FURTHER INFORMATION CONTACT:** Gordon Jackson, Superintendent, Osage Agency, Bureau of Indian Affairs, Pawhuska, Oklahoma 74056, telephone (918) 287–1032.

**SUPPLEMENTARY INFORMATION:** This proposed rule is published in exercise of authority delegated by the Secretary of the Interior to the Assistant Secretary—Indian Affairs in the Departmental Manual at 209 DM8.

The purpose of this proposed rule is to amend 25 CFR 226.11(a)(2) to eliminate premium, bonus, or other like payments from consideration in the calculation of the royalty price for crude oil in Osage County.

The existing regulation was the subject of administrative appeals by numerous oil producers over the meaning of: "and settlement shall be based on the highest of the bona fide selling price, posted or offered price by a major purchaser (as defined in Sec. 226.1(h)) in Osage County, Oklahoma, who purchases production from Osage oil leases." The Bureau of Indian Affairs has interpreted that language to mean that when a higher price is offered and paid for crude oil in Osage County, that price shall be used for royalty computation for all oil of the same quality sold in the County. However, there is reason to believe that this interpretation has discouraged purchasers from offering bonus prices.

The Interior Board of Indian Appeals (IBIA) issued its decision in favor of the producers on February 5, 1993, in *Okie Crude Co., et al.* v. *Muskogee Area Director, Bureau of Indian Affairs,* IBIA 92–18–A, *et al.* The IBIA concluded that the current regulations require a producer to pay royalty on the highest price available to it, whether or not it actually receives that price. Prices not available to a producer would not be used to calculate royalties due from that producer. This proposed amendment will eliminate the language that caused the differences in interpretation that led to the appeals to the IBIA.

It is the consensus of the BIA and the Osage Tribal Council that this proposed amendment to 25 CFR 226.11(a)(2) will create a positive economic benefit in the form of increased royalty income to the Osage headright holders. This rule change would remove the existing disincentive to purchasers to remain in Osage County resulting from bonus payments paid to some producers but not all. The producers in Osage County would then have incentive to receive bonus payments, which would increase mineral activity in the Osage mineral estate.

The Department of the Interior has determined that this document is not a major rule under Executive Order 12291 and will not have a significant economic effect on a substantial number of small entities under the Regulatory Flexibility Act, 5 U.S.C. 601 *et seq.* In accordance with the Executive Order 12630, the Department has determined that this rule does not have significant takings implications.

In accordance with Executive Order No. 12612, the Department has determined that this rule does not have significant federalism effects.

The Department has certified to the Office of Management and Budget that these proposed regulations meet the applicable standards provided in Sections 2(a) and 2(b)(2) of Executive Order 12778.

The policy of the Department of the Interior is, whenever practical, to afford the public an opportunity to participate in the rulemaking process. Accordingly, interested persons may submit written comments regarding the proposed rule to the locations identified in the **ADDRESSES** section of this document.

Since this document does not constitute a major Federal action under the National Environmental Policy Act of 1969, 42 U.S.C. 4321 *et seq.* (1982), no environmental impact statements or environmental assessments were made.

The information collections contained in 25 CFR part 226 are required by the Secretary, Department of the Interior, and are necessary to comply with the requirements of Office of Management and Budget (OMB) Circular No. A–102. The Standard Form 424 and attachments prescribed by such circular are approved by OMB under 44 U.S.C. 3501 *et seq.* (1982) and assigned approval number 0348–0006. These sections describe the types of information that would satisfy the requirements of Circular A–102. The information will be utilized in leasing of Osage lands for oil and gas mining. Response is mandatory.

William Haney, Field Solicitor, was the primary author of this document. For further information contact Gordon Jackson, Superintendent, Osage Agency, at (918) 287–1032.

### List of Subjects in 25 CFR Part 226

Indian lands, Mineral resources, Mines, Oil and gas exploration.

For the reasons set out in the preamble, part 226 of title I, chapter 25 of the Code of Federal regulations is proposed to be amended as set forth below.

## PART 226—LEASING OF OSAGE RESERVATION LANDS FOR OIL AND GAS MINING

1. The authority citation for 25 CFR part 226 continues to read as follows:

**Authority:** Sec. 3, 34 Stat. 543; secs. 1, 2, 45 Stat. 1478; sec. 3, 52 Stat. 1034, 1035; sec. 2(a), 92 Stat. 1660.

2. Section 226.11(a)(2) is revised to read as follows:

**§ 226.11 Royalty payments.**

(a) * * *

(2) Unless the Osage Tribal Council, with approval of the Secretary, shall elect to take the royalty in kind, payment is owing at the time of sale or removal of the oil, except where payments are made on division orders, and settlement shall be based on the actual selling price, but at not less than the highest posted price by a major purchaser (as defined in § 226.1(h)) in Osage County, Oklahoma, who purchases production from Osage oil leases.

* * * * *

**Stan Speaks,**

*Acting Assistant Secretary-Indian Affairs.*

[FR Doc. 93–27238 Filed 11–4–93; 8:45 am]

BILLING CODE 4310–02–P

HeinOnline -- 58 Fed. Reg. 59142 1993