No. 99-550L
EXHIBIT C

RECEIVED
TIME: 2:43 AM/PM
APR 08 2008
CLERK OF THE CONGRESS

# OSAGE NATION CONGRESS

4th Session of the 1st Congress

**BILL NUMBER ONCA - 08-75**

AS INTRODUCED

**April 9, 2008**

RECEIVED
APR 08 2008
LEGISLATIVE SERVICES
OSAGE NATION CONGRESS

SPONSOR: Raymond Red Corn

SPONSOR SIGNATURE: ______________________

CO-SPONSOR(S): Doug Revard, Anthony Shackelford, Faren Revard Anderson, Jerri Jean Branstetter, Eddy Red Eagle, William Supernaw

## An Act

An Act to provide for distribution of proceeds from Indian trust lawsuits pertaining to the Osage Indian mineral estate, headright shares, and funds derived therefrom.

*Be it enacted by the Congress of the Osage Nation:*

### SECTION 1. SHORT TITLE

This Act may be cited as the "Osage Nation Claims Distribution Act".

### SECTION 2. FINDINGS; PURPOSES

A. The Osage Tribe of Indians of Oklahoma, now known as the Osage Nation has sued the United States in the United States Court of Claims for violation of its duty as trustee of the Osage mineral estate by failing to collect all moneys due from Osage Indian oil leases, failing to deposit and invest moneys received from the Osage mineral estate as required by federal statute and failing to properly perform its fiduciary duty owed to the Osage Tribe.

B. The lawsuit of *Cobell v. Kempthorne* (previously *Cobell v. Norton*, previously *Cobell v. Babbit*) is a class action case brought by tribal representatives against the United States on claims that the United States government has incorrectly and improperly accounted for individual Indian trust assets.

C. Distribution of any proceeds, including moneys, from any of these legal cases, settlement, or law pertaining to the Osage Indian mineral trust estate, Osage headright shares, or any other Osage Indian funds derived from the Osage Indian mineral trust estate may or may not involve the

government of the Osage Nation, formerly the Osage Tribe of Indians of Oklahoma.

D. In the event the Osage Nation has any authority or influence in the determination of the method or process of distribution of these proceeds, either from a final judgment of a court, an Act of the United States Congress, or settlement of the cases, or any combination thereof, the position of the Osage Nation on this subject should be made a matter of public record and binding upon the Osage Nation.

## SECTION 3. DISTRIBUTION METHOD

A. All proceeds from any litigation, settlement, or law involving the Osage Indian mineral estate, headright shares, or funds derived from the Osage Indian mineral estate shall be distributed only among Osage Indian shareholders according to the headright interest of the individual Osage Indian as shown on the quarterly annuity roll as determined by the Bureau of Indian Affairs, United States Department of the Interior.

B. No money, fee, cost, deduction, tax, or other thing of value shall be withheld, assessed, or charged by the Osage Nation or any entity of the Osage Nation against or to said proceeds from any litigation, settlement, or law, nor shall any payment to Osage Indian headright shareholders of the proceeds, including moneys from said sources be delayed by any act or failure to act of the Osage Nation.

C. For purposes of this Act an Osage Indian shall be those persons whose names appear on the certified roll of members of the Osage Tribe of Indians in Oklahoma as made pursuant to the Act of June 28, 1906 (34 Stat. 539), commonly called the Osage Allotment Act, as amended, and to any lineal heirs by blood or by lawful adoption recognized by the United States Department of the Interior.

## SECTION 4. DECLARATION OF EMERGENCY AND EFFECTIVE DATE

An emergency exists. This bill is effective upon signature of the Principal Chief or upon signature of the Speaker of the Osage Nation Congress following legislative override.