# In The United States Court of Federal Claims

| | | |
|---|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA, *Plaintiff,* | ) | |
| v. | ) | No. 99-550L (into which has been consolidated No. 00-169L) Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, *Defendant.* | ) | |

## AMENDED COMPLAINT OF INTERVENOR PLAINTIFFS

### Nature of Action

1. This is an action for money damages brought by owners of headright shares of the mineral estate of the Osage Tribe of Indians of Oklahoma ("Tribe"). The claims are brought against the United States of America ("United States"), which serves as trustee for the Osage surface and mineral estates. In this action, the headright owners seek damages for breaches of duty by the United States as trustee of certain Osage trust assets.

### Parties

2. Intervenors/Plaintiffs Chris Hadlock, Jodell Heath, Linda Heskett, Cora Jean Jech, Anna Kay Price, George Tallchief and Julie Wilson are residents of Osage County, Oklahoma, personal owners of headright shares of the Osage mineral estate as lineal descendants of original allottees of the 1906 Allotment Act establishing, among other things, membership in the Tribe, which is already a Plaintiff in these actions. Intervenors/Plaintiffs are hereinafter referred to as the Headright Owners or Shareholders.

3. Defendant United States acts as trustee for certain tribal monies, lands, and other assets belonging to the Tribe, including the Osage mineral estate. The United States has

No. 99-550L
EXHIBIT D
Bindertek #CLEX

delegated certain of its trust responsibilities over such assets to the Secretary of the Interior ("Secretary"), who is charged by law with carrying out certain duties and responsibilities of the United States as trustee for the Tribe.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this action pursuant to 28 U.S. C. §§ 1491 and 1505.

**Claim for Relief**

**(Breach of Fiduciary Duty)**

5. The Shareholders hereby adopt and incorporate by reference all allegations contained in the complaints filed by the Tribe in these actions.

6. The Shareholders own headright shares or fractional headright shares of the Osage mineral estate which derived from the Osage Allotment Act of 1906 (1906 Act). 34 Stat. 539.

7. The United States is trustee of the Osage mineral estate.

8. The 1906 Act directed that "all funds belonging to the Osage Tribe, and all moneys due, and all money that may become due, or may hereafter be found to be due the said Osage tribe of Indians, shall be held in trust by the United States . . . ." Act of June 28, 1906, 34 Stat. 539, 544. The United States continues to hold funds belonging to the Tribe, including funds derived from the Osage surface and mineral estates, in trust for the benefit of the Osage Tribe.

9. Other acts of Congress also authorized the Secretary to collect, and hold in trust, income derived from Osage tribal trust assets. The United States is also required to pay interest on these tribal trust funds and to properly invest such funds.

10. The U.S. Department of the Treasury disburses Osage tribal trust funds, including trust funds derived from the Osage mineral estate, to the Osage Tribe and to "headright" owners in the Osage mineral estate on a quarterly basis. Headright Owners are considered to be legal members of the Tribe and include Osages and Indians of other tribes, who receive funds paid into Individual Indian Money (IIM) accounts, and non-Indian individuals and entities, who receive checks directly from the Department of the Treasury.

11. They own pro-rata shares in the Osage mineral estate, which confer upon them rights to receive quarterly distributions of funds derived from the Osage mineral income and interest on funds held in the Osage tribal trust fund, of which the government is the trustee. The Shareholders here will be beneficiaries of certain damages that have been and may be awarded pursuant to any judgment of this Court in these cases.

12. The damages sought in this case, some of which have already been determined, were incurred because of the United States' breach of its fiduciary duties with regard to management of and payment of royalty income derived from Osage oil and gas leases.

13. The income from those sources is supposed to be allocated, in part, to the Tribe for Osage Tribal operations and a portion paid for the Oklahoma gross receipts tax, then to the headright owners pro-rata, according to each of their respective headright shares. According to 34 Stat. 539, 544 §4, the income shall be placed in the Treasury of the United States to the credit of the members of the Tribe and be distributed to the individual members of the Tribe according to the roll, in the manner and at the same time that payments are made of interest on other moneys held in trust for the members of the Tribe.

14. The funds in question are deposited first in the tribal trust fund account where they remain for approximately one calendar quarter before being distributed to the Headright Owners.

15. The government has a fiduciary duty to the tribal trust fund account.

16. The determination of what amount is owed to each Headright Owner takes place while the funds are under the control of the government in the tribal trust fund.

17. The tribal trust fund is then responsible for the ultimate distribution to the Tribe and the individual Headright Owners, as determined by the government while the funds are in the tribal trust fund.

18. Here, mismanagement by the government is alleged to have occurred while the funds were its control in the tribal trust fund.

19. Both the Tribe and the Headright Owners have an interest in and a claim to the funds when those funds are within the tribal trust account.

20. The United States has fiduciary duties to the Shareholders. These duties include, but are not limited to, the duty to properly administer the trust; to keep and render clear and accurate accounts with respect to the administration of the trust; to furnish complete and accurate information to the Shareholders as to the nature and amount of trust assets; to exercise the proper care and skill in the administration of the trust; to preserve the trust assets and protect them from loss, theft, or damage; to keep the trust assets of the Shareholders separate from other property not subject to the trust; to properly deposit the trust funds of the Shareholders; and to make the assets of the trust productive for the benefit of the Shareholders.

21. These duties also include the duty to offer for lease the Osage mineral estate in such quantities and at such times as may be deemed for the best interest of the Shareholders and the duty to audit, reconcile, and provide an accounting for the Osage tribal trust funds.

22. As trustee for the Shareholders, the United States has issued numerous oil and gas mining leases covering portions of the Osage mineral estate. Under those leases, royalties are paid to the United States, as trustee, or its delegate, and held in trust for distribution to the Shareholders at regular intervals.

23. The United States has never provided the Shareholders with an accounting of the revenue that the United States, as trustee, has collected or was required to collect under the oil and gas leases that the United States issued for the benefit of the Shareholders. In addition, the United States is the custodian of the federal trust records relating to Osage trust assets. The United States has not provided the Shareholders with access to the oil and gas records that the United States, as trustee, is required to maintain for the benefit of the Shareholders.

24. The United States, as trustee, has underpaid royalties from oil and gas production to the Shareholders.

25. As a result of the above failures, the Shareholders have been damaged by not receiving payments under the oil and gas mining leases that the United States, as trustee, issued and should have collected but did not collect. The Shareholders were also damaged by not being able to receive interest or other investment income from the funds that the United States, as trustee, should have collected but failed to collect. Accordingly, the Shareholders are entitled to a money judgment against the United States, as trustee, for the full amount of their pro rata share of those damages.

WHEREFORE, the Shareholders pray for an award of damages to them in an amount to be determined at trial, for the United States' breaches of its fiduciary duties. Shareholders further pray for an award to them of reasonable attorneys' fees, costs, and such other relief as the Court deems just and proper.

Dated ____________________

CRUMP LAW FIRM
400 South Boston Avenue, Suite 1100
Tulsa, Oklahoma 74103
Telephone (918) 585-3444
Facsimile (918) 585-3450
ATTORNEY for PROPOSED INTERVENORS
CHRIS HADLOCK, JODELL HEATH,
LINDA HESKETT, CORA JEAN JECH,
ANNA KAY PRICE, GEORGE TALLCHIEF,
AND JULIE WILSON