# In the United States Court of Federal Claims

No. 99-550 L
(into which has been consolidated No. 00-169 L)
(E-Filed: April 2, 2009)

| | |
|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA, | ) ) ) ) ) |
| Plaintiff, v. | ) ) ) ) |
| THE UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) ) ) |

## ORDER

    Before the court is Defendant's Motion to Conduct Further Discovery on the Koch "Differing Leases Data" (defendant's Discovery Motion or Disc. Mot.), filed March 25, 2009, Osage Nation's Opposition to Defendant's Motion to Conduct Further Discovery on the Koch "Differing Leases Data," (plaintiff's Response or Pl.'s Resp.), filed March 27, 2009, and Defendant's Reply in Support of Motion to Conduct Further Discovery on the Koch "Differing Leases Data" (defendant's Reply or Def.'s Reply), filed March 31, 2009.  Also before the court is Defendant's Opposed Motion to Amend Briefing Schedule for Tranche 1.5 and Agreed Request for Expedited Consideration (Motion to Amend or Mot. to Amend), filed March 29, 2009, Osage Nation's Opposition to Defendant's Motion to Strike the Briefing Schedule and Cross-Motion to Amend the Briefing Schedule (plaintiff's Response to the Motion to Amend or Pl.'s Resp. to Mot. to Amend), filed March 31, 2009, and Defendant's Reply in Support of Motion to Amend Briefing Schedule for Tranche 1.5 (defendant's Reply to Motion to Amend or Def.'s Reply to Mot. to Amend), filed April 1, 2009.

    Defendant's Discovery Motion stems from a dispute over information provided to the parties by Koch Industries, Inc. (Koch Data) and in the Vance Klager Declaration (Klager Declaration) that plaintiff used in calculating damages in its motion for summary

judgment. Disc. Mot. 2. Specifically, the parties are in disagreement over the Differing Leases Data discussed in the telephonic status conference (TSC) on March 10, 2009 and subsequent Order (Dkt. No. 377). Defendant claims that "it has always been contemplated that the parties would use a Joint Data Base for data to which Plaintiff[] would attempt to apply the [c]ourt's Tranche 1 Rulings," Mot. to Amend 2, and that defendant has not had an opportunity to obtain enough discovery on the Differing Leases Data, id. at 3. Plaintiff claims that it provided defendant with the Koch Data "six weeks before the close of the regular discovery period," Pl.'s Resp. 8, and that "the United States misstates the scope of the Joint Data Base, mischaracterizing it as an exclusive source of data," Pl.'s Resp. to Mot. to Amend 3. Defendant also claims that defendant has not satisfied Rule 56(f) of the Rules of the United States Court of Federal Claims (RCFC). Pl.'s Resp. 8.

It was contemplated that the parties would cooperate during the discovery phase of this matter and plaintiff itself stated that it anticipated needing "very limited third party discovery." See Mot. to Amend 2. In the court's view the interest of justice will be best served in this particular circumstance by granting defendant's request for additional discovery. See RCFC 56(f) (allowing the court to issue "any other just order" in the case where a party, by affidavit, shows "it cannot present facts essential to justify its opposition").[1] Because of an apparent breakdown in cooperation between the parties[2] with respect to the Koch Data and the Klager Declaration, the court will allow, at defendant's expense, discovery of the Differing Leases Data.

For the foregoing reasons the court GRANTS defendant's Discovery Motion, GRANTS defendant's Motion to Amend, and DENIES AS MOOT plaintiff's cross-motion to amend. Briefing in plaintiff's motion for summary judgment is STAYED. The court orders the following:

---

[1] Defendant notes that "there is not time [to file an affidavit] under the expedited briefing schedule ordered for this issue, and there appears to be no need to delay this process any further merely to evaluate form over substance." Defendant's Reply in Support of Motion to Conduct Further Discovery on the Koch "Differing Leases Data" (defendant's Reply or Def.'s Reply), filed March 31, 2009 at 9; see Rule 1 of the Rules of the United States Court of Federal Claims (noting that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding") (emphasis added).

[2] The court does not take a position on which party, if any, is at fault in this matter. However, the result of the breakdown in cooperation must be addressed by the court.

1. In the joint status report ordered on March 20, 2009 and due to be filed on or before April 9, 2009 the parties shall propose (1) a schedule for the discovery of the Differing Leases Data and (2) a schedule for the continued briefing of plaintiff's motion for summary judgment. If the parties cannot agree to a joint status report, they may submit separate status reports.

2. The parties shall discuss their progress in complying with this Order and the March 20, 2009 Order at a TSC to be held on April 14, 2009 at 10:00 a.m. Eastern Daylight Time (EDT). A Sprint operator will initiate the call.

3. If Koch Industries, Inc. anticipates making a motion for costs in this matter, it shall file a memorandum of points and authorities with the court on or before May 15, 2009. The memorandum shall explain whether it will be seeking costs pursuant to RCFC 45(c)(3) or under another provision of law.

4. A copy of this Order shall be delivered to Koch Industries by email in care of its counsel, James M. Armstrong, at jarmstrong@foulston.com.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Chief Judge