# In the United States Court of Federal Claims

No. 99-550 L
(into which has been consolidated No. 00-169 L)
(E-Filed: June 12, 2009)

| | |
|---|---|
| THE OSAGE TRIBE OF INDIANS OF OKLAHOMA,<br><br>        Plaintiff,<br>  v.<br><br>THE UNITED STATES OF AMERICA,<br><br>        Defendant. | Discovery Dispute; RCFC 34; Trust Responsibilities of the United States; Allocation of Costs for Copying and Imaging Trust Documents at National Archives and Records Administration (NARA) Facilities |

Wilson K. Pipestem, Washington, DC, for plaintiff.

Joseph H. Kim, with whom were John C. Cruden, Acting Assistant Attorney General, Brian M. Collins, and Romney S. Philpott, Environment & Natural Resources Division, United States Department of Justice, Washington, DC, for defendant. Elisabeth C. Brandon, Holly H. Clement, Ericka L. Thompson, and Kyschia Patton, Office of the Solicitor, United States Department of the Interior, Washington, DC, of counsel. Rebecca Saltiel and Thomas Kearns, Office of the Chief Counsel, Financial Management Service, United States Department of the Treasury, Washington, DC, of counsel.

OPINION AND ORDER

HEWITT, Chief Judge

    Before the court are Osage Nation's Memorandum of Points and Authorities Regarding the United States' Burden of Copying Responsive Documents at NARA Locations (plaintiff's Motion or Pl.'s Mot.), filed May 15, 2009, Defendant's Response Brief Regarding the Burden of Copy Costs for Documents Selected by Plaintiff in Discovery (defendant's Response or Def.'s Resp.), filed May 28, 2009, and Osage Nation's Reply Brief Regarding the United States' Burden of Copying Responsive Documents at NARA Locations (plaintiff's Reply or Pl.'s Reply), filed June 2, 2009. Plaintiff's Motion seeks to compel the United States to pay for copying and imaging costs

in the second phase of discovery in this case (Tranche Two discovery).  See Pl.'s Mot. 1.  For the following reasons, plaintiff's Motion is GRANTED.

I.      Legal Standards

"A party producing documents will ordinarily not be put to the expense of making copies for the requesting party."  7 James Wm. Moore, Moore's Federal Practice § 34.14[5] at 34-79 (3d ed. 2004).  However, "'[d]istrict courts have great discretion over the discovery process and over the mechanics of the trial process.'"  Univ. of W. Va. Bd. of Trs. v. VanVoorhies, 278 F.3d 1288, 1304 (Fed. Cir. 2002) (quoting Strag v. Bd. of Trs., 55 F.3d 943, 954 (4th Cir. 1995)); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978) (discussing a district court's discretion under the applicable discovery rules in the context of the class action rules).

II.     The Positions of the Parties

   A.   Plaintiff

Plaintiff requests that the court "rule[] that the United States is required to copy at its own expense any reasonable quantities of responsive documents identified by the Osage Nation at National Archives and Records Administration (NARA) facilities."  Pl.'s Mot. 1.  Plaintiff also argues that the United States "is required by law . . . in the ordinary course of its business as a trustee" to provide these copies.  Id. at 3.  Plaintiff notes that by copying the documents, defendant can "simultaneously marshal[] evidence to defend its trust activities."  Id.  Finally, plaintiff points out that the parties agreed to shift the burdens in prior discovery matters, id. at 2-5, and claims that the court has already ruled that defendant is specifically responsible for copying documents located at NARA facilities, Pl.'s Reply 2-4.

   B.   Defendant

Defendant requests that the court order either "that the requesting party pay the reasonable cost of reproduction" or "that the parties reach a cost-sharing agreement."  Def.'s Resp. 3.  Defendant argues that "[p]laintiff is presumptively responsible for the costs of making copies," id. at 4-5, and that the court has not previously decided this issue in this case, id. at 12-14.  Defendant also contends that the costs of copying are "significant" in this case and that, absent cost-sharing, the costs "will disproportionately be borne by [d]efendant."  Id. at 6.  Making plaintiff pay for part or all of the copies will, according to defendant, "promote responsible decision-making and efficiency" on the part of the plaintiff.  Id. at 7.  Defendant points out that "the specific characteristics of the

NARA facilities make it even more reasonable" for plaintiff to pay for some of the copying costs.  Id.  Finally, defendant argues that the trust responsibility of the United States does not extend to the copying of documents in this case.  Id. at 10-11.

III.    Discussion

The court finds that the equities in this case clearly weigh in favor of plaintiff.  In the court's view, placing the burden on the United States for copying and imaging costs is "fair and reasonable."  See Marens v. Carrabba's Italian Grill, Inc., 196 F.R.D. 35, 37-38 (D. Md. 2000) ("The court is given great flexibility to order only that discovery that is reasonable for a case, and to adjust the timing of discovery and apportion costs and burdens in a way that is fair and reasonable.").  Both the trust relationship and the significant discovery burdens that plaintiff has already assumed in this case inform the court's decision to place the costs of copying and imaging on defendant.

Rule 34 of the Rules of the United States Court of Federal Claims (RCFC) requires a party to produce documents as they are kept in the usual course of business or organize and label the documents to correspond to the categories in a request for documents.  RCFC 34(b)(2)(E)(i).  Under RCFC 34, the producing party has the option of electing one of the two options for production authorized by the rule.  RCFC 34(b)(2)(E)(i).  Here, responsive documents are located in different facilities around the country and are, in most cases, poorly organized.  See Ak-Chin Indian Cmty. v. United States, 85 Fed. Cl. 397, 401 (2009) (discussing how the burden of production shifts to the producing party when the requesting party is "unable meaningfully to review the documents").  In the court's view, defendant in this case would normally be required to sort through voluminous amounts of documents and produce only documents that are responsive to plaintiff's requests.  See Montania v. Aetna Cas. & Sur. Co. (Montania), 153 F.R.D. 620, 621-22 (N.D. Ill. 1994) (imposing sanctions on a party for producing irrelevant and unresponsive documents).

In order to mitigate the burden on defendant of sorting through excessive numbers of documents, plaintiff and defendant have cooperated and entered into iterative agreements pursuant to which plaintiff and defendant visit locations where documents are stored and plaintiff selects specific groups of documents for defendant to produce.  See Pl.'s Mot. 1-4.  Plaintiff has taken on these responsibilities at great cost even though defendant would, ordinarily, be required to bear much of this burden.  See Montania, 152 F.R.D. at 621-22.  The court views it to be "fair and reasonable" for defendant to pay for the copying and imaging of documents, which defendant would otherwise have to produce in accordance with RCFC 34.

Further, and importantly, plaintiff is a trust beneficiary of a trust as to which the United States is the trustee. See United States v. Mason, 412 U.S. 391, 398 (1973) ("There is no doubt that the United States serves in a fiduciary capacity with respect to [the Osage Nation] and that, as such, it is duty bound to exercise great care in administering its trust."); Short v. United States, 50 F.3d 994, 999 (Fed. Cir. 1995) (noting the "high fiduciary duty" the government owes as trustee to Native American tribes). Accordingly, plaintiff is entitled to "material information needed by beneficiaries for the protection of their interests." See Restatement (Third) of Trusts § 82(1)(c) (2007). The court finds that the documents at issue in this case contain "material information needed by beneficiaries for the protection of their interests." See id. It is irrelevant that some of these documents may be public documents.

As the court stated in earlier proceedings in this case:

> The availability of other sources of information "is irrelevant" because . . . the government [has an] obligation, as a fiduciary, to provide complete and accurate information. The Osage Nation is entitled to all documents related to the trust, even if similar information is contained in multiple documents. The only basis for the government to refuse to produce documents is if [they] fall into one of the narrow exceptions to the fiduciary exception.

Osage Nation v. United States, 66 Fed. Cl. 244, 250 (2005) (citations omitted) (alterations and emphasis in original).

IV.  Conclusion

For the foregoing reasons, plaintiff's Motion is GRANTED. Defendant shall bear the costs of copying and imaging in this case. This opinion and order does not preclude defendant, by motion, from moving to reallocate costs for specific document requests.

The parties are urged to contact the court at any time when they believe the involvement of the court will help to secure the just, speedy, and inexpensive determination of this action. See RCFC 1.

IT IS SO ORDERED.

s/ Emily C. Hewitt<br>
EMILY C. HEWITT<br>
Chief Judge